Ian G. DiBernardo
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for the Plaintiff Kewazinga Corp.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KEWAZINGA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 20-cv-1106 |
| vs. | ) |
| | ) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Kewazinga Corp. ("Kewazinga") hereby asserts claims against Google LLC for infringement of U.S. Patent Nos. 9,055,234 ("the '234 patent"), 6,522,325 ("the '325 patent"), and 6,535,226 ("the '226 patent"; collectively with the '234 and '325 patents, "the Patents") and alleges as follows:

### THE PLAINTIFF

1.    Kewazinga is a corporation organized and existing under the laws of Delaware.

2.      Kewazinga is the sole and exclusive rightful owner of the Patents and holds, *inter alia*, the sole and exclusive right to sue and collect damages for past infringement.

3.      Kewazinga developed navigable telepresence technology described in the Patents. From 2001 to 2003, following the filing of the patent applications that led to the Patents, Kewazinga successfully produced content using its technology for NBC Sports, ABC Sports, ESPN, Golf Channel, U.S. Tennis Association, Nike, X-Games, NHL Hockey, New York Mets and David Blaine.  Kewazinga-produced content has aired throughout the United States, as well as in the United Kingdom and Japan.

## THE DEFENDANT

4.      Defendant Google LLC is a Delaware limited liability company and maintains established places of business in this district at, for example, 111 Eighth Avenue, New York, New York. Google LLC conducts business in this state and has appointed Corporation Service Company, located at 80 State Street, Albany, NY 12207, as its agent for service of process.

5.      Upon information and belief, Google LLC is the successor in interest to Google Inc. (Google Inc. and Google LLC collectively, "Google").

6.      Upon information and belief, and without limitation, Google supplies, promotes, offers to sell and sells, and has, including prior to April 1, 2019, supplied, promoted, offered to sell and sold, products and services to customers throughout the United States, including within this District.

7.      Upon information and belief, Google has in the past, including prior to April 1, 2019, offered, and currently offers, navigable imagery, including along streets, inside buildings, along waterways and other ground-level imagery, referred to as Street View, including, for example, Street View on Google Maps accessible via a web browser (at

2

https://www.google.com/maps), on Google Earth accessible via a web browser (at https://earth.google.com/web/), on the Google Maps App, Google Earth App and Street View App on devices running the Chrome, Android and iOS operating systems, on Google's virtual reality platforms Cardboard and Daydream, and as made available, directly or indirectly, via various APIs offered by Google (collectively, "Google Street View"), in each case which provides imagery (including imagery captured within this District) and controls for navigating through the imagery, throughout the United States, including within this District.

## JURISDICTION AND VENUE

8.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*

9.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

10.      This Court has personal jurisdiction over Google LLC.   Google LLC has committed and continues to commit, has contributed to and continues to contribute to, and has induced and continues to induce, acts of infringement of the Patents in this District.   On information and belief, Google LLC is registered to do business in New York with DOS ID No. 5231591, and has purposefully conducted and continues to conduct business in this District.   On information and belief, Google has previously submitted to the jurisdiction of this Court.

11.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b) because Google LLC has committed acts of infringement within this District and has a regular and established place of business within this District, including 111 Eighth Avenue, New York, New York.   In addition, portions of Google Street View, such as the street level imagery of New York City, were produced in this District.

**THE PATENTS-IN-SUIT**

12.     The '234 patent, entitled "NAVIGABLE TELEPRESENCE METHOD AND SYSTEM," was lawfully issued by the United States Patent and Trademark Office on June 9, 2015. The '234 patent issued on United States Patent Application No. 14/505,208, filed October 2, 2014, which claims priority to United States Provisional Application No. 60/080,413, filed on April 2, 1998. A copy of the '234 patent is attached as **Exhibit A**.

13.     The '234 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

14.     The '325 patent, entitled "NAVIGABLE TELEPRESENCE METHOD AND SYSTEM UTILIZING AN ARRAY OF CAMERAS," was lawfully issued by the United States Patent and Trademark Office on February 18, 2003. The '325 patent issued on United States Patent Application No. 09/419,274, filed October 15, 1999, which claims priority to United States Provisional Application 60/080,413, filed on April 2, 1998. A copy of the '325 patent is attached as **Exhibit B**.

