**STROOCK**

April 2, 2020

Ian G. DiBernardo
Direct Dial: 212.806.5867
Fax: 212.806.6006
idibernardo@stroock.com

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Kewazinga Corp. v. Google LLC*, Case No. 20-cv-1106 (LGS)
Initial Pretrial Conference Joint Letter

Dear Judge Schofield:

Pursuant to the Court's February 25, 2020 Order, the parties hereby file this joint letter in advance of the initial pre-trial conference scheduled for April 9, 2020 at 10:40 a.m. A proposed Patent Civil Case Management Plan and Scheduling Order is attached as Exhibit A.

### (1) Brief Statement of the Case

Plaintiff's Statement

Kewazinga alleges that Google infringed three patents: (1) U.S. Patent No. 9,055,234, issued June 9, 2015 ("the '234 patent"); (2) U.S. Patent No. 6,522,325, issued February 18, 2003 ("the '325 patent"); and (3) U.S. Patent No. 6,535,226, issued March 18, 2003 ("the '226 patent"; collectively with the '234 and '325 patents, "the asserted patents"). Kewazinga alleges that Google infringed the asserted patents by offering users navigable imagery of remote environments, including along streets, inside buildings, and along waterways through the accused Google "Street View" feature made available on multiple platforms, including Google Maps and Google Earth.

Google has been aware of the '226 and '325 patents since 2006. In 2006, Kewazinga had communications with Google, in which Kewazinga exposed to Google Kewazinga's proprietary and confidential information, including business and technological ideas, as well as the existence of the '226 and '325 patents. For example, in 2006, Kewazinga disclosed the following to Google as an application of its proprietary technology: "Miniaturized systems mounted on vehicles and boats will ply the streets and waterways of cities and locales, giving armchair travelers the ability to experience the sights and sounds of live or prerecorded environments as though they were there." ECF No. 1 ¶ 22. These disclosures occurred prior to the 2007 release of Google Street View, which utilizes camera-mounted automobiles to capture images that users can navigate to view and experience remote environments. Google never disclosed to Kewazinga that it was developing, had developed, or was planning to develop or release Street View.

In 2013, Kewazinga filed, but never served, a complaint against Google for infringement of the '226 and '325 patents. The '234 patent was not issued until 2015 and, thus, was not asserted in that lawsuit. That suit, *Kewazinga Corp. v. Google, Inc.*, 1:13-cv-00938 (D. Del) ("2013 Action"), was dismissed without prejudice, without resolving Kewazinga's infringement

Hon. Lorna G. Schofield
April 2, 2020

claims. Kewazinga did not oppose Google's motion to dismiss because, as stated in its response, the dismissal was "<u>without</u> prejudice." 2013 Action, ECF No. 7 (emphasis in original). Thus, neither the dismissal without prejudice nor Kewazinga's decision not to oppose the dismissal without prejudice indicated that Kewazinga did not intend to pursue its claims in the future.

After the 2013 Action was filed, Kewazinga and Google engaged in discussions in which Google contended that it did not infringe the '226 and '325 patents. Kewazinga consistently disagreed with that position. Although Google vaguely asserts that it "continued to invest in the Street View product" after the dismissal of the 2013 Action without prejudice, it cannot show that any such investment was in reliance on allegedly misleading conduct by Kewazinga, nor can it show any prejudice based on such purported reliance.

Kewazinga has asserted the same patents against Microsoft. *See Kewazinga Corp. v. Microsoft Corporation*, 1:18-cv-4500 (S.D.N.Y.). In that case, the court has issued a claim construction order supportive of Kewazinga's claims against Google, and the USPTO denied institution of an *inter partes* review of the '234 patent.

Defendant's Statement

Kewazinga alleges that Google infringed, direct, indirectly, and willfully, the '234, '325, and '226 patents via Google's Street View product. All claims of infringement are limited to past infringement prior to April 1, 2019, which is the date that all patents expired. Google's response to Kewazinga's complaint is due April 6, 2020, and Google is currently evaluating its defenses in preparing its response. Mentioned in Plaintiff's statement, above, this is not the first time that Kewazinga has asserted the '325 patent and '226 patent against Google's Street View Product. In 2013, Kewazinga aggressively asserted its patents against Google which culminated in Kewazinga and one other related entity filing close to identical infringement claims against Google in the District of Delaware. Following discussions between Google and Kewazinga, where Google explained that it did not infringe, Kewazinga decided not to serve the complaint and Google moved to dismiss for failure to serve. Google's motion was not opposed and Kewazinga's claims were dismissed. Kewazinga's failure to serve Google or oppose Google's motion to dismiss after the meeting reasonably led Google to believe Kewazinga had abandoned its infringement claims against Google's Street View product. During the next six years following dismissal, Kewazinga laid silent while Google continued to invest in the Street View product and made it available to an ever increasing number of Google customers. In addition, during that period of misleading silence, Google employees involved in all aspects of the accused Street View product—including the founder—have left the company, memories have faded, and evidence has likely been lost. Now, six years after the Delaware case was dismissed and almost a year after the asserted patents expired, Kewazinga has filed this lawsuit, in which it asserts almost identical claims against Google's Street View product. This is a classic case of equitable estoppel, as Google will be materially prejudiced—both economically and evidentiarily—should Kewazinga's claims be allowed to proceed now these many years after its earlier aggressive assertion and misleading silence. Because the asserted patents have already expired and Kewazinga may recover only six years of past damages (*see* 35 U.S.C. § 286), the damages period in this case is limited to February 2014 to April 2019. In other words, assuming that Kewazinga is entitled to damages—and Google refutes that it is—the entirety of those damages will have been incurred during Kewazinga's six years of silence, inaction, and lying-in-wait. The Court should stay all discovery in this case unrelated to the narrow topic of Google's equitable estoppel defense until after the summary judgment motion is briefed and decided. Since Kewazinga waited over six years to bring suit against Google, waiting until this motion is resolved would not prejudice Kewazinga, who cannot claim it is missing out on licensing

