Plaintiffs shall file a letter response by April 10, 2020.

The initial pretrial conference, scheduled for April 9, 2020, is ADJOURNED to **April 16, 2020, at 10:40 a.m.** The conference will be telephonic. The Court will call the conference participants once the conference is ready to begin.

The participants shall file a joint letter by **April 14, 2020**, providing the Court with one telephone call-in number for a conference call and, to the extent necessary, a passcode. The participants shall ensure they are all dialed into the conference call by the appointed conference time.

Dated: April 6, 2020
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Kewazinga Corp. v. Google LLC*, Case No. 20-cv-1106 (LGS)
             Google's Pre-Motion Letter Requesting Leave to File Motion to Dismiss

Dear Judge Schofield:

Pursuant to the Court's Individual Rule III.C.2, Defendant Google LLC ("Google") submits this pre-motion letter regarding its proposed grounds for moving to dismiss claims asserted by Plaintiff Kewazinga Corp. ("Kewazinga") in its complaint. (D.I. 1, "Complaint").

**(1) Introduction**

This is the *second* patent lawsuit that Kewazinga has filed against Google. Kewazinga filed the first lawsuit in 2013 with two patents and then promptly dropped its claims without serving the complaint. Now—after *six years of complete silence*—Kewazinga has again sued Google for patent infringement based on the *same two patents*, which have expired, and a third related patent that is also expired. Kewazinga's claims should be barred under the doctrine of equitable estoppel, which Google plans to address with the Court during the initial pretrial conference. (*See* D.I. 24 at 4.) Even before that, however, a number of Kewazinga's claims can be readily disposed under Federal Rule of Civil Procedure 12(b)(6).

Kewazinga accuses Google of willful infringement, but offers in support only allegations as to Google's purported knowledge of certain of the patents. Pleading knowledge alone is insufficient to support a willfulness claim under *Iqbal/Twombly*. Moreover, even if knowledge alone were sufficient to plead willfulness—and it is not—Google had *no knowledge* of U.S. Patent Nos. 9,055,234 ("the '234 patent"). Indeed Kewazinga does not (and cannot) plausibly plead that Google had knowledge of that patent before it expired, which is also fatal to Kewazinga's indirect infringement claims as to the '234 patent. As discussed in further detail below, because Kewazinga does not plausibly plead fundamental elements of its willful infringement claims and certain of its indirect infringement claims—the Court should dismiss those claims without leave to amend.

**(2) Background – Kewazinga's Aggressive Assertion and Six Years of Silence**

Kewazinga alleges that Google directly, indirectly, and willfully infringed the '234 patent, and U.S. Patent Nos. 6,522,325 (the "'325 patent") and 6,535,226 (the "'226 patent") (collectively, "the Asserted Patents"). In 2013, Kewazinga brought an almost identical lawsuit against Google, in which it asserted only the '325 and '226 patents, but it did not serve the

Hon. Lorna G. Schofield
April 3, 2020
Page 2

complaint.[1]  *See Kewazinga Corp. et al v. Google Inc.*, No. 1:13-cv-00938-GMS (D. Del.) (filed May 24, 2013) ("the 2013 Complaint").  Google met with Kewazinga after the 2013 Complaint was filed and explained that it did not infringe.  After meeting with Kewazinga, Google filed a motion to dismiss and Kewazinga did not oppose.  The Court dismissed the complaint on November 14, 2013, and Google did not hear from Kewazinga again for *over six years* and almost a year *after the Asserted Patents had expired*.[2]  Then, on February 7th of this year, Kewazinga filed the Complaint (D.I. 1) ("the Complaint") in this case.

### (3) Kewazinga's Willful Infringement Claims Must Be Dismissed

Kewazinga does not plausibly allege that Google is a willful infringer of the Asserted Patents.  To survive a motion to dismiss, "a complaint must plausibly plead facts sufficient to support an inference that the infringement at issue is 'egregious' in addition to pleading subjective intent."  *Novartis Vaccines and Diagnostics, Inc. v. Regeneron Pharm., Inc.*, 18-cv-2434(DLC), 2018 WL 5282887, at *2 (S.D.N.Y. Oct. 24, 2018) (citing *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-CV-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) and *Jenkins v. LogicMark, LLC*, No. 16–CV–751–HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017)).  Because Kewazinga's willful infringement pleading lacks facts sufficient to support a plausible inference that Google's alleged conduct is willful the Court should dismiss Kewazinga's willful infringement claims in their entirety.

