# STROOCK

April 6, 2020

Ian G. DiBernardo
Direct Dial: 212.806.5867
Fax: 212.806.6006
idibernardo@stroock.com

**Via ECF**

The Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Kewazinga Corp. v. Google LLC*, Case No. 20-cv-1106 (LGS)
      Kewazinga's Response to Google's Request for Leave to File Motion to Dismiss

Dear Judge Schofield:

Defendant Google LLC's ("Google") requested leave to file a motion to dismiss Plaintiff Kewazinga Corp.'s ("Kewazinga's") complaint. ECF No. 25. Google's request should be denied because: (1) Google's request is untimely and (2) Google's proposed motion is futile.

## (1) Google's Request is Untimely

Today is Google's deadline to respond to Kewazinga's complaint. ECF No. 19. Google already sought and received an extension to this deadline. ECF No. 17. Google apparently does not plan to meet that deadline. But instead of filing a request to file a motion to dismiss 10 days before this deadline as required by the Court's procedures—*see* Judge Schofield's Individual Rules III.A.1 and III.C.2—Google made its request a single business day in advance of the deadline. But as contemplated by the Court's rules, Google should have made its request at least 10 days prior to its deadline to move so that this issue could be resolved efficiently and expediently, without further delays in this case. Google now proposes to significantly delay the pleadings in this case, with the opening brief due long after its original deadline. Google should not be permitted to unilaterally toll its deadline with a last-minute filing.

This approach is not surprising given Google's demonstrated strategy of delay. Google has (1) requested and received an extension of its deadline to answer, move, or otherwise respond to Kewazinga's complaint (ECF Nos. 17 and 19), (2) requested and received an extension of its deadline to serve initial disclosures (ECF Nos. 22 and 23), (3) indicated it hopes to stay discovery until its proposed motion to dismiss is decided, despite the Court's rule that "[a]bsent extraordinary circumstances" discovery is to proceed during the pendency of a motion to dismiss (ECF No. 24 at 4; Judge Schofield's Individual Rule III.C.2), (4) requested a stay of all discovery except discovery related to its defense of equitable estoppel (ECF No. 24 at 2), and (5) attempted to lay the groundwork for future discovery delays. *See* ECF No. 24-1 at 1 n. 1 (characterizing the parties' agreed-upon schedule as "Google's best estimates for feasible deadlines"). Now Google attempts to the delay the case yet again with a last-minute request to

Hon. Lorna G. Schofield
April 6, 2020

move to dismiss claims in the complaint. Notably, Google's requested motion to dismiss is limited to certain issues (*i.e.*, willful infringement and indirect infringement) and has no bearing on other claims (*i.e.*, direct infringement) for which Google has delayed its response.

Google's request is untimely. Kewazinga already permitted an extension to Google's deadline to respond to the complaint. Google's gamesmanship should not be allowed to further delay the commencement of these proceedings.

### (2) Google's Proposed Motion Is Futile

Even if Google's request were not untimely, it should still be denied as futile because Google's proposed motion to dismiss is doomed to fail. Google's misconduct in infringing U.S. Patent Nos. 9,055,234, (the "'234 patent"), 6,522,325 (the "'325 patent"), and 6,535,226 (the "'226 patent"; collectively with the '234 and '325 patents, the "Asserted Patents") has been "egregious" and "beyond typical infringement." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Facts supporting this conclusion are unnecessary at the pleading stage but nevertheless have been pled (*see* ECF No. 1 ¶¶ 18-33, 40, 43, 49, 52, 56, 59), and Google's assertions to the contrary are improper attempts to argue the merits of its defenses before discovery has taken place. *See Bio-Rad Labs. Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 501 (D. Del. 2017) ("At the pleading stage, it is not necessary to show that the case is egregious."); *see also Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 2017 WL 74729, at *6 (S.D.N.Y. Jan. 4, 2017) (noting that an award of enhanced damages is "based on the nature of the specific misconduct in a given case [which] counsels hesitation before dismissing allegations of willfulness at the pleading stage").

Google is accused of *willful* infringement because it has been well-aware of Kewazinga's patents and the technology they claim for nearly 15 years. Indeed, Kewazinga disclosed the existence of the '325 and '226 patents (which are in the same patent family as the '234 patent) and shared with Google Kewazinga's proprietary information, including business and technological ideas claimed by the Asserted Patents, in pursuing a partnership in 2006. ECF No. 1 ¶¶ 18-26. These disclosures are closely related to Google's accused Street View technology, which was released in 2007, *after* Kewazinga's disclosures. For example, Kewazinga disclosed: "Miniaturized systems mounted on vehicles and boats will ply the streets and waterways of cities and locales, giving armchair travelers the ability to experience the sights and sounds of live or prerecorded environments as though they were there." *Id.* ¶ 22. This describes the accused Street View technology, which uses images captured by cameras mounted on automobiles that users can navigate to view and experience remote environments. *Id.* ¶ 23. Thus, Google's Street View employs technology claimed by the Asserted Patents and confidentially disclosed to Google in 2006. Such copying and misappropriation are the hallmarks of willful infringement.

