IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEWAZINGA CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:20-cv-1106-LGS |

## DECLARATION OF JAMES F. SHERWOOD IN SUPPORT OF GOOGLE INC.'S REQUEST FOR PERMISSION TO REDACT GOOGLE'S MOTION FOR SUMMARY JUDGMENT ON EQUITABLE ESTOPPEL BRIEF, DECLARATIONS, AND EXHIBITS

I, James F. Sherwood, declare under 28 U.S.C. § 1746:

1. I am a Senior Counsel at Google within the Litigation Group. The matters set forth herein are within my personal knowledge, and if sworn as a witness, I could competently testify regarding them.

2. I make this declaration in support of Google's Request for Permission to Redact Google's Motion for Summary Judgment on Equitable Estoppel Brief, Declarations, and Exhibits.

3. I have reviewed certain items cited in and submitted in connection with Google's request. Those items cited in Google's request contain material designated for sealing that is Google's confidential business information.

4. In the regular course of its business operations, Google takes great efforts to ensure that its sensitive business information remains confidential and not available to the public or to its

1

competitors. Thus, maintaining the confidentiality of this information during the course of this lawsuit is of utmost importance to Google.

5. **Exhibit 3** to the Declaration of Stafford Marquardt In Support of Google LLC's Motion for Summary Judgment of Equitable Estoppel is Google's highly confidential and competitively-sensitive proprietary information. The portions to be filed under seal contain confidential and sensitive business information concerning Google's investment in and technical details regarding upgrades to its Street View system. Both the financial and non-financial details of this document are confidential and sensitive. Google takes many steps to keep this document confidential, including limiting access within Google, and implementing internal controls at Google. Moreover, public disclosure would cause significant competitive harm to Google and place Google at competitive disadvantages, including by allowing competitors and prospective counterparties to access the confidential details of Google's technology and systems, which they could use to gain an unfair advantage in future negotiations against Google or could leverage in negotiations against others.

6. **Exhibit 5** to the Declaration of James F. Sherwood In Support of Google LLC's Motion for Summary Judgment of Equitable Estoppel ("Sherwood Summary Judgment Declaration") is preliminary analysis from my colleague, analyzing Kewazinga's asserted patents for both invalidity and noninfringement. This preliminary analysis is Google's highly confidential and competitively-sensitive proprietary information. **Exhibits 6, 7, and 8** to the Sherwood Summary Judgment Declaration contain Google's highly confidential and competitively-sensitive proprietary information. The portions of these exhibits, Google's brief, and supporting declarations to be filed under seal contain confidential and sensitive business information concerning Google's

legal strategy in response to anticipated or ongoing patent litigation, as well as non-public document retention policies.  Such information is Google's highly confidential and competitively-sensitive proprietary information.  Google is regularly the target of litigation--both patent and non-patent, and patent licensing offers.  Google's internal procedures for assessing litigation are highly confidential.  In addition, Google takes many steps to keep these documents confidential, including limiting access within Google, prohibiting disclosure to third parties, and implementing internal controls at Google.  Moreover, public disclosure would cause significant competitive harm to Google and place Google at competitive disadvantages, including by allowing competitors and prospective counterparties to access the confidential details of Google's confidential and privileged legal strategies, which they could use to gain an unfair advantage in future negotiations or actions against Google.

7. **Exhibits 14 and 15** to the Sherwood Summary Judgment Declaration contain Google's highly confidential and competitively-sensitive proprietary information.  The portions to be filed under seal contain confidential and sensitive business information concerning the identity of a third party that has indemnified Google in an unrelated matter and communications from that third party's agents.  Such information is highly confidential and public disclosure would harm Google and these third-parties.

8. In the absence of a sealing order, the public filing—and attendant disclosure to third parties—of the above documents and discussion of these documents would create a substantial risk of serious and irreparable competitive harm to Google in view of the sensitive business information contained therein. Specifically, this information would identify Google's non-public business practices, including internal organizational and operational details, which if disclosed would be

useful to competitors in competing with Google by focusing their competitive efforts on the areas in which Google invests more resources and human capital and by revealing Google's legal strategies. The information to be sealed further identifies non-public technical details regarding its Street View system, knowledge of which would put Google's business at risk of harm by aiding competitors looking for competitive intelligence regarding Google's approach to collecting street-level imagery.

I declare under penalty of perjury that the foregoing is true and correct and that I executed this declaration on July 15, 2020, in Falls Church, Virginia.

By: _____
James F. Sherwood