```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
KEWAZINGA CORP.,                                             :
                                 Plaintiff,                  :   20 Civ. 1106 (LGS)
                                                             :
                -against-                                    :   ORDER
                                                             :
GOOGLE LLC,                                                  :
                                 Defendant.                  :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on July 15, 2020, Defendant filed a letter motion to seal certain portions of the memorandum of law in support of the motion for summary judgment, and supporting declarations and exhibits. *See* Dkt. No. 57. On July 21, 2020, Plaintiff filed a letter in support. *See* Dkt. No. 69. It is hereby

**ORDERED** that Defendant's motion to seal is **GRANTED** in substantial part. The motion is granted but for those redactions proposed based on Plaintiff's confidentiality designation where Plaintiff did not request the information remain sealed in its letter filed in support of the motion to seal, including:

- Redactions to Exhibit 2 other than the redactions of personal information;
- Redactions to Exhibit 4 other than the redactions of personal information;
- Redactions to Paragraph 48 of the Statement of Facts;
- The redaction of "Mr. Weber used his personal email account for Kewazinga business— an account Kewazinga no longer has access to" on page 20 of the memorandum of law; and
- Redactions to paragraphs 15-17 of the Filip declaration.

Defendant shall re-file the aforementioned documents, with the appropriate modifications, by July 24, 2020. The unredacted version of the documents will remain sealed, and only the parties and individuals identified in the attached appendix will have access. Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of

access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Filing the above-referenced documents under seal or in redacted form is necessary to prevent the unauthorized dissemination of the parties' confidential business information and legal strategies, and third-party confidential business information and personal information.  It is further

**ORDERED** that the parties shall consolidate any motions to seal portions of Plaintiff's cross-motion for summary judgment and opposition to Defendant's motion for summary judgment, Defendant's reply in support of its motion for summary judgment and opposition to Plaintiff's cross-motion for summary judgment, and Plaintiff's reply in support of its cross-motion for summary judgment in the following manner: the parties shall file the motion papers under seal and publicly with any proposed redactions, pursuant to the briefing schedule at Dkt. No. 49.  No motions to seal shall be filed at those times.  Within one week of the filing of Plaintiff's reply in support of its cross-motion for summary judgment, and in any event no later than September 2, 2020, the parties shall file a joint letter motion to seal the motion papers.

Dated: July 22, 2020
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## **APPENDIX**

Pursuant to Your Honor's Individual Rule I(D)(3), Google identifies below all parties and attorneys of record who should have access to the sealed documents:

Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email:idibernardo@stroock.com
Email:tgilman@stroock.com
Email:kstein@stroock.com
Email:sdesai@stroock.com
Email:gspringsted@stroock.com

*Counsel for Plaintiff Kewazinga Corp.*

John M. Desmarais
jdesmarais@desmaraisllp.com
Ameet A. Modi
amodi@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Elizabeth Weyl
eweyl@desmaraisllp.com
David A. Frey
dfrey@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212) 351-3400
Fax: (212) 351-3401

Emily Chen (*pro hac vice*)
echen@desmaraisllp.com
DESMARAIS LLP
101 California Street
San Francisco, CA 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

*Counsel for Defendant Google LLC*