# Exhibit 23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEWAZINGA CORP.,

Plaintiff,

v.

GOOGLE LLC,

Defendant.

Case No. 1:20-cv-1106-LGS

JURY TRIAL DEMANDED

## DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF KEWAZINGA CORP.'S  FIRST REQUESTS FOR ADMISSION (NOS. 1-29)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Southern District of New York, Defendant Google LLC ("Defendant"), by and through its undersigned counsel, hereby submits the following responses and objections to Plaintiff Kewazinga Corp.'s ("Plaintiff's") First Requests for Admission. Google reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL RESPONSES AND OBJECTIONS

Google makes the following general responses and objections, regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Google's responses to Kewazinga's requests are made to the best of its present knowledge, information, and belief.

2.      Google reserves all objections or other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in or trial of this

1

case, at least to the extent that the term "accused" is vague and ambiguous.  Google further

objects to this request to the extent it seeks information outside the court-ordered scope of

discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that, in 2013, Kewazinga threatened Google that it would

add claims to its pending patent application, which after a continuation eventually matured into

the '234 Patent, but did not again communicate with Google about the patent until this action.

**REQUEST FOR ADMISSION NO. 2**

Admit that Google had knowledge of the '226 Patent and the '325 Patent prior to when
Google received its first communication in 2013 from Kewazinga.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the terms "had knowledge of" and "first communication in 2013

from Kewazinga" are vague and ambiguous.  Google further objects to this request to the extent

it seeks information outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google denies this request.

**REQUEST FOR ADMISSION NO. 3**

Admit that, by the time Kewazinga met with Google in 2013, Google formed a belief that
it did not infringe the '226 Patent and the '325 Patent.

5

responds as follows:  Google admits that at its August 2013 meeting with Kewazinga, Google

told Kewazinga that it believed that Google did not infringe the '226 and '325 Patents and that

one basis for that belief was that Street View did not meet the claim limitations reciting an "array

of cameras."  Google denies the remainder of this request.

## REQUEST FOR ADMISSION NO. 5

Admit that during the meeting between Kewazinga and Google in 2013, Kewazinga
explicitly disagreed with Google's position that Google did not infringe the '226 Patent and the
'325 Patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 5

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the terms "explicitly disagreed" and "with Google's position" are

vague and ambiguous.  Google further objects to this request to the extent it seeks information

outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google denies this request.

## REQUEST FOR ADMISSION NO. 6

Admit that, following the meeting between Kewazinga and Google in 2013, Kewazinga
never explicitly told Google, orally or in writing, that Kewazinga agreed with Google's position
that Google did not infringe the '226 Patent and the '325 Patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 6

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the term "never explicitly told" and "with Google's position" are

vague and ambiguous.  Google further objects to this request to the extent it seeks information

outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that after its August 2013 meeting with Kewazinga,

Kewazinga did not explicitly tell Google orally or in writing that Kewazinga believed that

Google did not infringe, but instead Kewazinga conducted itself in a manner that led Google to

believe Kewazinga understood the weakness of its infringement position and no longer intended

to pursue its patent infringement claims against Google.

**REQUEST FOR ADMISSION NO. 7**

Admit that, following the meeting between Kewazinga and Google in 2013, Kewazinga
never explicitly told Google, orally or in writing, that Kewazinga believed that '226 Patent and
the '325 Patent were invalid.


**RESPONSE TO REQUEST FOR ADMISSION NO. 7**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the term "never explicitly told" is vague and ambiguous.  Google

further objects to this request to the extent it seeks information outside the court-ordered scope of

discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that after its August 2013 meeting with Kewazinga,

Kewazinga did not explicitly tell Google orally or in writing that Kewazinga believed that the

'226 and the '325 Patents were invalid.

## REQUEST FOR ADMISSION NO. 8

Admit that, following the meeting between Kewazinga and Google in 2013, Google
never inquired of Kewazinga as to whether Kewazinga agreed with Google's position that
Google did not infringe the '226 Patent and the '325 Patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the terms "the meeting" and "never inquired" are vague and

ambiguous.  Google and Kewazinga had one in-person meeting and at least one phone meeting

in 2013.  Google further objects to this request to the extent it seeks information outside the

court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google denies this request.

## REQUEST FOR ADMISSION NO. 9

Admit that, following the meeting between Kewazinga and Google in 2013, Google
never inquired of Kewazinga as to whether Kewazinga believed that the '226 Patent and the '325
Patent were invalid.

## RESPONSE TO REQUEST FOR ADMISSION NO. 9

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the terms "the meeting" and "never inquired" are vague and

ambiguous.  Google and Kewazinga had one in-person meeting and at least one phone meeting

in 2013.  Google further objects to this request to the extent it seeks information outside the

court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google denies this request.

**REQUEST FOR ADMISSION NO. 10**

Admit that from the time of the meeting between Kewazinga and Google in 2013 to the
time at which Kewazinga filed its Complaint in This Action, Google had at no point held the
belief that Google infringed the '226 Patent or the '325 Patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the terms "the meeting" and "held the belief" are vague and

ambiguous.  Google and Kewazinga had one in-person meeting and at least one phone meeting

in 2013.  Google further objects to this request to the extent it seeks information outside the

court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that it believed that Street View did not infringe and

continues to believe that it does not infringe the '226 Patent and the '325 Patent, but Google also

relied upon Kewazinga's misleading conduct when it shut down its legal machinery.

