Case 1:20-cv-01106-LGS   Document 82-18   Filed 07/30/20   Page 1 of 6

# Exhibit 43

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KEWAZINGA CORP. & K LICENSING LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GOOGLE, INC., ) <br> ) <br> Defendants. ) | C.A. No. 13-938-GMS |

## MOTION TO DISMISS

Defendant Google Inc. ("Google") hereby moves to dismiss this action pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because Plaintiffs Kewazinga Corp. and K Licensing LLC ("Kewazinga") have failed to attempt service within 120 days of filing the complaint. The grounds for this motion are as follows:

## FACTS

1. On May 24, 2013, Kewazinga filed a complaint against Google for the alleged infringement of U.S. Patent Nos. 6,535,226 and 6,522,325 (D.I. 1).

2. Kewazinga did not have a summons issued at that time. *See* Ex. A (docket of C.A. No. 13-938-GMS).

3. On June 28, 2013, Kewazinga filed a corporate disclosure statement pursuant to Fed. R. Civ. P. 7.1 (D.I. 4).

4. Since then, Kewazinga has not filed any documents in this case. *See* Ex. A. To date, the docket reflects that Kewazinga has never requested that a summons be issued in this case. *See id.*

5. As a result, Kewazinga never served Google with process.

KEWAZINGA-G-0003524

6. It has been more than 120 days since the filing of the complaint.

## ARGUMENT

I. **The Case Should Be Dismissed for Failure to Effect Service**

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides for service on a corporation by following the law of the state where the district is located or by delivering a copy of the summons and complaint to an agent of the corporation. "Delaware has laws similar to the Federal Rules of Civil Procedure for service of process." *Smith v. Meyers*, 843 F. Supp. 2d 499, 508 (D. Del. 2012). If 120 days have passed without service, Rule 4(m) instructs courts to dismiss the action or order that service be made within a specified time. The Court has discretion to determine whether to grant additional time for service. *Ayres v. Jacobs & Crumplar, PA*, 99 F.3d 565, 568 (3d Cir. 1996). Unless the plaintiff can show good cause, courts are not obliged to allow more time for service. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3d Cir. 1995). Rule 12(b)(5) allows parties to move for the dismissal of an action for insufficient service of process.

Kewazinga, which has failed to take any steps to prosecute this action, has done nothing to merit additional time to effect service. Not only has Kewazinga failed to serve Google with a copy of the summons and complaint, Kewazinga has not even *attempted* to make service, since it never even requested that a summons be issued. *See Smith v. Meyers*, 843 F. Supp. 2d 499, 508–09 (D. Del. 2012) (granting motion to dismiss for failure to serve when plaintiffs "failed to seek issuance of a summons" within 120 days). Instead, it has left an inactive case to linger on the Court's docket. "'Half-hearted' efforts by counsel to effect service of process prior to the deadline do not necessarily excuse a

KEWAZINGA-G-0003525

delay, even when dismissal results in the plaintiff's case being time-barred due to the fact that the statute of limitations on the plaintiff's cause of action has run"—*no* efforts provide even less excuse. *Lovelace v. Acme Markets, Inc.*, 820 F.2d 81, 84 (3d Cir. 1987). For these reasons, Kewazinga should not be afforded still *more* time to make service.

Kewazinga's failure to serve Google within the time allowed by the Rules comes after Kewazinga's years-long delay in filing suit. In its complaint, Kewazinga alleges that it "advised Google" of the asserted patents sometime "[f]rom about November 2005 through October 2006"—by its own account, Kewazinga's delay in filing comes at least seven years after it claims to have told Google about the patents asserted in this action (D.I. 1 ¶¶ 17–19).

Google has done nothing to avoid service—nor could it: the information for its registered agent in the State of Delaware is publicly available. *See* Ex. B (registered agent information on the Delaware Department of State, Division of Corporations website). This is not a case in which the plaintiff must locate the person to be served or negotiate unfamiliar rules for service of companies located abroad. Kewazinga's failure to take advantage of the ease of serving process on companies incorporated in the State of Delaware provides further grounds for dismissing this action.

## CONCLUSION

The Third Circuit has cautioned counsel to "[t]reat the 120 days with the respect reserved for a time bomb." *Braxton v. United States*, 817 F.2d 238, 241 (3d Cir. 1987) (internal quotation marks omitted). Kewazinga has failed to heed this admonition, failed

KEWAZINGA-G-0003526

to serve Google within 120 days of filing its complaint, and cannot show good cause for its failure to act. If Kewazinga had difficulty effecting service, it could have sought relief from the Court; it never did. Accordingly, Google respectfully requests that the Court dismiss this case.

|  |  |
|---|---|
| Dated: September 25, 2013 | /s/ Jason J. Rawnsley<br>Frederick L. Cottrell, III (#2555)<br>Jason J. Rawnsley (#5379)<br>RICHARDS, LAYTON & FINGER, P.A.<br>920 North King Street<br>Wilmington, DE 19801<br>(302) 651-7700<br>cottrell@rlf.com<br>rawnsley@rlf.com<br><br>*Attorneys for Defendant Google Inc.* |

KEWAZINGA-G-0003527

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on September 25, 2013, I caused the foregoing document to be electronically filed with the Clerk of Court using CM/ECF, which will send notification of such filing to counsel of record, and served copies by electronic mail on the following counsel:

| | |
|---|---|
| Brian E. Farnan | Ian G. DiBernardo |
| Michael J. Farnan | Stroock & Stroock & Lavan L.L.P. |
| Farnan LLP | 180 Maiden Lane |
| 919 North Market Street | New York, NY 10038 |
| 12th Floor | idibernardo@stroock.com |
| Wilmington, DE 19801 | |
| bfarnan@farnanlaw.com | |
| mfarnan@farnanlaw.com | |

/s/ Jason J. Rawnsley
Jason J. Rawnsley (#5379)
rawnsley@rlf.com

RLF1 9279700v.1

KEWAZINGA-G-0003528