# Exhibit 49

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEWAZINGA CORP., | |
| Plaintiff, | Case No. 1:20-cv-1106-LGS |
| v. | JURY TRIAL DEMANDED |
| GOOGLE LLC, | |
| Defendant. | |

## DEFENDANT GOOGLE LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF KEWAZINGA CORP.'S  NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendant Google LLC ("Defendant"), by and through its undersigned counsel, makes the following objections and responses to Plaintiff Kewazinga Corp.'s ("Plaintiff's") Notice of Deposition of Defendant Google LLC Pursuant to Rule 30(b)(6) ("30(b)(6) Notice").  Google reserves the right to supplement or amend these objections and responses to the extent allowed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

## GENERAL OBJECTIONS

Google makes the following general objections to Kewazinga's 30(b)(6) Notice, which apply to each Topic regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Google objects to the 30(b)(6) Notice to the extent the Topics call for information that is protected from discovery by the attorney-client privilege, work product doctrine, and/or

1

**TOPIC NO. 6**

The retention, storage, preservation, destruction, deletion, or loss by Google, and any policies governing same, of documents, information, or data related to Kewazinga, the Patents-in-Suit, the Named Inventors, any Related Patents and Applications, or the Accused Products, including but not limited to any reasons for any such retention, storage, preservation, destruction, deletion, or loss.

**RESPONSE TO TOPIC NO. 6**

Google objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties. Google further objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel. Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding the status, preservation, and retention of documents related to Kewazinga, the Patents-in-Suit, and the Named Inventors, and the relevant loss of such documents over time to the extent that it is known or uncovered after a reasonable inquiry.

groups involved with the design and development of Street View to the extent that it is known or uncovered after a reasonable inquiry.

**TOPIC NO. 10**

Google's decision to design, develop, test, update, enhance, maintain, implement, modify or offer Street View, or any aspect, feature, or functionality thereof, and its reasons therefor, including, but not limited to, any plans, projections, estimates, forecasts, surveys, focus groups, studies, reports, and valuations performed, prepared or considered by or on behalf of Google relating to Street View or Street View's incorporation in an Accused Product.

**RESPONSE TO TOPIC NO. 10**

Google objects to this Topic to the extent it seeks information that no longer exists due to the passage of substantial time between this lawsuit and the events or facts underlying the requested information. Google further objects to this to the extent that it seeks information without a time limit. Google further objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties. Google objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel. Google further objects to this Topic because it calls for information outside the relevant geographic scope of this action. Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding Google's development and integration of Street View to the extent that it is known or uncovered after a reasonable inquiry.

**TOPIC NO. 11**

Google's consideration of Kewazinga, the Named Inventors, the Patents-in-Suit, the Related Patents and Applications, the communications between Google and Kewazinga in 2013, and/or the 2013 Action in connection with the design, development, testing, updating, enhancement, maintenance, implementation, modification, offering, removal or non-removal of Street View, or any aspect, feature, or functionality thereof.

**RESPONSE TO TOPIC NO. 11**

Google objects to this Topic to the extent it seeks information that no longer exists due to the passage of substantial time between this lawsuit and the events or facts underlying the requested information.  Google further objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties.  Google objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel.  Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding Google's development of Street View in light of Google's interactions with Kewazinga to the extent that it is known or uncovered after a reasonable inquiry.

**TOPIC NO. 12**

Any efforts or considerations by Google to modify, alter, design, or redesign any method, system, technology, instrumentality, product, website, or service, or the feasibility of doing the same, in view of Kewazinga, the Patents-in-Suit, the Named Inventors, or any of the Related Patents and Applications

**RESPONSE TO TOPIC NO. 12**

Google objects to this Topic to the extent it seeks information that no longer exists due to the passage of substantial time between this lawsuit and the events or facts underlying the requested information.  Google further objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties. Google objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel.  Google further objects to this Topic because it calls for information outside the relevant geographic scope of this action.  Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding Google's development of Street View in light of Google's interactions with Kewazinga to the extent that it is known or uncovered after a reasonable inquiry.

**TOPIC NO. 16**

All reasons for Google's investment in Street View, if any, between 2005 and 2020, including any plans, projections, estimates, forecasts, surveys, focus groups, studies, reports, and valuations performed, prepared or considered by or on behalf of Google relating to Google's investment in Street View.

**RESPONSE TO TOPIC NO. 16**

Google objects to this Topic to the extent it seeks information that no longer exists due to the passage of substantial time between this lawsuit and the events or facts underlying the requested information. Google further objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties. Google objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including seeking "[a]ll reasons for Google's investment in Street View . . . between 2005 and 2020," which is overbroad because the scope of discovery is limited to Google's defense of equitable estoppel at this stage of the litigation. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel. Google further objects to this Topic because it calls for information outside the relevant temporal and/or geographic scope of this action. Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding Google's investment in Street View between 2005 and 2020, to the extent that it is known or uncovered after a reasonable inquiry.

19

**TOPIC NO. 17**

Google's consideration of Kewazinga, the Named Inventors, the Patents-in-Suit, the Related Patents and Applications, the communications between Google and Kewazinga in 2013, and/or the 2013 Action in connection with Google's investment (or changes in investment) in Street View, including with respect to monetary and human resources.

**RESPONSE TO TOPIC NO. 17**

Google objects to this Topic to the extent it seeks information that no longer exists due to the passage of substantial time between this lawsuit and the events or facts underlying the requested information.  Google further objects to this Topic because it calls for confidential and/or proprietary information of individuals or entities other than Google that are subject to and/or protected by Google's confidentiality obligations to third parties. Google objects to this Topic as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case. Google further objects to this Topic to the extent it seeks information on any affirmative defense other than equitable estoppel.  Google further objects to this Topic because it (1) seeks information that is not within the possession, custody, or control of Google, or cannot be ascertained after a reasonable inquiry or (2) imposes upon Google the obligation to investigate or discover information from third parties.

Subject to and without waiver of the foregoing general and specific objections, Google responds as follows: Google will designate one or more individuals to testify generally about non-privileged, relevant factual information regarding Google's investment in Street View in light of Google's interactions with Kewazinga to the extent that it is known or uncovered after a reasonable inquiry.

Dated: June 9, 2020

Respectfully submitted,

/s/   *Emily H. Chen*

Emily H. Chen

DESMARAIS LLP
John M. Desmarais
jdesmarais@desmaraisllp.com
Ameet A. Modi
amodi@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Elizabeth Weyl
eweyl@desmaraisllp.com
230 Park Avenue
New York, New York 10169
Tel: (212) 351-3400
Fax: (212) 351-3401

Emily H. Chen (*pro hac vice*)
echen@desmaraisllp.com
101 California Street
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

*Counsel for Defendant Google LLC*

25

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 9, 2020, a true and correct copy of Defendant

Google LLC's Responses and Objections to Plaintiff Kewazinga Corp.'s Notice of Deposition of

Defendant Google LLC Pursuant to Rule 30(b)(6) was served upon the following counsel via

email:


Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: tgilman@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com


/s/ *Emily H. Chen*
Emily H. Chen

*Counsel for Defendant Google LLC*