# Exhibit 51

CONFORM COPY

DAVID A. DILLARD, CA Bar No. 97515
E-mail: david.dillard@cph.com
ANNE F. BRADLEY, CA Bar No. 252563
E-mail: anne.bradley@cph.com
CHRISTIE, PARKER & HALE, LLP
350 West Colorado Boulevard, Suite 500
Post Office Box 7068
Pasadena, California 91109-7068
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiff,
Vederi, LLC



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VEDERI, LLC, A LIMITED LIABILITY COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>GOOGLE, INC., A DELAWARE CORPORATION<br><br>Defendant. | Case No. CV10 7747-JHN (CWx)<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff, Vederi, LLC ("Vederi"), alleges as follows:

1. This is an action for patent infringement, brought under the patent laws of the United States, 35 U.S.C. § 271 et seq.

**I. JURISDICTION AND VENUE.**

2. This is an action for patent infringement brought under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Jurisdiction of the patent infringement claims is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over the Defendant Google, Inc. ("Google") under Fed. R.Civ.P.4(k)(1)(A).

CONFORM COPY

-1-

KEWAZINGA-G-0006423

4. Venue is proper in this district under 28 U.S.C. § 1391 in that the unlawful activities herein alleged were performed in whole or in part in this district and in that Defendant does business in this district.

## II. PARTIES.

5. Plaintiff, Vederi, is a limited liability company having its principal place of business at 273 Waverly Drive, Pasadena, CA 91105.

6. Defendant, Google, is a Delaware corporation having a place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### COUNT ONE - PATENT INFRINGEMENT

7. Plaintiff Vederi is the owner of U.S. Patent Nos. 7,239,760 (the "'760 patent"), 7,577,316 (the "'316 patent"), 7,805,025 (the "'025 patent") and 7,813,596 (the "'596 patent") entitled "System and Method for Creating, Storing and Utilizing Images of a Geographic Location" The '760, '316, '025 and '596 patents disclose, *inter alia,* systems and composite images for enabling visual navigation of a geographic area from a user terminal. True and correct copies of The '760, '316, '025 and '596 patents are attached hereto as Exhibits A -D.

8. One information and belief, Defendant Google creates, uses, markets, sells, and offers for sale throughout the United States and commercially exploits systems and composite images for enabling ground level, visual navigation of a geographic area from a user terminal including its "Street View" service. Google's ground level, visual navigation services are products used in commerce within this district.

9. Defendant's manufacture, use, sale and offer for sale of the Google products constitutes infringement of the '760, '316, '025 and '596 patents under 35 U.S.C. § 271.

10. Plaintiff has suffered and continues to suffer substantial damage as a direct result of Google's infringement. Under 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to compensate for the infringement, but not less than a

-2-

KEWAZINGA-G-0006424

reasonable royalty.

11. Vederi will be irreparably harmed if Google's patent infringement continues. The balance of equities and public interest favor an injunction in favor of Vederi. Vederi therefore requests permanent injunctive relief prohibiting Google and its officers, employees, agents, affiliates, and anyone else in active concert with it, from making or using, the Google Street View service, or taking any other actions that would otherwise infringe the '760, '316, '025 and '596 patents.

WHEREFORE, Vederi respectfully requests that this Court enter judgment:

1. That Google has infringed the '760, '316, '025 and '596 patents;

2. Entering a permanent injunction restraining Google and its officers, employees, agents, affiliates, and anyone else in active concert with it, from making, using, marketing, commercially exploiting or taking any other actions that would directly or indirectly infringe the '760, '316, '025 or '596 patents;

3. That this case is exceptional, and that Vederi therefore recover reasonable costs, expenses, and attorney's fees, under 35 U.S.C. § 285;

4. That Vederi recover such other and further relief as this court may deem appropriate.

DATED: October 15, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By _____
David A. Dillard, Esq.
Anne F. Bradley, Esq.

Attorneys for Plaintiff,
Vederi, LLC

CHRISTIE, PARKER & HALE, LLP

-3-

KEWAZINGA-G-0006425

## JURY DEMAND

Plaintiff requests a jury trial of all issues in this action so triable.

DATED: October 15, 2010

Respectfully submitted,

CHRISTIE, PARKER & HALE, LLP

By /s/ David A. Dillard
David A. Dillard, Esq.

Attorneys for Plaintiff,
Vederi, LLC

RG PAS798352.1-*-10/15/10 10:42 AM

-4-

KEWAZINGA-G-0006426