Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: tgilman@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for Plaintiff Kewazinga Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| KEWAZINGA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:20-cv-01106-LGS |
| | ) | |
| vs. | ) | |
| | ) | |
| GOOGLE LLC, | ) | **REDACTED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF KEWAZINGA CORP.'S RESPONSE TO DEFENDANT GOOGLE LLC'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT OF EQUITABLE ESTOPPEL**

Pursuant to Local Civil Rule 56.1, Plaintiff Kewazinga Corp. ("Kewazinga") responds to Google's statement of material facts.

## RESPONSES AND OBJECTIONS

## GOOGLE'S STATEMENT NO. 1.:

Since 2002, together with developers at Stanford University, Google was developing the concept of using imagery within maps to allow users to virtually explore a location, a concept that was developed into Street View. (Filip Decl. ¶¶ 4–8, Ex. 1.)

## RESPONSE TO STATEMENT NO. 1.:

Kewazinga denies this statement to the extent it implies that any evidence produced by Google suggests that Google had the idea for smoothing transitions from one location to another, the inclusion of Street View in Google Earth, the capture of imagery using cameras mounted on boats, and the inclusion of navigation of interiors (e.g., museums) in Street View prior to communications with Kewazinga. (*See, e.g.*, Desai Decl., Ex. 19 (KEWAZINGA-G-0003018); Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3019, 3022, 3026, 3030.)

## GOOGLE'S STATEMENT NO. 2.:

In a November 2002 presentation to Google, developers from Stanford University described the development of a project called "CityBlock" to "obtain a useful representation for viewing an entire commercial city block;" described that the technology could be used in "Web-based map finders" to "[g]et a picture of the place you want to go;" described an additional use as providing "[v]irtual tours;" showed how the CityBlock team chose to focus on "image-based representations" to view city blocks; described several issues that the team was addressing in capturing street-level imagery, including issues displaying imagery in a perspective that would "give the impression that the viewer is standing right in front of the store," whether "fish-eye lenses" could be used, and how to convey the presence of buildings both vertically and horizontally; described the approach the team was taking in 2002 by using "a panning video of street block[s]" to provide glide projections for a viewer; depicted how imagery was already being captured by mounting a Sony camera to the back of a truck on Sunday mornings in Mountain View, California; discusses logistical issues of mapping the "~2.4 million miles of paved road in the US," and estimates that it would require "100 days worth of driving time to capture the entire commercial US." (Filip Decl. ¶¶ 6–7, Ex. 1.)

**RESPONSE TO STATEMENT NO. 2.:**

Kewazinga denies this statement to the extent it implies that any evidence produced by Google suggests that Google had the idea for smoothing transitions from one location to another, the inclusion of Street View in Google Earth, the capture of imagery using cameras mounted on boats, and the inclusion of navigation of interiors (e.g., museums) in Street View prior to communications with Kewazinga. (*See, e.g.*, Desai Decl., Ex. 19 (KEWAZINGA-G-0003018); Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3019, 3022, 3026, 3030.)

**GOOGLE'S STATEMENT NO. 3.:**

> No one on the team within Google that was developing Street View in the 2005–2007 time frame was in contact with Kewazinga prior to the launch of Street View, and no one on the team that was developing Street View incorporated any ideas or concepts that originally came from Kewazinga. (Filip Decl. ¶ 13–14.)

**RESPONSE TO STATEMENT NO. 3.:**

Kewazinga denies this statement to the extent it implies that any evidence produced by Google suggests that Google had the idea for smoothing transitions from one location to another, the inclusion of Street View in Google Earth, the capture of imagery using cameras mounted on boats, and the inclusion of navigation of interiors (e.g., museums) in Street View prior to communications with Kewazinga. (*See, e.g.*, Desai Decl., Ex. 19 (KEWAZINGA-G-0003018); Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3019, 3022, 3026, 3030.)

Kewazinga further states that it reached out to Google to seek a partnership because Kewazinga believed that its intellectual property, technology, and forward-looking business concepts could be valuable and beneficial to Google. (Desai Decl., Ex. 1 (Worley Tr.) at 70:9-22; Desai Decl., Ex. 5 (Smalheiser Tr. at 70:16-71:10.) This included an email from Kewazinga to Google founders Larry Page and Sergey Brin sent on October 5, 2005. (GOOG-KZGA-00002374 at 2374-76.) Kewazinga's October 5, 2005 email explained that Kewazinga's

3

technology could "enable a dynamic on-the-ground extension for GoogleMap explorations." (Desai Decl., Ex. 6 (GOOG-KZGA-00002374) at 2375.) In addition, Kewazinga's October 5, 2005 email explained that Kewazinga had "broad-ranging patents" on its technology and that "camera to camera navigation" to allow for "spatial exploration" was "broadly protected by [Kewazinga's] patents."  (*Id.* at 2375-76.) Kewazinga's October 5, 2005 email to Mr. Page and Mr. Brin was forwarded the same day it was sent to Google employees Jenifer Austin and Christopher Sacca, among others. (Desai Decl., Ex. 6 (GOOG-KZGA-00002374) at 2374.) In April 2006, Ms. Austin became a "Product Manager" for Google Maps and Google Earth. As part of Ms. Austin's work on Google Maps and Google Earth, she "launched the first time ever waterfront Street View collection of the San Francisco shoreline."  Desai Decl., Ex. 7. Before leaving Google in December 2007, Christopher Sacca was involved in managing Google Maps and Google Earth.  Desai Decl., Ex. 8.

**GOOGLE'S STATEMENT NO. 4.:**

Kewazinga first contacted Google in 2005. (Sherwood Decl. ¶ 4; Filip Decl. ¶ 13.)

**RESPONSE TO STATEMENT NO. 4.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 5.:**

Kewazinga did not provide Google any information in the 2005–2006 time frame under a confidentiality or non-disclosure agreement. (Worley Dep. 88:9–20.)

**RESPONSE TO STATEMENT NO. 5.:**

Admitted for purposes of Google's motion that there was no written confidentiality or non-disclosure agreement between Google and Kewazinga in the 2005-2006 time frame but denied to the extent it implies that there was not an understanding between Google and Kewazinga that the information disclosed by Kewazinga in the 2005-2006 time frame included

4

confidential information. (Desai Decl., Ex. 1 (Worley Tr.) at 88:22-90:20; *see also* Desai Decl.,

Ex. 1 (Worley Tr.) at Errata for 89:4, 39:11-12, 90:15; Desai Decl., Ex. 5 (Smalheiser Tr.) at

186:9-187:3.)  Moreover, Kewazinga repeatedly informed Google in 2005-2006 of the existence

and subject matter of Kewazinga's patents, such that Google knew or should have known that

Street View would infringe those patents when launched. (*See, e.g.,* Desai Decl., Ex. 2

(KEWAZINGA-G-0003007) at 3015; Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3030;

Desai Decl., Ex. 64 (KEWAZINGA-G-0002997) at 3002; Desai Decl., Ex. 6 (GOOG-KZGA-

00002374) at 2375-76; Desai Decl., Ex. 5 (Smalheiser Tr.) at 227:21-229:16; Desai Decl., Ex. 21

(Sherwood Tr.) at 55:13-56:3, 75:3-9.)

## GOOGLE'S STATEMENT NO. 6.:

Google launched Street View on May 25, 2007. (Kewazinga's 6/16/2020
Response to Google's Interrogatory No. 4; Filip Decl. ¶ 10.)

## RESPONSE TO STATEMENT NO. 6.:

Admitted for purposes of Google's motion.

## GOOGLE'S STATEMENT NO. 7.:

Kewazinga did not form a belief that Google infringed Kewazinga's patents until
2012. (Worley Dep. 116:15–117:6.)

## RESPONSE TO STATEMENT NO. 7.:

Admitted for purposes of Google's motion that Kewazinga first discussed potentially

filing litigation against Google for patent infringement in 2012 but denied to the extent it implies

that no one at Kewazinga had any belief as to whether Street View used elements of

Kewazinga's patents prior to then.

## GOOGLE'S STATEMENT NO. 8.:

Prior to January 2013, Kewazinga did not explicitly communicate to Google that
Google infringed the '226 and '325 patents by making, using, or providing Street
View. (Kewazinga's 6/8/2020 Response to Google's RFA No. 24.)

**RESPONSE TO STATEMENT NO. 8.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 9.:**

Kewazinga filed a Complaint against Google on May 24, 2013, alleging that Google infringed the '226 patent and the '325 patent (the "2013 Action"). (Kewazinga's 6/4/2020 Response to Google's RFA No. 1.)

**RESPONSE TO STATEMENT NO. 9.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 10.:**

Jim Sherwood is senior counsel at Google who was responsible for the Kewazinga matter in 2013. (Sherwood Decl. ¶¶ 1, 3.) Before joining Google, Mr. Sherwood practiced patent litigation at Finnegan, Henderson, Farabow, Garrett & Dunner and clerked at the Court of Appeals for the Federal Circuit. (Sherwood Decl. ¶ 2.) Since 2012, Mr. Sherwood has been responsible for Google's management of almost every patent litigation filed against the company that involves the Street View feature, of which there have been at least half a dozen. (*Id.*)

**RESPONSE TO STATEMENT NO. 10.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it

for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 11.:**

In May 2013, shortly after receiving a copy of Kewazinga's complaint in the 2013 Action, Mr. Sherwood directed members of his team to begin investigating non-infringement and invalidity. (Sherwood Decl. ¶ 1, 6; *id.* Ex. 5.) Google formed the belief that Google did not infringe and that the patents-in-suit were likely invalid. (Sherwood Decl. ¶ 6; *id.* Ex. 5.)

**RESPONSE TO STATEMENT NO. 11.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it

for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 12.:**

Consistent with his practice in other cases, Mr. Sherwood initiated procedures within the legal department so that Google could defend itself in the 2013 Action against Kewazinga. (Sherwood Decl. ¶ 7.)

**RESPONSE TO STATEMENT NO. 12.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 13.:**

On May 29, 2013, Google, through Mr. Sherwood, instituted legal holds—instructions to preserve emails, documents, and other records—on individuals believed to have information relevant to Kewazinga's assertions. (Sherwood Decl. ¶ 7.)  Recipients included Stephen Chau, Gaurav Garg, Kei Kawai, Marc Levoy, Brian McClendon, Augusto Roman, Sebastian Thrun, and Luc Vincent (all of whom were instrumental to the early development of Street View); and others who worked on Street View. (*Id.*)

**RESPONSE TO STATEMENT NO. 13.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 14.:**

In response to Kewazinga's 2013 complaint, consistent with Mr. Sherwood's practice in other cases, he requested initial analyses concerning Kewazinga's allegations and Google's potential defenses from outside law firms. (Sherwood Decl. ¶ 8; *id.* Exs. 6–7.)

