```
     K6O3KEWC

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   KEWAZINGA CORP.,

 4                 Plaintiff,              New York, N.Y.

 5            v.                           20 CV 1106 (LGS)

 6   GOOGLE, LLC,

 7                 Defendant.

 8   ------------------------------x       Teleconference

 9                                         June 25, 2020
                                           10:30 a.m.
10
     Before:
11
                      HON. LORNA G. SCHOFIELD,
12
                                         District Judge
13

14
                            APPEARANCES
15

16
     STROOCK & STROOCK & LAVAN, LLP
17        Attorneys for Plaintiff
     BY:  TIMOTHY K. GILMAN
18        IAN G. DiBERNARDO
          GREGORY SPRINGSTED
19        KENNETH L. STEIN

20   DESMARAIS, LLP
          Attorneys for Defendant
21   BY:  JOHN M. DESMARAIS
          EMILY CHEN
22        DAVID FREY
          AMEET A. MODI
23

24

25
```

1       THE COURT:  Good morning, counsel.

2       THE DEPUTY CLERK:  We are here in the matter of 20 CV

3  1106, Kewazinga Corp. v. Google, LLC.  The parties' names have

4  been noted for the record.

5       Before we begin, I would like to remind the parties

6  that recording or broadcasting of this proceeding is prohibited

7  by policy of the Judicial Conference of the United States.

8  Violation of these prohibitions may result in sanctions.

9       Second, we have a court reporter present today.  In

10 order to maintain an accurate record, I am going to ask each

11 counsel to state their name each time they speak before they

12 speak, just to make sure we have a clear record.

13      We are here before the Honorable Lorna G. Schofield.

14      THE COURT:  Good morning again, everyone.  Thank you

15 for being here and attending this conference remotely.

16      We're here for a followup conference, following your

17 limited discovery on the issue of equitable estoppel, and the

18 question is whether, with respect to that issue, it can be

19 resolved on the papers or whether there is an issue of fact

20 that would require a hearing so that the factual issue can be

21 resolved.

22      Let me ask first whether you have different views on

23 that subject or whether you even know.

24      MR. DESMARAIS:  This is John Desmarais for Google, the

25 defendant whose equitable estoppel defense is at issue.  I

1   think we have a shared view.  Your Honor had given us -- but it
2   comes from a different perspective so maybe it would help if I
3   took a minute and explained.
4           Your Honor give gave us two months for discovery and
5   we achieved that.  Both sides asked for documents and exchanged
6   documents, both sides asked interrogatories and answered
7   interrogatories, and asked requests to admit and answered
8   those, and then we took depositions both 30(b)(1) and 30(b)(6).
9   So discovery on the issue is concluded, and we met and
10  conferred with each other as to what to recommend today.  And
11  we are both recommending that we proceed by summary judgment,
12  but in some sense, you know, it is interesting because we take
13  it from different sides.
14          So Google believes that the limited discovery has
15  shown that the defense is very strong and the case should be
16  dismissed.  Kewazinga believes the evidence has shown that the
17  defense will fail.
18          So, what we agreed to is, with your Honor's
19  indulgence, is we would move for summary judgment.  Kewazinga
20  would respond and cross move for summary judgment, and then
21  we'd have a hearing on summary judgment.  That being said --
22          THE COURT:  Okay.
23          MR. DESMARAIS:  -- both sides think it can be resolved
24  in summary judgment.  Because we are on different sides, that
25  may mean there is a fact issue.  So, what we further agreed,

1   assuming your Honor is amenable, is we'd have the briefing,
2   we'd have the summary judgment hearing, and if your Honor felt
3   that it couldn't be decided after hearing the arguments, that
4   there might still need to be an evidentiary hearing on whatever
5   issue your Honor believes can't be resolved.  But the parties
6   believe it can be done on the papers.
7               THE COURT:  That's very helpful.  Thank you for
8   conferring with each other.
9               Mr. Gilman, would you like to add anything?
10              MR. GILMAN:  No, I think Mr. Desmarais summarized it
11  accurately.  I mean, I am happy to talk through how we view the
12  defense and why we think this is amenable to summary judgment.
13  But we think that's a discovery issue, and there is no factual
14  issue here and that the defense should fail.
15              THE COURT:  I don't think there is any need to talk
16  about the merits of the arguments at this point.  I have some
17  sense of your views on the law from the prior letters.  I'm
18  sure you now have facts, supposedly undisputed, I hope that's
19  true.
20              And so, have you discussed and agreed on a briefing
21  schedule?
22              MR. DESMARAIS:  Yes, your Honor.  If I might -- this
23  is John Desmarais.  If I might, maybe Mr. Gilman can correct me
24  if I'm wrong.
25              What we would propose to your Honor is Google files

1  its opening summary judgment brief on July 15, Kewazinga
2  responds to that on July 29, and if it chooses, it will cross
3  move at that time for summary judgment for them. On August 12,
4  Google will reply to our motion and respond to Kewazinga's,
5  should they file one, and then on August 26, Kewazinga will
6  reply to their motion.
7  We've also agreed, assuming your Honor is amenable,
8  that we would continue the stay of general discovery until the
9  Court rules on equitable estoppel, with the exception that we
10  made at the last conference which is we'll continue with your
11  Honor's claim construction schedule and validity contention
12  schedule. But otherwise, general discovery will hold until
13  your Honor decides the equitable estoppel issue, whether that's
14  at a summary judgment hearing or if you have a subsequent
15  evidentiary hearing because there is a disputed fact that you
16  find. Discovery will be stayed until this issue is resolved.
17  And then after it's resolved, if the case is not dismissed, one
18  week after your decision, the parties can serve general
19  discovery. If that's okay with the Court.
20  THE COURT: Okay. Let me ask Mr. Gilman a question.
21  Have you decided to cross move?
22  MR. GILMAN: Yes, your Honor. We will cross move.
23  THE COURT: So I'll just assume that for purposes of
24  the briefing schedule. Then, the other question is, some cross
25  motions are more in the nature of a mirror image of the initial

