**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| KEWAZINGA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:20-cv-01106-LGS |
| | ) | |
| vs. | ) | **REDACTED** |
| | ) | |
| GOOGLE LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO**
**PLAINTIFF KEWAZINGA CORP.'S LOCAL CIVIL RULE 56.1 STATEMENT OF**
**MATERIAL FACTS IN SUPPORT OF KEWAZINGA'S CROSS-MOTION FOR**
**SUMMARY JUDGMENT OF NO EQUITABLE ESTOPPEL**

Pursuant to Local Rule 56.1 and the Court's June 25, 2020 Order (D.I. 49), Google

responds to Kewazinga's refiled statement of material facts (D.I. 93).

## RESPONSES AND OBJECTIONS

### KEWAZINGA'S STATEMENT NO. 1:

David Worley, Scott Sorokin, and Andrew Weber came together in 1997 to form
Kewazinga and collaborate on ideas related to navigable telepresence technology.
Desai Decl., Ex. 1 (Worley Tr.) at 47:19-49:12.

### RESPONSE TO STATEMENT NO. 1:

Google lacks sufficient information to evaluate the truth of this statement, but does not

dispute it for the purposes of Kewazinga's motion.

1

**KEWAZINGA'S STATEMENT NO. 2:**

By the early 2000's, Kewazinga was commercializing this technology throughout the U.S. by producing content for partners including NBC Sports, ABC Sports, ESPN, the Golf Channel, and Major League Baseball. Desai Decl., Ex. 2 (KEWAZINGA-G-0003007) at 3008.

**RESPONSE TO STATEMENT NO. 2:**

Because the Court struck "Desai Decl., Ex. 2," Google bases its response on the underlying document.  (D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google lacks sufficient information to evaluate the truth of this statement, but does not dispute it for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 3:**

Kewazinga filed U.S. Provisional Patent Application No. 60/080,413. Desai Decl., Ex. 3 ('226 patent) at pg. 1, "Related U.S. Application Data."

**RESPONSE TO STATEMENT NO. 3:**

Because the Court struck "Desai Decl., Ex. 3," Google bases its response on the underlying document.  (D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 4:**

Kewazinga filed U.S. Patent Application No. 09/283,413 (which claims priority to U.S. Provisional Patent Application No. 60/080,413) on April 1, 1999. Desai Decl., Ex. 3 ('226 patent) at pg. 1, "Filed," "Related U.S. Application Data."  This application issued to Kewazinga Corp. as the '226 patent on March 18, 2003. *Id.* at "Assignee," "Date of Patent."

**RESPONSE TO STATEMENT NO. 4:**

Because the Court struck "Desai Decl., Ex. 3," Google bases its response on the underlying document.  (D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 5:**

Kewazinga filed U.S. Patent Application No. 09/419,274 (which claims priority to U.S. Provisional Patent Application No. 60/080,413) on October 15, 1999. Desai Decl., Ex. 4 ('325 patent) at pg. 1, "Filed," "Related U.S. Application Data." This application issued to Kewazinga Corp. as the '325 patent on February 18, 2003. *Id.* at "Assignee," "Date of Patent."

**RESPONSE TO STATEMENT NO. 5:**

Because the Court struck "Desai Decl., Ex. 4," Google bases its response on the underlying document. (D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 6:**

In 2005, Kewazinga reached out to Google to seek a partnership because Kewazinga believed that its intellectual property, technology, and forward-looking business concepts could be valuable and beneficial to Google. Desai Decl., Ex. 1 (Worley Tr.) at 70:9-22; Desai Decl., Ex. 5 (Smalheiser Tr.) at 70:16-71:10. This included an email from Kewazinga to Google founders Larry Page and Sergey Brin sent on October 5, 2005. Desai Decl., Ex. 6 (GOOG-KZGA-00002374).

**RESPONSE TO STATEMENT NO. 6:**

Google disputes this statement insofar as it implies that Larry Page or Sergey Brin received or opened an email from Kewazinga sent on October 5, 2005, because there is no evidence in the record indicating as such. Otherwise, Google lacks sufficient information to evaluate the truth of this statement, but does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 7:**

Kewazinga's October 5, 2005 email explained that Kewazinga's technology could "enable a dynamic on-the-ground extension for GoogleMap explorations." Desai Decl., Ex. 6 (GOOG-KZGA-00002374) at 2375. That email also stated that Kewazinga had "broad-ranging patents" on its technology and that "camera to camera navigation" to allow for "spatial exploration" was "broadly protected by [Kewazinga's] patents." *Id.* at 2375-76.

**RESPONSE TO STATEMENT NO. 7:**

Google disputes this statement insofar as it implies that the document cited "explained" Kewazinga's technology.  Otherwise, for the purposes of Kewazinga's motion, Google does not dispute that this statement accurately quotes the documents cited.

**KEWAZINGA'S STATEMENT NO. 8:**

Kewazinga's October 5, 2005 email to Mr. Page and Mr. Brin was forwarded the same day it was sent to Google employees Jenifer Austin and Christopher Sacca, among others. Desai Decl., Ex. 6 (GOOG-KZGA-00002374) at 2374.

**RESPONSE TO STATEMENT NO. 8:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 9:**

As of October 5, 2005, Ms. Austin was working in Google's "Office of the Google Founders."  As of October 5, 2005, Christopher Sacca was Google's Head of Special Initiatives. Desai Decl., Ex. 7; Desai Decl., Ex. 8.

**RESPONSE TO STATEMENT NO. 9:**

Google objects to this statement as improper under Rule 56(c)(1)(A) and L.R. 56(d) because it relies on "Desai Decl., Ex. 7" and "Desai Decl. Ex. 8," which were struck from the record (D.I. 92; D.I. 95 at 2) and were not produced during the equitable estoppel discovery period in this case.   Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 10:**

In April 2006, Ms. Austin became a "Product Manager" for Google Maps and Google Earth. As part of her work on Google Maps and Google Earth, she "launched the first time ever waterfront Street View collection of the San Francisco shoreline." https://www.linkedin.com/in/jenifer-austin.

**RESPONSE TO STATEMENT NO. 10:**

Google objects to this statement pursuant to Federal Rule of Civil Procedure 56(c)(2) (hereinafter, "Rule 56(c)(2)") ("A party may object that the material cited to support or dispute a

fact cannot be presented in a form that would be admissible in evidence") and L.R. 56.1(d) because it relies on a web page, which constitutes hearsay and is inadmissible as evidence under Federal Rule of Evidence 802 (hereinafter, "FRE 802").   Google further objects to this statement as improper under Rule 56(c)(1)(A) and L.R. 56.1(d) because it relies on a document that was not produced during the equitable estoppel discovery period in this case.   Subject to those objections, Google responds as follows:

Google disputes this statement insofar as it implies that Jennifer Austin worked on the features of Street View that are accused in this litigation.   Otherwise, for the purposes of Kewazinga's motion, Google does not dispute that Jennifer Austin founded Google's Ocean Program, which involved work on Maps and Earth, but she was not considered a "Product Manager" for Google Maps or Google Earth.   Google also notes that the "waterfront Street View collection of the San Francisco shoreline" that Kewazinga references in this statement was not released until 2014.

**KEWAZINGA'S STATEMENT NO. 11:**

> Before leaving Google in December 2007, Christopher Sacca was involved in managing Google Maps and Google Earth. Desai Decl., Ex. 9.

**RESPONSE TO STATEMENT NO. 11:**

Google objects to this statement pursuant to Rule 56(c)(2) and L.R. 56(d) because it relies on Desai Decl., Ex. 9, a web page, which constitutes hearsay and is inadmissible as evidence under FRE 802.   Google also objects to this statement as improper under Rule 56(c)(1)(A) and L.R. 56.1(d) because it relies on a document that was not produced during the equitable estoppel discovery period in this case.   (D.I. 49)   Subject to those objections, Google responds as follows:

Google disputes that Christopher Sacca was involved in managing Google Maps and Google Earth, as Mr. Sacca was never employed in the division of Google responsible for those

products.  Therefore, Kewazinga cannot produce admissible evidence to support this alleged fact.

**KEWAZINGA'S STATEMENT NO. 12:**

> On November 10, 2005, David Lee, Principal of New Business Development at Google, responded to Kewazinga, stating: "i work at google and received your email you sent to sergey and larry on oct. 5. how do you envision working with google?  please let me know via email. thanks much for your inquiry. your technology looks very cool!" Desai Decl., Ex. 10 (KEWAZINGA-G-0003187) at 3187.

**RESPONSE TO STATEMENT NO. 12:**

> Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 13:**

> In January 2006, Kewazinga sent an email to Google with the subject "Kewazinga Strategic Plan," attaching three documents with information about Kewazinga's intellectual property, technology, and forward-looking business concepts. Desai Decl., Ex. 11, (KEWAZINGA-G-0002996 (attaching Desai Decl., Ex. 64, Desai Decl., Ex. 2, and Desai Decl., Ex. 12). This included a PowerPoint presentation entitled "Strategic Plan," each slide of which was marked "Confidential."  Desai Decl., Ex. 64 (KEWAZINGA-G-0002997).

**RESPONSE TO STATEMENT NO. 13:**

Google disputes this statement insofar as it implies that communications or documents that Kewazinga sent to Google in 2006 were confidential.  They were not.  As Kewazinga concedes, Kewazinga and Google did not enter into any confidentiality agreement in 2006.  (Worley Dep. Tr. 88:9–20.)  Therefore, Kewazinga's communications with Google and any attachments to those communications were not confidential.  Otherwise, for the purposes of Kewazinga's motion, Google does not dispute that in January 2006, Kewazinga sent an email to Google with the subject "Kewazinga Strategic Plan," attaching three documents, including a PowerPoint presentation entitled "Strategic Plan," each slide of which was marked "Confidential."

**KEWAZINGA'S STATEMENT NO. 14:**

In its January 2006 disclosures to Google, Kewazinga identified that it had patents on navigable telepresence technology with a priority date of April 2, 1998, which were the '226 and '325 patents. Desai Decl., Ex. 2 (KEWAZINGA-G-0003007) at 3015; Desai Decl., Ex. 11 (KEWAZINGA-G-0002997) at 3002. In those disclosures, Kewazinga identified the '226 and '325 patents by their titles, assignee, issue dates, and subject matter. Desai Decl., Ex. 2 (KEWAZINGA-G-0003007) at 3015; Desai Decl., Ex. 5 (Smalheiser Tr.) at 227:21-229:16.

