UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEWAZINGA CORP., <br><br> Plaintiff, <br><br> v. <br><br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 1:20-cv-1106-LGS <br><br> [PROPOSED] AMENDMENT TO STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |

The Parties hereby stipulate to and petition the Court to enter the following amendment to the Source Code provisions (Paragraph 9) of the Stipulated Protective Order (Dkt. No. 42).

9. **SOURCE CODE**

    (a)  To the extent production of source code becomes necessary in this case, a Producing Party may designate material as "HIGHLY CONFIDENTIAL - SOURCE CODE" if it comprises, includes, or substantially discloses confidential, proprietary or trade secret source code or algorithms.  This material may include, among things, technical design documentation that comprises, includes, or substantially discloses source code or algorithms.

    (b)  Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information including the Prosecution and Acquisition Bars set forth in Paragraph 8, and may be disclosed only as set forth in Paragraph 7.4.

    (c)  Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably

reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) the office of the Producing Party's primary outside counsel of record in New York City or (2) another mutually agreed upon location. The source code shall be made available for inspection on a secured computer (the "Source Code Computer") in a secured, locked room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Producing Party will make a good faith effort to provide legitimate review tools to the Source Code Computer as requested by the Receiving Party.  The Receiving Party shall provide a license to the requested review tools should the Producing Party not already have one. The secured computer shall have disk encryption and be password protected.  Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The computer containing source code will be made available for inspection during regular business hours (9:00 A.M. to 5:00 P.M. local time), upon reasonable notice to the producing party, which shall not be less than 3 business days in advance of the requested inspection. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(d)     [**Google Proposal:** No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated "HIGHLY

CONFIDENTIAL - SOURCE CODE" material, except that] The the Receiving Party may request paper copies of limited portions of source code, that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial and except to the extent allowed in paragraph (i).  **[Google Proposal**:  In no event may the Receiving Party print more than 25 consecutive pages, or an aggregate total of more than 500 pages, of source code during the duration of the case without prior written approval by the Producing Party, which the Producing Party will not unreasonably withhold.]  The Receiving Party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall undertake to produce the requested material as soon as possible after it is requested, but in no event more than 5 business days after the request, and the Producing Party will provide the requested material on watermark or colored paper (which shall not prevent the creation of legible copies made only as authorized herein) bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL - SOURCE CODE" unless objected to as discussed below.  At the inspecting Party's request or the request of an Expert retained by the inspecting Party to whom disclosure of material designated "HIGHLY CONFIDENTIAL – SOURCE CODE" is permitted, **[Google Proposal**: up to two] additional sets (or subsets) of printed source code may be requested and provided by the Producing Party within 5 business days of the request.  **[Kewazinga Proposal**:  The Producing Party may challenge the amount of source code requested in hard copy form] **[Google Proposal**: To the extent the Receiving Party's request for paper copies needs to be processed on an expedited basis due to a deposition, the Producing Party will provide the requested material as soon as possible after it is requested, but in no event more than 2 business days after the request is made.  The Producing Party will entertain good faith requests from the Receiving Party for more than two additional sets

3

~~if the need for additional sets arises. The Producing Party will not challenge the amount of source code requested in hard copy form as long as the requests fall under the presumptive limits allowed for source code printing outlined earlier in this paragraph. If the Receiving Party requests paper copies of code that is greater than the presumptive limits allowed for source code printing, the Producing Party may challenge the amount of source code requested in hard copy form or whether the source code requested in hard copy form is reasonably necessary to any case preparation activity~~] pursuant to the dispute resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Contested printouts do not need to be produced to the Receiving Party until the matter is resolved by the Court.

    (e)  The Receiving Party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The Receiving Party shall maintain all printed portions of the source code in a secured, locked area under the direct control of counsel (or outside experts or consultants who have been approved to access source code) responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "HIGHLY CONFIDENTIAL - SOURCE CODE" shall be stored or viewed only at (i) the offices or working locations of outside counsel for the Receiving Party, (ii) the offices or working locations of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in paragraph (i) of this section, the Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things

reflecting source code that have been designated by the producing party as "HIGHLY CONFIDENTIAL - SOURCE CODE" may not be copied, digitally imaged or otherwise duplicated, except **[Kewazinga Proposal**: the Receiving Party may make additional paper copies if such additional copies are necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report) or necessary for deposition, or as provided below in paragraph (i).] [~~**Google Proposal**: in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below~~]. Any paper copies used during a deposition shall be retrieved by the Receiving Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

       (f)      The Receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

       (g)      A list of names of persons who will view the source code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Producing Party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter and depart. The Receiving Party shall be entitled to a copy of the log.

       (h)      The Receiving Party's outside counsel shall maintain a log of all copies of the source code in its possession or in the possession of its retained consultants. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable

assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the source code. The Producing Party shall be entitled to a copy of the log.

(i) Except as provided in this paragraph, the Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The Receiving Party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents[1] ("SOURCE CODE DOCUMENTS"). The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code is used. Images or copies of Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The Receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection, except to the extent this provision is not possible for a court filing. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE."

(j) To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped and treated as HIGHLY

---

[1] Drafts shall only include those excerpts the Receiving Party believes will be included in the final version.

CONFIDENTIAL- SOURCE CODE or (2) those pages containing quoted Source Code will be separately bound, and stamped and treated as HIGHLY CONFIDENTIAL - SOURCE CODE.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 27, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Date: August 21, 2020 | Date: August 21, 2020 |
| */s/ Saunak K. Desai* | */s/ Elizabeth Weyl* |
| Ian G. DiBernardo<br>Timothy K. Gilman<br>Kenneth L. Stein<br>Saunak K. Desai<br>Gregory R. Springsted | John M. Desmarais<br><br>Steven M. Balcof<br>Elizabeth Weyl<br>David Frey<br>DESMARAIS LLP |
| STROOCK & STROOCK & LAVAN LLP<br>180 Maiden Lane<br>New York, NY 10038<br>Tel: (212) 806-5400<br>Fax: (212) 806-6006<br>Email:idibernardo@stroock.com<br>Email:tgilman@stroock.com<br>Email:kstein@stroock.com<br>Email:sdesai@stroock.com<br>Email:gspringsted@stroock.com | 230 Park Avenue<br>New York, New York 10169<br>T: 212-351-3400<br>F: 212-351-3401<br>jdesmarais@desmaraisllp.com<br>sbalcof@desmaraisllp.com<br>eweyl@desmaraisllp.com<br>dfrey@desmaraisllp.com |
| *Counsel for Plaintiff Kewazinga Corp.* | Ameet A. Modi<br>Emily H. Chen (*pro hac vice*)<br>DESMARAIS LLP<br>101 California Street<br>San Francisco, California 94111<br>T: (415) 573-1900<br>F: (415) 573-1901<br>amodi@desmaraisllp.com<br>echen@desmaraisllp.com<br><br>*Counsel for Defendant Google LLC* |