# Exhibit E

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | ) | |
|---|---|---|
| KEWAZINGA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:20-cv-01106-LGS |
| | ) | |
| vs. | ) | |
| | ) | **JOINT CLAIM CONSTRUCTION AND** |
| GOOGLE LLC, | ) | **PREHEARING STATEMENT** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to the Court's Scheduling Order in this case (D.I. 32) and Local Patent Rule 4-3 of the Eastern District of Texas ("Texas Rule 4-3"), Plaintiff Kewazinga Corp. ("Kewazinga") and Defendant Google LLC ("Google") hereby submit this Joint Claim Construction and Prehearing Statement ("Joint Statement").

### A. Agreed Proposed Constructions (Texas Rule 4-3(a)(1))

The table below identifies the constructions on which the parties have agreed.

| Terms and Phrases | Claims (including unasserted independent claims on which asserted claims depend) | Agreed Proposed Construction |
|---|---|---|
| [first] [second] view of the environment | '234 patent, claims 1, 13, and 14 | [first] [second] view of multiple locations through a remote environment |
| tweening | '325 patent, claims 10, 14, 15; '234 patent, claims 7, 19, 20 | generating synthetic imagery from acquired imagery, and utilizing that synthetic imagery between the acquired imagery, in order to show movement and transition between the acquired imagery |

1

| Terms and Phrases | Claims (including unasserted independent claims on which asserted claims depend) | Agreed Proposed Construction |
|---|---|---|
| tweened imagery | '234 patent, claims 6, 19 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| tweened image | '325 patent, claim 15 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| tweened | '234 patent, claim 6 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| tweening the selected outputs of cameras in the [first] [second] path | '325 patent, claim 10 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| tweening the image of a current camera in the sequence to the image of a next camera in the sequence | '325 patent, claim 14 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| cause imagery of two or more different perspectives along the first view to be tweened | '234 patent, claim 6 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| tweening imagery of two or more different perspectives along the first view | '234 patent, claim 19 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |

| Terms and Phrases | Claims (including unasserted independent claims on which asserted claims depend) | Agreed Proposed Construction |
|---|---|---|
| tweening the first image with the second image to obtain a first tweened image and then tweening the second image with the third image to obtain a second tweened image | '325 patent, claim 15 | This term should be construed in accordance with the agreed-upon construction of the term "tweening." |
| mosaic imagery | '234 patent, claims 1, 3, 13, 16 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| mosaic images | '325 patent, claim 6 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| generate mosaic imagery | '234 patent, claim 1 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| mosaic imagery along the [first] [second] view | '234 patent, claim 1 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |

| Terms and Phrases | Claims (including unasserted independent claims on which asserted claims depend) | Agreed Proposed Construction |
|---|---|---|
| mosaic imagery of progressively different locations along the [first] [second] view | '234 patent, claim 13 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| mosaicing the selected outputs of cameras in the [first] [second] path | '325 patent, claim 1 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| sequentially mosaicing the selected outputs of cameras in the [first] [second] path | '325 patent, claim 1 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| mosaicing the image of a current camera in the sequence to the image of a next camera in the sequence | '325 patent, claim 5 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |
| mosaicing the first image with the second image and then mosaicing the second image with the third image | '325 patent, claim 6 | This term should be construed in accordance with the construction of the term "mosaicing" that is adopted by the Court. The parties dispute the construction of "mosaicing" and have provided their proposals in Exhibit 1. |

B. **Disputed Proposed Constructions (Texas Rule 4-3(a)(2))**

Attached as Exhibit 1 is a joint claim terms chart showing the parties' respective proposed constructions for the terms and phrases for which there are still disputes, as well as an identification of intrinsic evidence that supports each party's own position and extrinsic evidence known to the party on which it intends to rely either to support its position or to oppose any other party's position.

C. **Anticipated Length of Claim Construction Hearing (Texas Rule 4-3(a)(3))**

The Court has set the Claim Construction Hearing to begin at 10:00 a.m. on February 16, 2021. D.I. 32 at 2. The parties request two hours total (1 hour per side, including rebuttal) for the Claim Construction Hearing.

D. **Live Witness Testimony at Claim Construction Hearing (Texas Rule 4-3(a)(4))**

The parties do not presently intend to present any live testimony at the Claim Construction Hearing.

E. **Other Issues (Texas Rule 4-3(a)(5))**

The parties are not aware of any other issues to be taken up at a prehearing conference prior to the Claim Construction Hearing.

