# Exhibit J

Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: tgilman@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for Plaintiff Kewazinga Corp.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEWAZINGA CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | )  Civil Action No.  1:20-cv-01106-LGS |
| vs. | ) |
| | ) |
| GOOGLE LLC, | ) |
| | ) |
| Defendant. | ) |

### KEWAZINGA CORP.'S PRELIMINARY PROPOSED
### CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE

In compliance with the Court's Scheduling Order and P.R. 4-2, Plaintiff Kewazinga Corp. ("Kewazinga") (1) submits its preliminary proposed constructions of the claim terms, phrases, and clauses that the parties have identified pursuant to P.R. 4-1; (2) provides a preliminary identification of extrinsic evidence that it may rely upon to support its claim construction positions; and (3) provides an identification of any expert witnesses Kewazinga may

rely upon to support its claim construction positions as well as brief description of the substance of those witnesses' proposed testimony.

I.      **Kewazinga's Preliminary Claim Construction**

Kewazinga's proposed construction of the following terms is not intended to indicate that Kewazinga agrees that those terms need to be construed by the Court. Kewazinga asserts that no construction is necessary for many of the terms and phrases that the Defendant seeks to construe and, therefore, reserves the right to object to Defendant's proposed constructions on that basis; however, Kewazinga nonetheless discloses its preliminary constructions in the event that the Court elects to construe the terms and phrases proposed by Defendant. In addition, Defendant proposes construing phrases that are not found in any claim that Kewazinga has asserted in this litigation as set forth in Kewazinga's June 8, 2020 Infringement Contentions ("Asserted Claims") and, thus, are not at issue in this litigation. Accordingly, Kewazinga reserves the right to object to any construction of such terms that are not at issue in this litigation.

Kewazinga has also set forth below its preliminary identification of extrinsic evidence. The identified sources are exemplary and not necessarily exhaustive. Also, that identification should not be construed as agreement that extrinsic evidence is necessary or proper in construing the disputed terms.

The disclosures found in this document are based upon information reasonably available to Kewazinga at this time and are made without prejudice to Kewazinga's right to modify or supplement these disclosures in the future (or to present other evidence or argument), including as a result of the discovery or development of this or further information. Kewazinga, accordingly, reserves the right to modify or supplement its proposed constructions and specifically reserves the right to offer separate constructions for claim terms that are singly construed in this document, to the extent permitted by the applicable rules or by the Court. In

addition, Kewazinga reserves the right to supplement its list of extrinsic material, including to add references Kewazinga may rely on to refute or rebut Defendant's proposed constructions and evidence.  Also, Kewazinga may, in light of Defendant's proposed constructions, add extrinsic evidence, including expert testimony, that it will rely on to refute or rebut Defendant's proposed constructions and evidence, and specifically reserves the right to do so.

|   | **Claim Term, Phrase, or Clause** | **Kewazinga's Proposed Construction** |
|---|---|---|
| 1 | mosaicing<br><br>(325 patent, claims 1, 5, 6) | creating imagery assembled from a plurality of images, or portions thereof, including an alignment process and a composition process |
| 2 | mosaic imagery<br><br>(234 patent, claims 1, 3, 13, 16) | imagery created by mosaicing |
| 3 | mosaic images<br><br>(325 patent, claim 6) | images created by mosaicing |
| 4 | generate mosaic imagery<br><br>(234 patent, claim 1) | create mosaic imagery |
| 5 | mosaic imagery along the [first] [second] view<br><br>(234 patent, claim 1) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaic imagery" and the plain and ordinary meaning of the remaining words in the phrase. |
| 6 | mosaic imagery of progressively different locations along the [first] [second] view<br><br>(234 patent, claim 13) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaic imagery" and the plain and ordinary meaning of the remaining words in the phrase. |

|    | **Claim Term, Phrase, or Clause** | **Kewazinga's Proposed Construction** |
|----|-----------------------------------|----------------------------------------|
| 7  | mosaicing the selected outputs of cameras in the [first] [second] path<br><br>(325 patent, claim 1) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaicing" and the plain and ordinary meaning of the remaining words in the phrase. |
| 8  | sequentially mosaicing the selected outputs of cameras in the [first] [second] path<br><br>(325 patent, claim 1) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaicing" and the plain and ordinary meaning of the remaining words in the phrase. |
| 9  | mosaicing the image of a current camera in the sequence to the image of a next camera in the sequence<br><br>(325 patent, claim 5) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaicing" and the plain and ordinary meaning of the remaining words in the phrase. |
| 10 | mosaicing the first image with the second image and then mosaicing the second image with the third image<br><br>(325 patent, claim 6) | This phrase should be construed in accordance with the proposed claim construction of the term "mosaicing" and the plain and ordinary meaning of the remaining words in the phrase. |
| 11 | tweening<br><br>(325 patent, claims 10, 14, 15; 234 patent, claims 7, 19, 20) | generating synthetic imagery from acquired imagery, and utilizing that synthetic imagery between the acquired imagery, in order to show movement and transition between the acquired imagery |
| 12 | tweened imagery<br><br>(234 patent, claims 6, 19) | imagery created by tweening |
| 13 | tweened image<br><br>(325 patent, claim 15) | image created by tweening |
| 14 | tweened<br><br>(234 patent, claim 6) | This term should be construed in accordance with the proposed claim construction of the term "tweening." |

