UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORP.,

                              Plaintiff,           20 Civ. 1106 (LGS)

         -against-                   **OPINION AND ORDER**

GOOGLE LLC,

                              Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

On February 7, 2020, Plaintiff Kewazinga Corp. filed this case, asserting infringement of U.S. Patent Nos. 9,055,234 (the "'234 Patent"); 6,522,325 (the "'325 Patent"); and 6,535,226 (the "'226 Patent") (collectively, the "Kewazinga Patents"). The Kewazinga Patents pertain to methods and systems that utilize cameras to achieve navigable telepresence. This technology allows for remote, seamless viewing of an environment. Plaintiff contends that Defendant Google LLC infringes the Kewazinga Patents through Google Street View, a street-level imagery project that allows users to virtually explore different locations.

On July 15, 2020, Defendant filed a motion for summary judgment on equitable estoppel arising out of Plaintiff's conduct during and after prior litigation between the parties. On July 29, 2020, Plaintiff cross-moved for summary judgment that equitable estoppel does not apply. For the reasons stated below, Defendant's motion is denied and Plaintiff's motion is granted. Equitable estoppel does not preclude Plaintiff's claims.

**I.     BACKGROUND**¶

Unless otherwise stated, the following facts are undisputed and drawn from the parties' submissions and Rule 56.1 statements.

### A. Interactions between Plaintiff and Defendant

#### 1. Initial Discussions

In 2005 and 2006 Plaintiff sent e-mails pitching its navigable telepresence technology to Defendant's employees. These e-mails do not specifically reference the '226 Patent (filed April 1, 1999), the '325 Patent (filed October 15, 1999), or the '234 Patent -- which did not yet exist. In fall 2006, Google declined a business relationship, and further communications between the parties ceased.

#### 2. 2013 Patent Litigation

On May 25, 2007, Defendant launched Street View. On May 24, 2013, Plaintiff and KL Licensing LLC, a licensee of Plaintiff, (the "2013 Plaintiffs") filed a complaint against Defendant (the "2013 Complaint"), alleging that Street View infringed the '226 and '325 Patents (the "2013 Patent Litigation"). After receiving a copy of the 2013 Complaint -- which had not yet been served -- Jim Sherwood, then senior counsel to Defendant, instituted legal preservation holds. According to standard practice, he contacted outside law firms for initial analyses of Kewazinga's assertions and possible *inter partes* review ("IPR") challenges to the patents' validity. Mr. Sherwood also directed members of his internal team to investigate issues including non-infringement and invalidity. Based on these analyses, Defendant concluded that it did not infringe the '226 and '325 Patents and that they likely were invalid.

In August 2013, representatives of the 2013 Plaintiffs and Defendant, including Mr. Sherwood, met to discuss the pending 2013 Patent Litigation. During those discussions, Mr. Sherwood communicated why Defendant believed that it did not infringe the '226 and '325 Patents, particularly with respect to the patents' "array of cameras" limitation. On September 11, 2013, the 2013 Plaintiffs' outside counsel, Stroock & Stroock & Lavan LLP ("Stroock"), sent an

e-mail to Mr. Sherwood, (1) reiterating the 2013 Plaintiffs' belief that Defendant infringed the '226 and '325 Patents, (2) noting that Plaintiff would continue to prosecute patent claims without the array of cameras limitation and (3) offering to discuss licensing of Plaintiff's patent portfolio. Following that e-mail, Mr. Sherwood had at least one phone conversation with the 2013 Plaintiffs' counsel, during which Defendant reiterated its belief that it did not infringe the '226 and '325 Patents.

Defendant moved to dismiss the 2013 Complaint because it had not been timely served. The motion to dismiss did not state that the dismissal would be with or without prejudice. In response, the 2013 Plaintiffs filed a non-opposition stating,

> After filing this action and up until Google's filing of the [motion to dismiss], Plaintiffs and Google were engaged in settlement discussions. Consequently, Plaintiffs had no intention of serving Google.
>
> Notwithstanding the foregoing and in light of the [motion to dismiss], Plaintiffs do not oppose the dismissal of this action without prejudice.

