

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

<u>Via Electronic Filing</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**The motion to seal is GRANTED.  The Clerk of Court is respectfully directed to maintain Dkt. Nos. 172 and 180 under seal, with access limited to the parties listed in the Appendix at Dkt. No. 178, and to close the motions at Dkt. Nos. 172, 175 and 178.**

Dated: February 28, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)
Request to Seal and for Permission Redact Filings Related to Kewazinga's Pre-Motion Letter and Google's Responsive Letter

Dear Honorable Judge Schofield:

Google LLC respectfully requests permission to redact versions of its Response to Kewazinga's Pre-Motion Letter (Dkt. 180) and Kewazinga's Pre-Motion Letter (Dkt. 172)[1] (collectively "Letters"), with unredacted versions to be filed under seal.  Google makes this request pursuant to the Local Rules of the Southern District of New York, The Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files of the Southern District of New York, and Your Honor's Individual Rule I(D)(3).  The Letters, and underlying documents, include highly confidential business information, third-party confidential information, personally identifying information, and information designated by Google as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order in this case.  (Dkt. 42.)

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access.  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  Consistent with the Court's decision to seal portions of the filings related to Google's motion for summary judgment, filing the below-referenced documents under seal or in redacted form is necessary to prevent the unauthorized dissemination of the parties' confidential business information.  *See* Dkt. No. 70.

In accordance with the Court's Individual Rule I(D)(3), material that Google seeks to seal is ==highlighted in yellow==.

---

[1] Although the Court granted Kewazinga's Letter Motion to Seal (Dkt. 170) in its February 22, 2022 Order (Dkt. 176), Google has included Kewazinga's Pre-Motion Letter in its request here for the sake of completeness.

Honorable Judge Schofield
February 25, 2022
Page 2

**The Court Should Permit Google's Narrowly-Tailored Redaction Requests**

The Second Circuit applies a three-step analysis to determine whether to place a document under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 114 (2d Cir. 2006). First, the court determines whether the document at issue is a "judicial document" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119. Second, the court determines the weight of the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, the court balances the weight of the presumption against countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120.

Google does not dispute that the Letters submitted by the parties are judicial documents entitled to a rebuttable presumption of access. Google thus focuses on the second and third steps, *i.e.*, balancing the weight of the presumption against Google's countervailing interests in preventing competitive harm from public disclosure of its highly confidential business information and other privacy information.

Google has strong countervailing interests in preventing competitive and other harms from public disclosure of its highly confidential business information and other private matters. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *7 (S.D.N.Y. Jan. 22, 2008) ("competitive injury to the defendants is . . . a sufficient basis to grant defendants' motion to seal" (omission in original)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015) ("countervailing factors include . . . business information that might harm a litigant's competitive standing"). "[C]ategories of information requiring caution" under the Southern District of New York's ECF Privacy Policy include "proprietary or trade secret information" as well as other privacy matters such as "personal identifying number[s]."

Indeed, the Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information); *Lodging Sols. v. Miller*, 19-cv-10806-AJN, Dkt. 60 at 4 (S.D.N.Y. Jan. 16, 2019) (applying *Lugosch* and finding that the risk of competitive disadvantage and damage to privacy interests was of a higher value than the value to the public such that sealing was necessary).

**DESMARAIS**LLP

Honorable Judge Schofield
February 25, 2022
Page 3

**Google's Redaction Requests of References to Highly Confidential Information**

Google's confidential financial, operational, and technical information describing its internal systems and technical details of Google Street View should remain non-public because it is part of Google's core highly confidential business information. Likewise, references to such highly-confidential business information, and associated documents, in the Letters should be redacted.

This Court recognizes that internal documents and unpublished drafts that contain non-public strategies and financial information constitute "confidential commercial information" under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors. *New York v. Actavis, PLC*, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Fox News Network v. U.S. Dep't of Treas.*, 739 F. Supp. 2d 515, 571 (S.D.N.Y. 2010) (withholding draft containing proposed financial and risk reporting strategy); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 415–416 (M.D.N.C. 1991) ("Such commercial information, which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business [and] may also be particularly deserving of protection if the disclosing corporation is vulnerable to competitors.").) Particularly in this case, where a direct competitor is being sued by the same plaintiff on a competing product (*see Kewazinga Corp. v. Microsoft Corp.*, Case No. 1:18-cv-04500-GHW (S.D.N.Y.)), the countervailing interests of preventing competitive harm is heightened. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

