UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEWAZINGA CORP., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 20-cv-01106-LGS <br><br> JURY TRIAL DEMANDED |

**SEVENTH** ~~SIXTH~~ **AMENDED PATENT CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

This case is governed by the Local Patent Rules and the Court's Individual Rules.

All parties do not consent to conducting all further proceedings before a United States Magistrate Judge, including motions and trial.

The parties have conferred pursuant to Fed. R. Civ. P. 26(f).

The parties propose the following schedule for the remainder of this matter:

1. The party claiming infringement may file amended infringement contentions within 30 days of the Court's claim construction ruling (*i.e.*, by August 30, 2021). The party opposing a claim of patent infringement may file amended invalidity contentions within 50 days of the Court's claim construction ruling (*i.e.*, by September 20, 2021). Any amendments shall be filed in accordance with Texas Rule 3-6.

2. Within 90 days of the Court's claim construction ruling (*i.e.*, by October 28, 2021), the patent claimant shall serve a Final Election of Asserted Claims, which shall identify no more than six asserted claims per patent from among the previously identified asserted claims, and no more than a total of 18 claims. Within 120 days of the Court's claim construction ruling (*i.e.*, by November 29, 2021), the patent defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the prior art references previously identified for that particular patent and no more than a total of 18 references[1]. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

3. Pursuant to SDNY Rule 10, each party that will rely on an opinion of counsel as part of a defense to a claim of willful infringement or inducement of infringement, or that a case is

---

[1] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.

exceptional, must produce or make available for inspection and copying the opinion(s) and any other documents relating to the opinion(s) as to which attorney-client or work product protection has been waived as a result of such production by: <u>30 days after the Court's claim construction ruling (*i.e.*, by August 30, 2021)</u>.

4. The producing party shall serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

5. Alternative Dispute Resolution/Settlement

    a. Settlement discussions have <u>not</u> taken place.

    b. The parties are open to mediation after claim construction. The means and specific timing of the mediation to be discussed at that time.

    c. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been exchanged.

7. No additional parties may be joined after 30 days following the initial pretrial conference without leave of Court.

8. Amended pleadings may be filed without leave of Court to the extent permitted by Fed. R. Civ. P. 15.

9. Fact Discovery

    a. The Court has already entered a Protective Order and Stipulated Discovery Plan and Order for Electronically Stored Information. (Dkt. Nos. 42, 43, 102.)

    b. The parties agree to the following limitations on discovery beyond those stated in the Federal Rules of Civil Procedure and the Local Rules of this Court:

        (i) Depositions of fact witnesses are limited to 70 hours per party.

        (ii) Depositions of fact and expert witnesses are limited to one 7 hour deposition per witness.

        (iii) Each party is limited to 100 requests for admission, except that an unlimited number of authentication requests may be submitted.

    c. All fact discovery shall be completed no later than: <u>April 8, 2022</u>.

    d. <u>Absent a showing of good cause,</u> initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by <u>August 18, 2021</u>.

e.  <u>Absent a showing of good cause,</u> interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by <u>August 18, 2021</u>.

f.  Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by <u>the close of fact discovery</u>.

g.  <u>Absent a showing of good cause,</u> requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by <u>August 18, 2021, except that requests for authentication directed to the authentication of evidence may be served at any time sufficient to have responses due no later than the close of fact discovery</u>.

h.  Any of the deadlines in Paragraphs 8(d) through 8(g) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in Paragraph 8(c).

10. Expert Discovery

    a.  Anticipated types of experts: (i) technical experts on issues of infringement, validity, and/or enforceability and (ii) experts on issues surrounding damages.

    b.  If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than: ~~August 26, 2022~~. <span style="color:red">September 9, 2022 For the limited purpose of conducting depositions of two of Google's expert witnesses referenced in the parties' joint letter (Dkt. No. 204).</span>

    c.  <u>The parties have met and conferred</u> on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) opening expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); (ii) the party with the burden of proof shall have a reply report due after the opposing party's rebuttal report; and (iii) all expert discovery shall be completed by the date set forth in Paragraph 9(b). <u>The following schedule shall apply:</u>

        (i)   <u>Opening expert report(s) of the party with the burden of proof shall be served by May 16, 2022.</u>
        (ii)  <u>Rebuttal expert report(s) shall be served by July 8, 2022.</u>
        (iii) <u>Reply expert report(s) shall be served by July 29, 2022.</u>

11. This case is to be tried to a jury.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is: <u>seven trial days</u>.

13. Status Letters and Conferences

    a.  The parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 by: <u>45 days after the Court's Claim Construction Ruling (*i.e.*, by September 13, 2021)</u>, and every 30 days thereafter.

3

b. By 14 days after the close of fact discovery (*i.e.*, by April 22, 2022), the parties shall submit a joint status letter, as outlined in Individual Rule IV.A.2 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. <span style="color:red">September 21, 2022, at 4:30 p.m., on the following conference line: 888-363-4749, access code: 558-3333</span> On a date on or about 14 days after the close of expert discovery (*i.e.*, on or about ~~September 14, 2022)~~ a pre-motion conference will be held for any anticipated dispositive motions, provided:

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at least two weeks before the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference.

   ii. If no pre-motion letter is timely filed, at the Case Management Conference, the Court will set dates for a final pre-trial order, other pretrial submissions, a final pre-trial conference and trial. The trial date will be firm.

This Order may not be modified or the dates herein extended, except as provided in Paragraph 9(h) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in Paragraph 9(h), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

SO ORDERED.

Dated: July 26, 2022
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

4