brownrudnick

IAN G. DIBERNARDO

IDiBernardo@brownrudnick.com

September 7, 2022

**VIA ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re:** ***Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)**
**Kewazinga's Pre-Motion Letter on Proposed Summary Judgment Motions**

Pursuant to the operative Scheduling Order (Dkt. 206), Plaintiff Kewazinga Corp. hereby requests leave to file the following motions for summary judgment or partial summary judgment:

**(1) Judgment of no invalidity based on combinations not enumerated in Google's Final Election of Asserted Prior Art**

Google's sole technical expert, Dr. Lastra, diverges from Google's November 2021 Final Election of Asserted Prior Art by advancing grounds absent from Google's election, for example, alleging (1) the "Taylor System" anticipates the '325 Patent, and (2) where Google's election included a single three-reference obvious combination, alleging multiple two-reference obviousness combinations in addition to the three-reference combination. This vitiates the Court's order (Dkt. 155) limiting Google to six combinations per patent. Accordingly, Kewazinga seeks judgment of no invalidity under such non-elected combinations and striking the opinions regarding such combinations.

**(2) Judgment that Street View practices all "tweening" limitations of the Asserted Claims**

At his deposition, Google's expert, Dr. Lastra, confirmed that he is not offering an opinion that Google Street View does not perform tweening under the Court's construction. Lastra Dep. Tr. at 189:16-20. In view of this, Kewazinga seeks entry of partial summary judgment that Google Street View performs the "tweening" of the asserted claims.

**(3) Judgment that Google Street View practices all "user input" limitations of the Asserted Claims**

Google, through its expert Dr. Lastra, argues non-infringement of the '234 and '325 Patents based on the absence of limitations that require actions based on receipt of "user inputs," specifically arguing that the claims require that the device receiving user input be a client (e.g., laptop) or server device and that, for example, a processing element of a client device "cannot receive user input from itself." (*E.g.,* Lastra Reb. Rpt. at ¶¶ 291, 506, and passim). No reasonable juror could find absence of receipt of user input because Dr. Lastra's opinions are plainly contradicted by the language of the Patents: (i) the claims recite "one or more processing elements," which permits the recited actions be performed by the processing element of either the client or server, and (ii) the Asserted Patents expressly characterize an embodiment enumerating the processing element of a device separately from the device itself, thus contemplating that such a separately-enumerated





processing element of a client device may receive input from the device of which it is a part. (*See, e.g.,* ’234 Patent at 6:3-11, 21:56-22:7.) Accordingly, Kewazinga seeks partial summary judgment on the “user input” limitations.

**(4) Judgment that Google Street View infringes Claim 6 of the ’234 Patent**

Claim 6 of the ’234 Patent depends from claim 1. Claim 1 of the ’234 Patent relates generally to a system with one or more processing elements configured to generate mosaic imagery, receive user inputs from first and second users, and provide mosaic imagery to the first and second users, respectively, based on these inputs. There is no factual dispute as to the presence of these limitations in the accused instrumentalities. As noted above in (3), Dr. Lastra relies on a legally erroneous interpretation of “one or more processing elements” in connection with the receiving of user inputs. Furthermore, Dr. Lastra agrees that the “stitching” process used to create the panoramas that users view in Google Street View is a form of “mosaicing” (*e.g.,* Lastra Dep. at 167:22-168:5), and claim 1 contains no requirement that the mosaic imagery be generated in response to user inputs. Claim 6 recites “in response to [] user inputs, provide the tweened imagery” and Dr. Lastra provides no opinion that tweening does not occur. Accordingly, Kewazinga seeks summary judgment that ’234 Patent Claim 6 is infringed by Google.

**(5) Judgment of no invalidity for lack of written description under 35 U.S.C. § 112**

Google argues that the claimed array of cameras of the ’325 and ’226 Patents lack written description support under 35 U.S.C. § 112 due to the alleged lack of disclosure of “moving cameras.” *See, e.g.,* Lastra Op. Rpt. at ¶¶ 169-193. These arguments are unsupportable and ripe for summary judgment as no material dispute of fact exists as to the disclosures of the Patents, and the law is clear that a patent need not describe every embodiment. The “moving cameras” disparaged in the patent specifications refer to the physical control of a ‘rover’ type vehicle that must be actuated and physically moved by a user in real-time in order to change the user’s view. The Patents’ disparagement does *not* extend to navigation of imagery captured from particular positions—whether taken from a “moving vehicle” or by other means. Dr. Lastra in fact agreed that a POSITA would have understood that the telepresence systems, as in the Asserted Patents, would encompass navigation of a sequence of images taken by a camera on a moving vehicle (*e.g.,* Lastra Dep. at 61:15-62:10). In denying institution of an *inter partes* review for the ‘234 patent, the PTAB found that the Kewazinga patents do not “criticize or disclaim ‘moving camera systems, including vehicle-mounted cameras, in their entirety’” nor do they “‘teach[] away’ from vehicle-mounted mobile camera systems.” IPR2019-00872, Sept. 23, 2019 Decision at 8-11, 13-16.) Summary judgment of no invalidity under §112 defense is justified.

