

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

www.desmaraisllp.com

Ameet A. Modi
San Francisco
Direct: 415-573-1905
AModi@desmaraisllp.com

September 14, 2022

**Via Electronic Filing**

> Re: *Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)
> **Google's Response to Kewazinga's Pre-Hearing Letter (Dkt. 213)**

Dear Honorable Judge Schofield:

Google hereby responds to Kewazinga's Pre-Hearing Letter (Dkt. 213). Kewazinga's scattershot letter identifies *ten* issues—almost none of which is dispositive to any claim or defense. Instead, the proposed motions are Kewazinga's attempt to shortcut its burden of proof or to re-litigate issues this Court has already decided, and the Court should deny them.

**(1) "Judgment of no invalidity based on combinations not enumerated in Google's Final Election of Asserted Prior Art"[1]:** This is not a dispositive motion, and in any event, Kewazinga's argument lacks merit. Specifically, Kewazinga cannot credibly claim it was surprised by Dr. Lastra's Taylor System invalidity theories because Google has maintained the same theories for years. Indeed, *two years ago*, Google explained in its invalidity contentions that the Asserted Claims of the '325 Patent are invalid based on the Taylor System alone or in combination with other references. Then, in November 2021, Google identified the *same* Taylor System in its final prior art election for the '325 Patent and two combination references out of an abundance of caution. Finally, in May, Dr. Lastra adopted that Taylor System combination theory and a streamlined theory based on the Taylor System alone in his invalidity report.

Kewazinga argues that because Google's prior art election says A, B, and C (*i.e.*, Taylor System and two other references), Dr. Lastra is foreclosed from relying on reference A alone (*i.e.*, Taylor System alone). That makes no sense. He relies on *less* of the elected material—not a previously undisclosed theory or reference. Regardless, Kewazinga has not suffered any prejudice. Its expert addressed each theory in his report and Kewazinga questioned Google's expert about them. (*e.g.*, Lubin Rebuttal § XVI; Lastra Dep. 22:24–47:14, 250:3–261:16.) As to the alleged "three-reference obvious combination" referenced in Kewazinga's letter, Kewazinga fails to identify which combination it believes is improper. Nevertheless, its assertion lacks merit. Again, Dr. Lastra relies on the same prior art disclosures that Google identified in its contentions two years ago and elected in November 2021. The proposed motion should be denied.

**(2) "Judgment that Street View practices all 'tweening' limitations of the Asserted Claims":** This proposed motion is not dispositive to any claim or defense: to prove infringement, Kewazinga must establish that Google Street View meets each limitation of an Asserted Claim—not just individual terms like "tweening." Additionally, even if this motion was proper, the "tweening" limitations are the subject of disputed issues of fact. "Tweening," as used in the claims, is further limited by other claim language—*e.g.*, "sequentially tweening the selected outputs of cameras" ('325 cl. 10), "cause imagery . . . to be tweened to smooth navigation" ('234 cl. 6), a "first" and "second tweening image" ('325 cl. 14), "provide the tweened imagery to the first user interface

---

[1] For the Court's convenience, Google repeats the section titles of Kewazinga's letter and responds to them in the order presented by Kewazinga.

device" ('234 cl. 19).  Contrary to Kewazinga's suggestion, Dr. Lastra will explain that Street View does not meet the tweening limitations as they are recited in the claims.  As one example, Dr. Lastra will explain that Google's servers, which provide panoramas to user's devices, do not perform tweening.  (*See, e.g.*, Lastra Rebuttal §§ VI.C.6.b, VI.D.3, VII.G.2–3; Lastra Dep. 187:25–188:23.)

