**brown**rudnick

IAN G. DIBERNARDO
IDiBernardo@brownrudnick.com

November 22, 2022

**VIA ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Kewazinga Corp. v. Google LLC, No. 1:20-cv-1106-LGS (S.D.N.Y.)
      **Joint Letter Regarding Briefing Schedules**

Pursuant to the Court's Order of November 21, 2022 (Dkt. 241) endorsing the parties' joint letter of November 18, 2022 (Dkt. 240), Plaintiff Kewazinga Corp. and Defendant Google LLC submit this joint letter containing a joint proposal for summary judgment briefing and their positions on a proposal by Kewazinga for *Daubert* briefing on the damages report submitted by Kewazinga's expert Michele Riley to take place in parallel with summary judgment briefing.

**Agreed-On Proposals:**

The parties propose exchanging summary judgment briefs in the following cadence:

(1) Google's Opening Brief: Thursday, December 22, 2022
(2) Kewazinga's Combined Opening and Responsive Brief: Friday, February 3, 2023
(3) Google's Responsive and Reply Brief: Friday, March 10, 2023
(4) Kewazinga's Reply Brief: Friday, April 7, 2023

The above schedule affords each party approximately ten total weeks of briefing time, with holiday periods (Thanksgiving and Christmas-New Year's) split between Google's time and Kewazinga's time.

Under this proposal, the parties would each be afforded fifty (50) total pages of briefing to allocate as they see fit to their respective papers.

Kewazinga has also agreed to Google's request that Kewazinga identify which six of Kewazinga's affirmative summary judgment issues that it may brief out of the ten identified in its pre-motion letter no later than two weeks prior to the date of Google's opening brief.

The parties disagree as to whether the Court should entertain (as discussed below) *Daubert* briefing on the issue of Kewazinga's damages expert's opinion in parallel with summary judgment briefing. The parties have met and conferred on these issues on Wednesday, November 16, and again on Monday, November 21.

**Kewazinga's Proposal:**

   *I.*   ***Daubert*** **Briefing on the Report of Kewazinga's Damages Expert Michele Riley**



Honorable Lorna G. Schofield
November 22, 2022
Page 2

Kewazinga proposes that the Court schedule briefing on Google's signaled *Daubert* challenge to the expert testimony of Kewazinga's damages expert, Michele Riley, to take place in parallel with summary judgment briefing. Google's challenge to the sufficiency of Ms. Riley's damages model first surfaced in the context of a discovery dispute before Your Honor involving Kewazinga's request for production of Google's advertising revenue in support of Kewazinga's "ecosystem" damages model. (*See, e.g.*, Dkt. 172 at 1-2, 180 at 1). Kewazinga believes that the resolution of Google's damages challenge is a threshold issue and condition precedent to any potential settlement.

Moreover, there is no need to wait for summary judgment to be decided, or even briefed, for this *Daubert* issue to be briefed. As addressed in Kewazinga's response to Google's pre-motion letter, with respect to Google's "array of cameras" motion, even if Google were to prevail on both no literal infringement and no infringement under the Doctrine of Equivalents—two highly factual issues—one of the three asserted patents (the '234 patent) would proceed to trial (*see* Dkt. 212 at 1), and with respect to Google's "mosaic" motion, Google would have to prevail on two independent, fact-intensive, contested positions (*see* Dkt. 219 at 2-3). Given the high hurdles faced by Google's summary judgment motions, Kewazinga submits that it is appropriate to address the issue of damages *Daubert* challenge in parallel with summary judgment, given its potential significance to the scope of the case and the low likelihood of Google's summary judgment briefing independently proving case-dispositive.

In view of the agreed-on four-brief schedule, the period after the submission of Google's opening brief but before the submission of Kewazinga's first brief would leave Google free to brief the *Daubert* issue without any parallel summary judgment responsibilities. Kewazinga would then be afforded the same amount of time as Google (*i.e.*, six weeks) to submit its response. As such, the briefing could take place substantially in parallel with summary judgment briefing.