15.     The '325 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16.     The '226 patent, entitled "NAVIGABLE TELEPRESENCE METHOD AND SYSTEM UTILIZING AN ARRAY OF CAMERAS," was lawfully issued by the United States Patent and Trademark Office on March 18, 2003. The '226 patent issued on United States Patent Application No. 09/283,413, filed April 1, 1999, which claims priority to United States Provisional Application 60/080,413, filed on April 2, 1998. A copy of the '226 patent is attached as **Exhibit C**.

17.     The '226 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

4

## INTRODUCTION

18.    From about November 2005 through October 2006 Kewazinga had several communications with high-level executives at Google, in which Kewazinga exposed to Google Kewazinga's proprietary and confidential information, including business and technological ideas, plans and strategies.

19.    In 2005 and 2006, Kewazinga communicated, either directly or indirectly, with at least the following individuals then employed by Google: Tim Armstrong, Jennifer Blakeley, Sergey Brin, Vinton Cerf, Brian Dick, Jennifer Feikin, David Lee, Robert MacDonald, Larry Page, and Jill Szuchmacher.

20.    For example, in one written communication to Jennifer Feikin, David Lee and Robert MacDonald in June 2006, Kewazinga explained:

> **Strategic Fit –** We believe that our proprietary telepresence technology can help Google to deliver a truly immersive and navigable video experience that will fundamentally redefine how people experience video content and explore the world. We can provide Google with a revolutionary on-the-ground extension for Google Earth and Google Maps that allows viewers to dynamically explore world environments as through [sic] they were physically there – presenting a formidable challenge to competitors while offering tremendous revenue potential.

21.    Google Street View provides an on-the-ground extension for Google Earth and Google Maps that allows viewers to dynamically explore world environments as though they were physically there.

22.    In that same June 2006 communication, Kewazinga further explained:

> **<u>Google Earth and Google Maps</u>**
>
> Navigable Video will vastly extend the reach of Google Earth and Google Maps by providing an on-the-ground telepresence extension that allows viewers to dynamically explore world environments as though they were physically at that location. Miniaturized systems mounted on vehicles and boats will ply the

streets and waterways of cities and locales, giving armchair travelers the ability to experience the sights and sounds of live or prerecorded environments as though they were there. Kewazinga's telepresence technology will allow users to actually move through and around environments, not just zoom in from a fixed position. This revolutionary capability will launch a world of revenue generating possibilities; including Search, Advertising, eCommerce and Social Collaboration.

23. Google Street View utilizes images captured by camera systems mounted on vehicles and boats that have plied streets and waterways and allows users to move through and around environments, not just zoom in from a fixed position.

24. As reported to Kewazinga by Robert MacDonald, Head of Strategic Partnerships at Google, Google's internal evaluation committee and corporate development team reviewed Kewazinga materials. At the time of such communications in 2005 and 2006, Google never disclosed to Kewazinga that it was developing, had developed or was planning to develop or release Street View or any navigable street-level imagery or on-the-ground extension for Google Earth or Google Maps.

25. On May 25, 2007, following receipt of Kewazinga materials, Google launched Street View in the United States. At no time has Kewazinga provided Google with permission to use any of its technology or patented inventions.

26. As part of the communications in 2005 and 2006, Kewazinga also advised Google of its '325 and '226 patents, which had issued by that time, as well as another Kewazinga patent application.

27. Further, Google was advised of the '226 patent during prosecution of its U.S. Patent No. 8,125,481, in which the United States Patent and Trademark Office ("USPTO") examiner cited it as prior art on March 1, 2011.

28.     Further, Google cited the '226 Patent to the USPTO on May 21, 2013 during prosecution of its U.S. Patent No. 9,294,757.

29.     Further, Google cited the '226 patent to the USPTO on October 17, 2014 during prosecution of its U.S. Patent No. 10,033,992.

30.     Google was further advised of Kewazinga's pending U.S. Published Patent Application US 2006/0146123, which claims priority to the '226 and '325 patents, on March 25, 2013, during prosecution of U.S. Patent No. 8,823,707, in which the USPTO examiner cited it as prior art.

31.     Google was further advised of Kewazinga's pending U.S. Published Patent Application US 2010/0115411, which claims priority to the '226 and '325 patents and to which the '234 Patent claims priority, on June 17, 2016, during prosecution of U.S. Patent No. 9,473,745, in which the USPTO examiner cited it as prior art.

32.     On May 24, 2013, Kewazinga filed an action for patent infringement against Google Inc. in the District of Delaware (the "2013 Action").  The case was dismissed without prejudice on November 14, 2013, without resolving Kewazinga's claims of infringement.