2

Hon. Lorna G. Schofield
April 2, 2020

opportunities because the patents are expired.

Moreover, Kewazinga's dilatory claims lack any merit, as Google does not infringe any of the asserted patents, either directly or indirectly. Additionally, the ideas described in the asserted patents were not novel at the time of the earliest possible priority date and will be found invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

### (2) Subject Matter Jurisdiction and Venue

Plaintiff's Statement

This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq*. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 and 1338, and venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Google's allegations regarding subject matter jurisdiction lack merit.

Defendant's Statement

Google's response to Kewazinga's complaint is due April 6, 2020. Google is still evaluating its defenses but does not anticipate contesting venue or subject matter jurisdiction at this time. Google reserves the right to challenge Kewazinga's standing to bring suit.

### (3) Motions

There are no currently pending motions before the Court.

Plaintiff's Statement

Google indicates it intends to move to dismiss under Fed. R. Civ. P. 12(b)(6) because Kewazinga allegedly failed to state a claim as to indirect and willful infringement of the '234 patent. Although Google states that it will outline its proposed motion to dismiss Kewazinga's indirect and willful infringement claims as to the '234 patent in a separate letter, Google previously indicated to Kewazinga that the basis for its motion was a purported failure to adequately plead Google's knowledge of the '234 patent prior to its expiration. This allegation lacks merit and the Court should deny Google's anticipated motion to dismiss. Google's infringement of the '234 patent has been willful, and Kewazinga has indisputably pled that Google had knowledge of the '234 patent after it issued and prior to the filing of this action as well as facts supporting that contention. *See* ECF No. 1 ¶ 40; *see also id*. at ¶¶ 26-33. Moreover, Google has waived its opportunity to move to dismiss Kewazinga's claims that Google willfully infringed the '234 patent, and the Court should decline to hear any such motion to dismiss on that basis alone. After receiving an extension on its response to Kewazinga's complaint (ECF No. 19), Google failed to timely file a letter indicating its intent to move to dismiss Kewazinga's complaint. *See* Judge Schofield's Individual Rule III.C.2.

Google also requests leave to file an early motion for summary judgment regarding a defense of equitable estoppel, and further requests the Court stay the case, except as to discovery related to this defense. The Court should deny both requests because 1) Google's equitable estoppel defense is unlikely to succeed at least because Google cannot show any (i) misleading conduct by Kewazinga; (ii) any reliance on allegedly misleading conduct by Kewazinga; (iii) or any prejudice resulting from such reliance and 2) equitable estoppel is a fact-intensive inquiry. The parties can efficiently conduct fact discovery without segregating one topic and artificially delaying resolution of the other issues in this litigation, including those that will remain in the case regardless of the outcome of Google's summary judgment motion. Google's summary judgment motion on equitable estoppel would <u>not</u> be case-dispositive, at least because Kewazinga has asserted the '234 patent, which issued in 2015, *after* what Google contends was

Hon. Lorna G. Schofield
April 2, 2020

misleading conduct that it purportedly relied upon.

Defendant's Statement

At this early point in the case, Google anticipates making two motions: a motion to dismiss and a case dispositive early summary judgment.  Google additionally anticipates requesting the case be stayed until those motions are decided by the Court.  Pursuant to Judge Schofield's Individual Rules III.C.2 and III.A.1, Google anticipates filing a pre-motion letter with the Court shortly after the filing of this joint letter to outline its proposed motion to dismiss Kewazinga's indirect and willful infringement claims as to the '234 patent.