Kewazinga alleges that Google purportedly had knowledge of the '325 and '226 patents (but not the '234 patent) but mere knowledge of a patent is not enough, and Kewazinga has failed to allege any "misconduct beyond typical infringement."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016).  In fact, Kewazinga's willfulness allegations amount to a single sentence for each of the Asserted Patents: "Upon information and belief, Google's infringement of the [Asserted Patents][] has been willful." (Complaint, ¶¶ 43, 52, 59.)[3]  Those conclusory sentences, and the fact that Kewazinga does not plead anything beyond typical infringement in its Complaint, is not sufficient to sustain a willfulness claim. Even more importantly, however, is the fact that ***Kewazinga dropped its claims of infringement in the 2013 Complaint after Google told Kewazinga it did not infringe***, leading Google to believe Kewazinga agreed.  (*See* Complaint, ¶ 32 (acknowledging the 2013 Complaint and its dismissal) and D.I. 24 at 2 ("After the 2013 Action was filed, Kewazinga and Google engaged in discussions in which Google contended that it did not infringe").)  This is the opposite of willful infringement.

### (4) Kewazinga's Claims Of Indirect And Willful Infringement As To The '234 Patent Must Be Dismissed

To adequately plead indirect and willful infringement, a patent owner must plausibly allege that the accused infringer had knowledge of the asserted patent—Kewazinga fails to do so in the Complaint as to the '234 patent.  Because Kewazinga did not plead—and could not plead—that Google was aware of the '234 patent before it expired, as outlined below, the Court should dismiss the indirect and willful infringement claims related to the '234 patent without leave to amend.

---

[1] At the time of the 2013 complaint, the '234 patent had not been issued.
[2] It was also during this time of prolonged silence when the '234 patent issued (on June 9, 2015) and then expired (on April 1, 2019).
[3] Kewazinga also includes references to willfulness under its Prayer for Relief.

2

Hon. Lorna G. Schofield
April 3, 2020
Page 3

Knowledge is an essential element of both indirect and willful infringement. Specifically, the Supreme Court has instructed that to plead indirect infringement, a patent owner must allege facts that plausibly establish the defendant's knowledge of both the patent-in-suit and the underlying direct infringement. *Commil USA, LLC v. Cisco Sys., Inc*., 135 S. Ct. 1920, 1926 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement. . . . Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."). Likewise, to plead willful infringement, a patent owner must allege that the infringer knew of the patent and of the alleged infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc*., 136 S. Ct. 1923, 1933 (2016) ("[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct."). A patent owner cannot meet the knowledge pleading requirement by alleging that the accused infringer had knowledge of *other* patents, even if they are from the same family. *See Finjan, Inc. v. Juniper Networks, Inc*., 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (dismissing willfulness and inducement because knowledge of a patent portfolio or other patent in family not enough); *Windy City Innovations, LLC v. Microsoft Corp*., 193 F. Supp. 3d 1109, 1117 (N.D. Cal. 2016) (finding that the "requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of *other* patents, even if somewhat similar").

Kewazinga does not plausibly allege that Google knew of the '234 patent before it expired on April 1, 2019 because it bases its allegation that Google had knowledge of the '234 patent on knowledge of *other* patents. Specifically, Kewazinga asserts that Google had actual pre-suit knowledge of the '234 patent as of the date of its issuance—June 9, 2015—because (1) Google knew about the related '325 and '226 patents based on Kewazinga's 2013 Complaint and (2) Google allegedly cited to the '226 patent during prosecution of a Google patent back in 2013. *See* Complaint (D.I. 1) ¶ 40.[4] These are classic examples of improper attempts to impute knowledge of an asserted patent based on purported knowledge of other allegedly related patents. As a matter of law, such allegations are wholly insufficient to meet the pleading standard for both indirect and willful infringement and should be dismissed.

**(5) Proposed Briefing Schedule**

Google respectfully proposes the Court adopt the following briefing schedule: (1) Google files its motion to dismiss and supporting memorandum 14 days after the Court approves its filing; (2) Kewazinga files its opposition brief, if any, 14 days thereafter; and (3) Google files its reply brief, if any, 7 days thereafter.

Respectfully submitted,

s/ *John M. Desmarais*
John M. Desmarais

Copy: Counsel of record (via ECF)

---

[4] Kewazinga also offers knowledge allegations in the Introduction section of its Complaint (D.I. 1, ¶¶ 26-33). Only *one sentence* pertains to the '234 patent: "On information and belief, Google had knowledge of the '234 patent after it issued and prior to the filing of this action." That single conclusory statement does not redeem Kewazinga's deficient pleading as to knowledge of the '234 patent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to state a claim.).