Moreover, as Google notes, Kewazinga even filed a complaint in 2013 against Microsoft for infringement of the '325 and '226 patents; the '234 patent had not yet issued. *Kewazinga Corp. v. Google, Inc.*, 1:13-cv-00938 (D. Del) ("2013 Action"). Google received that complaint and cannot credibly deny that it knew of its infringement long before this litigation. That the suit was voluntarily dismissed without prejudice before formal service so that the parties could explore business discussions is inapposite; the well-pled facts show that Google was on notice not just of the '325 and '226 patents, but specifically its alleged infringement of those patents. Google's continued infringing notwithstanding this knowledge *is* willful infringement.

Hon. Lorna G. Schofield
April 6, 2020

Google's proposed motion to dismiss cannot succeed because Kewazinga has properly pled a set of facts under which "the court [could] draw the reasonable inference" that (1) Google's infringement of each of the asserted patents has been egregious and (2) Google had knowledge of and willfully infringed (directly and indirectly) the '234 patent. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Kewazinga has properly alleged facts that—when taken as true in the context of a motion to dismiss—allow the Court to conclude that Google's "misconduct [has been] beyond typical infringement." *Halo*, 136 S. Ct. at 1935. Google's arguments to the contrary amount to an attempt to litigate its defenses, not evaluate the sufficiency of the pleadings. Google's proposed motion to dismiss will not succeed on this ground, and leave to file such a motion can be denied as futile.

Regarding knowledge of the '234 patent for willful and indirect infringement, the legal premise of Google's argument suffers from a fundamental flaw—knowledge of other members of a patent family plausibly supports an allegation that a defendant had knowledge of a related patent-in-suit. *See, e.g., Elm 3DS Innovations, LLC v. Samsung Elecs. Co.,* 2015 WL 5725768, at *2-3 (D. Del. Sept. 29, 2015) (finding that allegations, *inter alia*, that defendants received a presentation regarding parent of patent-in-suit and had cited four patents in the same patent family made pre-suit knowledge plausible). *Finjan, Inc. v. Juniper Networks, Inc*., 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) cited by Google, merely holds that knowledge of an *unrelated* and *unasserted* patent owned by the plaintiff is not on its own sufficient, not that "knowledge of . . . other patent[s] in family [is] not enough" to find willful or indirect infringement—it is inapposite to the *related* (i.e., in the same patent family) patents-in-suit here. ECF No. 25 at 3. Here, as in *Elm 3DS*, Kewazinga provided detailed information about *parent* patents to Google (including express allegations of infringement thereof by way of the 2013 Action) and Google cited the parents and other related patents and was advised by the USPTO of then-pending related applications during prosecution of its own patents. 2015 WL 5725768, at *2-3; *see also Align Tech., Inc. v. 3Shape A/S,* 339 F. Supp. 3d 435, 448 (D. Del. 2018) (finding allegations that, *inter alia*, defendant cited plaintiff's related patents during prosecution of defendant's patents and defendant had knowledge of plaintiff's business activities sufficient to find willfulness). These facts are properly pled (ECF No. 1 ¶¶ 18-33, 40, 43) and—taken as true in a motion to dismiss—give rise to a "reasonable inference" that Google had knowledge of and willfully infringed (directly and indirectly) the '234 patent. *Iqbal*, 556 U.S. at 678.

No case cited by Google addresses whether the facts pled in Kewazinga's complaint, if accepted as true, prove Kewazinga's claims. *See WCM Indus., Inc. v. IPS Corp.,* 721 F. App'x 959, 970 (Fed. Cir. 2018) (finding infringer's intent is determined from the totality of circumstances). Any motion to dismiss under Rule 12(b)(6) is accordingly doomed to fail.

\*   \*   \*

Any motion to dismiss under FRCP 30(b)(6) filed after today's deadline to answer, move, or otherwise respond to Kewazinga's complaint would be untimely—and, in any event, is unlikely to succeed and accordingly waste the Court's and the parties' resources. The Court should deny Google's request for leave to file an untimely motion to dismiss, and Google should answer Kewazinga's complaint, in accordance with the Court-ordered deadline. To the extent the Court permits Google to move to dismiss, Kewazinga will seek leave to amend.

Hon. Lorna G. Schofield
April 6, 2020

Respectfully submitted,


*s/ Ian G. DiBernardo*
Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email:idibernardo@stroock.com
Email:tgilman@stroock.com
Email:kstein@stroock.com
Email:sdesai@stroock.com
Email:gspringsted@stroock.com


*Counsel for Plaintiff Kewazinga Corp.*

**STROOCK & STROOCK & LAVAN LLP**  New York • Los Angeles • Miami • Washington, DC
180 Maiden Lane, New York, NY 10038-4982 • T. 212.806.5400 • F. 212.806.6006 • www.stroock.com

4