**REQUEST FOR ADMISSION NO. 11**

Admit that from the time of the meeting between Kewazinga and Google in 2013 to discuss the 2013 Action to the time at which Kewazinga filed its Complaint in This Action, Google had at no point held the belief that the '226 Patent or the '325 Patent was valid.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11**

In addition to Google's General Objections, which it incorporates by reference, Google objects to this request to the extent it seeks information that no longer exists due to the passage of time between events related to this request and the filing of this lawsuit. Google further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, at least to the extent that the terms "the meeting" and "held the belief" are vague and ambiguous. Google and Kewazinga had one in-person meeting and at least one phone meeting in 2013. Google further objects to this request to the extent it seeks information outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google admits that after its August 2013 meeting with Kewazinga, it believed that the '226 and the '325 Patents were invalid, that it has continued to believe that the '226 and the '325 Patents are invalid, and that it made preparations for filing an *inter partes* review in 2013 that it could and would have pursued if the 2013 action had not been dismissed.

**REQUEST FOR ADMISSION NO. 12**

Admit that Google never changed the amount it planned on investing in Street View because of the '226 Patent or the '325 Patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the phrase "never changed the amount it planned on investing in

Street View" is vague and ambiguous.  Google further objects to this request to the extent it

seeks information outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that after the dismissal of the 2013 Action, Kewazinga and

Kewazinga's patents did not impact Google's investments in Street View because Google

believed that Kewazinga did not intend to pursue patent infringement claims against Google.

Google otherwise denies this request.

**REQUEST FOR ADMISSION NO. 13**

Admit that no documents show that Google considered changing the amount it planned
on investing in Street View because of the '226 Patent or the '325 Patent.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the phrase "considered changing the amount it planned on

investing in Street View" is vague and ambiguous.  Google further objects to this request to the

extent it seeks information outside the court-ordered scope of discovery for this phase of the

case.

Subject to and without waiver of the foregoing general and specific objections, Google

12

responds as follows:  Google admits that because of Kewazinga's misleading conduct, Google

was led to believe that Kewazinga would not pursue its claims and therefore Google did not

change the amounts it invested in Street View as a result of those patents.

## REQUEST FOR ADMISSION NO. 14

Admit that Google never changed any functionality of Street View because of the '226

Patent or the '325 Patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 14

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the phrase "never changed any functionality of Street View" is

vague and ambiguous.  Google further objects to this request to the extent it seeks information

outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits that because of Kewazinga's misleading conduct, Google

was led to believe that Kewazinga would not pursue its claims and therefore Google did not

change the functionality of Street View as a result of the '226 Patent or the '325 Patent.

## REQUEST FOR ADMISSION NO. 15

Admit that no documents show that Google considered changing any functionality of
Street View because of the '226 Patent or the '325 Patent.

## RESPONSE TO REQUEST FOR ADMISSION NO. 15

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

13

but instead provides U.S. Patent Publication Nos., but does admit it was aware of the existence of at least one of the patent applications referenced in Request for Admission No. 26.

**REQUEST FOR ADMISSION NO. 27**

Admit that Google had knowledge of the '234 Patent prior to This Action.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27**

In addition to Google's General Objections, which it incorporates by reference, Google objects to this request to the extent it seeks information that no longer exists due to the passage of time between events related to this request and the filing of this lawsuit.  Google further objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case, at least to the extent that the phrase "had knowledge" is vague and ambiguous.  Google further objects to this request to the extent it seeks information outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows:  Google admits that Kewazinga threatened Google with infringement of a pending application in the family that led to the '234 Patent in 2013 and Google later became aware of the '234 Patent in 2018.

**REQUEST FOR ADMISSION NO. 28**

Admit that, apart from the 2013 Action, Google has been a defendant in one or more litigations in which Street View was accused of infringing a third party's patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28**

In addition to Google's General Objections, which it incorporates by reference, Google further objects to this request to the extent it seeks information outside the court-ordered scope of discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows:  Google admits this request.

**REQUEST FOR ADMISSION NO. 29**

Admit that Google has never stopped investing in Street View due to any litigation in which Street View was accused of infringing a third party's patents.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29**

In addition to Google's General Objections, which it incorporates by reference, Google

objects to this request to the extent it seeks information that no longer exists due to the passage

of time between events related to this request and the filing of this lawsuit.  Google further

objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the

case, at least to the extent that the phrase "stopped investing" is vague and ambiguous.  Google

further objects to this request to the extent it seeks information outside the court-ordered scope of

discovery for this phase of the case.

Subject to and without waiver of the foregoing general and specific objections, Google

responds as follows: Google admits it has continued to invest in Street View but has taken into

consideration litigation in which Street View was accused of infringing a third party's patents in

the way it invests in Street View, and whether it should make design changes.


Dated: June 15, 2020

Respectfully submitted,

/s/  *Emily H. Chen*
Emily H. Chen

DESMARAIS LLP
John M. Desmarais
jdesmarais@desmaraisllp.com
Ameet A. Modi

22

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2020, a true and correct copy of

Defendant Google LLC's Responses and Objections to Plaintiff Kewazinga Corp.'s First

Requests For Admission was served upon the following counsel via email:


Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: tgilman@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com


/s/ *Emily H. Chen*
Emily H. Chen

*Counsel for Defendant Google LLC*

24