**RESPONSE TO STATEMENT NO. 14.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 15.:**

The initial legal analyses received by Google from the Perkins Coie and Akin Gump law firms in 2013 included proposed defenses that Google could pursue in response to Kewazinga's assertions. (Sherwood Decl. ¶ 9; *id.* Exs. 6–7.)

**RESPONSE TO STATEMENT NO. 15.:**

Kewazinga admits for purposes of Google's motion that Google received from the Perkins Coie and Akin Gump law firms in 2013 proposed defenses to Kewazinga's infringement assertion but denies that any such defense would have any merit.

**GOOGLE'S STATEMENT NO. 16.:**

In the initial legal analyses received by Google in 2013 from the Perkins Coie and Akin Gump law firms, each law firm advised that there were potential alternative designs to Street View that Google could implement in order to avoid the alleged infringement theory or mitigate alleged damages. (Sherwood Decl. ¶ 18; *id.* Exs. 6–7.) For example, Perkins Coie discussed how its team would identify potential non-infringing alternatives in order to limit damages in the case and potential invalidity arguments. (*Id.* Ex. 7.) As a further example, Akin Gump ███████ ████████████████████████████████████████████████████████████ ████████████████████ (*Id.* Ex. 6.)

**RESPONSE TO STATEMENT NO. 16.:**

Kewazinga admits for purposes of Google's motion that Google received legal analyses from the Perkins Coie and Akin Gump law firms in 2013, but denies the remainder of the statement including that "each law firm advised that there were potential alternative designs to Street View that Google could implement in order to avoid the alleged infringement theory or mitigate alleged damages." ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ (Sherwood Decl., Ex. 6 at GOOG-KZGA-

8

00003588.)



(Sherwood Decl., Ex. 7 at GOOG-KZGA-00003601.)

**GOOGLE'S STATEMENT NO. 17.:**

> Google received an initial analysis from the Sterne Kessler law firm in 2013 that outlined a timeline and strategy to file *inter partes* review petitions at the Patent Office to invalidate the asserted claims. (Sherwood Decl. ¶ 10; *id.* Ex. 8.)

**RESPONSE TO STATEMENT NO. 17.:**

Admitted for purposes of Google's motion that Google received an initial analysis from the Sterne Kessler law firm in 2013 which references a timeline for filing petitions for *inter partes* review on the asserted claims. Denied to the extent this statement implies that "a timeline" to file petitions for *inter partes* review was the only available timeline because Google is still able to file petitions for *inter partes* review on the asserted claims given that Kewazinga's complaint filed against Google in 2013 was not served. (KEWAZINGA-G-0003542 (order dismissing 2013 complaint without prejudice because it was not served on Google within 120 days, as required by Federal Rule 4(m)); 35 U.S.C. § 315(b) ("An inter partes review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent.")

**GOOGLE'S STATEMENT NO. 18.:**

> Based on Sterne Kessler's analysis, Google intended to prepare and file *inter partes* review petitions concerning the '226 and '325 Patents if Kewazinga served its 2013 complaint. (Sherwood Decl. ¶ 11.)

9

**RESPONSE TO STATEMENT NO. 18.:**

    Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 19.:**

    In August 2013, representatives from Google met with representatives from Kewazinga to discuss the case. (Sherwood Decl. ¶ 12; Smalheiser Dep. 25:7–21, 32:4–8; Worley Dep. 141:14–142:4.)

**RESPONSE TO STATEMENT NO. 19.:**

    Admitted for purposes of Google's motion that, in August 2013, representatives from Google met with representatives from Kewazinga to discuss the case, as well as the licensing of the '226 and '325 patents.

**GOOGLE'S STATEMENT NO. 20.:**

    Mr. Sherwood no longer recalls the nature of any damages or settlement demand discussed at the parties' August 2013 meeting. (Sherwood Decl. ¶ 12.)

**RESPONSE TO STATEMENT NO. 20.:**

    Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it for purposes of Google's motion. Kewazinga further notes that the August 2013 meeting ██ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████ (Desai Decl., Ex. 41 (KEWAZINGA-G-0003277) at 3277.)

10

**GOOGLE'S STATEMENT NO. 21.:**

At the August 2013 meeting between representatives of Google and Kewazinga,
██████████████████████████████ (Smalheiser Dep. 30:8–25; Worley Dep. 178:4–179:2.)

**RESPONSE TO STATEMENT NO. 21.:**

Denied. ████████████████████████████████████████████████

████████████████████████████████ (Desai Decl., Ex. 5 (Smalheiser Tr.) at

30:8-25, 33:5-23; Desai Decl., Ex. 1 (Worley Tr.) at 179:3-180:16.)  Kewazinga further objects

to this statement as inadmissible and in violation of Federal Rule of Evidence 408. Kewazinga

further notes that the August 2013 meeting ████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████

(Desai Decl., Ex. 41 (KEWAZINGA-G-0003277) at 3277.)

**GOOGLE'S STATEMENT NO. 22.:**

At the August 2013 meeting between representatives of Google and Kewazinga,
Google explained why it did not infringe the '325 and '226 Patents. (Sherwood
Decl. ¶ 12.)

**RESPONSE TO STATEMENT NO. 22.:**

Kewazinga admits for purposes of Google's motion that at the August 2013 meeting

between representatives of Google and Kewazinga, Google asserted that it did not infringe the

'325 and '226 Patents because it asserted Street View did not meet the "array of cameras"

limitation of the claims of the '325 and '226 Patents. (Desai Decl., Ex. 1 (Worley Tr.) at 141:14-

143:3.)  Kewazinga denies that Google "did not infringe the '325 and '226 Patents," as pled in

Kewazinga's complaint and as will be proven in due course in this litigation.

**GOOGLE'S STATEMENT NO. 23.:**

11

Google contended that it did not infringe the '226 patent in communications between Kewazinga and Google in which the parties discussed, among other things, Kewazinga's patent infringement allegations in the Complaint that Kewazinga filed against Google on May 24, 2013. (Kewazinga's 6/4/2020 Response to Google's RFA No. 2.)

## RESPONSE TO STATEMENT NO. 23.:

Admitted for purposes of Google's motion.

## GOOGLE'S STATEMENT NO. 24.:

Google contended that it did not infringe the '325 patent in communications between Kewazinga and Google in which the parties discussed, among other things, Kewazinga's patent infringement allegations in the Complaint that Kewazinga filed against Google on May 24, 2013. (Kewazinga's 6/4/2020 Response to Google's RFA No. 3.)

## RESPONSE TO STATEMENT NO. 24.:

Admitted for purposes of Google's motion.

## GOOGLE'S STATEMENT NO. 25.:

On September 11, 2013, Ian DiBernardo, counsel for Kewazinga, sent an email to Jim Sherwood at Google, stating in part:



(Sherwood Decl. ¶ 13; *id.* at Ex. 9.)

## RESPONSE TO STATEMENT NO. 25.:

Admitted for purposes of Google's motion that the statement provides a partial quotation of an email that Ian DiBernardo, counsel for Kewazinga, sent to Jim Sherwood at Google on September 11, 2013. The full quotation (which is not the entirety of the email), including the language omitted in Google's statement, is:

12

███████████████████████████████████████████████████

████████████████ (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273.)

**GOOGLE'S STATEMENT NO. 26.:**

Google understood Kewazinga's September 11, 2013 email to be a threat of assertion of its pending patent application, should it mature into a patent. (Sherwood Decl. ¶ 13; *id.* at Ex. 9.)

**RESPONSE TO STATEMENT NO. 26.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it

for purposes of Google's motion. Kewazinga clarifies that the pending application did not mature

into the '234 patent, which was not filed until October 2, 2014. ('234 patent at pg. 1, "Filed.")

**GOOGLE'S STATEMENT NO. 27.:**

Kewazinga put Google on notice of and threatened assertion of a pending continuation application related to the '226 patent and '325 patent in communications between Kewazinga and Google in which the parties discussed, among other things, Kewazinga's patent infringement allegations in the Complaint that Kewazinga filed against Google on May 24, 2013. (Kewazinga's 6/4/2020 Response to Google's RFA No. 4; Worley Dep. 155:4–14.)

**RESPONSE TO STATEMENT NO. 27.:**

Denied to the extent "put Google on notice of and threatened assertion of" is vague and

ambiguous, but Kewazinga admits for purposes of Google's motion that Kewazinga's counsel

stated ████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████ (Sherwood Decl., Ex. 9 at

KEWAZINGA-G-0003273.) Kewazinga further clarifies that the pending application did not

13

mature into the '234 patent, which was not filed until October 2, 2014. ('234 patent at pg. 1, "Filed.").

**GOOGLE'S STATEMENT NO. 28.:**

Following the September 11, 2013 email, Google had at least one further phone conversation with Ian DiBernardo in which Google reiterated its non-infringement arguments. (Sherwood Decl. ¶ 14.)

**RESPONSE TO STATEMENT NO. 28.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 29.:**

Google did not receive any further response or communication from Kewazinga, and Kewazinga did not serve its complaint, which led Google to believe that Kewazinga understood its case was weak. (Sherwood Decl. ¶ 14.)

**RESPONSE TO STATEMENT NO. 29.:**

Admitted for purposes of Google's motion that Kewazinga did not serve its complaint in the 2013 Action. Denied that Google did not receive any further response or communication from Kewazinga because Kewazinga's non-opposition to Google's motion to dismiss the 2013 Action communicated that Kewazinga was not opposing dismissal of the 2013 Action "without prejudice," thus reserving the right to pursue its claims against Google at a later time. (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original).) Kewazinga lacks sufficient information to admit or deny the remainder of this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for "Google to believe that Kewazinga understood its case was weak," particularly in view of Kewazinga's counsel telling Google's counsel, after the August 2013 meeting, that Kewazinga maintained its belief that Google infringed Kewazinga's patents. (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273.)

**GOOGLE'S STATEMENT NO. 30.:**

On September 25, 2013, Google moved to dismiss the complaint in the 2013
Action because Kewazinga had not served the complaint within the requisite 120
days of filing its complaint. (Sherwood Decl. ¶ 14.)