1    motion, and therefore, they don't necessarily raise more
2    issues, they just make the opposite argument.  But some cross
3    motions raise entirely different issues or somewhat different
4    issues, and I'm wondering what you anticipate, Mr. Gilman.
5              MR. GILMAN:  So, your Honor, this is Tim Gilman from
6    Stroock on behalf of Kewazinga.  After fact discovery closed,
7    last week, we sent over an eight-page letter to Google
8    outlining what we believe are the bases why their defense fails
9    as a matter of law, based on all the facts that we've adduced.
10   So we've laid out our theory there.  So to some extent, Google
11   might know better, because we haven't seen their theory, they
12   might know whether it is the identical issue or not.  I do
13   think there is obviously a lot of factual overlap between what
14   the two parties will be discussing.  But, it's hard to say in a
15   vacuum how different -- if there will be any legal disputes
16   between the parties.  I know before there was an issue about
17   whether the '234 patent, whether their defense falls as a
18   matter of law based on some of the controlling federal circuit
19   precedents.  But I think the core facts about the interactions
20   between the parties in 2006, in 2013, in 2018, I think are
21   not -- I don't think there are factual disputes about what
22   happened and what documents were exchanged during those times.
23             THE COURT:  Let me hear from the defendant.  What I'm
24   trying to figure out is what a reasonable allotment of page
25   numbers is.  I usually have a pretty strict limit on page

K6O3KEWC

1  numbers.  I usually increase that somewhat when there are cross
2  motions, but the extent of the increase depends on how much new
3  material there is as between the two motions.
4          Mr. Desmarais, since you have the letter, do you want
5  to respond to that?
6          MR. DESMARAIS:  Yes, your Honor.  I think your Honor
7  brings up a good point.  There is no substantive difference
8  between our motion and the cross motion.  So equitable estoppel
9  has three elements, as your Honor knows:  Misleading conduct,
10 reliance, and material prejudice.  We believe the evidence we
11 just took satisfies those three elements.  In fact, we think it
12 is one of the strongest cases that's been decided.  Kewazinga's
13 eight-page letter says the evidence doesn't show misleading
14 conduct, doesn't show reliance, doesn't show material
15 prejudice.  So I don't think there is any dispute on the
16 evidence.  We have a different view of what it shows.  So, I
17 think their cross motion is the opposite of our motion.
18         THE COURT:  Yes?
19         MR. GILMAN:  This is Timothy Gilman from Kewazinga
20 again.  There is one caveat, I think there is one issue that we
21 will raise that I don't believe Google will raise which is the
22 issue of whether any unclean hands by Google bars their
23 equitable defense.
24         I think there are two aspects of this.  We think that
25 the discovery shows that they copied our technology in 2006,

1  and that whether willful infringement is a bar to their now
2  invoking equitable estoppel, and there are also interactions in
3  2018 when we now know they were anticipating this second
4  litigation being filed in 2018, and they took efforts to try to
5  disqualify Stroock from being Kewazinga's counsel in this
6  anticipated litigation, and we believe both of those facts
7  demonstrate unclean hands that would bar Google's claim as
8  well.  Which I assume they would not raise in their affirmative
9  motion.
10           THE COURT:  So, in that case --
11           MR. DESMARAIS:  May I --
12           THE COURT:  I don't want to hear anything more about
13 the merits.  What I want to do is tell you what the page limits
14 are.  I'll put all of this in a written order, both the
15 schedule and the page limits, and I will recommend an
16 allocation of pages but you can change the allocation as long
17 as you stay within the page limit, which is 40 pages.
18           So you each get two briefs, and often what happens is
19 that the defendant, who is the initial movant here, would split
20 their pages and then the cross movant, who is the plaintiff
21 here, would put most of their pages in the first brief, and
22 save some smaller number for what is just the reply brief at
23 the end.  But the limit over all is 40 pages per side.  And
24 that's a little bit more than if this were just one simple
25 motion.  So, if you don't need all those pages, but all means

K6O3KEWC

1   don't use them.
2           I have other rules that relate to the number of
3   exhibits and page limits, courtesy copies.  Please look both at
4   the individual rules and the emergency rules.  The major
5   difference that I'm thinking of between the two is I don't want
6   paper courtesy copies because with everyone working remotely,
7   it is just too cumbersome.  So I'm happy to just rely on the
8   papers that are filed on the docket, assuming they are all on
9   the docket.  So, I'll issue an order.
10          Is there anything else we need to deal with today?
11  Let me just address the discovery issue.  I'm happy to accept
12  your proposal on discovery, which continues the same general
13  discovery, but continue with discovery and schedule that
14  relates to plaintiff's motion.  So, I will put that in the
15  order as well.
16          Now is there anything we need to discuss?
17          MR. DESMARAIS:  Nothing from Google, your Honor.
18          MR. GILMAN:  On behalf of Kewazinga, just to be
19  clear --
20          THE COURT:  This is Mr. Gilman?
21          MR. GILMAN:  This is Mr. Gilman, sorry, your Honor.
22  The parties agree if there is any ambiguity, that is all of the
23  patent rule disclosures from build up to the Markman proceeding
24  are going to proceed on schedule, with the hopes that this case
25  will get back on track on the schedule the parties originally

K6O3KEWC

1 discussed.
2             THE COURT:  Yes.  I had understood that.  Thank you
3 for that clarification.  So we are adjourned.  Thank you.
4             (Adjourned)