**RESPONSE TO STATEMENT NO. 14:**

Because the Court struck "Desai Decl., Ex. 2" and "Desai Decl., Ex. 11," Google bases its response on the underlying documents.  (D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google disputes this statement insofar as it implies that Kewazinga identified the '226 and '325 patents by number.  Google disputes that Kewazinga indicated that it had patents "on" navigable telepresence technology.  Rather, in the document that Kewazinga references, (KEWAZINGA-G-0003007) at 3015, Kewazinga states only that it is the "exclusive owner" of two patents "relating to multiple camera arrays issued by the U.S. Patent and Trademark Office." Kewazinga vaguely claimed that its "position enabl[ed] additional claims with priority date of April 2, 1998," but did not state that *those* two patents had a priority date of April 2, 1998. (KEWAZINGA-G-0003007) at 3015.  Google disputes that Kewazinga identified the '226 and '325 patents by their titles.  Kewazinga merely conveyed that its "foundational patent" was entitled "A Navigable Telepresence Method and System Utilizing an Array of Cameras."  (KEWAZINGA-G-0003007) at 3015.

**KEWAZINGA'S STATEMENT NO. 15:**

In communications between Kewazinga and Google in 2005 and 2006, Kewazinga disclosed its confidential and proprietary technology and business ideas to Google. Desai Decl., Ex. 5 (Smalheiser Tr.) at 227:21-229:16. In several of those communications, Google expressed interest in Kewazinga's technology and encouraged Kewazinga to disclose more of its confidential and proprietary

information to Google. Desai Decl., Ex. 1 (Worley Tr.) at 88:22-90:20; Desai Decl.,
Ex. 5 (Smalheiser Tr.) at 227:21-229:16.

**RESPONSE TO STATEMENT NO. 15:**

Google disputes this statement insofar as it implies that communications or documents that
Kewazinga sent to Google in 2005 and 2006 were confidential.  They were not.  As Kewazinga
concedes, Kewazinga and Google did not enter into any confidentiality agreement in 2006.
(Worley Dep. Tr. 88:9–20.)  Therefore, Kewazinga's communications with Google and any
attachments to those communications were not confidential.  Google also disputes that "Google
expressed interest in Kewazinga's technology and encouraged Kewazinga to disclose more of its
confidential and proprietary information to Google."  The evidence shows that Google did not
encourage Kewazinga to disclose additional information, as the discussions were one-sided, with
Kewazinga sending roughly 54 emails in response to Google's roughly 9 emails.  (D.I. 62
Sherwood Decl. ¶ 4.)

**KEWAZINGA'S STATEMENT NO. 16:**

For example, Google employees reached out to Kewazinga, asking Kewazinga to
further describe its technology and potential partnership with Google. Desai Decl.,
Ex. 13 at KEWAZINGA-G-0002924 (David Lee from Google emailing
Kewazinga, stating "I work with Jennifer on video-related matters and she
forwarded the email you sent to her. Can we set up a time where you can walk thru
the demo and explain how we might work together?").

**RESPONSE TO STATEMENT NO. 16:**

Because the Court struck Desai Decl. Ex. 13, Google bases its response on the underlying
document.  Google responds as follows:

Google disputes that Google employees "reached out to Kewazinga."  (D.I. 62, Sherwood
Decl. ¶ 4.)  Google disputes this statement insofar as it implies that David Lee and David Worley
set up a time to "walk thru the demo."  To the contrary, the evidence indicates that they never met.

8

*See* GOOG-KZGA-00002462 through 2463 (David Worley sending three emails in reply to David Lee's email); *see also* GOOG-KZGA-2435 ("David [Lee,] Did you still want to set up a time to talk?" sent weeks after David Lee's email).

**KEWAZINGA'S STATEMENT NO. 17:**

> Google employees forwarded Kewazinga's materials to more senior individuals at Google. *See* Desai Decl., Ex. 14, (KEWAZINGA-G-0003032) at 3032 ("Thank you so much for helping to get our information in front of Mr. Vinton Cerf."); Desai Decl., Ex. 15 (KEWAZINGA-G-0003090) at 3090. Google hired Vinton Cerf around September 2005 and has publicly described him as "one of the great technology leaders of our time." Desai Decl., Ex. 16.

**RESPONSE TO STATEMENT NO. 17:**

Because the Court struck "Desai Decl., Ex. 14" and "Desai Decl., Ex. 15," Google bases its response on the underlying document. (D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google disputes this statement insofar as it implies that Kewazinga material was sent to Vinton Cerf. To the contrary, the evidence in the record indicates that Kewazinga material was never sent to Mr. Cerf. *See* Sherwood Decl. ¶ 4; *see also* Sherwood Decl., Ex. 4 ("This guy wants to send his company's info to Vint Cerf. Bismarck and I thought we should reach out to you first"). For the purposes of Kewazinga's motion, Google does not dispute that Kewazinga material was forwarded internally at Google before the internal teams decided to pass on Kewazinga. Sherwood Decl., Ex. 4 ("we should pass. cool technology but not something the video or TV teams need to be involved in."). For the purposes of Kewazinga's motion, Google also does not dispute that Google hired Vinton Cerf in 2005 or that this statement accurately quotes Desai Decl., Ex. 16.

**KEWAZINGA'S STATEMENT NO. 18:**

> Google employees forwarded Kewazinga's materials to Google's corporate development team. KEWAZINGA-G-0003099 (Robert Macdonald from Google emailing Kewazinga, stating "I have forwarded this information to our corp dev team. They are reviewing right now and discussing internally best next steps. Let's

touch base later this week to discuss."); KEWAZINGA-G-0003093 (Robert Macdonald from Google emailing Kewazinga, stating "I am traveling most of the week and I have passed on all of your information to our corp dev team.").

**RESPONSE TO STATEMENT NO. 18:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 19:**

In June 2006, Kewazinga sent Google an "Updated Strategic Plan" to further describe the "strategic fit that we envision with regard to Google and Navigable Telepresence." Desai Decl., Exs. 19, 20 (KEWAZINGA-G-0003018; KEWAZINGA-G-0003019).

**RESPONSE TO STATEMENT NO. 19:**

Google lacks sufficient information to evaluate the truth of this statement, but does not

dispute it for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 20:**

Kewazinga's        June        2006        Strategic        Plan        disclosed:

**Google Earth and Google Maps**
Navigable Video will vastly extend the reach of Google Earth and Google Maps by providing an on-the-ground telepresence extension that allows viewers to dynamically explore world environments as though they were physically at that location. Miniaturized systems mounted on vehicles and boats will ply the streets and waterways of cities and locales, giving armchair travelers the ability to experience the sights and sounds of live or prerecorded environments as though they were there. Kewazinga's telepresence technology will allow users to actually move through and around environments, not just zoom in from a fixed position.

(Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3022.)

**RESPONSE TO STATEMENT NO. 20:**

Google disputes this statement insofar as it implies that information that Kewazinga sent

to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the

purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 21:**

Kewazinga's    June    2006    Strategic    Plan    disclosed:

**Strategic Fit –** We believe that our proprietary telepresence technology can help Google to deliver a truly immersive and navigable video experience that will fundamentally redefine how people experience video content and explore the world. We can provide Google with a revolutionary on-the-ground extension for Google Earth and Google Maps that allows viewers to dynamically explore world environments as through they were physically there – presenting a formidable challenge to competitors while offering tremendous revenue potential. (Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3019.

## RESPONSE TO STATEMENT NO. 21:

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 22:

Kewazinga's    June    2006    Strategic    Plan    disclosed:

**Museums, Zoos & Aquariums** and other great institutions of culture and education will use Kewazinga's technology to allow viewers to explore their assets 24/7 from anywhere in the world, vastly expanding access and creating intimate relationships that encourage and promote learning and appreciation. (Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3026.)

## RESPONSE TO STATEMENT NO. 22:

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 23:

Kewazinga's    June    2006    Strategic    Plan    disclosed:

**Scope of the patented methods and systems**
As discussed below, the Kewazinga patents cover both methods of and systems for the capture, processing and playback of navigable multi-camera video that was captured using a series of video cameras that provide

progressively different perspectives of their subject matter.

(Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3030.)

**RESPONSE TO STATEMENT NO. 23:**

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 24:**

Kewazinga's June 2006 Strategic Plan disclosed:

> **Kewazinga Patents – …**
> Kewazinga is the exclusive owner of two watershed patents relating to multiple camera arrays issued by the U.S. Patent and Trademark Office (PTO). Both of these patents relate to the use of multiple video camera array systems that allow navigation through and about progressively different perspectives of an event, scene or other "environment". …
>
> The patents cover systems and methods of capturing, processing and playback of video using multiple cameras in a way that allows one or more viewers or operators independently to navigate through and about the scene by changing perspective from camera to camera. Kewazinga's patents cover systems that allow navigation using the cameras' original video only, as well as system enhancements that allow for virtual views to be computed and derived from multiple cameras in order to enhance transitions from camera-to-camera.

(Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3030.)

**RESPONSE TO STATEMENT NO. 24:**

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 25:**

Kewazinga's June 2006 Strategic Plan disclosed regarding the '226 patent:

> Kewazinga's foundational patent is entitled A NAVIGABLE TELEPRESENCE METHOD AND SYSTEM UTILIZING AN ARRAY OF CAMERAS. All 119 claims in the Foundational Patent application were approved by the PTO, and the Foundational Patent issued in March 2003. The Foundational Patent allows one or more viewers or operators to navigate through and about the scene by changing perspective from camera to camera – whether the video is being viewed on a live or a recorded basis. The patent covers systems and methods of navigation using the cameras' original video – whether or not enhancements to smooth the transition from camera to camera are used.

(Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3030.)

## RESPONSE TO STATEMENT NO. 25:

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 26:

Kewazinga's June 2006 Strategic Plan disclosed regarding the '325 patent:

> Kewazinga's Tweening Patent issued in February 2003. It is directed to camera array systems where tweening, mosaicing or other smoothing technique is used to provide a smooth transition from one "real" camera to the next. By way of example, the Tweening Patent covers systems and methods for seamless navigation through an array of cameras by providing "virtual" camera positions in-between each pair of adjacent real cameras. The benefits of tweening include a seamless glide-transition from camera to camera, as well as a reduction in the number of cameras needed for certain applications.

(Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3030.)

## RESPONSE TO STATEMENT NO. 26:

Google disputes this statement insofar as it implies that information that Kewazinga sent to Google in 2006 was confidential.  Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 27:**

Kewazinga identified the '226 and '325 patents to Google in 2006, including by providing information about the patents that could be used to find them. Desai Decl., Ex. 2 (KEWAZINGA-G-0003007) at 3015; Desai Decl., Ex 20 (KEWAZINGA-G-0003019) at 3030; Desai Decl., Ex. 21 (Sherwood Tr.) at 55:13-56:3, 75:3-9.

**RESPONSE TO STATEMENT NO. 27:**

Because the Court struck "Desai Decl., Ex. 2," Google bases its response on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google disputes this statement. Kewazinga did not identify the '226 and '325 patents to Google in 2006. *See* Filip Decl. ¶ 17; *see generally* Desai Decl., Ex. 2 (KEWAZINGA-G-0003007) at 3015; Desai Decl., Ex 20 (KEWAZINGA-G-0003019) at 3030.