Dated: October 13, 2020

Respectfully submitted,

| */s/ Ian G. DiBernardo* | */s/ Ameet A. Modi* |
|---|---|
| Ian G. DiBernardo | John M. Desmarais |
| Timothy K. Gilman | jdesmarais@desmaraisllp.com |
| Kenneth L. Stein | Steven M. Balcof |
| Saunak K. Desai | sbalcof@desmaraisllp.com |
| Gregory R. Springsted | Elizabeth Weyl |
| **STROOCK & STROOCK & LAVAN LLP** | eweyl@desmaraisllp.com |

5

180 Maiden Lane  
New York, NY 10038  
Tel: (212) 806-5400  
Fax: (212) 806-6006  
Email:  idibernardo@stroock.com  
Email:  tgilman@stroock.com  
Email:  kstein@stroock.com  
Email:  sdesai@stroock.com  
Email:  gspringsted@stroock.com  

*Counsel for Plaintiff Kewazinga Corp.*

David A. Frey  
dfrey@desmaraisllp.com  
**DESMARAIS LLP**  
230 Park Avenue  
New York, NY 10169  
Tel: (212) 351-3400  
Fax: (212) 351-3401  

Ameet A. Modi  
amodi@desmaraisllp.com  
Emily H. Chen (*pro hac vice*)  
echen@desmaraisllp.com  
**DESMARAIS LLP**  
101 California Street  
San Francisco, CA 94111  
Tel: (415) 573-1900  
Fax: (415) 573-1901  

*Counsel for Defendant Google LLC*

**PROOF OF SERVICE**

The undersigned hereby certifies that on October 13, 2020, a true and correct copy of the above and foregoing document was served on the following counsel via ECF filing:

> John M. Desmarais
> jdesmarais@desmaraisllp.com
> Steven M. Balcof
> sbalcof@desmaraisllp.com
> Elizabeth Weyl
> eweyl@desmaraisllp.com
> David A. Frey
> dfrey@desmaraisllp.com
> **DESMARAIS LLP**
> 230 Park Avenue
> New York, NY 10169
> Tel: (212) 351-3400
> Fax: (212) 351-3401
>
> Ameet A. Modi
> amodi@desmaraisllp.com
> Emily H. Chen (*pro hac vice*)
> echen@desmaraisllp.com
> **DESMARAIS LLP**
> 101 California Street
> San Francisco, CA 94111
> Tel: (415) 573-1900
> Fax: (415) 573-1901
>
> *Counsel for Defendant Google LLC*

                                            *s/ Saunak K. Desai*
                                            Saunak K. Desai

**JOINT CLAIM TERMS CHART – EXHIBIT 1**

The identification of evidence below includes, *inter alia*, citations to the patents asserted in this litigation: U.S. Patent No. 6,535,226 ("'226 patent"), U.S. Patent No. 6,522,325 ("'325 patent"), 9,055,234 ("'234 patent") (collectively, the "Asserted Patents").

The parties reserve the right to rely on or challenge any intrinsic and extrinsic evidence identified by the other party, and any evidence obtained, or that may be obtained, through claim construction discovery. The parties further reserve the right to amend, correct, or supplement their claim construction positions and supporting evidence in response to any change of position by the other party and in response to information received through claim construction discovery. The parties additionally reserve the right to rely on citations identified by either party, including any citations identified in the briefing. The parties also reserve the right to rely on additional citations to intrinsic and extrinsic evidence to rebut arguments or characterizations about that evidence made by the other party.

| Terms and Phrases | Kewazinga's Proposed Construction and Identification of Evidence | Google's Proposed Construction and Identification of Evidence |
|---|---|---|
| mosaicing<br><br>('325 patent, claims 1, 5, 6; *see also* derivative mosaicing terms in '234 patent, claims [1], 3, 5-7, 10, 11, [13], 16, 18-21, 24, 28, 29) | *creating imagery assembled from a plurality of images, or portions thereof, including an alignment process and a composition process*<br><br>**Intrinsic Evidence:**<br><br>• '325 patent at 4:16-19, 4:28-31, 4:41-43, 12:30-32, 13:15-49, 15:9-16, Abstract<br><br>• '234 patent at 4:27-30, 4:41-56, 12:50-13:2, 16:46-48, 17:31-63, 19:21-27 | *creating imagery assembled from a plurality of camera outputs, or portions thereof, including an alignment process and a composition process to achieve a seamless combination of the camera outputs*<br><br>**Intrinsic Evidence**:<br><br>• '234 patent at Abstract, Fig. 7a; 11, 2:8-29, 3:18-32, 4:31-56, 12:39-49, 13:22-29; 17:6- |