|    | **Claim Term, Phrase, or Clause** | **Kewazinga's Proposed Construction** |
|----|---|---|
| 15 | tweening the selected outputs of cameras in the [first] [second] path<br><br>(325 patent, claim 10) | This phrase should be construed in accordance with the proposed claim construction of the term "tweening" and the plain and ordinary meaning of the remaining words in the phrase. |
| 16 | tweening the image of a current camera in the sequence to the image of a next camera in the sequence<br><br>(325 patent, claim 14) | This phrase should be construed in accordance with the proposed claim construction of the term "tweening" and the plain and ordinary meaning of the remaining words in the phrase. |
| 17 | cause imagery of two or more different perspectives along the first view to be tweened<br><br>(234 patent, claim 6) | This phrase should be construed in accordance with the proposed claim construction of the term "tweening" and the plain and ordinary meaning of the remaining words in the phrase. |
| 18 | tweening imagery of two or more different perspectives along the first view<br><br>(234 patent, claim 19) | This phrase should be construed in accordance with the proposed claim construction of the term "tweening" and the plain and ordinary meaning of the remaining words in the phrase. |
| 19 | tweening the first image with the second image to obtain a first tweened image and then tweening the second image with the third image to obtain a second tweened image<br><br>(325 patent, claim 15) | This phrase should be construed in accordance with the proposed claim construction of the term "tweening" and the plain and ordinary meaning of the remaining words in the phrase. |
| 20 | array of cameras<br><br>(226 patent, claims 55, 119; 325 patent, claims 1, 5, 6, 10, 14, 15, 29) | No construction is necessary. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>a camera configuration wherein the configuration can be created over time by moving cameras |

5

|    | **Claim Term, Phrase, or Clause** | **Kewazinga's Proposed Construction** |
|----|---|---|
| 21 | navigation along paths in a camera array wherein each path is a series of cameras having progressively different perspectives of the environment, whereby users progressively navigate through the environment along the paths | No construction is necessary because this phrase is not found in any Asserted Claim and, thus, is not at issue in this case. However, if the Court rules that one is necessary, Kewazinga proposes that this phrase should be construed in accordance with the proposed claim construction of the term "array of cameras" and the plain and ordinary meaning of the remaining words in the phrase. |
| 22 | the array including at least one camera path wherein each path is defined by a series of cameras having progressively different perspectives of the environment<br><br>(325 patent, claims 1, 10) | This phrase should be construed in accordance with the proposed claim construction of the term "array of cameras" and the plain and ordinary meaning of the remaining words in the phrase. |
| 23 | progressively different associated view of the environment along a path<br><br>(226 patent, claims 91, 99) | No construction is necessary because this phrase is not found in any Asserted Claim and, thus, is not at issue in this case. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>progressively different respective view of the environment from a different location along a path |
| 24 | view through the environment<br><br>(234 patent, claims 1, 13) | No construction is necessary. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>view from progressively different locations within the environment |
| 25 | viewing the environment along the [first] [second] view<br><br>(234 patent, claim 13) | No construction is necessary. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>viewing from progressively different locations within the environment |

6

|    | **Claim Term, Phrase, or Clause** | **Kewazinga's Proposed Construction** |
|----|-----------------------------------|----------------------------------------|
| 26 | compositing imagery of the different perspectives of the environment along the first view<br><br>(234 patent, claim 23) | No construction is necessary because this phrase is not found in any Asserted Claim and, thus, is not at issue in this case. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>combining imagery of a first perspective along the first view and imagery of a second perspective along the first view using blue screen, green screen, or alpha techniques |
| 27 | having an associated view of the environment from a progressively different point perspective<br><br>(226 patent, claim 119) | No construction is necessary. However, if the Court rules that one is necessary, Kewazinga proposes the following construction:<br><br>having a respective view of the environment at progressively different locations |

**II.     Kewazinga's Extrinsic Evidence**

Kewazinga identifies extrinsic evidence upon which it may rely to support its claim construction positions. Attached hereto as Exhibits 1-8 are copies of the references listed below. By identifying this extrinsic evidence, Kewazinga does not concede that extrinsic evidence is necessary to construe the claim terms at issue. In addition, Kewazinga reserves the right to rely on additional extrinsic evidence to rebut or refute Defendant's proposed constructions and evidence.