*Kewazinga Corp., et al. v. Google Inc.*, No. 13 Civ. 938, Dkt. No. 7 (D. Del. Oct. 17, 2014) (emphasis included in original) (the "Non-Opposition"). Plaintiff's acquiescence was to dismissal *without* prejudice, at least in part because it lacked the funds to litigate. On November 14, 2013, the United States District Court for the District of Delaware dismissed the 2013 Patent Litigation without prejudice.

Defendant then closed down legal process related to the 2013 Patent Litigation. For example, around November 2013, Defendant released the preservation hold. Defendant also halted review of outside law firms' proposals regarding plaintiffs' assertions and IPR. In addition, Defendant did not investigate potential design-arounds for Street View that would avoid the Kewazinga Patents. On December 11, 2013, Defendant sent a letter to its financial auditors stating,

3

> On May 24, 2013, Kewazinga Corp. and K Licensing LLC sued Google Inc. in the District of Delaware alleging infringement of two patents by Street View. Google was not served with the complaint, and on November 14, 2013, the court dismissed the case for lack of service. Google was represented by Richards, Layton & Finger.

In a 2014 internal presentation, Mr. Sherwood characterized the 2013 Patent Litigation as "resolved" and a "walk away."

Following the dismissal of the 2013 Patent Litigation, Plaintiff did not assert the Kewazinga Patents against -- or even communicate directly with -- Defendant, until filing this lawsuit in January 2020, more than six years later.

### B. 2015 Issuance of the '234 Patent

The '234 Patent issued on June 9, 2015, pertains to navigable telepresence technology. The '234 Patent is related to, but not a continuation of, the '226 and '325 Patents. Instead, the '234 Patent issued on United States Patent Application No. 14/505,208, which Plaintiff filed on October 2, 2014.[1]

### C. 2018 Litigation

On May 21, 2018, Plaintiff sued Microsoft for infringing the Kewazinga Patents. At least as early as June 2018, Defendant was aware of that lawsuit.

In 2018, Defendant was one of several defendants in a copyright suit (the "2018 Copyright Litigation"). On September 19, 2018 -- in connection with the 2018 Copyright Litigation -- Defendant retained Stroock as counsel. Defendant believed that its retention of Stroock would be beneficial, as Stroock represented co-defendants in that matter.

Prior to retaining Stroock, Defendant considered whether Stroock's representation of Plaintiff in the 2013 Patent Litigation created a conflict of interest. As is normal practice for

---

[1] This information is drawn from U.S. Patent No. 9,055,234 (June 9, 2015).

Defendant, Mr. Sherwood asked Stroock to investigate possible conflicts. Stroock initially confirmed that "there [was] no present conflict," but then asked Defendant for a waiver of conflict relating to the "Kewazinga family of patents." Stroock later withdrew the request for a waiver and, in September 2018, signed a retention letter stating that no current conflicts existed. During this time, a partner at Stroock was assisting Plaintiff in seeking funding for this action. While Defendant was considering retaining Stroock, employees of Defendant noted in internal e-mails that such retention could be beneficial by creating a conflict preventing Stroock from representing Plaintiff in connection with a lawsuit like this one, regarding the Kewazinga Patents. For example, in internal e-mails from July and August 2018, Bill Berry, Senior Counsel to Google, stated,

- Initially Stroock asked for a prospective conflict waiver (presumably so they could sue us again on the Kewazinga family of patents); but they recently relented and dropped that -- and now will engage us without conflict waiver (and so won't be able to sue us again). Patent Lit team is happy about this (see below) :);

- So . . . any issues with us hiring Stroock now? If we do, they can't sue us re Kewazinga! :); and

- Jim and I talked and agreed the best path forward was to ask Stroock if they had any conflict issues -- thinking that if they said no, and we engaged them without a waiver, they'd bee [sic] conflicted from suing us on the Kewazinga family of patents.