The Court previously granted Google's request to redact narrowly-tailored, specific references to Google's core highly confidential business information and documents. (Dkt. Nos. 70, 137). Google seeks to redact similar, narrowly-tailored references contained in the Letters. As Stafford Marquardt, a Product Manager for Google Street View, attests, certain information contained in the Letters is Google's highly confidential and competitively-sensitive proprietary information. (2/25/2022 Marquardt Decl. ¶¶ 5–7). Mr. Marquardt explains that both the financial and non-financial details of this document are confidential and sensitive. In addition, he details the many steps Google takes to keep this document confidential, including limiting access within Google, and implementing internal controls at Google. (*Id.*) Moreover, Mr. Marquardt explains that public disclosure would cause significant competitive harm to Google and place Google at competitive disadvantages, including by allowing competitors and prospective counterparties to access the confidential details of Google's technology and systems, which they could use to gain an unfair advantage in future negotiations against Google or could leverage in negotiations against others. (*Id.*) Google requests that the Court redact references to confidential business information in the accompanying filings, as detailed below.

**DESMARAIS**LLP

Honorable Judge Schofield
February 25, 2022
Page 4

| Document Filed Under Seal | Sections Google Seeks to Seal/Redact | Sections Google Does Not Seek to Seal/Redact |
|---|---|---|
| Kewazinga's Pre-Motion Letter (Dkt. No. 172) | Yellow highlighted portions at Dkt. No. 172 at 2–3 under the headings: **User Metrics**, **User Fulfillment**, and **Street View Value**. | Yellow highlighted portions at Dkt. No. 172 at 3 under the heading: **Source Code Review**. |
| Google's Response to Kewazinga's Pre-Motion Letter (Dkt. No. 180) | Yellow highlighted portions at Dkt. No. 180 under the headings: **Google Search Revenue**, **API Revenue**, **User Metrics**, and **User Fulfillment & Street View Value**. | — |

For the reasons above, Google respectfully requests that the Court seal and redact the portions of the Letters identified above.

**DESMARAIS**LLP

Honorable Judge Schofield
February 25, 2022
Page 5

Dated: February 25, 2022                    Respectfully submitted,

*/s/ Ameet Modi*
John M. Desmarais
jdesmarais@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Elizabeth Weyl
eweyl@desmaraisllp.com
Ryan Dowell
rdowell@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:  (212) 351-3400
Fax:  (212) 351-3401

Ameet A. Modi
amodi@desmaraisllp.com
Yong Wang (*pro hac vice*)
lwang@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Tel:  (415) 573-1900
Fax:  (415) 573-1901

Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com
**DESMARAIS LLP**
1701 Pennsylvania Avenue NW, Suite 200
Washington, D.C. 20006
Tel:  (202) 451-4900
Fax:  (202) 451-4901

*Counsel for*
*Defendant Google LLC*

# APPENDIX

Pursuant to Your Honor's Individual Rule I(D)(3), the parties identify below all parties and attorneys of record who should have access to the sealed documents:

| | |
|---|---|
| Ian G. DiBernardo<br>Kenneth L. Stein<br>Timothy J. Rousseau<br>Jason M. Sobel<br>Haroon Mian<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, New York 10036<br>Tel: (212) 209-4800<br>Fax: (212) 209-4801<br>idibernardo@brownrudnick.com<br>kstein@brownrudnick.com<br>trousseau@brownrudnick.com<br>JSobel@brownrudnick.com<br>HMian@brownrudnick.com<br><br>Timothy K. Gilman<br>Saunak K. Desai<br>Gregory R. Springsted<br>**STROOCK & STROOCK & LAVAN LLP**<br>180 Maiden Lane<br>New York, New York 10038<br>Tel: (212) 806-5400<br>Fax: (212) 806-6006<br>tgilman@stroock.com<br>sdesai@stroock.com<br>gspringsted@stroock.com | John M. Desmarais<br>jdesmarais@desmaraisllp.com<br>Steven M. Balcof<br>sbalcof@desmaraisllp.com<br>Elizabeth Weyl<br>eweyl@desmaraisllp.com<br>Ryan Dowell<br>rdowell@desmaraisllp.com<br>**DESMARAIS LLP**<br>230 Park Avenue<br>New York, New York 10169<br>Tel: (212) 351-3400<br>Fax: (212) 351-3401<br><br>Ameet A. Modi<br>amodi@desmaraisllp.com<br>Yong Wang (*pro hac vice*)<br>lwang@desmaraisllp.com<br>**DESMARAIS LLP**<br>101 California Street<br>San Francisco, California 94111<br>Tel: (415) 573-1900<br>Fax: (415) 573-1901<br><br>Tuhin Ganguly (*pro hac vice*)<br>tganguly@desmaraisllp.com<br>**DESMARAIS LLP**<br>1701 Pennsylvania Avenue NW, Suite 200<br>Washington, D.C. 20006<br>Tel: (202) 451-4900<br>Fax: (202) 451-4901 |
| *Counsel for Plaintiff*<br>*Kewazinga Corp.* | *Counsel for*<br>*Defendant Google LLC* |