**(6) Judgment of no disclaimer of “moving cameras” with respect to the claimed array**

Google has taken the position that the patents cannot encompass use of cameras on a moving vehicle (*see, e.g.,* Lastra Reb. Rpt. ¶ 268); however, for a patent to disclaim scope, it must be clear and unmistakable. *See, e.g. Tech. Properties Ltd. LLC v. Huawei Techs. Co.*, 849 F.3d 1349, 1357 (Fed. Cir. 2017). For similar reasons to those discussed in (5), Kewazinga seeks summary judgment that the Asserted Patents contain no disclaimer of “moving cameras” or cameras on a moving vehicle.




**(7) Judgment that Google does not avoid infringement based on use of a partial 3-d model**

During prosecution of the Asserted Patents, Applicant distinguished certain prior art on the basis that, for example, a description of only navigation by manipulation of a virtual world model was not within the scope of the invention because it did not reflect navigation tied to particular camera viewpoints but instead allowed complete freedom of navigation and the positioning of the virtual camera viewpoint anywhere within the virtual world. Dr. Lastra has opined that these statements in the file histories of the Asserted Patents—which also distinguish certain prior art relied on by Google—preclude infringement by Street View of at least certain claims because Google Street View allegedly uses a 3-d model (e.g., Lastra Reply at ¶ 177, 334-339). This argument should be dismissed as a matter of law: unlike the systems distinguished in prosecution, Google Street View is based on navigating between individual panorama captures – retaining the tethering of navigation to specific imagery capture positions. Dr. Lastra acknowledges that Google Street View makes use of only a "partial" 3-d model (as a projection surface for panorama imagery) (Lastra Reply. Rpt. at ¶ 148) and does "not [use] a full 3D model of the environment" (Lastra Reb. Rpt. at ¶ 155) and Google's fact witness David Thomasset also stated that Street View did not make use of a "full 3-d mesh" (Thomasset Tr. 71:5-6). Summary judgment is appropriate that the use of a partial 3-d model in Street View does not avoid infringement.

**(8) Judgment of no invalidity based on the "Taylor System" and third-party tools outside the scope of the references relied on by Dr. Lastra to define it**

Several capabilities that Dr. Lastra imputes to the "Taylor system" as meeting the claim limitations of the Asserted Patents – for example, those related to mosaicing, tweening, or warping -- reflect use of third-party tools not part of or incorporated into the "Taylor System." *See, e.g.,* Lastra Reply Rpt. ¶ 172; *see also* Lastra Tr. at 251:24-253:18. Thus, Dr. Lastra's opinion of what constitutes the "Taylor System" is legally erroneous and cannot stand.

**(9) Judgment of no invalidity based on QTVR and the "Chan" reference's discussion of inter-panorama transitions**

Dr. Lastra enumerates at least seven references as providing evidence of the characteristics of the alleged "QTVR" prior art system. One reference—Chan—describes (in addition to purporting to describe QTVR) certain interpolative approaches to inter-panorama transitions for which Google has no evidence of use in QTVR. The interpolation approach of Chan is expressly described as having been implemented independently, outside of QTVR, and does not characterize the "QTVR System." Thus, Dr. Lastra's opinion of the "QTVR System" is legally erroneous and cannot stand.

**(10) Judgment of no failure to mark**

In its Answer, Google pled as its Sixth Defense Kewazinga's alleged failure to mark products with the patent numbers. As there is no record evidence that Kewazinga made any product or had any licensed or commercial product embodying the Asserted Claims during the period of infringement, Google's marking defense should be struck.

Dated: September 7, 2022
*/s/* Ian G. DiBernardo

Ian G. DiBernardo
Jason M. Sobel
Timothy J. Rousseau
Haroon N. Mian
Harold S. Laidlaw
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
idibernardo@brownrudnick.com
jsobel@brownrudnick.com
trousseau @brownrudnick.com
hmian@brownrudnick.com
hlaidlaw@brownrudnick.com

Timothy K. Gilman
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
tgilman@stroock.com
sdesai@stroock.com
gspringsted@stroock.com

*Counsel for Plaintiff*
*Kewazinga Corp.*