**(3) "Judgment that Google Street View practices all 'user input' limitations of the Asserted Claims":** Because no claim recites "user input" alone, this is not a dispositive motion and should be denied at least on that basis.  In any event, Dr. Lastra will explain that Street View does not meet the "user input" limitations because, for example, Google's servers, which provide Street View panoramas to user's devices, do not "receive" user inputs, and users' devices do not "receive" user inputs as required by the claims—rather, user inputs are only created by users' devices.  (*See, e.g.*, Lastra Rebuttal §§ IV.E.5.b, V.A.3, V.B.3, VI.A.3–7, VI.B.2, VI.C.3–7, VI.D.2, VI.F.5–6, VII.A.4–9, VII.B, VII.C.3, VII.D, VII.E, VII.G, VII.H.)  These fact disputes should be decided by the jury.

**(4) "Judgment that Google Street View infringes Claim 6 of the '234 Patent":** This motion should be denied because there are genuine disputes of fact as to whether Street View meets every limitation of Claim 6 of the '234 Patent.  Kewazinga mischaracterizes '234 Claims 1 and 6 as a disconnected set of elements and implies Google's only noninfringement arguments relate to "user input."  But in addition to those arguments, Google's expert report details several other noninfringement arguments for Claim 6, including: Street View does not meet the "mosaicing" limitation for the reasons identified in Google's pre-hearing letter; Street View does not provide imagery "along a view" (Lastra Rebuttal § VII.A.8.c); a user's device is not the claimed "processing elements" (*id.* §§ VII.A.4–5); and Street View does not provide tweened imagery to the user interface devices (*id.* §§ VII.C.2–3).  Kewazinga addresses none of these arguments.

**(5) "Judgment of no invalidity for lack of written description under 35 U.S.C. § 112":** This proposed motion should be denied because it is a thinly-veiled attempt to re-litigate claim construction.  The Court's order construing "array of cameras" explains that "positioning" suggests "a camera ***cannot be continuously moving***."  Dkt. 131 at 8 (emphasis added).  That notwithstanding, Kewazinga contends the patents cover a continuously-moving camera.  As Google explained in its opening letter, Kewazinga does not hide the fact that its expert disregarded the claim construction order, who testified that the Court "got it wrong."  Google's expert will explain—consistent with the Court's conclusion—that the specifications do not describe or disclose an "array of cameras" that encompasses continuously-moving cameras and that under such an interpretation, the claims are invalid under 35 U.S.C. § 112.

**(6) "Judgment of no disclaimer of 'moving cameras' with respect to the claimed array":** This proposed motion is another effort by Kewazinga to revive an infringement theory for the "array of cameras" limitation.  Claim scope disclaimer is an issue of claim construction—indeed, the case Kewazinga cites is a claim construction case.  During claim construction more than a year ago, this Court determined that Kewazinga's patents distinguish an "array of cameras" from "moving cameras" and that this Court's construction "dispel[s] the notion" that the patents claim "moving cameras."  Dkt. 131 at 7–8.  Thus, the Court has already addressed this issue, and Kewazinga's attempt to re-litigate it should be denied.  Notably, earlier today, the *Microsoft* court rejected Kewazinga's similar attempt to re-litigate analogous issues in that case.  *Kewazinga Corp. v.*

*Microsoft Corp.*, 1:18-cv-04500-GHW, Dkt. 332 at 3 (S.D.N.Y. Sep. 14, 2022) (criticizing Kewazinga for "retread[ing] disputed issues that the Court resolved").

**(7) "Judgment that Google does not avoid infringement based on use of a partial 3-d model":** This proposed motion should be denied because it is a quintessential fact issue for the jury. As Kewazinga concedes, while securing its patent claims, it distinguished its inventions from systems that use virtual, or 3D, models. Now it wants to walk away from those statements because Street View uses a type of 3D model. Contrary to Kewazinga's suggestion, Google's expert has explained that, as relevant to the Asserted Claims, Google's 3D model is essentially the same as the type distinguished by Kewazinga during patent prosecution. (*See, e.g.*, Lastra Dep. 113:6–129:21; Lastra Opening ¶¶ 116–118, 155; Lastra Reply ¶¶ 72, 72 FN10, 177, 180, 198, 199, 337–339; Lastra Suppl. Rebuttal ¶ 18.) Given that genuine dispute of material fact, summary judgment is improper.