Thus, based on Kewazinga's proposed summary judgment briefing schedule, Kewazinga proposes the following schedule for *Daubert* briefing as to Ms. Riley's opinion:

> Google's Opening *Daubert* Brief due: <u>Friday, February 3, 2023</u> (Due date of Kewazinga's first summary judgment brief)
>
> Kewazinga' Opposition Brief due: <u>Friday, March 17, 2023</u> (six weeks from Google's briefing due date, affording Kewazinga the same six weeks for *Daubert* briefing as afforded to Google between the submission of Google's opening summary judgment brief and Kewazinga's first summary judgment brief).

Kewazinga proposes that the parties be afforded twenty-five (25) pages each to brief their *Daubert* motions.

In the alternative, if the Court determines that *Daubert* and summary judgment briefing should take place serially, Kewazinga submits that it would be appropriate to begin *Daubert* briefing immediately after the conclusion of summary judgment briefing, rather than further delaying this action by awaiting a ruling on summary judgment, particularly when such a ruling is unlikely to be dispositive. Google's previous insistence on serial issue resolution, with Google pressing for



limited discovery specific to its equitable estoppel defense (*see, e.g.*, Dkt. 33)—a defense later dismissed on Kewazinga's motion for summary judgment (Dkt. 117)—has already substantially delayed this action, and further unnecessary delay in the resolution of this action is unwarranted when nothing precludes the parties from fulsomely briefing *Daubert* motions at the conclusion of summary judgment briefing.

**<u>Google's Proposal</u>:**

**I.       Full Briefing of Expert Challenges After the Resolution of Summary Judgment**

As to expert challenges, Google agrees with Kewazinga that such issues need to be separately and fully briefed. However, Google disagrees with Kewazinga's proposal for two reasons. First, it is premature to set a briefing schedule for expert challenges because together, Google's two summary judgment motions are case dispositive and may obviate the need for expert challenges. Alternatively, at a minimum, resolution of the parties' summary judgment motions may reduce the issues in dispute and simplify expert challenges. Thus, Google believes the Court should wait to set a briefing schedule for expert challenges until after resolution of Google's summary judgment motions.

Second, Kewazinga's proposal—that Google proceed unilaterally with one of its potential motions to exclude, the motion to exclude the testimony of Kewazinga's damages expert, Ms. Riley—is arbitrary and inconsistent with the Court's Individual Rules. Specifically, Individual Rule III.A requires that the parties exchange pre-motion letters and responsive letters to identify ***all*** issues and participate in a pre-motion conference. A procedure that ensures that each party is on notice as to which issues the opposition intends to brief, informs the briefing schedule, page budgets, and each party's decision as to page allocation.

Google proposes that the schedule for motions to exclude expert testimony begin one month after a ruling on summary judgment. To the extent the Court considers setting a schedule sooner, Google requests that the Court set a schedule that applies to both parties; covers all motions to exclude expert testimony; provides for opening, opposition, and reply briefs; and begins after the completion of summary judgment briefing.


Dated: November 22, 2022

*/s/ Ian G. DiBernardo*
Ian G. DiBernardo
Jason M. Sobel
Haroon N. Mian
Harold S. Laidlaw
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel:     (212) 209-4800
Fax:     (212) 209-4801
idibernardo@brownrudnick.com
jsobel@brownrudnick.com
hmian@brownrudnick.com
hlaidlaw@brownrudnick.com

Timothy K. Gilman
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
Tel:     (212) 806-5400
Fax:     (212) 806-6006
tgilman@stroock.com
sdesai@stroock.com
gspringsted@stroock.com
Counsel for Plaintiff
Kewazinga Corp.

*Counsel for Plaintiff*
*Kewazinga Corp.*

Respectfully submitted,

*/s/ Steven M. Balcof*
John M. Desmarais
jdesmarais@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Ryan Dowell
rdowell@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:   (212) 351-3400
Fax:   (212) 351-3401

Ameet A. Modi
amodi@desmaraisllp.com
Yong Wang (*pro hac vice*)
lwang@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Tel:   (415) 573-1900
Fax:   (415) 573-1901

Tuhin Ganguly (*pro hac vice pending*)
tganguly@desmaraisllp.com
**DESMARAIS LLP**
1701 Pennsylvania Avenue NW, Suite 200
Washington, D.C. 20006
Tel:   (202) 451-4900
Fax:   (202) 451-4901

*Counsel for*
*Defendant Google LLC*