33.     On June 9, 2015, Kewazinga's '234 patent issued.  The '234 patent claims priority to, *inter alia*, Kewazinga's '325 and '226 patents.  On information and belief, Google had knowledge of the '234 patent after it issued and prior to the filing of this action.

## COUNT I – INFRINGEMENT OF THE '234 PATENT

34.     Kewazinga realleges and incorporates by reference each of the preceding paragraphs.

35.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has directly infringed, literally or under the doctrine of equivalents, claims of the '234

patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this District.  Google has been engaged in direct infringement activities with respect to at least Google Street View.  By way of example (and without limitation), Google has directly infringed the '234 patent by making and using the system and method of claims 6 and 19 to provide first and second users with respective different views through a remote environment.  Google's servers, storage devices, and other computers and hardware, including the Google Street View software and data thereon (collectively, "Google's computer system"), contain and use each component of claim 6 and each step of claim 19.

36.     For example, with respect to claim 6, Google Street View provides multiple users with respective different views of multiple locations through a remote environment, such as views of locations on streets. Google's computer system includes electronic storage devices and processing elements, wherein the processing elements are configured to (i) receive inputs from a first user using Street View on a first user interface device, such as a computer, tablet or smartphone, associated with viewing the environment along a first view and (ii) receive inputs from a second user using Street View on a second user interface device associated with viewing the environment along a second view.  Google's computer system is also configured to store in electronic storage devices images of the environment that were captured by cameras, having overlapping fields of view, for example, mounted on top of Google Street View Cars.  The cameras so mounted on a Google Street View Car capture images at intervals as the automobile proceeds down streets.  Google's computer system is further configured to generate mosaic imagery from images of the environment.  For example, adjacent cameras capture images that overlap. The images are aligned and image processing algorithms are applied to lessen seams

and create smooth transitions. Further, based on the inputs received from the first user interface device, Google's computer system is configured (i) to sequentially provide to the first user interface device mosaic imagery of progressively different locations along the first view—for example, it will provide mosaic imagery of progressive locations down a street; and (ii) sequentially provide to the second user interface device mosaic imagery of progressively different locations along the second view, simultaneously with and independently of the mosaic imagery provided to the first user interface device.  It thereby allows the first and second user to navigate simultaneously and independently along first and second views of the environment.

37.     Further with regard to claim 6 of the '234 patent, on information and belief, as a user navigates down a street in Street View from a first perspective to a second perspective based on user inputs, Google's computer system tweens imagery of the first perspective and second perspective and generates and displays synthetic imagery having a perspective between the first perspective and the second perspective to smooth the transition from the first perspective to the second perspective.

38.     By way of further example (and again without limitation), Google has directly infringed the '234 patent, and continues to do so, including by performing the method of claim 19 to provide a user with a view through a remote environment.  Google has performed and is performing each step of claim 19 itself when Google's computer system provides Google Street View to a user, for example, through Google's Google Maps.  For example, with respect to claim 19, Google's computer system receives inputs from a first user using Street View on a first user interface device, such as a computer, tablet or smartphone, wherein the inputs are associated with viewing the environment along a first view, such as the view down a street.  Google's computer system stores images of the environment that were captured by cameras, having overlapping

fields of view, mounted on top of Google Street View Cars.  The cameras so mounted on a Google Street View Car capture images at intervals as the automobile proceeds down streets. Google's computer system generates mosaic imagery from images of the environment.  Further, based on the inputs received from the first user interface device, Google's computer system sequentially provides to the first user interface device mosaic imagery of progressively different locations along the first view—for example, it provides mosaic imagery of progressive locations down a street.

39.     Further with regard to claim 19 of the '234 patent, on information and belief, as a user navigates down a street in Street View from a first perspective to a second perspective based on user inputs, Google's computer system tweens imagery of the first perspective and second perspective and generates and displays synthetic imagery having a perspective between the first perspective and the second perspective to smooth the transition from the first perspective to the second perspective.