As to Google's anticipated motion for summary judgment, for the reasons discussed above, this case is the poster child for the equitable estoppel doctrine.  To succeed with a defense of equitable estoppel, Google must show that in reliance on Kewazinga's misleading conduct, Google reasonably inferred that Kewazinga had abandoned its claims, that Google reasonably relied on that misleading conduct, and that Google will now suffer material prejudice—economic and/or evidentiary—because of its reliance.  *See A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1028 (Fed. Cir. 1992) (en banc).  As outlined in the *Aukerman* case, an aggressive assertion of a claim, followed by years of inaction, can be misleading conduct—especially when, as happened here, the years of inaction followed a meeting with Google after which Kewazinga did not oppose Google's motion to dismiss that prior claim.  For these reasons, which Google will explain in detail in its Motion for Summary Judgment, Kewazinga should be equitably estopped from pursuing *all* claims it could have brought years ago.

### (4) Discovery

No discovery has taken place yet.  The parties intend to submit a proposed protective order and e-discovery agreement to the Court no later than June 4, 2020. The parties do not believe foreign discovery is required.

Plaintiff's Statement

Kewazinga will take discovery through document requests, interrogatories, requests for admissions and depositions of information material to the claims and any counterclaims and defenses, including, *inter alia*, the development, design, operation, and marketing of the accused products; financial information relating to the accused products, including for the Google search ecosystem, of which Google Maps and Street View are a part; opinions of counsel; transactions relating to the accused products and technology used therein; use of the accused products, including usage metrics for Google Maps and Google Street View; Google's willfulness with respect to infringement of the asserted patents; and the bases for any defenses raised by Google.

Defendant's Statement

Google believes that only very limited discovery related to its equitable estoppel defense should take place until after its proposed summary judgment motion has been decided.  Proceeding with discovery as to the case as a whole, when there is a strong likelihood that Kewazinga's claims will be dismissed would be a waste of judicial and party resources.

If Kewazinga's claims do not get dismissed Google anticipates serving interrogatories, requests for production, and requests for admission.  Google believes discovery will be necessary with respect to: ownership; conception and reduction to practice; prosecution; prior art; Kewazinga's attempts to commercialize the underlying technology; Kewazinga's past communications with Google related to the accused technology; and Google's defenses.

Hon. Lorna G. Schofield
April 2, 2020

### (5) Anticipated Actions That Would Significantly Affect or Delay This Case

<u>Plaintiff's Statement</u>

Kewazinga intends to oppose any request by Google to stay discovery in this case, at least for the reasons set forth above.

<u>Defendant's Statement</u>

Google intends to request this case be stayed as to all issues excluding equitable estoppel until its summary judgment motion is fully briefed and decided by the Court.

### (6) Instructing the Court on Relevant Technology

Each party anticipates submitting a technology tutorial to the Court one week before the claim construction hearing.

### (7) Computation of Damages

<u>Plaintiff's Statement</u>

Pursuant to 35 U.S.C. § 284, Kewazinga anticipates seeking damages in the form of a reasonable royalty for Google's past infringement of the asserted patents, plus interest and costs. Kewazinga also seeks enhanced damages and attorneys' fees under 35 U.S.C. §§ 284 and 285.

<u>Defendant's Statement</u>

Google does not infringe the asserted claims of the asserted patents, and no damages or other relief should be awarded to Kewazinga.  Google is currently evaluating defenses, but expects to seek costs and attorneys' fees pursuant to 35 U.S.C. § 285, and such other relief the Court deems just and proper.

### (8) Status of Settlement Discussions

The parties have not engaged in any settlement discussions related to this action.  The parties would be open to mediation after the Court issues a claim construction order.

### (9) Other Information That May Assist the Court in Resolving the Action

None.

5

Hon. Lorna G. Schofield
April 2, 2020

Respectfully submitted,

| | |
|---|---|
| */s/ Ian G. DiBernardo* | */s/ John M. Desmarais* |
| Ian G. DiBernardo | John M. Desmarais |
| Timothy K. Gilman | Steven M. Balcof (admission application forthcoming) |
| Kenneth L. Stein | Elizabeth Weyl |
| Saunak K. Desai | DESMARAIS LLP |
| Gregory R. Springsted | 230 Park Avenue |
| **STROOCK & STROOCK & LAVAN LLP** | New York, New York 10169 |
| 180 Maiden Lane | T: 212-351-3400 |
| New York, NY 10038 | F: 212-351-3401 |
| Tel: (212) 806-5400 | jdesmarais@desmaraisllp.com |
| Fax: (212) 806-6006 | sbalcof@desmaraisllp.com |
| Email:idibernardo@stroock.com | eweyl@desmaraisllp.com |
| Email:tgilman@stroock.com | |
| Email:kstein@stroock.com | Emily H. Chen (*pro hac vice* pending) |
| Email:sdesai@stroock.com | DESMARAIS LLP |
| Email:gspringsted@stroock.com | 101 California Street |
| | San Francisco, California 94111 |
| *Counsel for Plaintiff Kewazinga Corp.* | T: (415) 573-1900 |
| | F: (415) 573-1901 |
| | echen@desmaraisllp.com |
| | |
| | *Counsel for Defendant Google LLC* |

6