## RESPONSE TO STATEMENT NO. 30.:

Admitted for purposes of Google's motion. Kewazinga further clarifies that Google's

motion to dismiss was based on Federal Rule of Civil Procedure 4(m), which governs the time

limit for service of a complaint. (Desai Decl., Ex. 43 (KEWAZINGA-G-0003524 at 3525.)

Kewazinga further clarifies that, at the time of the motion to dismiss and currently, dismissal

based on Rule 4(m) is without prejudice. Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) (December 1,

2012)                                    (*available*                                    *at*

https://www.uscourts.gov/sites/default/files/federal_rules/FRCP12.1.2012.pdf).

## GOOGLE'S STATEMENT NO. 31.:

On October 17, 2013, Kewazinga filed a response and non-opposition to Google's
motion to dismiss, in which Kewazinga stated that it "had no intention of serving
Google." (Sherwood Decl. ¶¶ 15–16; *id.* Ex. 10; Kewazinga's 6/4/2020 Response
to Google's RFA No. 9.)

## RESPONSE TO STATEMENT NO. 31.:

Admitted for purposes of Google's motion that the statement provides a partial quotation

of Kewazinga's response and non-opposition to Google's motion to dismiss filed on October 17,

2013 though the omission of surrounding language misrepresents the context for the limited

quotation. Kewazinga's October 17, 2013 response and non-opposition to Google's motion to

dismiss states: "After filing this action and up until Google's filing of the Motion, Plaintiffs and

Google were engaged in settlement discussions. Consequently, Plaintiffs had no intention of

serving Google. Notwithstanding the foregoing and in light of the Motion, Plaintiffs do not

oppose the dismissal of this action <u>without</u> prejudice." (Sherwood Decl., Ex. 10 at

KEWAZINGA-G-0003538 (emphasis in original).)

**GOOGLE'S STATEMENT NO. 32.:**

Google understood Kewazinga's statements as its acknowledgement of the weakness of its case; and that, true to its word, it "had no intention" of continuing its assertion against Google. (Sherwood Decl. ¶¶ 15–16.)

**RESPONSE TO STATEMENT NO. 32.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for "Google [to understand] Kewazinga's statements as its acknowledgement of a weakness of its case" and that Kewazinga had no intention of bringing suit against Google again, particularly in view of Kewazinga emphasizing that the dismissal was "<u>without</u> prejudice." (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original).)

**GOOGLE'S STATEMENT NO. 33.:**

Although the non-opposition called for dismissal "without prejudice," Kewazinga nowhere suggested that it had any intention of refiling the litigation. (Sherwood Decl. ¶ 15.)

**RESPONSE TO STATEMENT NO. 33.:**

Denied. The quotation in the statement omits the emphasis on "<u>without</u> prejudice," which indicated that Kewazinga might refile the litigation in the future. (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original).) Additionally, Kewazinga had previously communicated to Google that it maintained its belief that Google infringed Kewazinga's patents and continued to prosecute patents in the same family as the '226 and '325 patents (which was a matter of public record), both of which further indicated that Kewazinga might refile the litigation in the future, particularly given that the dismissal was without prejudice. (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273; '234 patent at pg. 1, "Related U.S. Application Data" (showing that '234 patent issued from a patent application that was a continuation of another patent application filed on July 23, 2013).)

16

**GOOGLE'S STATEMENT NO. 34.:**

████████████████████████████████████████████████████████
████████████████ (Worley Dep. 144:19–145:7; Smalheiser Dep., 144:10–25.)

**RESPONSE TO STATEMENT NO. 34.:**

Admitted for purposes of Google's motion, but Kewazinga clarifies that ████████████

████████████████████████████████ (Desai Decl., Ex. 1 (Worley Tr.) at 135:3-

12, 136:3-137:16.)

**GOOGLE'S STATEMENT NO. 35.:**

On November 14, 2013, shortly after Kewazinga filed its non-opposition, the
District of Delaware court dismissed the 2013 Action and closed the case.
(Sherwood Decl. ¶ 15; Kewazinga's 6/4/2020 Response to Google's RFA No.
10.)

**RESPONSE TO STATEMENT NO. 35.:**

Admitted for purposes of Google's motion, but Kewazinga clarifies that the District of

Delaware court dismissed the 2013 Action without prejudice.

**GOOGLE'S STATEMENT NO. 36.:**

In light of Kewazinga's non-opposition to Google's motion to dismiss—and
particularly in view of its statement that it "had no intention of serving Google"—
and the subsequent dismissal of the case, Google closed down the internal legal
processes it had initiated in defense of Kewazinga's allegations. (Sherwood Decl.
¶ 16.)

**RESPONSE TO STATEMENT NO. 36.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and denies that the

partial quote from Kewazinga's non-opposition can be properly understood without the

surrounding language. Kewazinga's October 17, 2013 response and non-opposition to Google's

motion to dismiss states: "After filing this action and up until Google's filing of the Motion,

Plaintiffs and Google were engaged in settlement discussions. Consequently, Plaintiffs had no

17

intention of serving Google. Notwithstanding the foregoing and in light of the Motion, Plaintiffs do not oppose the dismissal of this action _without_ prejudice." (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original).)

To the extent "legal processes" includes the retention of outside counsel, pursuit of _inter partes_ reviews ("IPR"), or other similar activities, Kewazinga notes that ███████████

████████████████████████████████████

████████████████████████████████████

through the dismissal of the litigation without prejudice in November 2013 (KEWAZINGA-G-0003542), providing circumstantial evidence that minimal "internal litigation processes" had actually occurred. (Sherwood Decl. ¶ 10; _id._, Ex. 8 at GOOG-KZGA-00002719.) ████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 199:9-14, 201:1-18, 217:11-218:2, 221:10-16, 222:18-223:13, 243:23-244:3; Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369.)

**GOOGLE'S STATEMENT NO. 37.:**

> On November 14, 2013, after the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google released litigation holds put in place for the Kewazinga matter. (Sherwood Decl. ¶ 24; _id._ Ex. 13.) ████████████
> ████████████████████████ (_Id._) Google knows that certain documents were lost since 2013 because in this case Kewazinga produced communications with Google that Google could not find in its records. (_Id._)

18

**RESPONSE TO STATEMENT NO. 37.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga further admits that Google contends that "certain documents were lost since 2013" because "Google could not find [them] in its records" but clarifies that Google's 30(b)(6) witness █████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 209:17-212:10.)   Kewazinga further lacks insight into Google's document collection process and as to whether Google conducted a reasonable search. Kewazinga additionally notes that Google did ██████████████████████████████████

████████████████████████████████████████████████████████████████████

██████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 199:9-14, 201:1-18, 243:23-244:3.) Kewazinga further notes that everyone who was on the purported litigation hold ███████

████████████████████████████████████████████████████████████████████

██████████████████████████████████████████. (Desai Decl., Ex. 21 (Sherwood Tr.) at  203:25-204:6,  205:1-7,  205:22-206:3,  206:19-207:4,  209:7-9; Sherwood Decl., Ex. 12 at GOOG-KZGA-00002672.)

**GOOGLE'S STATEMENT NO. 38.:**

After the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google did not move forward with plans to file IPR petitions on Kewazinga's patents. (Sherwood Decl. ¶ 20.)

**RESPONSE TO STATEMENT NO. 38.:**

Kewazinga admits that Google has not filed IPR petitions on the '325, '226, or '234 patents. Kewazinga lacks sufficient information to admit or deny the remainder of this statement,

but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga further clarifies that the 2013 Action was dismissed without prejudice and without any representation by Kewazinga that it would not pursue its claims against Google. Kewazinga further notes that Google did not file any IPR in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388), or in ██████████████ ████████████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

Kewazinga additionally notes that Google received proposals for IPRs and other actions by June 2013—including ones which proposed submitting an IPR petition by October 15, 2013—but appears to have taken no action on them through the dismissal of the litigation without prejudice in November 2013 (KEWAZINGA-G-0003542), providing circumstantial evidence that ████████████████████████ the dismissal without prejudice of the 2013 litigation.  (Sherwood Decl. ¶ 10; *id.*, Ex. 8 at GOOG-KZGA-00002719.)

## GOOGLE'S STATEMENT NO. 39.:

> After the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google did not retain either the Akin Gump or Perkins Coie law firms, or further investigate the strategies and defenses outlined by each of those law firms. (Sherwood Decl. ¶ 19.)

## RESPONSE TO STATEMENT NO. 39.:

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was

reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga

further clarifies that the 2013 Action was dismissed without prejudice and without any

representation by Kewazinga that it would not pursue its claims against Google. 

through the dismissal of the 2013

litigation in November 2013 (KEWAZINGA-G-0003542), indicating that

regardless of the dismissal without prejudice of the 2013

complaint, and that such decision was not in reliance on Kewazinga's conduct.

**GOOGLE'S STATEMENT NO. 40.:**

> After the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google
> did not believe that there was any active case-or-controversy between the parties
> that would give Google standing to bring a declaratory judgment action against
> Kewazinga. *See, e.g., Google Inc. v. Rockstar Consortium U.S. LP*, No. 4:13-cv-
> 5933-CW (N.D. Cal. filed Dec. 23, 2013). (Sherwood Decl. ¶ 20.)

**RESPONSE TO STATEMENT NO. 40.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was

reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga

further clarifies that the 2013 Action was dismissed without prejudice and without any

representation by Kewazinga that it would not pursue its claims against Google. Based on the

record evidence, including Kewazinga's continued infringement allegations and representation of

pursuing additional claims, Google may have had standing at that time to bring a declaratory

judgment action, and it is reasonable to expect that competent counsel would have reached the

same conclusion. (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273.)

**GOOGLE'S STATEMENT NO. 41.:**

On December 11, 2013, after the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google represented to its financial auditors at Ernst & Young that the Kewazinga matter was closed. (Sherwood Decl. ¶¶ 21, 23; *id.* Ex. 11.)