**KEWAZINGA'S STATEMENT NO. 28:**



███████████████████████████████████████████. Desai Decl., Ex. 22 (GOOG-KZGA-00004875); Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14. ████████ ████████████████████████████████████████ ███████████ Desai Decl., Ex. 21 (Sherwood Tr.) at 58:4-10, 72:3-73:25, 114:14-117:14.

**RESPONSE TO STATEMENT NO. 28:**

Google disputes this statement insofar as it implies that ███████████ ████████████████████████████████████████████████████████ ████████ Google also disputes this statement insofar as it implies that ███████████ ████████████████████████████████████ Google does not dispute that ████████████████████████████████████████████████████████ ██████████████████ Desai Decl., Ex. 22 (GOOG-KZGA-00004875). Google does not dispute that ██████████████████████████████████████████. Desai Decl., Ex. 21 (Sherwood Tr.) at 58:4-10, 74:1-77:1; 114:14-117:14. Google does not dispute for the

14

purposes of Kewazinga's motion that ███████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████ Desai Decl., Ex. 21 (Sherwood Tr.) at 18:19-19:5; 141:2-141:20.

**KEWAZINGA'S STATEMENT NO. 29:**

████████████████████████████████████████████████████████

Desai Decl., Ex. 21 (Sherwood Tr.) at 114:14-117:14.

**RESPONSE TO STATEMENT NO. 29:**

Google does not dispute that ████████████████████████████████

████████ Filip Decl. at ¶¶ 12-13.  Therefore Google does not dispute that ████████

████████████████████████████████████ Google disputes and specifically denies

that ███████████████████████████████████████████████████████████████

██████████████████

**KEWAZINGA'S STATEMENT NO. 30:**

Google contends that it was not aware of the '226 and '325 patents prior to the  first communication between Kewazinga and Google in 2013. Desai Decl., Ex. 23 (Google's 6/15/20 Response to Kewazinga's RFA 2).

**RESPONSE TO STATEMENT NO. 30:**

Because the Court struck "Desai Decl., Ex. 23," Google bases its response on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 31:**

Google contends it has never believed it infringed Kewazinga's '226 or '325 patents or that those patents are valid. Desai Decl., Ex. 23 (Google's 6/15/20 Responses to Kewazinga's RFAs 10-11); Desai Decl., Ex. 21 (Sherwood Tr.) at 40:12-25, 42:7-21, 44:10-14.

**RESPONSE TO STATEMENT NO. 31:**

Because the Court struck "Desai Decl., Ex. 23," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 32:**

Google launched Street View on or around May 25, 2007. Filip Decl. ¶ 10.

**RESPONSE TO STATEMENT NO. 32:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 33:**

Street View was being developed during the communications between Google and Kewazinga in 2005-2006. See Filip Decl. at ¶¶ 6, 8. Google did not tell Kewazinga about its work on the "Cityblock" project, Street View, or Google's development of Street View when the parties communicated in 2005-2006 or thereafter. Desai Decl., Ex. 1 (Worley Tr.) at 118:11-19.

**RESPONSE TO STATEMENT NO. 33:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 34:**

On June 10, 2005, an article titled "Google backs street-imaging project" noted that "the Stanford [CityBlock] project is still at the very early stages of development" and that "Google might not even know what it wants to do with the technology yet." Desai Decl., Ex. 62.

**RESPONSE TO STATEMENT NO. 34:**

Because the Court struck "Desai Decl., Ex. 62," Google's response is based on the underlying document.  (*See* D.I. 92; D.I. 95 at 2; D.I. 83-12 (stricken exhibit).)  Google objects to this statement pursuant to Rule 56(c)(2) and L.R. 56(d) because the supporting document, a printout of a purported article authored by Will Knight and titled "Google backs street-imaging project" from the web address https://www.newscientist.com/article/dn7509-google-backs-street-

imaging-project, and the quoted statement, which is being offered for the truth of the matter asserted, constitute hearsay and are inadmissible as evidence under FRE 802. Google also objects to this statement as improper under Rule 56(c)(1)(A) and L.R. 56.1(d) because it relies on a document that was not produced during the equitable estoppel discovery period in this case. Subject to those objections, Google responds as follows:

Google disputes this statement insofar as it implies that the comments in the referenced document reflect the views of Google or its employees. To the contrary, the quoted statement is attributed to "Danny Sullivan, editor of SearchEngineWatch.com." Otherwise, Google does not dispute that this statement accurately identifies the language of the article.

## KEWAZINGA'S STATEMENT NO. 35:

> No evidence produced by Google demonstrates that Google—by virtue of its work on the "Cityblock" project or otherwise— had the idea for smoothing transitions from one location to another, the inclusion of Street View in Google Earth, the capture of imagery using cameras mounted on boats, and the inclusion of navigation of interiors (e.g., museums) in Street View prior to communications with Kewazinga. See Desai Decl., Ex. 19 (KEWAZINGA-G-0003018); Desai Decl., Ex. 20 (KEWAZINGA-G-0003019) at 3019, 3022, 3026, 3030.

## RESPONSE TO STATEMENT NO. 35:

Because the Court struck "Desai Decl., Ex. 19," Google bases its response on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google disputes this statement. Google produced materials showing the CityBlock team was planning on incorporating "glide projections" to transition from image to image to balance between orthographic projection and single-point perspective projection. *See* D.I. 60-1 (Filip Decl., Ex. 1 (GOOG-KZGA-00001161, GOOG-KZGA-00001157-1166)). Google produced materials showing, by at least 2004, Google was contemplating how satellite aerial photography could interface with the street level imagery completed thus far, noting that satellite aerial

photography was "not like driving or walking." (GOOG-KZGA-1345).   The team also had interfaced the street level imagery they had collected with 3D models and aerial photography. (GOOG-KZGA-1349–1350, -1352).   Google Earth uses satellite aerial photography and 3D models.  Google further produced materials showing the CityBlock team using "pose estimation" to improve the transition from image to image captured with the video.  Google produced materials that Google was contemplating using CityBlock technology for "virtual tourism" (GOOG-KZGA-00001280), pairing CityBlock with satellite aerial photography (GOOG-KZGA-00001256), that Google would need to "align[] and blend[] videos" (GOOG-KZGA-00001383), that Google would want "linear panoramas of rivers, ski slopes, coral reefs, underwater shipwrecks, etc" (GOOG-KZGA-0001383), and that the applications extended to spaces such as a "museum gallery" or even an "artery or intestine" (GOOG-KZGA-00001359).  No one on the Street View team received the Kewazinga materials.  Filip Decl. ¶¶ 12-13.

**KEWAZINGA'S STATEMENT NO. 36:**



Desai Decl., Ex. 25 (GOOG-KZGA-00002093) at 2111-13 *see also* Desai Decl., Ex. 26, Google's Third Amended and Supplemental Response to Kewazinga's Interrogatory No. 1 at 11.

**RESPONSE TO STATEMENT NO. 36:**

Because the Court struck "Desai Decl., Ex. 25" and "Desai Decl., Ex. 26," Google bases its response on the underlying documents. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 37:**

The '226 and '325 patents were filed in 1999, prior to the origin of the Stanford "Cityblock" project. Filip Decl. ¶ 4.

18

**RESPONSE TO STATEMENT NO. 37:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 38:**

The transition of the "Cityblock" project internally to Google began in 2005, which was after the '226 and '325 patents issued in 2003. Filip Decl. ¶ 5.

**RESPONSE TO STATEMENT NO. 38:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 39:**

Street View is a feature included in Google Maps. Desai Decl., Ex. 27 (GOOG-KZGA-00001576) at 1576 (referring to "Google Maps Street View").

**RESPONSE TO STATEMENT NO. 39:**

Because the Court struck "Desai Decl., Ex. 27," Google bases its response on the

underlying document. (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 40:**

Street View is a feature included in Google Earth. Desai Decl., Ex. 28 (GOOG-KZGA-00001633) at 1633-34. Street View was incorporated into Google Earth in or around April 2008. Desai Decl., Ex. 28 (GOOG-KZGA-00001633) at 1633.

**RESPONSE TO STATEMENT NO. 40:**

Because the Court struck "Desai Decl., Ex. 28," Google bases its response on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 41:**

Street View allows users to "virtually explore city neighborhoods by viewing and navigating within 360-degree scenes of street-level imagery. It feels as if you're walking down the street!"  Desai Decl., Ex. 27 (GOOG-KZGA-00001576) at 1576;

Desai Decl., Ex. 21 (Sherwood Tr.) at 81:12-82:10; Desai Decl., Ex. 24 (Marquardt Tr.) at 83:23-84:8.

## RESPONSE TO STATEMENT NO. 41:

Because the Court struck "Desai Decl., Ex. 27," Google bases its response on the underlying document. (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 42:

Google captures images for use in Street View by using cameras mounted on vehicles that capture images as the vehicles move. Desai Decl., Ex. 24 at 79:9-15.

## RESPONSE TO STATEMENT NO. 42:

Google does not dispute that some images used in Street View are captured by using cameras mounted on vehicles that capture images as the vehicles move, but disputes that all images used in Street View are captured in this way, or that all images that Google captures in this way are used for Street View.  Desai Decl., Ex. 24 (Marquardt Tr.) at 222:7-225:12, 253:6-8.

## KEWAZINGA'S STATEMENT NO. 43:

Street View includes imagery captured by cameras mounted on boats. Desai Decl., Ex. 29 (KEWAZINGA-G-0005820) at 5820, 5824; Desai Decl., Ex. 24 at 115:9-118:24.

## RESPONSE TO STATEMENT NO. 43:

Because the Court struck "Desai Decl., Ex. 29," Google's response is based on the underlying document. (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 44:

Street View includes imagery allowing users to navigate interiors including, for example, museums. Desai Decl., Ex. 30 (KEWAZINGA-G-0006102) at 6103-04; Desai Decl., Ex. 24 (Marquardt Tr.) at 121:19-126:4.

**RESPONSE TO STATEMENT NO. 44:**

Because the Court struck "Desai Decl., Ex. 30," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 45:**

Street View includes a transition animation effect when a user moves from one location to another in Street View, which makes those transitions smoother and "create[s] the effect of gliding smoothly to the next location."  Desai Decl., Ex. 31 (GOOG-KZGA-00006200) at 6200;  Desai Decl., Ex. 24 (Marquardt Tr.) at 109:16-19.

**RESPONSE TO STATEMENT NO. 45:**

Because the Court struck "Desai Decl., Ex. 31," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute that Street View has included a transition animation effect when a user moves from one point to another, and that its functionality has changed over time, as reflected in (GOOG-KZGA-00006200) at 6200.

**KEWAZINGA'S STATEMENT NO. 46:**

Kewazinga patents (including the '226 patent) and applications have been cited during the prosecution of Google's owns patents including U.S. Patent Nos. 8,125,481; 9,294,757; 10,033,992; 8,823,707; and 9,473,745. Desai Decl., Exs. 32-36.