| Terms and Phrases | Kewazinga's Proposed Construction and Identification of Evidence | Google's Proposed Construction and Identification of Evidence |
|---|---|---|
| | • U.S. Patent No. 5,649,032 ("Burt patent," incorporated by reference in '325 and '234 patents) at 1:20-34, 2:3-57, 3:39-48, 4:41-48, 5:36-6:60, Figs. 3-6, Abstract, claims 1-30<br><br>• '325 patent prosecution history at Notice of Allowability<br><br>**Extrinsic Evidence:**<br><br>• Testimony of Dr. Jeffrey Lubin<br><br>• Although Kewazinga disputes that the Claim Construction Opinion, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2019 WL 3423352 (S.D.N.Y. July 29, 2019) is "extrinsic evidence" within the meaning set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005), Kewazinga may cite it as well<br><br>• Although Kewazinga disputes that briefing, filings, and deposition transcripts in *Kewazinga Corp. v. Microsoft Corp.*, No.1:18-cv-4500-GHW (S.D.N.Y.) is "extrinsic evidence" within the meaning set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005), Kewazinga may cite them as well | 15, 17:30-63; 17:64-18:43; 19:21-28; cl. 1-30.<br><br>• '325 patent at Abstract, Figs. 7a, 11; 2:1-20, 2:66-3:16, 4:20-43, 12:59-67, 13:15-14:30, 15:9-16; cl. 1-30.<br><br>• U.S. Patent No. 5,649,032 ("Burt patent," incorporated by reference in '325 and '234 patents) at 1:20-33, 2:3-41, 3:39-45, 4:41-44, 5:36-6:60, 11:25-14, Figs. 3-6, 9; claim 1; Abstract<br><br>• '325 patent prosecution history at<br><br>    o 1/15/2002 office action; 7/23/2002 response to office action and amendment<br><br>    o "QuickTime VR – an Image-Based Approach to Virtual Environment Navigation," Shenchang Eric Chen, Apple Computer, Inc. at 4.<br><br>    o U.S. Pat. No. 5,495,576 ("Ritchey") at Abstract, Figs. 1, 15-18; 1:22-38, 8:61-67, 10:17-30, 11:31-54, 15:49-18:50, 20:45-22:67, 25:55-67, 26:4-61. |

|  |  | **Extrinsic Evidence:**<br><br>- Claim Construction Opinion, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2019 WL 3423352 (S.D.N.Y. July 29, 2019)<br>- Testimony of Dr. Jeffrey Lubin<br>- Testimony of Dr. Keith J. Hanna<br>  - Initial Expert Declaration in *Kewazinga v. Microsoft* (Dkt. No. 43)<br>  - Supplemental Expert Declaration in *Kewazinga v. Microsoft* (Dkt. No. 48)<br>  - 3/14/2019 Deposition in *Kewazinga v. Microsoft*, at 16:2-16, 40:4-14, 108:4-109:3, 110:10-111:8, 119:5-19, 131:3-20<br>- Briefing in *Kewazinga Corp. v. Microsoft Corp.*, No.1:18-cv-4500-GHW (S.D.N.Y.)<br>  - Kewazinga opening claim construction brief (Dkt. No. 42)<br>  - Kewazinga reply claim construction brief (Dkt. No. 47)<br>  - Kewazinga letter brief regarding claim construction (Dkt. No. 51)<br>  - Microsoft motion for summary judgment (Dkt. No. 189) and Carraway Decl. in support (Dkt. No. 192) |
|---|---|---|

| Terms and Phrases | Kewazinga's Proposed Construction and Identification of Evidence | Google's Proposed Construction and Identification of Evidence |
|---|---|---|
| | | o Kewazinga response to Microsoft's motion for summary judgment (Dkt. No. 246) <br><br> o Microsoft reply in support of its motion for summary judgment (Dkt. No. 265) <br><br> • Testimony of Dr. Peter J. Burt <br><br> o 12/10/2019 Deposition in *Kewazinga v. Microsoft*, at 19:22-20:21, 31:14-25. <br><br> • Testimony of Dr. Rakesh "Teddy" Kumar <br><br> o 11/21/2019 Deposition in *Kewazinga v. Microsoft*, at 18:8-13, 19:1-9, 43:22-44:11. <br><br> • Google additionally reserves the right to rely on testimony from the named inventors of the patents-in-suit and Sarnoff/SRI employees who were involved with the development of the technology claimed in the patents-in-suit. |
| array of cameras <br><br> ('226 patent, claims 55, 119; '325 patent, claims 1, 5, 6, 10, 14, 15, 29) | No construction is necessary. However, if the Court rules that one is necessary, Kewazinga proposes the following construction: <br><br> *a camera configuration wherein the configuration can be created over time by moving cameras* | *a set of multiple cameras, each fixed in relation to each other* <br><br> **Intrinsic Evidence**: <br><br> • '226 patent at Figs. 1, 2b-e, 3, 4, 7a, 8; claims 1, 54, 73, 1:15-16, 1:63-2:34, 2:59-63, 3:56- |