    **A.     References**

- Exhibit 1 - Random House Webster's College Dictionary (1991) at 76 (definition of "array")
- Exhibit 2 - 2009 Wikipedia entry for "Inbetweening" (*available at* https://web.archive.org/web/20090807075646/http://en.wikipedia.org:80/wiki/Inbetweening)
- Exhibit 3 - 2005 Wikipedia entry for "Inbetweening" (*available at* https://en.wikipedia.org/w/index.php?title=Inbetweening&oldid=15184984)
- Exhibit 4 - 2011 Techopedia entry for "In-betweening (tweening)" (*available at* https://web.archive.org/web/20110718103617/https://www.techopedia.com/definition/104/in-betweening-tweening)

- Exhibit 5 -1997 Webopedia entry for "Tweening") (*available at* https://web.archive.org/web/20021018111718/https://www.webopedia.com/TERM/T/tweening.html)
- Exhibit 6 - Definitions.net entry for "inbetweening" (*available at* https://www.definitions.net/print.php?term=inbetweening)
- Exhibit 7 - American Heritage College Dictionary (1993) at 1020 (definition of "perspective")
- Exhibit 8 - Merriam Webster's Collegiate Dictionary (1993) at 867-68 (definition of "perspective")

### B. Expert Testimony

In addition to the extrinsic evidence disclosed above, Kewazinga may, for each term, present the expert testimony of Dr. Keith Hanna and/or Dr. Jeffrey Lubin, through a declaration and/or live testimony. Attached hereto as Exhibit 9 is a complete copy of Dr. Hanna's *curriculum vitae* and attached hereto as Exhibit 10 is a complete copy of Dr. Lubin's *curriculum vitae*. Dr. Hanna and/or Dr. Lubin may provide testimony on, *inter alia*, (1) the technology that underlies the patents-in-suit, (2) the inventions claimed in the patents-in-suit, (3) how the patents-in-suit, the claims, and intrinsic or extrinsic evidence would be understood by one of ordinary skill in the art, (4) the meanings of the disputed claim terms and phrases to those having ordinary skill in the art – specifically that, in their respective opinions, Kewazinga's proposed claim constructions comport with the understanding of one of ordinary skill in the art – or (5) any other opinions or testimony useful to the Court in conducting the requisite claim constructions. Finally, Kewazinga reserves the right to offer the testimony of Dr. Hanna and/or Dr. Lubin and other extrinsic evidence to rebut expert testimony or other extrinsic evidence, if any, offered by Defendant in support of its claim construction positions.

### III. Indefiniteness

Defendant provides a laundry list of claim terms and phrases that it purports are invalid as indefinite. This includes terms and phrases that Defendant indicates it will propose a

construction for as well as terms and phrases that are not found in any Asserted Claim. Thus, Defendant's purported identification fails to provide Kewazinga with notice of what claim terms and phrases Defendant actually contends are indefinite. Nonetheless, Kewazinga disputes that any claim terms or phrases in the Asserted Claims, including those identified by Defendant, are indefinite and reserves the right to more fully respond to any assertion by Defendant that specific claim terms or phrases are indefinite, including by proposing constructions for those terms and phrases.

Dated: New York, New York
September 11, 2020

Respectfully submitted,

/s/ Ian G. DiBernardo
Ian G. DiBernardo
Timothy K. Gilman
Kenneth L. Stein
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: idibernardo@stroock.com
Email: tgilman@stroock.com
Email: kstein@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for Plaintiff Kewazinga Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020 I caused a true and correct copy of the **KEWAZINGA CORP.'S PRELIMINARY PROPOSED CLAIM CONSTRUCTIONS AND EXTRINSIC EVIDENCE** to be served in accordance with the Federal Rules of Civil Procedure, and/or the Local Rules of this Court, upon the following parties and participants, *via* email:

> John Michael Desmarais
> Elizabeth Esther Weyl
> Steven Marc Balcof
> David A. Frey
> DESMARAIS LLP
> 230 Park Avenue
> New York, NY 10169
> Tel: (212) 351-3400
> Fax: (212) 351-3401
> Email: jdesmarais@desmaraisllp.com
> Email: eweyl@dllp.com
> Email: sbalcof@dllp.com
> Email: dfrey@desmaraisllp.com
>
> Ameet A. Modi
> Emily Chen (*Pro Hac Vice*)
> DESMARAIS LLP
> 101 California St.
> San Francisco, CA 94111
> Tel: (415) 573-1806
> Email: amodi@desmaraisllp.com
> Email: echen@desmaraisllp.com
>
> *Attorneys for Defendant Google LLC*

                        *s/ Gregory Springsted*
                        Gregory Springsted