## II.   LEGAL STANDARD

Summary judgment will be granted when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A court's task is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 249 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. To establish a genuine

dispute as to a material fact, a party must cite to "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Fed. Trade Comm'n v. Moses*, 913 F.3d. 297, 305 (2d Cir. 2019) (quotation marks omitted). Because equitable estoppel is an equitable defense, "the matter is to be decided by the court and not a jury, and the court is fully empowered to grant summary judgment if there are no triable fact issues and the court concludes equitable relief is warranted." *Aspex Eyewear, Inc. v. Clariti Eyewear, Inc.*, No. 07 Civ. 2373, 2008 WL 5049744, at *5 (S.D.N.Y. Nov. 20, 2008); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2731 (4th ed. 2020).

"Equitable estoppel serves as an absolute bar to a patentee's infringement action." *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1327 (Fed. Cir. 2018). This defense consists of three elements: "(1) the patentee engages in misleading conduct that leads the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer; (2) the accused infringer relies on that conduct; and (3) as a result of that reliance, the accused infringer would be materially prejudiced if the patentee is allowed to proceed with its infringement action." *Ferring B.V. v. Allergan, Inc.*, 980 F.3d 841, 853 (Fed. Cir. 2020) (internal citations and quotation marks omitted). "[T]he applicability of equitable estoppel is committed to the sound discretion of the trial judge." *John Bean Techs. Corp.*, 887 F.3d at 1327 (internal citations and quotation marks omitted). The accused infringer ultimately must prove equitable estoppel "by a preponderance of the evidence." *Gasser Chair Co. v. Infanti Chair Mfg. Corp.*, 60 F.3d 770, 773 (Fed. Cir. 1995); *accord Am. Tech. Ceramics Corp. v.*

*Presidio Components, Inc.*, No. 14 Civ. 6544, 2018 WL 1525686, at *26 (E.D.N.Y. Mar. 27, 2018).

**III.   DISCUSSION**

As explained below, Defendant's motion is denied, and Plaintiff's motion is granted as Defendant has not proved misleading conduct by a preponderance of the evidence -- *i.e.*, that Plaintiff engaged in misleading conduct that led Defendant to reasonably infer Plaintiff would not assert the Kewazinga Patents.

A party asserting equitable estoppel must establish that the "patentee engage[d] in misleading conduct that [led] the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer." *John Bean Techs. Corp.*, 887 F.3d at 1327; *accord Rsch. Frontiers Inc. v. Prelco Inc.*, No. 18 Civ. 2939, 2020 WL 6746730, at *5 (E.D.N.Y. Nov. 17, 2020). Misleading conduct "may include the patentee's specific statements, action, inaction, or silence where there was an obligation to speak." *John Bean Techs. Corp.*, 887 F.3d at 1327 (internal citation omitted). Silence alone is not enough to establish misleading conduct; "[i]f the record indicates silence alone, mere silence must be accompanied by some other factor which indicates that the silence was sufficiently misleading as to amount to bad faith." *High Point SARL v. Sprint Nextel Corp.*, 817 F.3d 1325, 1330-31 (Fed. Cir. 2016) (internal citation and quotation marks omitted) (finding misleading conduct where patentee's predecessors-in-interest allowed licenses with the alleged infringers to lapse and failed to challenge the alleged infringers activity that fell outside of the licenses for six years); *see MCV, Inc. v. King-Seeley Thermos Co.*, 870 F.2d 1568, 1569 (Fed. Cir. 1989) (finding misleading conduct where an individual asserting an inventorship claim did not voice any objections to the omission of his name on a patent for four years, after stating that the "exclusive right[s] to

7

Case 1:20-cv-01106-LGS   Document 117   Filed 02/09/21   Page 8 of 12

market [the invention] [were] more valuable to him," and that he would "help [] in any way [h]e could to facilitate the submission of the . . . patent."); *accord Ferring B.V.*, 980 F.3d at 851 (stating that "*MCV* remains good law").