**(8) "Judgment of no invalidity based on the 'Taylor System' and third-party tools outside the scope of the references relied on by Dr. Lastra to define it":** This proposed motion should be denied because it reflects—at most—a genuine factual dispute about what constitutes the "Taylor System." Under 35 U.S.C. § 102(a), a patent claim is invalid if the invention was "in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." Google's expert will explain that a collection of equipment and software assembled by Dayton Taylor—*i.e.*, the "Taylor System"—renders certain Asserted Claims invalid because it discloses each limitation and was publicly demonstrated before the priority dates of Kewazinga's patents. (*See, e.g.*, Lastra Opening §§ VIII.A.1, VIII.B.1, IX.A.2, IX.B.1.) Kewazinga argues that the Taylor System cannot be prior art because Mr. Taylor used tools that he did not create. But no legal authority supports that argument. Indeed, virtually every invention relies on previous innovations as building blocks. At most, this is an issue for the jury.

**(9) "Judgment of no invalidity based on QTVR and the 'Chan' reference's discussion of interpanorama transitions":** This proposed motion is not dispositive and should be denied because—like with the Taylor System—Kewazinga misapprehends patent law and raises, at most, a factual dispute over what constitutes the "QTVR" system. "QTVR" is Google's label for a body of evidence that describes and corroborates a system focused on Apple's QuickTime VR that was in public use before the priority date of Kewazinga's patent claims. As Google's expert will testify, the substantial evidence concerning QTVR (including Chan) discloses and/or renders obvious each claim limitation. Chan in particular describes QTVR with inter-panorama transitions. To the extent Kewazinga believes Chan's inter-panorama transitions do not relate to QTVR, that is a disputed issue of fact appropriate for the jury.

**(10) "Judgment of no failure to mark":** This proposed motion should be denied because there is, at minimum, a genuine factual dispute about whether Kewazinga complied with the marking statute. Under 35 U.S.C. § 287, a patentee's failure to mark a patent-practicing product with the patent numbers may limit the recovery of damages. Multiple witnesses testified that Kewazinga had a "K-System" product that practiced the patents, and no evidence exists that it was marked with the patent numbers. (Worley Dep. (2022) at 141:19–22; Kumar Dep. at 70:2–15.) Now that a patented product has been identified, the burden shifts to Kewazinga to demonstrate that it complied with the marking statute. *Arctic Cat Inc. v. Bombardier Recreational Prods, Inc.*, 876 F.3d 1350, 1368 (Fed. Cir. 2017). Kewazinga fails to do so.

| | |
|---|---|
| Dated: September 14, 2022 | Respectfully submitted, |
| | */s/ Ameet A. Modi* |
| | John M. Desmarais |
| | jdesmarais@desmaraisllp.com |
| | Steven M. Balcof |
| | sbalcof@desmaraisllp.com |
| | Ryan Dowell |
| | rdowell@desmaraisllp.com |
| | Lee Matalon |
| | lmatalon@desmaraisllp.com |
| | **DESMARAIS LLP** |
| | 230 Park Avenue |
| | New York, New York 10169 |
| | Tel: (212) 351-3400 |
| | Fax: (212) 351-3401 |
| | |
| | Ameet A. Modi |
| | amodi@desmaraisllp.com |
| | Yong Wang (*pro hac vice*) |
| | lwang@desmaraisllp.com |
| | **DESMARAIS LLP** |
| | 101 California Street |
| | San Francisco, California 94111 |
| | Tel: (415) 573-1900 |
| | Fax: (415) 573-1901 |
| | |
| | Tuhin Ganguly (*pro hac vice*) |
| | tganguly@desmaraisllp.com |
| | **DESMARAIS LLP** |
| | 1899 Pennsylvania Avenue NW, Suite 400 |
| | Washington, D.C. 20006 |
| | Tel: (202) 451-4900 |
| | Fax: (202) 451-4901 |
| | |
| | *Counsel for* |
| | *Defendant Google LLC* |