40.     Upon information and belief, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '234 patent by users of Google Street View pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: (1) providing to users Google Street View, which is designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '234 patent; (2) dictating via Google Street View's design and instructions to users of Street View the manner in which Street View is used such that, when Street View is operated as intended by Google on a computing device of a user, each component and step of the patented systems and methods of the Patents are used and performed in a manner dictated by Google; (3) providing instructions and

directions to users regarding the use of Google Street View; (4) selling or otherwise providing tablets, computers and smartphones (such as Google Nexus Tablets, Google Chromebooks and Google Pixel Phones); and (5) selling or otherwise providing operating systems or other software that include, for example, the Google Maps App. Upon information and belief, Google has had actual knowledge of the '234 patent since on or about June 9, 2015, Google having been earlier apprised by Kewazinga of Kewazinga's related '325 and '226 patents (to which the '234 patent claims priority) in 2006 and again apprised of those patents in 2013 as a result of the 2013 Action. Further, the related '226 patent was cited by Google during prosecution of its U.S. Patent No. 9,294,757 in May 2013. On information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '234 patent.

41.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of Google Street View of claims of the '234 patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by providing Google Street View, which is designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '234 patent, including navigating street-level imagery as described herein, knowing that Street View is a material part of the claimed inventions, is especially made or especially adapted for use in infringing the patented systems and methods and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

42.     As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '234 patent,

11

Kewazinga has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

43.     Upon information and belief, Google's infringement of the '234 patent has been willful.

## COUNT II – INFRINGEMENT OF THE '325 PATENT

44.     Kewazinga realleges and incorporates by reference each of the preceding paragraphs.

45.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has directly infringed, either literally or under the doctrine of equivalents, claims of the '325 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this District. Google has been engaged in direct infringement activities with respect to at least Google Street View. By way of example (and without limitation), Google has directly infringed the '325 patent, including by making and using the system and method of claims 1, 10 and 29 to provide a first user and a second user with respective displays of an environment. Google's computer system and other hardware providing Google Street View contain and use each component of claims 1 and 10 and each step of claim 29.

46.     For example, with respect to claim 1, the Google computer system includes cameras mounted on top of automobiles (such automobiles referred to by Google as "Google Street View Cars"), each camera having an associated view of the environment and an associated camera output representing that view. As each Google Street View Car proceeds down a street, the cameras capture respective views having progressively different perspectives of the environment which, accordingly, define a path through the environment and can be considered

12

an array.  On information and belief, Google Street View Cars include sensors, including Lidar (Light Detection and Ranging) and GPS, that capture location, speed, direction and depth information, and Google Street View Cars capture images at known intervals (e.g., distance between successive image captures). The Google computer system also includes (i) a first user interface device, such as a computer, tablet or smartphone, associated with the first user, wherein first user inputs indicate movement along a first path, such as movement down a street; and (ii) a second user interface device, such as a computer, tablet or smartphone, associated with the second user, wherein second user inputs indicate movement along a second path, independent of and possibly different than the first path, such as movement down a street.  Further, the Google computer system includes at least one processing element coupled to the user interface devices for receiving inputs indicative of movement through the environment.  The processing elements are configured to interpret received first inputs from the first user interface device and select outputs of cameras in the first path; and mix the selected camera outputs by sequentially mosaicing them.  The processing elements are further configured to independently interpret received second inputs from the second user interface device and select outputs of cameras in the second path; and mix the selected camera outputs in the second path by sequentially mosaicing them—thereby allowing the first user and second user to navigate simultaneously and independently through the array.

47.     By way of further example (and without limitation), Google has directly infringed claim 10 of the '325 patent.  With respect to claim 10, the Google computer system includes cameras mounted on top of automobiles, each camera having an associated view of the environment and an associated camera output representing that view.  As each such automobile proceeds down a street, the cameras capture respective views having progressively different

perspectives of the environment which, accordingly, define a path through the environment and can be considered an array.  On information and belief, Google Street View Cars include sensors, including Lidar (Light Detection and Ranging) and GPS, that capture location, speed, direction and depth information, and Google Street View Cars capture images at known intervals (e.g., distance between successive image captures). The Google computer system also includes (i) a first user interface device, such as a computer, tablet or smartphone, associated with the first user, wherein first user inputs indicate movement along a first path, such as movement down a street; and (ii) a second user interface device, such as a computer, tablet or smartphone, associated with the second user, wherein second user inputs indicate movement along a second path, independent of and possibly different than the first path, such as movement down a street. Further, the Google computer system includes at least one processing element coupled to the user interface devices for receiving inputs indicative of movement through the environment.  The processing elements are configured to interpret received first inputs from the first user interface device and select outputs of cameras in the first path; and mix the selected camera outputs by sequentially tweening them.  The processing elements are further configured to independently interpret received second inputs from the second user interface device and select outputs of cameras in the second path; and mix the selected camera outputs in the second path by sequentially tweening them—thereby allowing the first user and second user to navigate simultaneously and independently through the array. As a user navigates down a street in Street View from a first perspective to a second perspective based on user inputs, Google's computer system generates and displays synthetic imagery having a perspective between the first perspective and the second perspective to transition from the first perspective to the second perspective.