## RESPONSE TO STATEMENT NO. 41.:

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga clarifies that the cited Exhibit 11 that Mr. Sherwood alleges to be a communication to Google's financial auditors states that ███████████████████████████████████ (Sherwood Decl., Ex. 11 at GOOG-KZGA-00004085.)   Such dismissal is without prejudice pursuant to Federal Rule of Civil Procedure 4(m). Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 4(m) (December 1, 2012) (*available at* https://www.uscourts.gov/sites/default/files/federal_rules/ FRCP12.1.2012.pdf). Kewazinga further clarifies that the 2013 Action was dismissed without prejudice and without any representation by Kewazinga that it would not pursue its claims against Google. Kewazinga additionally notes that no record evidence exists whether Google informed its auditors of the ████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), or of ███████████████████████████████ ██████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 42.:

On April 1, 2014, after the dismissal of the 2013 Action, relying on Kewazinga's conduct, Jim Sherwood delivered a presentation internally at Google informing executives within the company that the Kewazinga matter had been resolved. (Sherwood Decl. ¶¶ 21, 22; *id.* Ex. 12.)

NY 78167741

**RESPONSE TO STATEMENT NO. 42.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga further clarifies that the 2013 Action was dismissed without prejudice and without any representation by Kewazinga that it would not pursue its claims against Google. Kewazinga additionally notes that no record evidence exists whether anyone at ███████████████ ████████████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), or of ████████████████████████████████████████████████████████. (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 43.:**

Google informs its internal teams and its auditors of ongoing litigation matters, and Mr. Sherwood would not have told Google's internal teams or auditors that he considered the Kewazinga matter to be fully resolved if he believed that there was a risk of Kewazinga asserting its patents at some point in the future. (Sherwood Decl. ¶ 23.)

**RESPONSE TO STATEMENT NO. 43.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration. Kewazinga further clarifies that the 2013 Action was dismissed without prejudice and without any representation by Kewazinga that it would not pursue its claims against Google. Kewazinga additionally notes that Google does not appear to have informed its auditors of the █████████████████████ ████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), nor of ████████████████████████

23

███████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369)

at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl.,

Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 44.:**

> Stephen Chau, Gaurav Garg, Kei Kawai, Marc Levoy, Brian McClendon, Augusto Roman, Gaurav Garg, Sebastian Thrun, Marc Levoy, and Luc Vincent are all individuals who likely have knowledge relevant to Kewazinga's allegations and were instrumental to the early development of Street View. (Sherwood Decl. ¶ 32.) All of these former employees left Google since the dismissal of the 2013 Action. (*Id.*) In addition, with the passage of time, Google employees Jill Szuchmacher and Vincent Cerf, who Kewazinga claims to have communicated with in the 2005–2006 time frame, have no recollection of Kewazinga. (*Id.* ¶ 4.)

**RESPONSE TO STATEMENT NO. 44.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration. Kewazinga notes that

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 199:9-14, 201:1-18,

242:6-246:9.)

**GOOGLE'S STATEMENT NO. 45.:**

> Andrew Weber was a Vice Chairman of Kewazinga between October 5, 2005 and October 10, 2014. (Kewazinga's 6/15/2020 Response to Google's RFA No. 27.)

**RESPONSE TO STATEMENT NO. 45.:**

> Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 46.:**

> Andrew Weber, who was a named inventor on the patents-in-suit, died on October 10, 2014. (Kewazinga's 6/15/2020 Response to Google's RFA No. 28.)

**RESPONSE TO STATEMENT NO. 46.:**

Admitted.

**GOOGLE'S STATEMENT NO. 47.:**

Andrew Weber sent emails from his personal email account regarding Kewazinga business. (Worley Dep., 92:25–93:25.)

**RESPONSE TO STATEMENT NO. 47.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 48.:**

Kewazinga does not have access to Mr. Weber's Kewazinga business emails sent from his personal account. (Worley Dep. 92:25–93:25.)

**RESPONSE TO STATEMENT NO. 48.:**

Admitted for purposes of Google's motion to the extent that Kewazinga does not have access to Mr. Weber's personal email account but denied that Kewazinga does not have access to Kewazinga business emails that Mr. Weber sent from his personal email account. Mr. Weber "kept others [at Kewazinga] in the loop," including by copying them on emails that he sent from his personal account or forwarding the emails to them. (Desai Decl., Ex. 1 (Worley Tr.) at 94:8-95:19; *see also* Desai Decl., Ex. 1 (Worley Tr.) at Errata for 94:14.)   In fact, Kewazinga has produced the Kewazinga business emails sent by Mr. Weber from his personal account that were in the custody of other officers of Kewazinga. (*See, e.g.,* Desai Decl., Ex. 68 (KEWAZINGA-G-0002937).)   Kewazinga further notes that Google itself has produced business emails sent by Mr. Weber to Google from his personal account. (*See, e.g.,* Desai Decl., Ex. 67 (GOOG-KZGA-00001124).)

**GOOGLE'S STATEMENT NO. 49.:**

In the late 2013 to early 2014 time frame, Google began development of a complete redesign of its latest generation Street View camera system, which came to be known as the H1 or "Herschel" camera system. (Marquardt Decl. ¶ 3.)

25

**RESPONSE TO STATEMENT NO. 49.:**

Admitted for purposes of Google's motion that Mr. Marquardt represents that Google developed the H1 or "Herschel" camera system in the late 2013 to early 2014 time frame. Kewazinga lacks sufficient information to admit or deny the remainder of this statement, including whether the H1 or "Herschel" camera system constituted a "complete redesign of [Google's] latest generation Street View camera system," but admits it is an accurate summary of the cited section of Mr. Marquardt declaration and does not contest it for purposes of Google's motion. Kewazinga notes that based on the limited discovery that Google has provided, ██████

████████████████████████████████████████████████████

████████████████████████████████████ (Desai Decl., Ex. 45

(GOOG-KZGA-00002115) at 2116, 2123; Desai Decl., Ex. 24 (Marquardt Tr.) at 172:4-173:10.)

**GOOGLE'S STATEMENT NO. 50.:**

In the 2015–2016 time frame, Google approved a ███████████ investment into Herschel, ████████████████████████████████████████ (Marquardt Decl. ¶¶ 4–5; *id.* Ex. 3. ████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 50.:**

Kewazinga admits this is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 51.:**

That investment was about ███████████████████████ (Marquardt Decl. ¶ 5; *id.* Ex. 3 at 2116.) ██████████████████ (Marquardt Decl. ¶ 5.)

**RESPONSE TO STATEMENT NO. 51.:**

Kewazinga admits this is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion.

26

**GOOGLE'S STATEMENT NO. 52.:**

 (Marquardt Decl. ¶¶ 7, 9.) ███████████████████ (*Id.*)

**RESPONSE TO STATEMENT NO. 52.:**

Kewazinga lacks sufficient information to admit or deny this statement, including to the extent it purports to describe ████████████████████████,

but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 53.:**

Between December 11, 2014 and February 6, 2020, Google spent at least █████████ on the Herschel camera system. (Marquardt Decl. ¶ 12.)

**RESPONSE TO STATEMENT NO. 53.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion. Kewazinga notes, however, that the █████████

██████████████████████████████████████

████████████████████████ (Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2115.)

**GOOGLE'S STATEMENT NO. 54.:**

Google regularly makes changes to Street View, including changes to pixel capture, metadata capture, processing, storage, serving, and user-facing software across Street View's various platforms. (Marquardt Decl. ¶ 17.)

**RESPONSE TO STATEMENT NO. 54.:**

Kewazinga lacks sufficient information to admit or deny this statement, including the extent to which Google "regularly" makes changes to Street View, but admits it is an accurate

summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes

of Google's motion. Kewazinga further clarifies that, although Google purports to "regularly

make[] changes to Street View," ███████████████████████████████████████

███████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24

(Marquardt Tr.) at 255:23-257:4, 260:1-261:22.)

**GOOGLE'S STATEMENT NO. 55.:**

> Google weighs various factors when deciding whether, how, and when to invest
> in its products; whether, how, and when to make changes to its products; and
> whether, how, and when to develop, launch, or discontinue its products.
> (Marquardt Decl. ¶ 18.)  The factors it weighs in making those decisions include
> economic, practical, technical, legal, regulatory considerations, and user-
> experience considerations. (*Id.*)

**RESPONSE TO STATEMENT NO. 55.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it

for purposes of Google's motion. Kewazinga further clarifies that ███████████████████

█████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at

109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22.)

**GOOGLE'S STATEMENT NO. 56.:**

> After the dismissal of the 2013 Action, relying on Kewazinga's conduct, Google
> did not further investigate potential design-arounds for Street View that would
> avoid Kewazinga's patents and/or mitigate damages. (Sherwood Decl. ¶ 19.)

**RESPONSE TO STATEMENT NO. 56.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and denies that it was

reasonable for Google to "rel[y] on Kewazinga's conduct" as it suggests it did. Kewazinga

further clarifies that the 2013 Action was dismissed without prejudice and without any

NY 78167741

representation by Kewazinga that it would not pursue its claims against Google. Kewazinga additionally notes that ███████████████████████████████████████ ███████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ through the dismissal of the 2013 litigation in November 2013 (KEWAZINGA-G-0003542), implying that Google's failure to investigate alternatives was not connected to the dismissal of the litigation. (Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13, 153:11-154:20, 156:1-17, 173:19-174:21; *see also id.* at 41:1-23, 42:22-43:7, 44:1-21.)

Kewazinga further notes that ████████████████████████████ ███████████████████████████████████████ (GOOG-KZGA-00004875 at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (KEWAZINGA-G-0003388 at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ████████████████████████████ ████████████████████ (Desai Decl., Ex. 56 GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 57.:

It is Google's in-house counsel's standard practice to consider and investigate the implementation of potential design-arounds to an assertion of patent infringement where appropriate. That is particularly true in cases where the plaintiff seeks injunctive relief or an ongoing royalty. In several other litigations pending in the 2013 time frame involving Street View, Google worked with outside counsel to investigate potential design-arounds to Google Maps and Street View. (Sherwood Decl. ¶ 17.)

**RESPONSE TO STATEMENT NO. 57.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration. Kewazinga further clarifies that, although Google purports that it "is Google's in-house counsel's standard practice to consider and investigate the implementation of potential design-arounds to an assertion of patent infringement" and that "Google worked with outside counsel to investigate potential design-arounds to Google Maps and Street View," ███████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

(Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50 (KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).)