**RESPONSE TO STATEMENT NO. 46:**

Because the Court struck "Desai Decl., Exs. 32-36," Google bases its response on the underlying documents.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 47:**

████████████████████████████████████████████
██████████████. Desai Decl., Ex. 37 (KEWAZINGA-G-0003191).█
█████████████████████████████████████ *Id.*

**RESPONSE TO STATEMENT NO. 47:**

Because the Court struck "Desai Decl., Ex. 37," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 48:**

████████████████████████████████████████████
████████████ Desai Decl., Ex. 38 (GOOG-KZGA-00002960) at 2960.█
██████████████ Desai Decl., Ex. 21 (Sherwood Tr.) at 145:13-146:13.█
████████████████████ Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13.

**RESPONSE TO STATEMENT NO. 48:**

 Because the Court struck "Desai Decl., Ex. 38," Google's response is based on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 49:**

On May 24, 2013, Kewazinga filed a lawsuit against Google in D. Del. alleging infringement of the '226 and '325 patents ("2013 Action"). Desai Decl., Ex. 39.

**RESPONSE TO STATEMENT NO. 49:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 50:**

On May 28, 2013, Kewazinga's counsel informed Google that Kewazinga had filed a lawsuit against Google in D. Del. alleging infringement of the '226 and '325 patents. Desai Decl., Ex. 40 (KEWAZINGA-G-0003388) at 3388.

**RESPONSE TO STATEMENT NO. 50:**

Because the Court struck "Desai Decl., Ex. 40," Google's response is based on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 51:**

Desai Decl., Ex. 41 (KEWAZINGA-G-0003277) at 3277.

*Id.*

**RESPONSE TO STATEMENT NO. 51:**

Google does not dispute that on August 14, 2013, Google confirmed

Desai Decl., Ex. 41 (KEWAZINGA-G-0003277) at 3277.  After Google's confirmation, Kewazinga provided

Desai Decl., Ex. 41 (KEWAZINGA-G-0003277) at 3277.

**KEWAZINGA'S STATEMENT NO. 52:**

Representatives of Google and Kewazinga met in person on August 19, 2013 to discuss Kewazinga's patents and the 2013 Action. *See* Desai Decl., Ex. 42 (KEWAZINGA-G-0003374) at 3374. At the parties' in-person meeting, representatives of Google, including Mr. Sherwood, contended that Street View did not infringe because it did not have an "array of cameras." Desai Decl., Ex. 21 (Sherwood Tr.) at 169:11-170:6; Desai Decl., Ex. 1 (Worley Tr.) at 142:6-143:3.

23

At the meeting, representatives of Kewazinga disagreed with Google's position and maintained that Google infringed the '226 and '325 patents. Desai Decl., Ex. 21 (Sherwood Tr.) at 166:3-167:12; Desai Decl., Ex. 1 (Worley Tr.) at 142:6-144:3.

**RESPONSE TO STATEMENT NO. 52:**

Because the Court struck "Desai Decl., Ex. 42," Google's response is based on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 53:**



(Sherwood Decl., Ex. 9).

**RESPONSE TO STATEMENT NO. 53:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 54:**

> Neither Kewazinga nor its counsel ever told Google (1) that Kewazinga no longer believed that Google infringed the '226 and '325 patents; (2) that Kewazinga agreed that Google did not infringe those patents; or (3) that Kewazinga believed its infringement assertion to be weak. Desai Decl., Ex. 23 (Google's 6/15/2020 Responses to Kewazinga's RFAs 6, 7); Desai Decl., Ex. 21 (Sherwood Tr.) at 176:15-177:17; Desai Decl., Ex. 1 (Worley Tr.) at 142:6-144:3l.

**RESPONSE TO STATEMENT NO. 54:**

Google does not dispute that Kewazinga did not explicitly state "that Kewazinga no longer believed that Google infringed the '226 and '325 patents;" "that Kewazinga agreed that Google did not infringe those patents;" or "that Kewazinga believed its infringement assertion to be weak." Instead, it was Kewazinga's conduct and Kewazinga's statement that it "had no intention of serving Google" that led Google to believe Kewazinga had reached those conclusions.  Sherwood Decl. at ¶¶ 15-16, 20.

**KEWAZINGA'S STATEMENT NO. 55:**

> Google filed a motion to dismiss the 2013 Action for failure to serve the complaint within the time period required by Fed. R. Civ. P. 4(m). Desai Decl., Ex. 43 (KEWAZINGA-G-0003524). Google's motion to dismiss the 2013 Action omitted the fact that the dismissal would be without prejudice, as required by Fed. R. Civ. P. 4(m). *See id.* at 3525-27.

**RESPONSE TO STATEMENT NO. 55:**

Because the Court struck "Desai Decl., Ex. 43," Google's response is based on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google disputes this statement insofar it implies that Google was required to indicate in its motion to dismiss the 2013 Action that the requested dismissal would be without prejudice.  Fed. R. Civ. P. 4(m) did not require that Google do so.  Google does not dispute that it filed a motion to dismiss the 2013 Action for failure to serve the complaint.

**KEWAZINGA'S STATEMENT NO. 56:**

Google understood that Fed. R. Civ. P. 4(m) dismissals would be without prejudice. Desai Decl., Ex. 21 (Sherwood Tr.) at 183:1-185:11.

**RESPONSE TO STATEMENT NO. 56:**

Google disputes this statement insofar as it implies that Google should have gleaned from Kewazinga's non-opposition to Google's Motion to Dismiss the 2013 Action that Kewazinga intended to continue to pursue its infringement claims against Google in the future. Otherwise, Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 57:**

Kewazinga filed a non-opposition to Google's motion to dismiss, emphasizing that the dismissal was without prejudice, stating:

> After filing this action and up until Google's filing of the Motion, Plaintiffs and Google were engaged in settlement discussions. Consequently, Kewazinga had no intention of serving Google.
>
> Notwithstanding the foregoing and in light of the Motion, Plaintiffs do not oppose the dismissal of this action without prejudice.

(Sherwood Decl., Ex. 10 (emphasis in original).)

**RESPONSE TO STATEMENT NO. 57:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 58:**

Kewazinga's non-opposition did not indicate that Kewazinga was abandoning its right to pursue its infringement claims against Google in the future because Kewazinga expressly emphasized that the dismissal was "without prejudice." Sherwood Decl., Ex. 10.

**RESPONSE TO STATEMENT NO. 58:**

Google disputes this statement insofar as it implies that Kewazinga's non-opposition to Google's motion to dismiss the 2013 Action indicated that Kewazinga intended to pursue its

infringement claims against Google in the future.  Sherwood Decl., Ex. 10.  Google does not

dispute that Kewazinga emphasized the word "without" in its non-opposition.

**KEWAZINGA'S STATEMENT NO. 59:**

> After the dismissal of the 2013 Action, Kewazinga continued to prosecute patent applications in the same family as the '226 and '325 patents and Google was aware of this. Sherwood Decl. ¶ 13; Sherwood Decl., Ex. 9. This included the prosecution of U.S. Patent Application No. 14/505,208, which was filed on October 2, 2014 and claimed priority to the '226 and '325 patents, and which issued as the '234 patent on June 9, 2015. Desai Decl., Ex. 61 ('234 patent) at pg. 1, "Filed," "Appl. No.," "Related U.S. Application Data."  The prosecution of these applications is matter of public record.

**RESPONSE TO STATEMENT NO. 59:**

Because the Court struck "Desai Decl., Ex. 61," Google's response is based on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purpose of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 60:**

> Google contends that it had no knowledge of the '234 patent until 2018. Desai Decl., Ex. 23 (Google's 6/15/20 Response to Kewazinga's RFA 27).

**RESPONSE TO STATEMENT NO. 60:**

Because the Court struck "Desai Decl., Ex. 23," Google's response is based on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 61:**

> Google and Kewazinga never communicated about the '234 patent or the patent application that issued as the '234 patent prior to the current lawsuit.

**RESPONSE TO STATEMENT NO. 61:**

Google does not dispute that it and Kewazinga did not discuss the '234 patent specifically

before the current lawsuit.  However, Google disputes this statement to the extent that it implies

Google was not aware of the '234 patent prior to the current lawsuit, because the '234 patent was included in the 2018 Microsoft lawsuit, ███████████████████████████ ███████████████████████████ Sherwood Decl. ¶ 30; *id*. Ex. 14 at 4.  Furthermore, prior to the current lawsuit, ███████████████████████████████ ███████████████████████████████████████████ D.I. 62-6 (Sherwood Decl. Ex. 9 at KEWZINGA-G-0003273.)

## KEWAZINGA'S STATEMENT NO. 62:

In 2013, Google collected documents in connection with the 2013 Action, including those it needed to respond to Kewazinga's complaint.

Q. In 2005 and 2006 -- excuse me. In 2013, you collected documents from some of the people involved in the 2005, 2006 interactions with Kewazinga?

A. That -- that's right. We collected documents from the people who were identified in Kewazinga's complaint.

Desai Decl., Ex. 21 (Sherwood Tr.) at 243:23-244:3; *see also id.* at 201:1-9.

## RESPONSE TO STATEMENT NO. 62:

Google disputes this statement to the extent it purports to characterize the quoted testimony, which speaks for itself.  Otherwise, Google does not dispute that this statement accurately quotes the cited portion of Desai Decl. Ex. 21.

## KEWAZINGA'S STATEMENT NO. 63:

Google preserved the documents it collected in connection with the 2013 Action.

Q. These documents that were collected in 2013 regarding Kewazinga's claims have been preserved until today within Google?

A. That's -- that's my understanding, that the documents that were specifically collected as part of this effort were preserved.

Desai Decl., Ex. 21 (Sherwood Tr.) at 199:9-14; *see also id.* at 201:10-18.

28

**RESPONSE TO STATEMENT NO. 63:**

Google disputes this statement to the extent it purports to characterize the quoted testimony, which speaks for itself. Otherwise, Google does not dispute that this statement accurately quotes the cited portion of Desai Decl., Ex. 21.

**KEWAZINGA'S STATEMENT NO. 64:**

> Mr. Sherwood was designated to testify as Google's corporate representative regarding "the status, preservation, and retention of documents related to Kewazinga, the Patents-in-Suit, and the Named Inventors, and the relevant loss of such documents over time." Ex. 49, (Google's 6/9/20 Responses to Kewazinga's 30(b)(6) Topics) at No. 6; *see also* Desai Decl., Ex. 21 (Sherwood Tr.) at 18:7-13. Mr. Sherwood was unable to identify with any specificity what documents Google contends have been lost or how that resulted from Kewazinga's conduct. Desai Decl., Ex. 21 (Sherwood Tr.) at 209:17-210:1. At most, Mr. Sherwood identified the purported loss of communications between Google's in-house counsel and Kewazinga's outside counsel in late 2013 but was unable to identify their relevance. Desai Decl., Ex. 21 (Sherwood Tr.) at 210:2-212:9.