| Terms and Phrases | Kewazinga's Proposed Construction and Identification of Evidence | Google's Proposed Construction and Identification of Evidence |
|---|---|---|
| | **Intrinsic Evidence:**<br>- '226 patent at 3:54-65, 4:22-44, 4:56-5:24, 6:7-38, 7:20-52, 8:17-9:20, 9:46-52, 13:19-27, 13:55-61, Figs. 1, 2a-2e, 3, 4, 5, 6, 7a<br>- '325 patent at 3:65-4:8, 4:32-56, 5:1-36, 6:18-48, 7:31-64, 8:28-9:32, 9:58-64, 15:9-16, 18:59-20:53, Figs. 1, 2a-2e, 3, 4, 5, 6, 7a, 11, 12, claims 1 and 10<br><br>**Extrinsic Evidence:**<br>- Testimony of Dr. Jeffrey Lubin<br>- Although Kewazinga disputes that the Claim Construction Opinion, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2019 WL 3423352 (S.D.N.Y. July 29, 2019) is "extrinsic evidence" within the meaning set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005), Kewazinga may cite it as well<br>- Although Kewazinga disputes that briefing, filings, and deposition transcripts in *Kewazinga Corp. v. Microsoft Corp.*, No.1:18-cv-4500-GHW (S.D.N.Y.) is "extrinsic evidence" within the meaning set forth in *Phillips v. AWH Corp.*, 415 F.3d 1303, 1317-18 (Fed. Cir. 2005), Kewazinga may cite them as well | 65, 4:12-18, 4:56-5:21, 6:26-38, 7:53-8:15, 10:8-53, 17:52-60.<br>- '325 patent at Figs. 1, 2b-e, 3, 4, 7a, 8, 11, 12; claims 1, 4, 10, 13, 22-24; 1:20-21, 2:1-37, 2:61-63, 3:66-4:9, 4:22-28, 5:1-33, 6:37-48, 7:65-8:25, 10:19-63, 19:2-20:27, 20:67-21:4.<br>- U.S. Patent No. 5,708,469 ("'469 patent) at Figs. 1-2, 3:48-56; 5:38-6:39.<br><br>**Extrinsic Evidence**:<br>- Testimony of Dr. Jeffrey Lubin<br>- Testimony of Dr. Keith J. Hanna<br>  - Initial Expert Declaration in *Kewazinga v. Microsoft* (Dkt. No. 43)<br>  - Supplemental Expert Declaration in *Kewazinga v. Microsoft* (Dkt. No. 48)<br>  - 3/14/2019 Deposition in *Kewazinga v. Microsoft* (Dkt. No. 52-2), at 14:6-24, 47:5-15, 58:14-59:6, 60:16-61:10, 61:11-62:8, 62:9-18, 63:3-22, 66:2-13, 70:2-71:1, 76:9-20, 153:17-23.<br>- Claim Construction Opinion, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-CV-4500-GHW, 2019 WL 3423352 (S.D.N.Y. July 29, 2019) |

| Terms and Phrases | Kewazinga's Proposed Construction and Identification of Evidence | Google's Proposed Construction and Identification of Evidence |
|---|---|---|
| | - Random House Webster's College Dictionary (1991) at 76 (definition of "array") | - Briefing in *Kewazinga Corp. v. Microsoft Corp.*, No.1:18-cv-4500-GHW (S.D.N.Y.)<br>  - Kewazinga opening claim construction brief (Dkt. No. 42)<br>  - Kewazinga reply claim construction brief (Dkt. No. 47)<br>  - Kewazinga letter brief regarding claim construction (Dkt. No. 51)<br>- Testimony of Dr. Rakesh "Teddy" Kumar<br>  - 11/21/2019 Deposition in *Kewazinga v. Microsoft*, at 43:22-44:11, 70:2-15, 114:11-25, 135:13-136:2.<br>- Google additionally reserves the right to rely on testimony from the named inventors of the patents-in-suit and Sarnoff/SRI employees who were involved with the development of the technology claimed in the patents-in-suit. |