On a motion for summary judgment, where the party asserting equitable estoppel contends that an "omission or acquiescence" is misleading, that party must show that the conclusion that the patentee would not pursue infringement claims is "the *only* possible inference from the evidence." *Ferring B.V.*, 980 F.3d at 853 (internal citation omitted) (finding no equitable estoppel where correspondence between the parties followed by seven years of inaction did not support the "single inference" that the patentee acquiesced); *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1043-44 (Fed. Cir. 1992) (*en banc*) (finding that a demand letter followed by nine years of silence did not lead to the single inference that the patentee did not intend to pursue infringement claims), *abrogated on other grounds by SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, 137 S. Ct. 954, 967 (2017) ("Laches cannot be interposed as a defense against damages where the infringement occurred within the [six-year] period prescribed by [35 U.S.C] § 286.").

Defendant's motion for summary judgment is denied, and Plaintiff's motion is granted because Defendant has not met its burden of showing that the only possible inference to be drawn from the evidence is that Plaintiff would not pursue infringement claims against Defendant as to the Kewazinga Patents. *See Ferring B.V.*, 980 F.at 853; *see also Am. Tech. Ceramics Corp.*, 2018 WL 1525686 at *26 (finding that the party asserting equitable estoppel had not "come forward with sufficient evidence to enable a reasonable finder of fact to conclude that they can establish the first two elements of equitable estoppel by a preponderance of the evidence").

Defendant asserts that Plaintiff engaged in misleading conduct by abandoning the 2013 Patent Litigation, stating that it had "no intention" of serving Defendant and remaining silent for over six years. Defendant selectively quotes from Plaintiff's Non-Opposition. The full Non-Opposition includes additional critical information. *See* Non-Opposition, *Kewazgina Corp., et al.*, No. 13 Civ. 938, Dkt. No. 7. First, the Non-Opposition explains that "Plaintiffs had no intention of serving Google," *because* "[a]fter filing th[e] [2013 Patent Litigation] and up until Google's filing of the [motion to dismiss], Plaintiffs and Google were engaged in settlement discussions." *Id.* Second, the Non-Opposition states that dismissal is "without prejudice," and underlines "without" for emphasis. *Id.* Finally, just over a month before filing the Non-Opposition, Plaintiff sent an e-mail re-affirming its belief that Defendant infringed the '226 and '325 Patents. This evidence undercuts the argument that Defendant *reasonably* inferred Plaintiff would not assert the Kewazinga Patents.

Plaintiff's six-year silence and delay in filing suit is not enough to establish misleading conduct. *See, e.g.*, *A.C. Auckerman Co.*, 960 F.2d at 1044 (reversing a finding of equitable estoppel where the patentee was silent for nine years). Defendant points to Plaintiff's delay as evidence of misleading conduct. In support of this argument Defendant primarily relies on three cases -- *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305 (Fed. Cir. 2010), *Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469 (Fed Cir. 1998), and *Wafer Shave, Inc. v. Gillette Co.*, 857 F. Supp. 112 (D. Mass. 1993). Each of these cases involved circumstances in which the patentee engaged in affirmatively misleading conduct in the form of either misrepresentations or frequent communications with the accused infringer without mentioning infringement. For example, in *Scholle* -- a case in which the patentee previously had obtained a favorable verdict in litigation regarding similar patents -- the accused infringer created an