48.     By way of further example (and without limitation), Google has directly infringed the '325 patent by performing the method of claim 29 to provide a user with a view through a remote environment.  Google itself has performed and is performing each step of claim 29, for example, when Google's computer system provides Google Street View to a user through Google Maps or its Maps App.  For example, with respect to claim 29, Google's computer system receives images captured by cameras mounted on top of Google Street View Cars.  The cameras on each Google Street View Car capture images at intervals as each automobile proceeds down a street—*i.e.*, the cameras are repeatedly moved such that the Google computer system receives images captured at one place in the environment and then receives images captured at a different place in the environment.  On information and belief, Google Street View Cars include sensors, including Lidar (Light Detection and Ranging) and GPS, that capture location, speed, direction and depth information, and Google Street View Cars capture images at known intervals (e.g., distance between successive image captures). The Google computer system, in turn, stores the received images for later retrieval.  The Google computer system also receives inputs from a first user using Street View on a first user interface device, such as a computer, tablet or smartphone, wherein the inputs indicate movement along a first path, such as movement down a street, including a first image captured by cameras positioned at one place in the environment and a second image captured by cameras positioned at a different place in the environment.  The Google computer system further mixes the first and second images and sequentially provides to the first user the first image, the mixed image and the second image, thereby simulating movement along the path.

49.     Upon information and belief, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '325 patent

15

by users of Google Street View pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: (1) providing to users Google Street View, which is designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '325 patent; (2) dictating via Street View's design and instructions to users of Street View the manner in which Street View is used such that, when Street View is operated as intended by Google on a computing device of a user, each component and step of the patented systems and methods of the Patents are used and performed in a manner dictated by Street View; (3) providing instructions and directions to users regarding the use of Street View; (4) selling or otherwise providing tablets, computers and smartphones (such as Google Nexus Tablets, Google Chromebooks and Google Pixel Phones); and (5) selling or otherwise providing operating systems or other software that include, for example, the Google Maps App.  Upon information and belief, Google has had actual knowledge of the '325 patent since at least 2006, having been advised of it by Kewazinga at that time.  Google further had actual knowledge of the '325 patent in May 2013 as a result of the 2013 Action, and in March 2013 as a result of Kewazinga's pending U.S. Published Patent application US 2006/0146123, which claims priority to the '325 patent, having been cited by the Examiner during the prosecution of Google's U.S. Patent No. 8,823,707.  On information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '325 patent.

50.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to and/or will continue to contribute to the direct infringement by users of Google Street View of claims of the '325 patent (including, without limitation, the claims addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at

least by providing Google Street View, which is designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '325 patent, including navigating street-level imagery as described herein, knowing that Street View is a material part of the claimed inventions, is especially made or especially adapted for use in infringing the patented systems and methods and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

51.     As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '325 patent, Kewazinga has been damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

52.     Upon information and belief, Google's infringement of the '325 patent has been willful.

## COUNT III – INFRINGEMENT OF THE '226 PATENT

53.     Kewazinga realleges and incorporates by reference each of the preceding paragraphs.

54.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe, either literally or under the doctrine of equivalents, claims of the '226 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, selling, offering for sale, and/or importing systems and methods protected thereby within the United States and within this District.  Google has been and is engaged in direct infringement activities with respect to at least Google Street View.  By way of example (and without limitation), Google has directly infringed the '226 patent, and continues to do so, including by making and using the system of claim 119 to provide multiple users with simulated, independent

movement through an environment.  Google's computer system and other hardware providing Google Street View contain and use each component of claim 119.

55.    For example, with respect to claim 119, the Street View system includes cameras mounted on top of Google Street View Cars, each camera having an associated view of the environment.  As each Google Street View Car proceeds down a street, the cameras have views and associated outputs of a series of progressively different point perspectives of the environment, which, accordingly, define a path through the environment and can be considered an array.  On information and belief, Google Street View Cars include sensors, including Lidar (Light Detection and Ranging) and GPS, that capture location, speed, direction and depth information, and Google Street View Cars capture images at known intervals (e.g., distance between successive image captures).  Google's computer system stores the camera outputs in an electronic storage device for sharing among multiple users.  Google's computer system also includes at least one processing element coupled to the electronic storage device that is configured to store the series of outputs from the cameras along with an indication of the location of the point perspective of each such camera and its output, thereby allowing subsequent simultaneous retrieval of the stored outputs by multiple users.  Further, Google's computer system is also configured to sequentially retrieve from the electronic storage device stored outputs, thereby simulating for multiple users progressive movement along the different point perspectives of the views associated with the retrieved outputs.

56.    Upon information and belief, Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has induced the direct infringement of the '226 patent by users of Google Street View pursuant to 35 U.S.C. § 271(b) in the United States and within this District at least by one or more of: (1) providing to users Google Street View, which is

designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '226 patent; (2) dictating via Street View's design and instructions to users of Street View the manner in which Street View is used such that, when Street View is operated as intended by Google on a computing device of a user, each component and step of the patented systems and methods of the Patents are used and performed in a manner dictated by Street View; (3) providing instructions and directions to users regarding the use of Street View; (4) selling or otherwise providing tablets, computers and smartphones (such as Google Nexus Tablets, Google Chromebooks and Google Pixel Phones); and (5) selling or otherwise providing operating systems or other software that include, for example, the Google Maps App.  Upon information and belief, Google has had actual knowledge of the '226 patent since at least 2006, having been advised of it by Kewazinga at that time.  Google further had actual knowledge of the '226 patent in May 2013 as a result of the 2013 Action, and in May 2013 as a result of it having been cited by Google during the prosecution of its U.S. Patent No. 9,294,757.  On information and belief, Google has engaged in these activities with knowledge and intent that such activities would cause and/or encourage direct infringement of the '226 patent.

57.     Google, by itself and/or through its subsidiaries, affiliates, agents, and/or business partners, has contributed to the direct infringement by users of Google Street View of claims of the '226 patent (including, without limitation, the claim addressed above) pursuant to 35 U.S.C. § 271(c) in the United States and within this District at least by providing Google Street View, which is designed and intended to enable users to access Google's computer system to use and perform each component and step of the patented systems and methods of the '226 patent, including navigating street-level imagery as described herein, knowing that Street View is a

19

material part of the claimed inventions, is especially made or especially adapted for use in infringing the patented systems and methods and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

58.     As a consequence of each of Google's direct infringement, inducement and contributory infringement, both literal and under the doctrine of equivalents, of the '226 patent, Kewazinga has been, and continues to be, damaged in an amount not yet determined and is entitled to recover damages pursuant to 35 U.S.C. § 284.

59.     Upon information and belief, Google's infringement of the '226 patent has been willful.

**JURY DEMAND**

60.     Kewazinga requests a trial by jury for all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Kewazinga respectfully requests that the Court enter judgment against Google:

A.     determining that Google has infringed one or more claims of the '234 patent;

B.     ordering Google to account for and pay to Kewazinga all damages suffered by Kewazinga as a consequence of Google's infringement of the '234 patent, together with pre and post judgment interest and costs as fixed by the Court;

C.     declaring that Google's infringement of the '234 patent was and is willful and trebling Kewazinga's damages under U.S.C. § 284 on that ground;

D.     determining that Google has infringed one or more claims of the '325 patent;

E.      ordering Google to account for and pay to Kewazinga all damages suffered by Kewazinga as a consequence of Google's infringement of the '325 patent, together with pre and post judgment interest and costs as fixed by the Court;

F.      declaring that Google's infringement of the '325 patent was willful and trebling Kewazinga's damages under U.S.C. § 284 on that ground;

G.      determining that Google has infringed one or more claims of the '226 patent;

H.      ordering Google to account for and pay to Kewazinga all damages suffered by Kewazinga as a consequence of Google's infringement of the '226 patent, together with pre and post judgment interest and costs as fixed by the Court;

I.      declaring that Google's infringement of the '226 patent was willful and trebling Kewazinga's damages under U.S.C. § 284 on that ground;

J.      declaring that this case is exceptional and awarding Kewazinga its costs and attorneys' fees in accordance with 35 U.S.C. § 285; and

K.      granting Kewazinga such other and further relief as the Court may deem just and proper.

Dated: New York, New York
February 7, 2020

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

/s/ Ian G. DiBernardo
Ian G. DiBernardo
Kenneth L. Stein
Saunak Desai
Gregory Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for the Plaintiff Kewazinga Corp.*

22