Kewazinga further notes that ████████████████████████████

████████████████████████████████████████████████ (GOOG-KZGA-00004875 at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ██████████████████

████████████████████████████████████ (Desai Decl., Ex. 56 GOOG-KZGA-00004369)

at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl.,

Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 58.:

> Had Kewazinga pressed forward with its allegations of infringement in and after 2013, Google would have further investigated potential design-arounds for Street View that would avoid Kewazinga's patents and/or mitigate damages, including by further investigating the non-infringing alternatives proposals detailed by the Akin Gump and Perkins Coie law firms. (Sherwood Decl. ¶ 19.)

## RESPONSE TO STATEMENT NO. 58.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot

constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this

is an accurate summary of Mr. Sherwood's conclusory speculation in the cited section of his

declaration. Kewazinga denies the substance of the statement, including that the "potential

design-arounds for Street View" and "non-infringing alternatives proposals" would be

economically or technically feasible to implement, or non-infringing. Kewazinga further clarifies

that, although Google purports that it "would have further investigated potential design-arounds

for Street View that would avoid Kewazinga's patents and/or mitigate damages," ███████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

█████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai

Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50

(KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google,*

*Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and

6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No.

1:11-cv-00582 (D. Del.)).)

Kewazinga further notes that ████████████████████████████████████ ██████████████████████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ████████████ ██████████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 59.:**

> For example, had Kewazinga pressed forward with its claims, Google could and would have consulted with Google's engineers and executives about modifying Street View by implementing a single fish-eye lens (thereby avoiding the "array of cameras" limitations of Kewazinga's patents); deactivating the transition animation effects when a user moves from one panorama to another panorama (thereby avoiding the "tweening" limitations of Kewazinga's patents); storing and processing Street View imagery outside the United States (thereby avoiding alleged infringement of method steps covering storage and processing); pre-fetching nearby Street View imagery when a user selects a particular Street View location (avoiding the "sequentially providing" limitations of Kewazinga's patents); changing the interval at which Street View images are captured (avoiding any requirement of the claims that images be captured at fixed intervals); or discontinuing the Street View service altogether. (Sherwood Decl. ¶ 19.)  To implement design arounds of this kind, Google in-house counsel would work with the Street View Product Manager, and currently that manager is Stafford Marquardt. (*Id.*)  As outlined in Mr. Marquardt's declaration, the alternatives described above were entirely feasible if there was reason to pursue them. (Id.; Marquardt Decl. ¶¶ 19–23.)  Google did not continue to explore non-infringing alternatives, however, because it believed (based on Kewazinga's statements and actions) that Kewazinga had no intention of continuing its assertion against Google. (Sherwood Decl. ¶ 19.)

**RESPONSE TO STATEMENT NO. 59.:**

Kewazinga objects to this statement because it is mere speculation and, thus, cannot constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this is an accurate summary of Mr. Sherwood's and Mr. Marquardt's conclusory speculation in the cited sections of their declarations. Kewazinga denies the substance of the statement, including that these purported "design arounds" and "alternatives" would be economically or technically feasible to implement, or non-infringing, as there is no record evidence to that effect. Kewazinga further denies this statement to the extent it implies that any of these purported alternatives were actually considered by Google in 2013, as there is no record evidence to that effect.

Kewazinga further clarifies that, although Google purports that "had Kewazinga pressed forward with its claims, Google could and would have consulted with Google's engineers and executives about modifying Street View," ██████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50 (KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).)

Kewazinga further clarifies that the 2013 Action was dismissed without prejudice and without any representation by Kewazinga that it would not pursue its claims against Google and, thus, denies that Google had any basis for believing that "Kewazinga had no intention of continuing its assertion against Google."

Kewazinga further notes that ████████████████████████████

██████████████████████████████ (Desai Decl., Ex. 22

(GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in

response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37

(KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in

response to being informed about Kewazinga's complaint for patent infringement filed against

Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex.

21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ████████

██████████████████████████████ (Desai Decl., Ex. 56 (GOOG-

KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see*

*also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 60.:**

> Google has the ability to deactivate the transition animation effect in Street View
> when a user moves from one panorama to an adjacent panorama and
> implementing that change would be technically feasible. (Marquardt Decl. ¶ 19.)
> If deactivating the transition animation effect in Street View when a user moves
> from one panorama to an adjacent panorama made economic and/or practical
> sense between May 24, 2013 and February 7, 2020, and if asked to do so by legal,
> Google could have made that change. (*Id.*)

**RESPONSE TO STATEMENT NO. 60.:**

Kewazinga objects to this statement because it is mere speculation and, thus, cannot

constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this

is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his

declaration. Kewazinga denies that implementing this change to Street View would be

"technically feasible," particularly because Mr. Marquardt has provided no support for that

assertion. Kewazinga further denies this statement to the extent it implies that this change was

actually considered by Google in 2013, as there is no record evidence to that effect.

34

Kewazinga further clarifies that, although Google purports that it could have made a change to Street View if it "made economic and/or practical sense … and if asked to do so by legal," ███████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50 (KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).).

Kewazinga further notes that ███████████████████████████████

████████████████████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ███████████████

██████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**<u>GOOGLE'S STATEMENT NO. 61.:</u>**

Google stores and processes Street View imagery outside of the United States and has the ability to store and process all Street View imagery outside of the United States and implementing that change would be technically feasible. (Marquardt

35

Decl. ¶ 20.)  If storing and processing all Street View imagery outside the United States made economic and/or practical sense between May 24, 2013 and February 7, 2020, and if asked to do so by legal, Google could have made that change. (*Id.*)

## RESPONSE TO STATEMENT NO. 61.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his declaration. Kewazinga denies that implementing this change to Street View would be "technically feasible," particularly because Mr. Marquardt has provided no support for that assertion. Kewazinga further denies this statement to the extent it implies that this change was actually considered by Google in 2013, as there is no record evidence to that effect.

Kewazinga further clarifies that, although Google purports that it could have made a change to Street View if it "made economic and/or practical sense … and if asked to do so by legal," ███████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; KEWAZINGA-G-0006394 and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).).

Kewazinga further notes that ██████████████████████████████ ███████████████████████████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex.

36

37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in

response to being informed about Kewazinga's complaint for patent infringement filed against

Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex.

21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ██████████

██████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-

KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see*

*also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 62.:

> Google has the ability to program its user-facing Street View product to prefetch
> nearby Street View imagery when a user selects a particular Street View location
> and implementing that change would be technically feasible. (Marquardt Decl. ¶
> 21.) If prefetching nearby Street View imagery when a user selects a particular
> Street View location made economic and/or practical sense between May 24,
> 2013 and February 7, 2020, and if asked to do so by legal, Google could have
> made that change. (*Id.*)

## RESPONSE TO STATEMENT NO. 62.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot

constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this

is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his

declaration. Kewazinga denies that implementing this change to Street View would be

"technically feasible," particularly because Mr. Marquardt has provided no support for that

assertion. Kewazinga further denies this statement to the extent it implies that this change was

actually considered by Google in 2013 as there is no record evidence to that effect.

Kewazinga further clarifies that, although Google purports that it could have made a

change to Street View if it "made economic and/or practical sense … and if asked to do so by

legal," ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50 (KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).).

Kewazinga further notes that ████████████████████████████████████ ████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ████████████ ████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 63.:

Google has the ability to change the interval at which Street View imagery is captured and implementing that change would be technically feasible. (Marquardt Decl. ¶ 22.)  If changing the interval at which Street View imagery is captured made economic and/or practical sense between May 24, 2013 and February 7, 2020, and if asked to do so by legal, Google could have made that change. (*Id.*)

## RESPONSE TO STATEMENT NO. 63.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this

is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his declaration. Kewazinga denies that implementing this change to Street View would be "technically feasible," particularly because Mr. Marquardt has provided no support for that assertion. Kewazinga further denies this statement to the extent it implies that this change was actually considered by Google in 2013 as there is no record evidence to that effect.

Kewazinga further clarifies that, although Google purports that it could have made a change to Street View if it "made economic and/or practical sense … and if asked to do so by legal," ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; Desai Decl., Ex. 50 (KEWAZINGA-G-0006394) and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.)); Desai Decl., Ex. 52 (KEWAZINGA-G-0006331) and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).).

Kewazinga further notes that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ▮▮▮▮▮▮▮

39

███████████████████████████████ (Desai Decl., Ex. 56 (GOOG-

KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see*

*also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 64.:

> Google has the ability to change the camera system used to capture Street View imagery and implementing that change would be technically feasible. A previous generation of the Street View imagery capture system used a fisheye lens. (Marquardt Decl. ¶ 23.)  If changing the camera system used to capture Street View imagery to use another design, such as a sole upward-facing camera with a fisheye lens to capture a single image, which could be converted into an equirectangular panorama, made economic and/or practical sense between May 24, 2013 and February 7, 2020, and if asked to do so by legal, Google could have made that change. (*Id.*)

## RESPONSE TO STATEMENT NO. 64.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot

constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this

is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his

declaration. Kewazinga denies that implementing this change to Street View would be

"technically feasible," particularly because Mr. Marquardt has provided no support for that

assertion. Kewazinga further denies this statement to the extent it implies that this change was

actually considered by Google in 2013 as there is no record evidence to that effect.

Kewazinga further clarifies that, although Google purports that it could have made a

change to Street View if it "made economic and/or practical sense … and if asked to do so by

legal," ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-

111:4; Desai Decl., Ex. 24 (Marquardt Tr.) at 255:23-257:4, 260:1-261:22; KEWAZINGA-G-

0006394 and 6423 (docket sheet and complaint for *Vederi, LLC v. Google, Inc.*, Case No. 2:10-

cv-07747 (C.D. Cal.)); KEWAZINGA-G-0006331 and 6622 (docket sheet and amended complaint for *Transcenic, Inc. v. Google, Inc. et al.*, Case No. 1:11-cv-00582 (D. Del.)).).

Kewazinga further notes that ██████████████████████████████████████ ████████████████████████████████████████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ████████ ████████████████████████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

## GOOGLE'S STATEMENT NO. 65.:

> If selling or offering a product or service no longer makes practical and/or economic sense for Google or its users, Google will consider discontinuing that product or service. (Marquardt Decl. ¶ 24.)

## RESPONSE TO STATEMENT NO. 65.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his declaration. Kewazinga denies this statement to the extent it implies that discontinuing Street View would have been made practical and/or economic sense, and to the extent it implies that Google actually considered discontinuing Street View in 2013 as there is no record evidence to that effect.

Kewazinga further notes that ███████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████ (Desai Decl., Ex. 22 (GOOG-KZGA-

00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to

receiving copies of Kewazinga's patents in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-

0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being

informed about Kewazinga's complaint for patent infringement filed against Google in May

2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood

Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to ███████████████████

████████████████████████████████████ (Desai Decl., Ex. 56 (GOOG-KZGA-

00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also*

Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 66.:**

In 2016, Google retired the Panoramio service. (Marquardt Decl. ¶ 25.)  Despite
being popular with users, Google decided to retire the Panoramio service in light
of the annual upkeep expense and Google's plans to invest efforts in other photo-
sharing features of Google Maps. (*Id.*)

**RESPONSE TO STATEMENT NO. 66.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it

for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 67.:**

Google does not publish Street View imagery in some regions due to legal
considerations. (Marquardt Decl. ¶ 26.)

**RESPONSE TO STATEMENT NO. 67.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration. Based on the record evidence available, Google purportedly does not offer Street View imagery in Germany and Vietnam, and has never considered not offering Street View imagery in any portion of the United States in response to any patent infringement risk.   (Desai Decl., Ex. 24 (Marquardt Tr.) at 222:7-223:7; 236:13-17.)

**GOOGLE'S STATEMENT NO. 68.:**

> If providing the current user experience for Street View no longer made practical and/or economic sense or if asked to do so by legal, between May 24, 2013 and February 7, 2020, Google could have discontinued Street View and invested resources in other products or services. (Marquardt Decl. ¶ 27.)

**RESPONSE TO STATEMENT NO. 68.:**

Kewazinga objects to this statement because it is mere speculation and, thus, cannot constitute a "material fact" for a Local Rule 56.1 statement. In any event, Kewazinga admits this is an accurate summary of Mr. Marquardt's conclusory speculation in the cited section of his declaration. Kewazinga denies this statement to the extent it implies that discontinuing Street View would have been made practical and/or economic sense, and to the extent it implies that Google actually considered discontinuing Street View in 2013 as there is no record evidence to that effect.  Kewazinga further notes that Google has never considered not offering Street View imagery in any portion of the United States in response to any patent infringement risk.  (Desai Decl., Ex. 24 (Marquardt Tr.) at 236:13-17.)

Kewazinga further notes that Google made no effort to investigate or consider discontinuing any portion or feature of Street View in response to identifying a "patent threat" from Kewazinga in 2006 (Desai Decl., Ex. 22 (GOOG-KZGA-00004875) at 4875; Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14), in response to receiving copies of Kewazinga's patents

in March 2013 (Desai Decl., Ex. 37 (KEWAZINGA-G-0003191) at 3191; Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13), in response to being informed about Kewazinga's complaint for patent infringement filed against Google in May 2013 (Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388; Desai Decl., Ex. 21 (Sherwood Tr.) at 153:11-154:20, 156:1-17, 173:19-174:21), or in response to identifying the likelihood of a second patent litigation with Kewazinga in 2018. (Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366.)

**GOOGLE'S STATEMENT NO. 69.:**

Between 2013 and 2019, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Marquardt Decl. ¶ 13.)

**RESPONSE TO STATEMENT NO. 69.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion. Kewazinga further clarifies that ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Desai Decl., Ex. 48 (GOOG-KZGA-00005181).)

**GOOGLE'S STATEMENT NO. 70.:**

Between 2013 and 2019, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Marquardt Decl. ¶ 13.)

**RESPONSE TO STATEMENT NO. 70.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it for purposes of Google's motion. Kewazinga further clarifies that ▮▮▮▮▮▮▮▮▮

44

████████████████████████████████████ (Desai

Decl., Ex. 48 (GOOG-KZGA-00005181).)

**GOOGLE'S STATEMENT NO. 71.:**

> Between 2013 and 2019, Google increased the amount of resources dedicated to Street View imagery collection in the United States. (Marquardt Decl. ¶ 14.) During that time period,



**RESPONSE TO STATEMENT NO. 71.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Marquardt's declaration. Kewazinga denies that this statement is an accurate characterization of Google's investments "[b]etween 2013 and 2019" because it is based solely on the numbers in 2013 and 2019, without differentiating between different years in that interval. Kewazinga further clarifies that ████████████

████████████████████████████████████

████████████████████ (Desai Decl., Ex. 48 (GOOG-KZGA-00005181).)

Kewazinga further clarifies that ████████████████████████

████████████████████████████████ (Desai Decl., Ex. 48 (GOOG-KZGA-00005181)) Kewazinga further clarifies that ████████████

████████████████████████████████████

████████ (Desai Decl., Ex. 48 (GOOG-KZGA-00005181).)

**GOOGLE'S STATEMENT NO. 72.:**

████████████████████████████████████

45

████████████████████████████████████ *(Id.)*

**RESPONSE TO STATEMENT NO. 72.:**

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Marquardt's declaration and does not contest it

for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 73.:**

Kewazinga was aware that Google continued to provide Street View to users and
customers after the 2013 Action was dismissed. (Kewazinga's 6/4/2020 Response
to Google's RFA No. 12.)

**RESPONSE TO STATEMENT NO. 73.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 74.:**

Kewazinga was aware in 2014 that Google continued to provide Street View to
users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 13.)

**RESPONSE TO STATEMENT NO. 74.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 75.:**

Kewazinga was aware in 2015 that Google continued to provide Street View to
users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 14.)

**RESPONSE TO STATEMENT NO. 75.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 76.:**

Kewazinga was aware in 2016 that Google continued to provide Street View to
users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 15.)

**RESPONSE TO STATEMENT NO. 76.:**

Admitted for purposes of Google's motion.

NY 78167741

**GOOGLE'S STATEMENT NO. 77.:**

Kewazinga was aware in 2017 that Google continued to provide Street View to users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 16.)

**RESPONSE TO STATEMENT NO. 77.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 78.:**

Kewazinga was aware in 2018 that Google continued to provide Street View to users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 17.)

**RESPONSE TO STATEMENT NO. 78.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 79.:**

Kewazinga was aware in 2019 that Google continued to provide Street View to users and customers. (Kewazinga's 6/4/2020 Response to Google's RFA No. 18.)

**RESPONSE TO STATEMENT NO. 79.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 80.:**

Kewazinga did not inform Google at any time between 2014 and 2019 that it still believed that Google was infringing its patents. (Smalheiser Dep. 127:13–129:12.)

**RESPONSE TO STATEMENT NO. 80.:**

Admitted for purposes of Google's motion that Kewazinga itself did not directly communicate with Google between 2014 and 2019, but denied that there was any need to do so given Kewazinga's prior conduct, including, *inter alia*, maintaining its infringement assertion after the parties met in August 2013 (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273 ███

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████, emphasizing that the dismissal of the 2013 Action was "<u>without</u> prejudice"

(Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original)), continuing prosecution of patents in the same family as the '325 and '226 patents ('234 patent at pg. 1, "Related U.S. Application Data" (showing that '234 patent issued from a patent application that was a continuation of another patent application filed on July 23, 2013)), and renewing its infringement assertion against Microsoft (Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366) (████████████████████████████████████████████████████████

████████████████)). Kewazinga further clarifies that ████████████████████████████

████████████████████████████████ further communicated to Google that Kewazinga may assert its patents against Google again. (Desai Decl., Ex. 1 (Worley Tr.) at 153:3-14; *see also id.* 41:9-42:5; Desai Decl., Ex. 1 (Worley Tr.) at Errata for 42:5; *see also* GOOG-KZGA-00002358 at 2360.)

**GOOGLE'S STATEMENT NO. 81.:**

████████████████████████████████ (Worley Dep. 139:21–140:2.)

**RESPONSE TO STATEMENT NO. 81.:**

Admitted for purposes of Google's motion.

**GOOGLE'S STATEMENT NO. 82.:**

████████████████████████████████ (Smalheiser Dep., 144:10–25.)

**RESPONSE TO STATEMENT NO. 82.:**

Admitted for purposes of Google's motion that Kewazinga itself did not directly communicate with Google between 2014 and 2020, but denied that there was any need to do so given Kewazinga's prior conduct, including, *inter alia*, maintaining its infringement assertion after the parties met in August 2013 (Sherwood Decl., Ex. 9 at KEWAZINGA-G-0003273 ████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████ ), emphasizing that the dismissal of the 2013 Action was "<u>without</u> prejudice"

(Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in original)), continuing

prosecution of patents in the same family as the '325 and '226 patents ('234 patent at pg. 1,

"Related U.S. Application Data" (showing that '234 patent issued from a patent application that

was a continuation of another patent application filed on July 23, 2013)), and renewing its

infringement assertion against Microsoft (Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at

4366) (███████████████████████████████████████████████████████████

████████████████ ). Kewazinga further clarifies that ██████████████████████████████

██████████████████████████████████ further communicated to Google that Kewazinga

may assert its patents against Google again. (Desai Decl., Ex. 1 (Worley Tr.) at 153:3-14; *see

also id*. 41:9-42:5; Desai Decl., Ex. 1 (Worley Tr.) at Errata for 42:5; *see also* Sherwood Decl.

Ex. 14 (GOOG-KZGA-00002358) at 2360.)

**<u>GOOGLE'S STATEMENT NO. 83.:</u>**

> Following the 2013 dismissal, Kewazinga did not again assert its patents against
> Google—or even communicate directly with Google—for another more than 6
> years until this lawsuit was filed in January 2020. (Sherwood Decl. ¶ 25;
> Smalheiser Dep. 127:13–129:12; 133:22–134:3; Worley Dep. 154:4–18.)

**<u>RESPONSE TO STATEMENT NO. 83.:</u>**

Admitted for purposes of Google's motion that Kewazinga itself did not directly

communicate with Google between the dismissal of the 2013 Action and the filing of the current

lawsuit, but denied that there was any need to do so given Kewazinga's prior conduct, including,

*inter alia*, maintaining its infringement assertion after the parties met in August 2013 (Sherwood

Decl., Ex. 9 (KEWAZINGA-G-0003273) ████████████████████████████████████████

██████████████████████████████████████████████████████████████

███████████████████████████████████████████ emphasizing that the dismissal of the 2013 Action was "<u>without</u> prejudice" (Sherwood Decl., Ex. 10 (KEWAZINGA-G-0003538) (emphasis in original)), continuing prosecution of patents in the same family as the '325 and '226 patents ('234 patent at pg. 1, "Related U.S. Application Data" (showing that '234 patent issued from a patent application that was a continuation of another patent application filed on July 23, 2013)), and renewing its infringement assertion against Microsoft (Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366) (█████████████████████████████████████████ ████████████████████████████████████)). Kewazinga further clarifies that ████████ ██████████████████████████████████████████████████████ further communicated to Google that Kewazinga may assert its patents against Google again. (Desai Decl., Ex. 1 (Worley Tr.) at 153:3-14; *see also id.* 41:9-42:5; Desai Decl., Ex. 1 (Worley Tr.) at Errata for 42:5; *see also* Sherwood Decl., Ex. 14 (GOOG-KZGA-00002358) at 2360.)

**GOOGLE'S STATEMENT NO. 84.:**

Kewazinga is seeking monetary damages in this action based on, among other things, Google providing Street View to users and customers between 2014 and 2019. (Kewazinga's 6/4/2020 Response to Google's RFA No. 20.)

**RESPONSE TO STATEMENT NO. 84.:**

Admitted, but Kewazinga clarifies that it is seeking damages in the form of a reasonable royalty. (Desai Decl., Ex. 65 at 8.)

**GOOGLE'S STATEMENT NO. 85.:**

███████████████████████████████████████████████████████ (Sherwood Decl. ¶ 33.)

**RESPONSE TO STATEMENT NO. 85.:**

Denied. This statement is neither an accurate summary of Mr. Sherwood's declaration nor factually accurate. (Sherwood Decl. ¶ 33.) ████████████████████████████████

50

████████████████████████████████████████ Kewazinga further notes that if this

statement were true, it would be inadmissible and in violation of Federal Rule of Evidence 408.

## GOOGLE'S STATEMENT NO. 86.:

> The '234 patent issued from a patent application that is a continuation of U.S. Patent Application No. 13/949,132, which was pending before the 2013 Action was dismissed. (Kewazinga's 6/4/2020 Response to Google's RFA No. 5.)

## RESPONSE TO STATEMENT NO. 86.:

Admitted, but Kewazinga clarifies that U.S. Patent Application No. 13/949,132—not the

application from which the '234 patent issued—was pending before the 2013 Action was

dismissed. Kewazinga further clarifies that the '234 patent issued from U.S. Patent Application

No. 14/505,208, which was filed on October 2, 2014. ('234 patent at pg. 1, "Filed," "Appl. No.")

## GOOGLE'S STATEMENT NO. 87.:

> The '234 patent issued on June 9, 2015. (Kewazinga's 6/4/2020 Response to Google's RFA No. 6.)

## RESPONSE TO STATEMENT NO. 87.:

Admitted.

## GOOGLE'S STATEMENT NO. 88.:

> The document produced in this litigation bearing Bates numbers GOOG-KZGA-00000392 through GOOG-KZGA-00000574 is a copy of the prosecution history of the '234 patent. (Kewazinga's 6/15/2020 Response to Google's RFA No. 34.)

## RESPONSE TO STATEMENT NO. 88.:

Admitted for purposes of Google's motion, but Kewazinga clarifies that GOOG-KZGA-

00000392 does not appear to be a certified copy of the prosecution history of the '234 patent.

## GOOGLE'S STATEMENT NO. 89.:

> The document produced in this litigation bearing Bates number GOOG-KZGA-0000509, which is part of the prosecution history of the '234 patent, is a "Terminal Disclaimer To Obviate A Double Patenting Rejection Over A 'Prior' Patent" that Kewazinga filed in order to overcome the patent examiner's rejection of claims as unpatentable over claims 1–30 of U.S. Patent No. 6,522,325 in view

51

of U.S. Patent No. 6,535,226 under the doctrine of non-statutory double patenting. (Kewazinga's 6/15/2020 Response to Google's RFA No. 36.)

**RESPONSE TO STATEMENT NO. 89.:**

Kewazinga admits for purposes of Google's motion that GOOG-KZGA-0000509 is titled "Terminal Disclaimer To Obviate A Double Patenting Rejection Over A 'Prior' Patent" and was filed in connection with U.S. Patent Application No. 14/505,208. Kewazinga denies this statement to the extent it implies that Kewazinga could not have obtained the claims of the '234 patent without filing a terminal disclaimer over the '325 and '226 patents.

**GOOGLE'S STATEMENT NO. 90.:**

On May 21, 2018, Kewazinga filed suit against Microsoft, but not Google, concerning the '226 Patent, the '325 Patent, and the '234 Patent, the three patents now at suit against Google. (Sherwood Decl. ¶ 26.)

**RESPONSE TO STATEMENT NO. 90.:**

Admitted.

**GOOGLE'S STATEMENT NO. 91.:**

Because Kewazinga had previously sued Google and Microsoft at the same time in 2013, Google understood the fact that Kewazinga sued only Microsoft as further confirmation that Kewazinga had no intention of suing Google. (Sherwood Decl. ¶ 26.)

**RESPONSE TO STATEMENT NO. 91.:**

Denied. ███████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████ In particular, based on Google's awareness of Kewazinga's 2018 lawsuit against Microsoft as well as further ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████ (Desai

Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369 

; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also*

Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* Desai Decl., Ex. 57 (GOOG-

KZGA-00004373) at 4373

**GOOGLE'S STATEMENT NO. 92.:**

By May 2018, it had been almost five years since there was any contact between
anyone at Google and anyone at Kewazinga. (Sherwood Decl. ¶ 26.)

**RESPONSE TO STATEMENT NO. 92.:**

Admitted for purposes of Google's motion that Kewazinga itself did not directly

communicate with Google between the dismissal of the 2013 Action and May 2018, but denied

that there was any need to do so given Kewazinga's prior conduct, including, *inter alia*,

maintaining its infringement assertion after the parties met in August 2013 (Sherwood Decl., Ex.

9 at KEWAZINGA-G-0003273

, emphasizing that the dismissal of the 2013 Action

was "<u>without</u> prejudice" (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538 (emphasis in

original)), continuing prosecution of patents in the same family as the '325 and '226 patents

('234 patent at pg. 1, "Related U.S. Application Data" (showing that '234 patent issued from a

patent application that was a continuation of another patent application filed on July 23, 2013)),

and renewing its infringement assertion against Microsoft (GOOG-KZGA-00004366 at 4366)

(

53

███████ )). Kewazinga further clarifies that ███████████████████████████

███████████████████████████ further communicated to Google that Kewazinga may

assert its patents against Google again. (Desai Decl., Ex. 1 (Worley Tr.) at 153:3-14; *see also id.*

41:9-42:5; Desai Decl., Ex. 1 (Worley Tr.) at Errata for 42:5; *see also* Sherwood Decl., Ex. 14

(GOOG-KZGA-00002358) at 2360.)

**GOOGLE'S STATEMENT NO. 93.:**

In 2018, Google was one of several defendants in a copyright litigation (the "2018 Copyright Litigation"). (Sherwood Decl. ¶ 27.)



*(Id.)*

**RESPONSE TO STATEMENT NO. 93.:**

Admitted for purposes of Google's motion that Google was one of several defendants in

the 2018 Copyright Litigation, that ███████████████████████████████

███████████████████████████████████

███████████ Denied that ███████████████████████████

███████████████████████████████████

███████████████████████ (Desai Decl., Ex. 56 (GOOG-

KZGA-00004369) at 4370-71.)   Admitted that ███████████████████

███████████████████████████████████

███████████████████████████████████

███████████████████████ (Desai Decl., Ex. 56

(GOOG-KZGA-00004369) at 4369 ███████████████████████

███████████████████████████████████

██████████████████████████████████████████████████

████████  Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai

Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* Desai Decl., Ex. 57 (GOOG-KZGA-

00004373) at 4373 ███████████████████████████████████████████

██████████████

## GOOGLE'S STATEMENT NO. 94.:

Google believed that its retention of Stroock in the 2018 Copyright Litigation
would be mutually beneficial, as Stroock was already representing several other
co-defendants in that matter, and Google's defense would be coordinated with
those other defendants. (Sherwood Decl. ¶ 29.)

## RESPONSE TO STATEMENT NO. 94.:

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is

an accurate summary of the cited section of Mr. Sherwood's declaration and does not contest it

for purposes of Google's motion. Kewazinga further clarifies that ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████ (Desai Decl., Ex. 56

(GOOG-KZGA-00004369) at 4369 ███████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai

Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* GOOG-KZGA-00004373 at 4373

████████████████████████████████████████████████

## GOOGLE'S STATEMENT NO. 95.:

It is part of Mr. Sherwood's usual practice to ask a law firm seeking to represent
Google   to   investigate   conflicts   that   would   prevent   them   from   representing

Google. (Sherwood Decl. ¶ 28.)   This practice protects Google and avoids potential misunderstandings. (*Id.*)   Consistent with his usual practice, Mr. Sherwood told Mr. Berry to ask Stroock about any conflict that would prevent Stroock from representing Google in the 2018 Copyright Litigation. (*Id.*) ██████

██████████████████████████████████████████████████████████████
██████ (Sherwood Decl. ¶ 30.)

## RESPONSE TO STATEMENT NO. 95.:

Kewazinga lacks sufficient information to admit or deny this statement, but admits it is an accurate summary of the cited section of Mr. Sherwood's declaration. Kewazinga further clarifies that ████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ (Desai Decl., Ex. 56

(GOOG-KZGA-00004369) at 4369 ██████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████ ; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai

Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* Desai Decl., Ex. 57 (GOOG-KZGA-

00004373) at 4373 ██████████████████████████████████████████

██████████████ .

## GOOGLE'S STATEMENT NO. 96.:

Rather than attempting to create a conflict, Google was hopeful that it could avoid any conflicts and reach an agreement with Stroock for the purposes of representation in the 2018 Copyright Litigation. (Sherwood Decl. ¶ 29.)

## RESPONSE TO STATEMENT NO. 96.:

Denied. ██████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ (Desai Decl., Ex. 56

(GOOG-KZGA-00004369) at 4369 ██████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████████ Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai

Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* GOOG-KZGA-00004373 at 4373

████████████████████████████████████████████████████████

Kewazinga further clarifies that ██████████████████████████████████████████

████████████████████████████████████████████████████████

(Sammataro Decl. ¶¶ 9-10.)

**GOOGLE'S STATEMENT NO. 97.:**

████████████████████████████████████████████████████████ (Sherwood Decl. ¶
30; *id.* Ex. 14.)  That confirmed Google's belief that Kewazinga had no "present"
intent (i.e., in 2018) to file suit on behalf of Kewazinga against Google.
(Sherwood Decl. ¶ 30.) ██████████████████████████████████████
██████████████ (Sherwood Decl. ¶ 30; *id.* Ex. 14.)  S███████████████
██████████ (Sherwood Decl. ¶ 30.)

**RESPONSE TO STATEMENT NO. 97.:**

Admitted for purposes of Google's motion that on ████████████████████

████████████████████████████████████████████████████████

██████████████████████ (Sherwood Decl., Ex. 14 at GOOG-KZGA-00002360.)  Denied that

the statement from Mr. Sammataro could "confirm[] Google's belief that Kewazinga had no

'present' intent (i.e., in 2018) to file suit on behalf of Kewazinga against Google" because the

statement was ████████████████████████████████████████████

████████████████████████████████████████ (Sammataro Decl. ¶ 8.) Admitted for

NY 78167741

purposes of Google's motion that ███████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████ (Sherwood Decl., Ex. 14 at

GOOG-KZGA-00002360.) Admitted for purposes of Google's motion that Kewazinga ██████

████████████████████████████████████████████████████████████

███████████████████████████████████████ (Sammataro Decl. ¶¶ 9-10.)

Kewazinga further notes that it ████████████████████████████████████████

███████████████████████████████████████████████ (Sammataro Decl. ¶

13), and that there was no subject matter overlap between the 2018 Copyright Litigation and any

potential disputes between Google and Kewazinga, and that ████████████████████████

████████████████████████████████████████████████████████████

████████████████ (Desai Decl., Ex. 21 (Sherwood Tr.) at 235:5-10.)

**GOOGLE'S STATEMENT NO. 98.:**

████████████████████████████████████████████████████████

███████████████████████████████████████ (Sherwood Decl. ¶ 31;
*id.* Ex. 15.)

**RESPONSE TO STATEMENT NO. 98.:**

Admitted for purposes of Google's motion that these are partial quotations from

Stroock's September 13, 2018 retention letter for Google. However, Kewazinga clarifies that the

statement that ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████ (Sherwood Decl.,

Ex. 14 at GOOG-KZGA-00002360; Sammataro Decl. ¶¶ 9-10.)

Kewazinga further clarifies that ███████████████████████████

███████████████████████████████████████████████████████████g

██████████████████ (Sammataro Decl. ¶ 11; Sherwood Decl., Ex. 15 at GOOG-KZGA-

00002366.) Accordingly, the language about ████████████████████

███████████████████████████████████████████████████████████e

██████████████████████████. (Sammataro Decl. ¶ 11; Sherwood Decl.,

Ex. 15 at GOOG-KZGA-00002366.)   Kewazinga further clarifies that ████████████████

███████████████████████████████████████ (Desai Decl.,

Ex. 21 (Sherwood Tr.) at 235:5-10.)

**GOOGLE'S STATEMENT NO. 99.:**

Google relied on Stroock's representation in agreeing to retain Stroock on those terms, and understood Stroock's assertion to be further reaffirmation and confirmation that Kewazinga had no intention of suing Google at any point in the future, as Stroock was actively representing Kewazinga against Microsoft on its patents at the same time. (Sherwood Decl. ¶ 31.)

**RESPONSE TO STATEMENT NO. 99.:**

Denied. ████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████. In particular, based on Google's awareness of Kewazinga's 2018

lawsuit against Microsoft as well as further ██████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

(GOOG-KZGA-00004369 at 4369 ██████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

59

███████ ; Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai

Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; *see also* Desai Decl., Ex. 57 (GOOG-KZGA-

00004373) at 4373 ████████████████████████████████████████████████████

████████

## GOOGLE'S STATEMENT NO. 100.:

> Had Stroock or Kewazinga communicated that it did intend to sue Google at any point in the future, Google would not have retained Stroock in the 2018 Copyright Litigation. (Sherwood Decl. ¶ 31.)  In addition, Google would have considered filing IPRs against Kewazinga's patents, initiating a declaratory judgment action, and taken other measures to protect Google and preserve Google's defenses. (*Id.*) Google did not take those actions because it continued to believe, based on Stroock's representations and Kewazinga's continued silence, that Kewazinga had no intention of suing Google at any point in the future. (*Id.*)

## RESPONSE TO STATEMENT NO. 100.:

Kewazinga objects to this statement because it is mere speculation and, thus, cannot

constitute a "material fact" for a Local Rule 56.1 statement.  In any event, Kewazinga admits this

is an accurate summary of Mr. Sherwood's conclusory speculation in the cited section of his

declaration. Kewazinga denies the substance of the statement, including that Google did not take

certain actions based on a belief that "Kewazinga had no intention of suing Google at any point

in the future" because such a belief is unreasonable and inconsistent with, *inter alia*, emphasizing

that the dismissal of the 2013 Action was "<u>without</u> prejudice."  (Sherwood Decl., Ex. 10 at

KEWAZINGA-G-0003538 (emphasis in original).)  Kewazinga further denies this statement to

the extent it implies that Google lost the ability to "fil[e] IPRs against Kewazinga's patents,

initiat[e] a declaratory judgment action, and take[] other measures to protect and preserve

Google's defenses" after the dismissal of the 2013 Action. Kewazinga further clarifies that

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ (Sherwood

Decl., Ex. 14 at GOOG-KZGA-00002360; Sammataro Decl. ¶¶ 9-10, 13.)  Kewazinga further

clarifies that the 2013 Action was dismissed without prejudice and without any representation by

Kewazinga that it would not pursue its claims against Google.

**GOOGLE'S STATEMENT NO. 101.:**



(Smalheiser Dep.
153:3–10).

**RESPONSE TO STATEMENT NO. 101.:**

Admitted that the statement includes an accurate quotation from Mr. Worley's deposition

transcript.  Admitted  for  purposes  of  Google's  motion  that ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Kewazinga  denies  that ▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Kewazinga further clarifies that

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Sherwood

Decl., Ex. 14 at GOOG-KZGA-00002360; Sammataro Decl. ¶¶ 9-10, 13.)

**GOOGLE'S STATEMENT NO. 102.:**

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

61

██████████████████████████████████████████ (Smalheiser
Dep. 147:18–20, 148:5–10, 153:3–10.)

**RESPONSE TO STATEMENT NO. 102.:**

Admitted for purposes of Google's motion that these are accurate excerpts from Mr.

Smalheiser's deposition transcript.

**GOOGLE'S STATEMENT NO. 103.:**

████████████████████████████ (Worley Dep. 44:7–45:3; Smalheiser Dep.
149:21–150:19.)

**RESPONSE TO STATEMENT NO. 103.:**

Admitted for purposes of Google's motion that Mr. Worley and Mr. Smalheiser testified

that Stroock retains a security interest in Kewazinga's patents-in-suit.

**GOOGLE'S STATEMENT NO. 104.:**

Between the dismissal of the 2013 Action and the filing of this lawsuit,
Kewazinga never told Google that it would assert its patents again against Google
████████████████████████ (Worley Dep. 152:9–18.)

**RESPONSE TO STATEMENT NO. 104.:**

Admitted for purposes of Google's motion that Kewazinga itself did not directly

communicate with Google between the dismissal of the 2013 Action and the filing of the current

lawsuit, but denied that there was any need to do so given Kewazinga's prior conduct, including,

*inter alia*, maintaining its infringement assertion after the parties met in August 2013 (Sherwood

Decl., Ex. 9 at KEWAZINGA-G-0003273 ██████████████████████

████████████████████████████████████████████████

█████████████████████████ emphasizing that the dismissal of the

2013 Action was "<u>without</u> prejudice" (Sherwood Decl., Ex. 10 at KEWAZINGA-G-0003538

(emphasis in original)), continuing prosecution of patents in the same family as the '325 and

62

'226 patents ('234 patent at pg. 1, "Related U.S. Application Data" (showing that '234 patent issued from a patent application that was a continuation of another patent application filed on July 23, 2013)), and renewing its infringement assertion against Microsoft (Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366) (███████████████████████████████████ ███████████████████████████████)). Kewazinga further clarifies that ███████████ ███████████████████████████████████████████████████████ further communicated to Google that Kewazinga may assert its patents against Google again. (Desai Decl., Ex. 1 (Worley Tr.) at 153:3-14; *see also id.* 41:9-42:5; Desai Decl., Ex. 1 (Worley Tr.) at Errata for 42:5; *see also* Sherwood Decl., Ex. 14 (GOOG-KZGA-00002358) at 2360.)

**GOOGLE'S STATEMENT NO. 105.:**

Kewazinga's '234, '325, and '226 patents expired on April 1, 2019. (Kewazinga's 6/4/2020 Response to Google's RFA No. 19.)

**RESPONSE TO STATEMENT NO. 105.:**

Admitted for purposes of Google's motion.

63

Dated: New York, New York
     July 29, 2020

Respectfully submitted,

**STROOCK & STROOCK & LAVAN LLP**


/s/ *Ian G. DiBernardo*
Ian G. DiBernardo
Timonty K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email:  idibernardo@stroock.com
Email:  tgilman@stroock.com
Email:  kstein@stroock.com
Email:  sdesai@stroock.com
Email:  gspringsted@stroock.com

*Attorneys for Plaintiff Kewazinga Corp.*

64

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 29, 2020 I caused a true and correct copy of the **PLAINTIFF KEWAZINGA CORP.'S RESPONSE TO DEFENDANT GOOGLE LLC'S STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF  GOOGLE LLC'S MOTION FOR SUMMARY JUDGMENT OF EQUITABLE ESTOPPEL** to be served in accordance with the Federal Rules of Civil Procedure, and/or the Local Rules of this Court, upon the following parties and participants, *via* email:

John Michael Desmarais
Elizabeth Esther Weyl
Steven Marc Balcof
David A. Frey
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
Tel: (212)−351−3400
Fax: (212)−351−3401
Email: jdesmarais@desmaraisllp.com
Email: eweyl@dllp.com
Email: sbalcof@dllp.com
Email: dfrey@desmaraisllp.com

Ameet A. Modi
Emily Chen (*Pro Hac Vice*)
DESMARAIS LLP
101 California St.
San Francisco, CA 94111
Tel: (415) 573−1806
Email: amodi@desmaraisllp.com
Email: echen@desmaraisllp.com

*Attorneys for Defendant Google LLC*

 *s/ Gregory R. Springsted*
Gregory R. Springsted