**RESPONSE TO STATEMENT NO. 64:**

Google disputes this statement insofar as it indicates that Google was unable to identify with specificity documents that it has lost as a result of Kewazinga's misleading conduct. To the contrary, Google specifically identified 2013 communications *from Google* to Kewazinga that Kewazinga produced in this case and that were no longer in Google's possession. Sherwood Decl. ¶ 24. Google disputes that Mr. Sherwood was unable to identify the relevance of those lost 2013 communications. Mr. Sherwood testified that they "could be relevant to equitable estoppel, to Google's noninfringement defenses and also to Google's damages defenses." *See* Desai Decl., Ex. 21 (Sherwood Tr.) at 210:2-212:9. Google does not dispute that Mr. Sherwood was designated to testify regarding "the status, preservation, and retention of documents related to Kewazinga, the Patents-in-Suit, and the Named Inventors, and the relevant loss of such documents over time," amongst other things. Google does not dispute that it lacks a complete accounting of all materials

lost because lost materials by their very nature cannot be accounted for.  Sherwood Decl. ¶ 24.

## KEWAZINGA'S STATEMENT NO. 65:



Desai Decl., Ex. 21 (Sherwood Tr.) at 206:19-207:4. *Id.* at 209:7-9. *Id.* at 205:1-7. s. Sherwood Decl., Ex. 12 at 2672; Desai Decl., Ex. 21 (Sherwood Tr.) at 203:25-206:3.

## RESPONSE TO STATEMENT NO. 65:



Google does not dispute that

Google does not dispute that

Google does not dispute that

Google does not dispute that,

## KEWAZINGA'S STATEMENT NO. 66:

Mr. Sherwood could not identify any additional individuals he needed to speak to or documents that he needed to review before testifying on behalf of Google. Desai Decl., Ex. 21 (Sherwood Tr.) at 25:13-26:4, 27:11-28:8.

## RESPONSE TO STATEMENT NO. 66:

Google disputes this statement to the extent it mischaracterizes the cited testimony.  Mr. Sherwood testified that he did not identify any additional individuals he needed to speak to or documents that he needed to review before testifying on behalf of Google on the 30(b)(6) deposition topics for which he was offered, subject to the objections Google made to the topics. Desai Decl., Ex. 49 (Google's 6/9/20 Responses to Kewazinga's 30(b)(6) Topics) at 1-24.

**KEWAZINGA'S STATEMENT NO. 67:**

Mr. Marquardt, Google's other 30(b)(6) witness, could not identify any additional individuals he needed to speak to or documents that he needed to review before testifying on behalf of Google. Desai Decl., Ex. 24 (Marquardt Tr.) at 60:13-61:10, 63:12-64:1.

**RESPONSE TO STATEMENT NO. 67:**

Google does not dispute that Mr. Marquardt did not initially identify specific individuals or documents when he was first asked whether there was anyone else he thought he needed to speak to in order to be prepared to testify knowledgably on behalf of Google at his deposition, as he responded in part "I -- there are -- you know, there are other people who I could certainly think to talk to if the questioning went in a direction that I wasn't comfortable with, and -- and again, I -- I'm pretty sure that I've mentioned everybody who I spoke to, you know, prior to this."  Desai Decl., Ex. 24 (Marquardt Tr.) at 60:22-61:2.  Google further does not dispute that Mr. Marquardt later identified other individuals, including Dan Thomasset, who would be able to provide answers to questions Kewazinga presented that were outside the scope of the topics for which Mr. Marquardt was designated to testify on.  Desai Decl., Ex. 24 (Marquardt Tr.) at 245:14-25.  Google disclosed Dan Thomasset in both its Initial Disclosures served on Kewazinga on April 29, 2020, and in Google's Amended Initial Disclosures served on May 15, 2020.   Google's Initial Disclosures at 4; Google's Amended Initial Disclosures at 5.  Kewazinga did not depose Mr. Thomasset, though it had an opportunity to do so.

**KEWAZINGA'S STATEMENT NO. 68:**

During discovery in this case, Google did not investigate whether the former employees that it identifies as "likely [to] have knowledge relevant to Kewazinga's allegations"  (D.I. 63 ¶ 44) are unavailable.

Q. The second sentence reads: "For example, at least the following Google potential witnesses have left Google since the dismissal of the 2013 Kewazinga suit: Augusta Roman, Brian Dick, Brian McClendon, Gaurav

Garg, Kei Kawai, Luc Vincent, Marc Levoy, Sebastian Thrun and Stephen Chau." … And I know we talked about some of these names already, but are you aware of anyone at Google trying to contact any of those individuals regarding the -- this litigation?

A. At this time I'm not.

Desai Decl., Ex. 21 (Sherwood Tr.) at 248:21-249:9.

**RESPONSE TO STATEMENT NO. 68:**

Google disputes this statement insofar as it characterizes the quoted testimony, which speaks for itself.  Google disputes that "Google did not investigate whether the former employees that it identifies as 'likely [to] have knowledge relevant to Kewazinga's allegations'   are unavailable."  To the contrary, Google investigated former Google employees, several of whom now work at Google's direct competitors and have adverse interests to Google.  Sherwood Decl. ¶ 32; Filip Decl. ¶ 18.  Google does not contest that it has not yet tried to contact the former employees regarding this litigation.  Desai Decl., Ex. 21 (Sherwood Tr.) at 248:21-249:9.  Google does not dispute that this statement accurately quotes the cited portion of Desai Decl. Ex. 21.

**KEWAZINGA'S STATEMENT NO. 69:**

There was no bar to Google filing a declaratory judgment against Kewazinga after the dismissal of the 2013 Action.

**RESPONSE TO STATEMENT NO. 69:**

Google disputes this statement.  An active case-or-controversy is required to provide standing for a declaratory judgment action and following the dismissal of the 2013 Action there was no active case-or-controversy between Google and Kewazinga.  Sherwood Decl. ¶ 20; Desai Decl., Ex. 21 (Sherwood Tr.) at 252:17-253:1.

**KEWAZINGA'S STATEMENT NO. 70:**

There was, and is currently, no bar to Google filing petitions for *inter partes* review ("IPR") of the '226 and '325 patents after the dismissal of the 2013 Action because the complaint in the 2013 Action was not served on Google. 35 U.S.C. § 315(b).

**RESPONSE TO STATEMENT NO. 70:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 71:**

Street View became "one of Google Maps' most popular features" by 2009. Desai Decl., Ex. 44 (GOOG-KZGA-00001671) at 1671.

**RESPONSE TO STATEMENT NO. 71:**

Because the Court struck "Desai Decl., Ex. 44," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement..

**KEWAZINGA'S STATEMENT NO. 72:**



Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2124.

**RESPONSE TO STATEMENT NO. 72:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 73:**

███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████ Decl., Ex. 45 (GOOG-KZGA-00002115) at 2124.

**RESPONSE TO STATEMENT NO. 73:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 74:**

███████████████████████████████████████████████████
███████████████████████████████████████████████████
██████████████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-
00002115) at 2116. ██████
███████████████████████████████ Desai Decl., Ex. 24 (Marquardt Tr.) at 75:16-
76:12, 160:9-161:14, 162:5-12.

**RESPONSE TO STATEMENT NO. 74:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 75:**

███████████████ Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2125.

**RESPONSE TO STATEMENT NO. 75:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 76:**

███████████████ Desai Decl., Ex. 24 (Marquardt Tr.) at 265:4-267:9.

**RESPONSE TO STATEMENT NO. 76:**

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 77:**

In June 2008, Google stated "To celebrate Street View's one year birthday, I am very happy to announce we are bringing Street View to 37 (you heard me – 37!) new areas and we have expanded coverage in 15 of our existing areas. All in all, this effectively doubles our coverage." Desai Decl., Ex. 46 (GOOG-KZGA-00001869).

**RESPONSE TO STATEMENT NO. 77:**

Because the Court struck "Desai Decl., Ex. 46," Google bases its responses on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement..

**KEWAZINGA'S STATEMENT NO. 78:**

In June 2011, Google stated "Since we launched Street View on Google Maps in the U.S. in 2007, we've added 26 more countries and enabled you to explore images across all seven continents. Today we're excited to share with you the latest expansion of Street View because it's our biggest update yet. … Be it for armchair travel from the comfort of your computer, or to figure out where you might want to visit on your next vacation, we're thrilled to continue our expansion of Street View." Desai Decl., Ex. 47 (GOOG-KZGA-00001829).

**RESPONSE TO STATEMENT NO. 78:**

Because the Court struck "Desai Decl., Ex. 47," Google bases its response on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 79:**



Desai Decl., Ex. 48 (GOOG-KZGA-00005181).

*Id.*

*Id.*

**RESPONSE TO STATEMENT NO. 79:**

Google does not dispute this statement.

35

**KEWAZINGA'S STATEMENT NO. 80:**

>Kewazinga has at no point had actual knowledge of Google's investments in Street View. Desai Decl., Ex. 1 (Worley Tr.) at 172:15-174:18; Desai Decl., Ex. 5 (Smalheiser Tr.) at 54:3-56:17.

**RESPONSE TO STATEMENT NO. 80:**

Google lacks sufficient information to evaluate the truth of this statement.  Google does not dispute that Leonard Smalheiser testified that "Google seems to have spent quite a bit of money deploying Street View on a global basis" and "As mentioned, I don't have access to specific metrics, but my assumption is that Google has probably invested a considerable sum of money in Google Street View."  Desai Decl., Ex. 5 (Smalheiser Tr.) at 48:20-49:16.  Google does not dispute that Kewazinga may not know the exact dollar amounts invested into Street View.

**KEWAZINGA'S STATEMENT NO. 81:**

>Google has made no changes to Street View or its investment in Street View because of the '226 patent or the '325 patent. Desai Decl., Ex. 23 (Google's 6/15/20 Responses to Kewazinga's RFAs 12, 14).

**RESPONSE TO STATEMENT NO. 81:**

Google does not dispute this statement for the purposes of Kewazinga's motion, except to the extent it implies that Google was required to make "changes to Street View or its investments in Street View because of the '226 patent or the '325 patent" in order to establish equitable estoppel.

**KEWAZINGA'S STATEMENT NO. 82:**

>At his deposition, Mr. Sherwood, designated to testify on behalf of Google about "Google's development of Street View in light of Google's interactions with Kewazinga" and "Google's investment in Street View in light of Google's interactions with Kewazinga" could not identify a specific change made, did not make, or considered for Street View, prior to the current lawsuit, because of Kewazinga or its patents.

Q. Are you aware of anyone within Google ever proposing specific changes to Street View to lessen the risk that Google infringed the '325 or the '226 patents?

A. No, we -- we didn't go forward with discussions of -- of that nature, given that Kewazinga declined to go forward with its 2013 lawsuit and indicated that it had no intention of doing so.

Desai Decl., Ex. 21 (Sherwood Tr.) at 44:1-9 (objections omitted); *see also id.* at 41:1-23, 42:22-43:7, 44:15-21; *see also* Desai Decl., Ex. 49 (Google's 6/9/20 Responses to Kewazinga's 30(b)(6) Topics) at Nos. 11, 12, 17; Desai Decl., Ex. 21 (Sherwood Tr.) at 18:7-13.

## RESPONSE TO STATEMENT NO. 82:

Because the Court struck "Desai Decl., Ex. 49," Google bases its response on the

underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google disputes this statement insofar as it purports to characterize the testimony of Mr.

Sherwood, which speaks for itself.  Google does not dispute that this statement accurately quotes

the cited portion of Desai Decl. Ex. 21.

## KEWAZINGA'S STATEMENT NO. 83:

At his deposition, Mr. Sherwood could not identify anything that Google would have done differently with respect to Street View if Kewazinga had not brought the 2013 Action.

Q. So if Kewazinga had never brought the 2013 litigation, it's possible nothing would have changed with how Google approached Street View?

A. Yeah, I -- I don't know.

Desai Decl., Ex. 21 (Sherwood Tr.) at 252:11-16 (objections omitted).

## RESPONSE TO STATEMENT NO. 83:

Google disputes this statement insofar as it purports to characterize the testimony of Mr.

Sherwood, which speaks for itself.  Google does not dispute that this statement accurately quotes

the cited portion of Desai Decl. Ex. 21.

**KEWAZINGA'S STATEMENT NO. 84:**

At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "Google's development and integration of Street View" and "Google's investment in Street View between 2005 and 2020" could not identify a specific change made, did not make, or considered for Street View, prior to the current lawsuit, because of Kewazinga or its patents. Desai Decl., Ex. 24 (Marquardt Tr.) at 257:17-259:25; *see also* Desai Decl., Ex. 49 (Google's 6/9/20 Responses to Kewazinga's 30(b)(6) Topics) at Nos. 10, 16; Desai Decl., Ex. 24 (Marquardt Tr.) at 11:6-15.

**RESPONSE TO STATEMENT NO. 84:**

Because the Court struck "Desai Decl., Ex. 49," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute that no one on the Street View team received the Kewazinga materials sent in 2005 and 2006.  Filip Decl. at ¶¶ 12-13.  Therefore, Google does not dispute that it did not consider any changes to Street View in light of Kewazinga's materials.  Google does not dispute that, after the dismissal of the 2013 Action, Kewazinga and Kewazinga's patents did not impact Google's investments in Street View because Google believed that Kewazinga did not intend to pursue patent infringement claims against Google.  Google's 6/15/20 Responses to Kewazinga's First Requests for Admission at No. 12.

**KEWAZINGA'S STATEMENT NO. 85:**

Between March 2013, when Google received an email from Kewazinga's counsel discussing the '325 and '226 patents and stating that they "cover[] street view applications," and October 2013, when Kewazinga filed a non-opposition to Google's motion to dismiss the 2013 Action without prejudice, Google did not make or consider any changes to Street View. Desai Decl., Ex. 21 (Sherwood Tr.) at 146:10-13, 153:11-154:20, 156:1-17, 173:19-174:21; Desai Decl., Ex. 24 (Marquardt Tr.) at 257:17-259:25.

**RESPONSE TO STATEMENT NO. 85:**

Google disputes this statement.  The proposals submitted by the law firms Perkins Coie and Akin Gump between March 2013 and October 2013 included discussion relating to non-

infringing alternatives relating to Street View.  Sherwood Decl. ¶¶ 18-19;  Desai Decl., Ex. 21

(Sherwood Tr.) at 153:11-22.

## KEWAZINGA'S STATEMENT NO. 86:

> The alleged "non-infringing alternatives" from outside counsel in 2013 (Sherwood
> Decl. ¶¶ 9, 18) were proposed litigation arguments, not business proposals to
> minimize risk. Sherwood Decl., Ex. 6; Sherwood Decl., Ex. 7. Google was
> receiving proposals from outside counsel by June 2013, including a proposal to file
> IPRs by October 15, 2013, but Google appears to have taken no action on these
> proposals through the dismissal of the litigation without prejudice in November
> 2013. Sherwood Decl. ¶ 10; *id.*, Ex. 8 at GOOG-KZGA-00002719. For example,
> Google did not file IPRs on the '226 or '325 patents by October 15, 2013, as
> proposed by outside counsel, and has still not filed any. Sherwood Decl. ¶ 10; *id.*,
> Ex. 8 at GOOG-KZGA-00002719.

## RESPONSE TO STATEMENT NO. 86:

Google disputes this statement insofar as the non-infringing alternatives proposed by

Perkins Coie and Akin Gump were limited to just "litigation arguments," as Google pursues non-

infringing alternatives as product changes particularly when, as Kewazinga had done, a patent

owner seeks an injunction and an ongoing royalty.  Desai Decl., Ex. 21 (Sherwood Tr.) at 155:13-

25.  Google does not dispute that it did not act upon the proposals because Kewazinga never served

the complaint and did not press forward with its allegations of infringement.  Sherwood Decl. ¶¶

19-20.

## KEWAZINGA'S STATEMENT NO. 87:

> ███████████████████████████████████████████████
> Desai Decl., Ex. 21 (Sherwood Tr.) at 109:22-111:4. For example, Google was sued
> for patent infringement in 2010 because of Street View in *Vederi, LLC v. Google,
> Inc.*, Case No. 2:10-cv-07747 (C.D. Cal.). Desai Decl., Ex. 50 (KEWAZINGA-G-
> 0006394) (showing case pending for over nine years); Desai Decl., Ex. 51
> (KEWAZINGA-G-0006423) at 6424. Additionally, Google was sued for patent
> infringement in 2011 because of Street View in *Transcenic, Inc. v. Google, Inc. et
> al.*, Case No. 1:11-cv-00582 (D. Del.). Desai Decl., Ex. 52 (KEWAZINGA-G-
> 0006331 (showing case pending for nearly four years); Desai Decl., Ex. 53
> (KEWAZINGA-G-0006622 at 6625-26[)].

**RESPONSE TO STATEMENT NO. 87:**

Because the Court struck "Desai Decl., Exs. 50-53," Google's response is based on the

underlying documents.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement.

**KEWAZINGA'S STATEMENT NO. 88:**



Desai Decl., Ex. 21 (Sherwood Tr.) at 110:11-111:4; see also Desai Decl., Ex. 24
(Marquardt Tr.) at 255:23-257:4, 260:1-261:22.

**RESPONSE TO STATEMENT NO. 88:**

Google disputes this statement insofar as it purports to characterize the quoted testimony.

Google does not dispute that this statement accurately quotes testimony memorialized in Desai

Decl., Ex. 21 (Sherwood Tr.).

**KEWAZINGA'S STATEMENT NO. 89:**

At his deposition, Mr. Marquardt, designated to testify on behalf of Google about
"Google's development and integration of Street View" and "Google's investment

in Street View between 2005 and 2020" could not identify any reason related to Kewazinga for Google's investment in the "Herschel" camera system. Desai Decl., Ex. 24 (Marquardt Tr.) at 221:18-222:6, 257:17-259:25; *see also* Desai Decl., Ex. 49 (Google's 6/9/20 Responses to Kewazinga's 30(b)(6) Topics) at Nos. 10, 16; *see also* Desai Decl., Ex. 24 (Marquardt Tr.) at 11:6-15.

**RESPONSE TO STATEMENT NO. 89:**

Because the Court struck "Desai Decl., Exs. 49," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 90:**

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
██████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2116, 2167; Desai Decl., Ex. 24 (Marquardt Tr.) at 205:7-207:5.

**RESPONSE TO STATEMENT NO. 90:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 91:**

Google's reasons for investing in the "Herschel" camera system were its own business considerations. Desai Decl., Ex. 24 (Marquardt Tr.) at 172:14-174:21, 176:12-19, 177:1-181:9, 221:18-222:6.

**RESPONSE TO STATEMENT NO. 91:**

Google disputes this statement insofar as the phrase "business considerations" is vague and ambiguous.  Google disputes this statement insofar as it implies that Google's ***only*** "reasons for investing in the 'Herschel' camera system were its own business considerations." Google does not dispute that the testimony cited as support for this statement reflects some of Google's motivations for investing in its next generation "Herschel" system.

**KEWAZINGA'S STATEMENT NO. 92:**

█████████████████████████████████████████████████████████████
███████████████████████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-
00002115) at 2116, 2123; Desai Decl., Ex. 24 (Marquardt Tr.) at 172:4-173:10.

**RESPONSE TO STATEMENT NO. 92:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 93:**

█████████████████████████████████████████████████████████████
██████████████████████████████ Desai Decl., Ex. 45 (GOOG-
KZGA-00002115) at 2123, 2126, 2127, 2138; Desai Decl., Ex. 24 (Marquardt Tr.)
at 172:14-173:10.

**RESPONSE TO STATEMENT NO. 93:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 94:**

█████████████████████████████████████████████████████████████
████████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2116,
2126, 2127; Desai Decl., Ex. 24 (Marquardt Tr.) at 176:12-19.

**RESPONSE TO STATEMENT NO. 94:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 95:**

█████████████████████████████████████████████████████████████
████████████████████████████████████ Desai Decl., Ex.
45 (GOOG-KZGA-00002115) at 2116, 2117, 2125, 2127, 2167, 2168; Desai Decl.,
Ex. 24 (Marquardt Tr.) at 177:1-181:9.

**RESPONSE TO STATEMENT NO. 95:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 96:**

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
████████████████████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-
00002115) at 2118, 2127, 2167; Desai Decl., Ex. 24 (Marquardt Tr.) at 207:6-
208:18.

**RESPONSE TO STATEMENT NO. 96:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 97:**

███████████████████████████████████████████████████████████████
███████████████████████████ Desai Decl., Ex. 45 (GOOG-KZGA-00002115) at 2124, 2125;
Desai Decl., Ex. 24 (Marquardt Tr.) at 199:17-200:6.

**RESPONSE TO STATEMENT NO. 97:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 98:**

Google has never stopped offering Street View in the United States.

**RESPONSE TO STATEMENT NO. 98:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 99:**

At his deposition, Mr. Marquardt, designated to testify on behalf of Google about
"potential alternative designs of Street View and the feasibility of implementing
alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any instance of
Google considering stopping offering Street View in the United States based on a
patent infringement litigation, prior to the current litigation. Desai Decl., Ex. 24
(Marquardt Tr.) at 236:13-17.

**RESPONSE TO STATEMENT NO. 99:**

Google disputes this statement insofar as it implies Google is required to demonstrate that

it "considered stopping offering Street View in the United States based on a patent infringement

43

litigation, prior to the current litigation" to establish that retiring its Street View product was an alternative Google could have and would have considered had Kewazinga pressed forward with its claims.  Google does not dispute that it has not stopped offering in the United States based on patent litigation.  Desai Decl., Ex. 24 (Marquardt Tr.) at 236:13-17.  Google has, however, stopped publishing Street View imagery in some regions due to legal considerations (Marquardt Decl. ¶ 26) and has retired other products in the past where the products were popular with users, but did not justify the annual upkeep expenses.  (Marquardt Decl. ¶¶ 24-25).

## KEWAZINGA'S STATEMENT NO. 100:

> At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any instance of Google removing the transition effect that occurs in Street View when a user moves from one panorama to another. Desai Decl., Ex. 24 (Marquardt Tr.) at 236:18-237:13.

## RESPONSE TO STATEMENT NO. 100:

Google disputes this statement insofar as it implies that Google was required to demonstrate an instance of "Google removing the transition effect that occurs in Street View when a user moves from one panorama to another."  Google does not dispute that Mr. Marquardt could not identify an instance where Google removed the transition effect.  That said, Mr. Marquardt also testified that such a change was both feasible (Desai Decl., Ex. 24 (Marquardt Tr.) at 239:21-240:05) and "trivially easy" to implement.  Desai Decl., Ex. 24 (Marquardt Tr.) at 240:09-240:11.

## KEWAZINGA'S STATEMENT NO. 101:

> At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any document showing that Google had considered removing the transition effect that occurs in Street View when a user moves from one panorama to another, prior to this litigation. Desai Decl., Ex. 24 (Marquardt Tr.) at 254:9-16.

44

**RESPONSE TO STATEMENT NO. 101:**

Google disputes this statement insofar as it misrepresents Mr. Marquardt's testimony. During Mr. Marquardt's deposition, he clarified the cited testimony one question later: "No. And I should actually, on -- on that first one, where you talked about the transition effect, I need to clarify. So I am aware of documents which talk about a future of Street View that does not contain that -- that transition animation because it's unnecessary. I'm unaware of any document that -- that talks about explicitly removing it for no -- you know, without a replacement. But I am aware of -- of several documents which talk in the future in which we have -- we don't have it because we don't need it because its has been supplanted by -- by other things." Desai Decl., Ex. 24 (Marquardt Tr.) at 254:17-255:7.

**KEWAZINGA'S STATEMENT NO. 102:**

Some users of Street View had expressed an interest in making the transition effect that occurs in Street View when a user moves from one panorama to another optional. Desai Decl., Ex. 54 (GOOG-KZGA-00006219). Google never made that change, however, even though the request had been pending for over two years. *Id.* at 6226.

**RESPONSE TO STATEMENT NO. 102:**

Because the Court struck "Desai Decl., Ex. 54," Google's response is based on the underlying document. (*See* D.I. 92; D.I. 95 at 2.) Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 103:**

At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any instance of Google relocating U.S. Street View data to data centers outside the U.S. Desai Decl., Ex. 24 (Marquardt Tr.) at 243:15-22.

**RESPONSE TO STATEMENT NO. 103:**

Google does not dispute that Mr. Marquardt was designated to testify on the **feasibility** of potential alternatives.  Google does not dispute that Mr. Marquardt testified it would be **feasible** to relocate data centers outside of the U.S. (Desai Decl., Ex. 24 (Marquardt Tr.) at 243:04-14), and Google does not dispute that Mr. Marquardt stated that a Google employee named Dan Thomasset would be able to provide additional information relating to the historical practices at Google with respect to moving data centers abroad that expanded beyond the feasibility of doing so.  Desai Decl., Ex. 24 (Marquardt Tr.) at 245:14-25.  Google does not dispute that it disclosed Dan Thomasset in both its Initial Disclosures served on April 29, 2020, and in its Amended Initial Disclosures served on May 15, 2020.  Google's Initial Disclosures at 4; Google's Amended Initial Disclosures at 5.

**KEWAZINGA'S STATEMENT NO. 104:**

> At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any instance of Google considering relocating U.S. Street View data to data centers outside the U.S, prior to the current litigation. Desai Decl., Ex. 24 (Marquardt Tr.) at 243:23-244:5.

**RESPONSE TO STATEMENT NO. 104:**

Google does not dispute Mr. Marquardt was designated to testify on the **feasibility** of potential alternatives.  Google does not dispute that Mr. Marquardt testified it would be **feasible** to relocate data centers outside of the U.S. (Desai Decl., Ex. 24 (Marquardt Tr.) at 243:04-14), and Google does not dispute that Mr. Marquardt stated that a Google employee named Dan Thomasset would be able to provide additional information relating to the historical practices at Google with respect to moving data centers abroad that expanded beyond the feasibility of doing so.  Desai Decl., Ex. 24 (Marquardt Tr.) at 245:14-25.  Google does not dispute that it disclosed Dan

Thomasset in both its Initial Disclosures served on April 29, 2020, and in its Amended Initial Disclosures served on May 15, 2020.  Google's Initial Disclosures at 4; Google's Amended Initial Disclosures at 5.

**KEWAZINGA'S STATEMENT NO. 105:**

> At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not testify as to whether relocating U.S. Street View data to data centers outside the U.S. would impact the user experience in Street View. Desai Decl., Ex. 24 (Marquardt Tr.) at 244:10-245:25.

**RESPONSE TO STATEMENT NO. 105:**

Google does not dispute that Mr. Marquardt was designated to testify on the **feasibility** of potential alternatives. Google does not dispute that Mr. Marquardt testified it would be **feasible** to relocate data centers outside of the U.S. (Desai Decl., Ex. 24 (Marquardt Tr.) at 243:04-14), and Google does not dispute that Mr. Marquardt stated that a Google employee named Dan Thomasset would be able to provide additional information relating to the historical practices at Google with respect to moving data centers abroad that expanded beyond the feasibility of doing so.  Desai Decl., Ex. 24 (Marquardt Tr.) at 245:14-25.  Google does not dispute that it disclosed Dan Thomasset in both its Initial Disclosures served on April 29, 2020, and in its Amended Initial Disclosures served on May 15, 2020.  Google's Initial Disclosures at 4; Google's Amended Initial Disclosures at 5.

**KEWAZINGA'S STATEMENT NO. 106:**

> Street View does not use prefetching of surrounding panoramas when a user selects a particular Street View location. Desai Decl., Ex. 24 (Marquardt Tr.) at 246:12-15.

**RESPONSE TO STATEMENT NO. 106:**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 107:**

At his deposition, Mr. Marquardt, designated to testify on behalf of Google about "potential alternative designs of Street View and the feasibility of implementing alternatives" (Desai Decl., Ex. 24 at 11:6-15), could not identify any instance of Google considering implementing prefetching of surrounding panoramas in Street View, prior to the current litigation. Desai Decl., Ex. 24 (Marquardt Tr.) at 246:16-24, 250:1-15.

**RESPONSE TO STATEMENT NO. 107:**

Google does not dispute that Mr. Marquardt was designated to testify on the **feasibility** of

potential alternatives. Google does not dispute that Mr. Marquardt declared under oath it would be

**feasible** to prefetch imagery (Marquardt Decl. at ¶ 21), but could not identify any instance of

Google considering implementing prefetching of surrounding panoramas in Street View, prior to

the current litigation.  Desai Decl., Ex. 24 (Marquardt Tr.) at 250:1-15.

**KEWAZINGA'S STATEMENT NO. 108:**

Google has never used a camera system with only a single camera to capture imagery for use in Street View. Desai Decl., Ex. 24 (Marquardt Tr.) at 250:10-252:5.

**RESPONSE TO STATEMENT NO. 108:**

Google disputes this statement.  Early versions of CityBlock's imagery capture involved a

single video camera.  Filip Decl., Ex 1 at 11.  Further, Mr. Marquardt testified that Google was

experimenting with, and he had personally tested, a single fisheye camera at Google.  Desai Decl.,

Ex. 24 (Marquardt Tr.) at 251:06-16.  Users submit imagery to Street View captured with a single

camera. Desai Decl., Ex. 24 (Marquardt Tr.) at 251:17-22.

**KEWAZINGA'S STATEMENT NO. 109:**

The interval between points along the street at which images are captured for Street View is not random. Desai Decl., Ex. 24 (Marquardt Tr.) at 252:14-16.

**RESPONSE TO STATEMENT NO. 109:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 110:**

Stroock & Stroock & Lavan LLP ("Stroock") represented Orchard Enterprises NY, Inc. ("The Orchard") in a copyright infringement action brought by Seugne Botha in the Middle District of Florida ("2018 Orchard Action"). Sammataro Decl. ¶ 4. In addition to The Orchard, Botha's complaint named several other defendants including, *inter alia*, Amazon, Spotify, Microsoft, and Google. *Id.* James Sammataro, a former Stroock attorney, was the partner in charge of Stroock's representation of The Orchard. *Id.* ¶ 5; *see also id.* ¶ 2.

**RESPONSE TO STATEMENT NO. 110:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 111:**

███████████████████████████████████ Sammataro Decl. ¶ 5. ██████████████ *Id.* ███ *Id.*

**RESPONSE TO STATEMENT NO. 111:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 112:**

███████████████████████████████████ Sammataro Decl. ¶ 6; Sherwood Decl., Ex. 14 at 2361-63.

**RESPONSE TO STATEMENT NO. 112:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 113:**

By no later than June 15, 2018, before Mr. Sammataro and Mr. Berry had spoken about the 2018 Orchard Action, Mr. Berry spoke with Mr. Sherwood about Kewazinga and Stroock's representation of Google in the 2018 Orchard Action. Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366. Mr. Sherwood was involved in the 2013 Action and the August 2013 meeting between Google and

49

Kewazinga. Sherwood Decl. ¶¶ 3, 12. At the time he spoke with Mr. Berry about
Stroock's representation in the 2018 Orchard Action, Mr. Sherwood was aware that
Kewazinga had sued Microsoft alleging infringement of the '325, '226, and '234
patents in *Kewazinga Corp. v. Microsoft Corporation*, Case No. 1:18-cv-04500
(S.D.N.Y.). Desai Decl., Ex. 55 (GOOG-KZGA-00004366) at 4366; Desai Decl.,
Ex. 21 (Sherwood Tr.) at 217:11-218:2.

## RESPONSE TO STATEMENT NO. 113:

Google does not dispute this statement for purposes of Kewazinga's motion.

## KEWAZINGA'S STATEMENT NO. 114:

Mr. Berry and Mr. Sherwood discussed the possibility of conflicting out Stroock
from representing Kewazinga in any assertion of its patents against Google. As Mr.
Berry stated:

> Jim [Sherwood] and I talked and agreed the best path forward was
> to ask Stroock if they had any conflict issues -- thinking that if they
> said no, and we engaged them without a waiver, they'd bee [sic]
> conflicted from suing us on the Kewazinga family of patents. (Desai
> Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369.)

Desai Decl., Ex. 21 (Sherwood Tr.) at 221:10-16, 222:18-223:13; *see also* Desai
Decl., Ex. 55 (GOOG-KZGA-00004366); see also Desai Decl., Ex. 57 (GOOG-
KZGA-00004373) ("So … any issues with us hiring Stroock now? If we do, they
can't sue us re Kewazinga! :)").

## RESPONSE TO STATEMENT NO. 114:

Google disputes Kewazinga's characterization of the documents.  Google regularly
requires the law firms that represent it to run conflicts.  Sherwood Decl. ¶ 28. Google specifically
asked Stroock about the Kewazinga matter, did not hide the ball, and the onus was on Stroock to
truthfully represent its conflicts.  *See* Sherwood Decl., Ex 14 at 1-6.  Stroock was the one that
stated ███████████████" (Sherwood Decl., Ex 14 at 5), ███████████
███████████████████████ (Sherwood Decl., Ex 14 at 4),
██████████████████████
████████████ (*id.* (emphasis added)), ███████████████

███████████████████████████████████████████████████

(Sherwood Decl., Ex 15 at 4).   Google would not have hired Stroock, who was at the time

representing Kewazinga in a lawsuit on the patents-in-suit against Microsoft, had it believed

Kewazinga would sue Google again.   Sherwood Decl. ¶ 31.

**KEWAZINGA'S STATEMENT NO. 115:**



. Sammataro Decl. ¶ 8; Sherwood Decl., Ex. 14 at 2359-60. Sammataro Decl. ¶ 8; Sherwood Decl., Ex. 14 at 2359-60. Sammataro Decl. ¶ 10; Sherwood Decl., Ex. 14 at 2359-60. Internal discussions within Google's legal department noted that Stroock "want[e]d a waiver to allow them to use in the future on the Kewazinga family of patents" and that it was "[g]ood to know their intentions, though, I suppose." Desai Decl., Ex. 56 (GOOG-KZGA-00004369) at 4369.

**RESPONSE TO STATEMENT NO. 115**

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 116:**



. Sammataro Decl. ¶ 9. *Id*. ¶¶ 9-10. *Id*. ¶¶ 9-10.

**RESPONSE TO STATEMENT NO. 116:**

Google disputes this statement.   Pursuant to Rule 56(c)(1)(A) and L.R. 56.1(d), Google

objects to Kewazinga's characterization of and improper reliance on Mr. Sammataro's declaration,

who Kewazinga failed to disclose as a party on whom Kewazinga would rely in support of its

claims or defenses, who was therefore not deposed during the equitable estoppel discovery period

in this case, and whose declaration runs contrary to the materials produced in discovery and Google's understanding of the 2018 Stroock retention. ███████████████████████

██████████████████████████████████████████████████████████

████████████████████████████ (Sherwood Decl., Ex. 15 at 4).  Google had no intention of retaining Stroock if there was a conflict.  Sherwood Decl. ¶ 31.  Further, Stroock was ████████

██████████████████████████████████████████████████████████

████████████████████ (Worley Dep. 139:21–140:2; Smalheiser Dep., 144:10–25.)  If there were an agreement to discuss future conflicts as they arose, as Mr. Sammataro presents (Sammataro Decl. ¶ 11), Stroock would have had to immediately address that ████████████

████████████████████████████████████████████ Kewazinga's Response to Google's Statement of Facts, D.I. 86, at 48 ████████████████████████████████████████

██████████████████████ Admitted for purposes of Google's motion").

**KEWAZINGA'S STATEMENT NO. 117:**



Sherwood Decl., Ex. 14 at 2360) ████████████████████████ Sammataro Decl. ¶ 10.

**RESPONSE TO STATEMENT NO. 117:**

Google disputes this statement insofar as it implies that Stroock did not have a current conflict of interest at the time it agreed to represent Google as counsel in the 2018 Orchard action. Google disputes this statement insofar as it implies that Stroock's purported conclusion that ████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████ was reasonable, correct, or proper.  Indeed, the evidence shows that at that time, Stroock was ██████████████████████████████████████

███████ (Worley Dep. 139:21–140:2) based on patents in which Stroock had a security interest (Kewazinga's Statement No. 125; Worley Dep. 44:7–45:3; Smalheiser Dep. 149:21–150:19).   In addition, Google would not have retained Stroock had it expected to be sued by Kewazinga. (Sherwood Decl. ¶ 31.)   Mr. Sammataro also stated that ████████████████████████████ ██████████████████████████████████ (Sherwood Decl., Ex. 14 at 2360.)  Otherwise, Google lacks sufficient information to evaluate the truth of this statement.

**KEWAZINGA'S STATEMENT NO. 118:**

█████████████████████████████████████████████
Sherwood Decl., Ex. 15. █████████████████████████
█████████████ Sammataro Decl. ¶ 11; Sherwood Decl., Ex. 15 at 2366.
████████ *Id.* ██████████████████████████████
█████████████████████████████████████████████
████████ *Id.*

**RESPONSE TO STATEMENT NO. 118:**

Google disputes this statement insofar as it implies that Stroock ███████████████ ████████████████████████████████████████████████████████

Google disputes this statement insofar as it implies that Strook's representation ████████ ████████████████████████████████████████████████████████ ███████████████████████████████ The 2018 Stroock Engagement letter provides that ███████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████

(Sherwood Decl., Ex. 15 at 2366 (emphasis added).)  In accordance with the plain language of that sentence, Google understood that Stroock █████████████████████████████

███████████████████████████████████████████████

████████████████████████ Sherwood Decl. ¶ 31.

**KEWAZINGA'S STATEMENT NO. 119:**

███████████████████████████████████████████ as the plaintiff
reached a settlement with nearly all of the co-defendants, including Google, on
September 29, 2018. Sammataro Decl. ¶ 12; Desai Decl. Ex. 63.

**RESPONSE TO STATEMENT NO. 119:**

Google lacks sufficient information to evaluate the truth of this statement.

**KEWAZINGA'S STATEMENT NO. 120:**

████████████████████████████████████████
████████████████████████████████████████
████████████████ Sammataro Decl. ¶ 13.

**RESPONSE TO STATEMENT NO. 120:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 121:**

████████████████████████████████████████
████████ Desai Decl., Ex. 21 (Sherwood Tr.) at
234:17-21.

**RESPONSE TO STATEMENT NO. 121:**

Google does not dispute this statement for purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 122:**

████████████████████████████████████████
████████████ Sammataro Decl. ¶ 13.

**RESPONSE TO STATEMENT NO. 122:**

Pursuant to Rule 56(c)(1)(A) and L.R. 56.1(d), Google objects to Kewazinga's

characterization of and improper reliance on Mr. Sammataro's declaration, who Kewazinga failed

to disclose as a party on whom Kewazinga would rely in support of its claims or defenses, and

who was therefore not deposed during the equitable estoppel discovery period in this case.  Google

responds as follows:

Google does not dispute that ███████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████

████████████████████████████████████

**KEWAZINGA'S STATEMENT NO. 123:**

Mr. Sherwood agreed that there is no reason Stroock should be conflicted out of representing Kewazinga in the current litigation. Desai Decl., Ex. 21 (Sherwood Tr.) at 235:5-10.

**RESPONSE TO STATEMENT NO. 123:**

Google disputes this statement insofar as it purports to characterize the testimony of Mr.

Sherwood.  Google does not dispute that when asked the question "Do you have any reason to

believe that Stroock should be conflicted out of representing Kewazinga in this litigation?" Mr.

Sherwood testified "No. If -- if I had known back in 2018 that your firm had plans to sue us, I

would have told Bill to seek other counsel and not engage your firm."  Desai Decl., Ex. 21

(Sherwood Tr.) at 235:5-10.

**KEWAZINGA'S STATEMENT NO. 124:**

In this litigation, Kewazinga is seeking reasonable royalty damages, not lost profits. Desai Decl., Ex. 65 (Kewazinga's April 30, 2020 Rule 26(a)(1) Initial Disclosures) at 8.

**RESPONSE TO STATEMENT NO. 124:**

Because the Court struck "Desai Decl., Es. 65," Google bases its response on the underlying document.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute that to-date Kewazinga has not specifically conveyed a demand for lost profits in this litigation.  However, Kewazinga's Initial Disclosures are ambiguous on whether Kewazinga intends to do so in the future.  Specifically, Kewazinga states that "*[p]resent* categories of damages sought include: a reasonable royalty for past infringement, pre- and post-judgment interest, attorneys fees and costs, and enhanced damages."  Kewazinga's April 30, 2020 Rule 26(a)(1) Initial Disclosures at 8 (emphasis added).  Otherwise, Google lacks sufficient information to evaluate the truth of this statement.

**KEWAZINGA'S STATEMENT NO. 125:**

> Stroock's security interests in the '226, '325, and '234 patents were executed in January 2016 and are a matter of public record. Desai  Decl., Ex. 58 (KEWAZINGA-G-0000088) at 88-89; Desai Decl., Ex. 59 (KEWAZINGA-G-0000122) at 122-23; Desai Decl., Ex. 60 (KEWAZINGA-G-0000156) at 156.

**RESPONSE TO STATEMENT NO. 125:**

Because the Court struck "Desai Decl., Exs. 58-60," Google bases its response on the underlying documents.  (*See* D.I. 92; D.I. 95 at 2.)  Google responds as follows:

Google does not dispute this statement for the purposes of Kewazinga's motion.

**KEWAZINGA'S STATEMENT NO. 126:**

███████████████████████████████████ (D.I. 59 at 20; D.I. 63 ¶ 85)
███████████████████████████████

**RESPONSE TO STATEMENT NO. 126:**

Google disputes this statement insofar as it implies ████████████████
████████████████████████████████████████████████.  During

the referenced discussions, outside counsel for Google and Kewazinga were acting as representatives for their respective clients.  Moreover, ███████████████████████████████ ███████████████████████████████--as Kewazinga concedes (*see* Kewazinga Rule 56.1 Statement No. 125 *supra*)--Stroock is not just outside counsel for Kewazinga, it also maintains a security interest in the patents-in-suit.  Furthermore, ███████████████████ ████████████████████████████████ (Kewazinga's Response to Google's Statement of Facts, D.I. 86, No. 85.)   Otherwise, Google does not dispute this statement for the purposes of Kewazinga's motion.

Dated: August 17, 2020                        Respectfully submitted,

                                              */s/ John M. Desmarais*
                                              John M. Desmarais
                                              DESMARAIS LLP
                                              John M. Desmarais
                                              jdesmarais@desmaraisllp.com
                                              Steven M. Balcof
                                              sbalcof@desmaraisllp.com
                                              Elizabeth Weyl
                                              eweyl@desmaraisllp.com
                                              David A. Frey
                                              dfrey@desmaraisllp.com
                                              230 Park Avenue
                                              New York, NY 10169
                                              Tel: (212) 351-3400
                                              Fax: (212) 351-3401

                                              Ameet A. Modi (*pro hac vice*)
                                              amodi@desmaraisllp.com
                                              Emily Chen (*pro hac vice*)
                                              echen@desmaraisllp.com
                                              101 California Street
                                              San Francisco, CA 94111
                                              Tel: (415) 573-1900
                                              Fax: (415) 573-1901

                                              *Counsel for Defendant Google LLC*