9

alternative design, presented that design to the patentee, and explained its intention to market the design. *Scholle*, 133 F.3d at 1470-71. The patentee did not respond, was silent on the issue of infringement for three years (despite numerous meetings between the parties), and then filed new litigation claims. *Id*. at 1471. The Federal Circuit determined that this conduct -- which went beyond silence or delay -- was sufficient to support a finding of equitable estoppel. *Id*.; *see also Aspex Eyewear Inc.*, 605 F.3d 1305, 1311 (affirming a finding of equitable estoppel where (1) the patentee corresponded with the alleged infringer and communicated a false sense of urgency by stating its "strong intention to fully and vigorously enforce [its] rights" in this "very urgent and serious matter," and (2) then waited three years before filing suit); *Wafer Shave, Inc. v. Gillette Co.*, 857 F. Supp. 112, 120 (D. Mass. 1993) (affirming a finding of equitable estoppel where (1) patentee sent a cease and desist letter; (2) patentee failed to respond to the accused infringer's letter requesting reasons for the patentee's assertions of infringement and was silent for one year; (3) the parties engaged in correspondence regarding the sale of the patent and the accused infringer suggested that the patentee propose terms for a non-exclusive license; and (4) patentee did not respond, was silent for over three years and then filed suit). Here, Plaintiff clearly communicated its belief that Defendant infringed the '226 and '325 Patents and emphasized that dismissal of the 2013 Patent Litigation was "<u>without</u> prejudice." Plaintiff then ceased direct communications with Defendant. Other than Plaintiff's inaction between the 2013 Patent Litigation and this action, Defendant has not pointed to any evidence that Plaintiff affirmatively misled Defendant. As a result, Defendant has not provided the requisite evidence of "some other factor which indicates that the silence was sufficiently misleading as to amount to bad faith." *High Point SARL*, 817 F.3d at 1330.

Defendant also points to its conversations with Stroock and its ultimate retention of Stroock as counsel in the 2018 Copyright Litigation -- without a waiver-of-conflict provision in the retention letter -- as reason to infer that Plaintiff would not assert the Kewazinga Patents. Even assuming that Plaintiff is responsible for Stroock's statements to Defendant in connection with the 2018 Copyright Litigation, Defendant's own e-mails illustrate that Defendant did not draw the inference that Plaintiff had no intention of *bringing* suit. Instead, Defendant's e-mails show that Defendant believed Stroock's representation of Defendant in the 2018 Copyright Litigation could *prevent* Stroock from representing Plaintiff in any such lawsuit. Overall, Defendant's conversations with Stroock, in combination with Plaintiff's silence, are not enough to reasonably infer that *Plaintiff* engaged in misleading conduct. *See John Bean Techs. Corp.*, 887 F.3d at 1327 (explaining that the "*patentee's* specific statements, action, inaction, or silence where there was an obligation to speak" can constitute misleading conduct).

Equitable estoppel similarly does not apply to the '234 Patent as no reasonable finder of fact could conclude that Plaintiff engaged in misleading conduct. While "pre-issuance conduct" may be considered "in assessing the application of equitable estoppel," to patent infringement claims, *Ferring B.V.*, 980 F.3d at 851, here, no reasonable fact finder could find that the pre-issuance conduct was misleading. Defendant does not point to any evidence that would warrant a finding of equitable estoppel as to the '234 Patent but not the '266 and '325 Patents -- the subject matter of the 2013 Patent Litigation.

Because the evidence does not support a finding that Plaintiff engaged in misleading conduct -- a required element of equitable estoppel -- there is no need to address the parties' remaining arguments as to reliance, prejudice and unclean hands.

**IV.      CONCLUSION**

Defendant's motion for summary judgment on the defense of equitable estoppel is DENIED, and Plaintiff's cross-motion on the same defense is GRANTED.

The Clerk of Court is respectfully directed to close the motions at docket numbers 51 and 75. The stay on all discovery, but for discovery relating to Defendant's affirmative defense of equitable estoppel and claim construction (Dkt. Nos. 33 and 49), is lifted. By February 19, 2021, the parties shall file a letter proposing next steps and setting deadlines for additional discovery.

Dated:  February 9, 2021
        New York, New York

_____
**LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE**