**brown**rudnick

IAN G. DIBERNARDO
IDiBernardo@brownrudnick.com

December 16, 2022

**VIA ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Defendant shall file its anticipated *Daubert* motion and memorandum of law by **February 9, 2023**. Plaintiff shall file its Opposition by **March 17, 2023**. No reply shall be filed in connection with Defendant's anticipated *Daubert* motion. So Ordered.
>
> Dated: December 20, 2022
> New York, New York
>
> *[signature]*
> **LORNA G. SCHOFIELD**
> **UNITED STATES DISTRICT JUDGE**

Re:   **Kewazinga Corp. v. Google LLC, No. 1:20-cv-1106-LGS (S.D.N.Y.)**
      **Joint Letter Regarding Adjustments to Presently-Scheduled *Daubert* Briefing**

Dear Judge Schofield,

The parties write regarding Kewazinga's requested clarification and modification of the briefing schedule with respect to Google's *Daubert* motion pertaining to Kewazinga's damages expert, Michele Riley. *See* Dkt. 243.

On November 28, 2022, the Court issued Docket Entry 243, which sets briefing as follows:

<u>Google's Opening Brief Due:</u> February 2, 2023

<u>Kewazinga's Responsive Brief Due:</u>   March 2, 2023.

Shortly thereafter, on the same day, the Court issued a CM/ECF notification (the "ECF Notice") with the following notice:

> Set/Reset Deadlines: Cross Motions due by 2/2/2023. Motions due by 2/2/2023. Responses due by 3/2/2023. Replies due by 3/16/2023. (mml)

Kewazinga requests clarification of the ECF Notice and a modification to the *Daubert* briefing schedule. No modification to the concurrent briefing on summary judgment is requested. *See* Dkt. 243.

The parties' respective requests and positions are as follows.

**<u>Kewazinga's Position:</u>**

1.  The ECF Notice

The ECF Notice appears to add a reference a reply brief deadline of March 16, 2023, but no provision for a reply brief is contained in the Court's Order (Dkt. 243). During the meet and confer process regarding Kewazinga's request (below), Google has taken the position that the ECF Notice does *not* permit (or require) it to file a reply brief. Consequently, Kewazinga requests that the Court confirm that no reply brief is contemplated for the upcoming *Daubert* briefing. If the Court permits



Honorable Lorna G. Schofield
December 16, 2022
Page 2

Google to file a reply brief, Kewazinga requests that the overall cumulative briefing pages for both sides be equal.

2.  *Daubert* Briefing Schedule

For the following reasons, Kewazinga requests that the Court extend the due date for Kewazinga's responsive *Daubert* brief by two weeks to March 16, 2023 from the presently-scheduled date of March 2, 2023.

First, New York schools have a winter recess during the week of February 20-24, 2023, and under the current schedule, at least two of Kewazinga's counsel have family vacations planned (and a third is scheduled to be on paternity leave) during this period. Second, under the current schedule, Kewazinga has four weeks to prepare its opposition, whereas Google has six weeks to prepare its opening brief following its opening summary judgment brief. Consequently, the requested extension is equitable and not prejudicial to Google. To the extent that the Court intended to schedule a *Daubert* reply brief date of March 16, 2023, Kewazinga requests that the Court also reset Google's reply brief date by two weeks—namely, to March 30, 2023.

Google opposes Kewazinga's request, and instead, Google is seeking to take advantage of the situation by proposing to shift *all Daubert* briefing by two weeks.

Kewazinga opposes Google's counterproposal. *First*, under the current schedule, Google already has *six* weeks, and under its counterproposal would have *eight* weeks, to draft its opening *Daubert* motion. In stark contrast, under Google's counterproposal, Kewazinga would only have four weeks (and under Kewazinga's proposal, six weeks) to draft its equal-length opposition. Extending Google's time to eight weeks is not warranted. *Second*, and most importantly, Google's proposed schedule does not alleviate Kewazinga's concern—under Google's proposal the school winter recess and Kewazinga's counsel's planned absences would still overlap with Kewazinga's opposition period and thus not address the reason for which Kewazinga seeks the requested relief.[1]

Therefore, Kewazinga respectfully requests that the Court grant Kewazinga's request to reset its Daubert opposition to March 16, 2023.

**Google's Position:**

1. Google Proposes an Equitable Solution–A Mutual Two-Week Extension For Daubert Briefing That Reduces The Burden On Both Parties

---

[1] When Kewazinga proposed the original *Daubert* briefing schedule, it asked the Court to set March 17th for its response date to accommodate the planned absences. Dkt. 242 at 2. While there would still be an overlap between the holiday and Kewazinga's planned opposition period under Kewazinga's proposal, the extension of the opposition briefing period from four to six weeks would ameliorate this, whereas Google's proposal would maintain *both* the overlap and the four-week opposition period.


Honorable Lorna G. Schofield
December 16, 2022
Page 3

On December 6, Kewazinga approached Google about a ***unilateral*** extension to Kewazinga's deadline to file an opposition to Google's Riley *Daubert* motion. In response, Google proposed a ***mutual*** two-week extension that alleviates burden on ***both*** parties. Specifically, Google believes its proposal to be reasonable because it both addresses Kewazinga's concern about the winter recess[2] and alleviates pressure on Google over the holidays at the end of December. The following table sets forth the existing deadlines and the deadlines under Google's proposal:

|  | Current Date | Google's Proposal |
| --- | --- | --- |
| Google's Opening Brief for the Riley Daubert Motion | February 2, 2023 | February 17, 2023 |
| Kewazinga's Opposition Brief for the Riley Daubert Motion | March 2, 2023 | March 17, 2023 |

Thus, Google does not seek to "take advantage of the situation," as Kewazinga argues above.[3] Rather, Google seeks an equitable solution that helps both parties.

2. Google Welcomes the Opportunity to File a Reply Brief in Support Of Its Riley Daubert Motion

For the avoidance of doubt and contrary to Kewazinga's assertion above, Google is ***not*** opposed to filing a reply brief for the Riley Daubert Motion and would appreciate the opportunity to do so. Rather, Google's understanding, which it conveyed to Kewazinga, is that the Court did not set a deadline for such a reply brief in its November 28 Order, and that the ECF notice was not intended to supersede or modify that order.

To the extent the Court intended to grant Google leave to file a reply for the Riley Daubert Motion or does so now, Google respectfully requests a 5-page limit separate from the 15-page limit set for the opening brief.

---

[2] Kewazinga purportedly opposes Google's proposal because "the school winter recess and Kewazinga's counsel's planned absences would still overlap with Kewazinga's opposition period." However, the Court should set that criticism aside because that statement applies equally to both parties' proposals—either way, Google's brief is due before the winter recess, and Kewazinga's brief is due after the recess.

[3] Notably, Kewazinga—not Google—-asked the Court to set briefing for the Riley *Daubert* motion during a period that includes the winter recess and Google suggested that the parties wait to brief *Daubert* motions at least until after summary judgment motions were completely briefed. Also, it bears mention that for summary judgment briefing, Kewazinga has more time than Google to prepare its opening brief to account for the December holiday season—a two week extension for Google's opening *Daubert* brief would provide a similar accommodation.


Honorable Lorna G. Schofield
December 16, 2022
Page 4

| | |
|---|---|
| Dated: December 16, 2022 | Respectfully submitted, |

/s/ Ian G. DiBernardo
Ian G. DiBernardo
Jason M. Sobel
Haroon N. Mian
Harold S. Laidlaw
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel:   (212) 209-4800
Fax:   (212) 209-4801
idibernardo@brownrudnick.com
jsobel@brownrudnick.com
hmian@brownrudnick.com
hlaidlaw@brownrudnick.com

Timothy K. Gilman
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
Tel:   (212) 806-5400
Fax:   (212) 806-6006
tgilman@stroock.com
sdesai@stroock.com
gspringsted@stroock.com
Counsel for Plaintiff
Kewazinga Corp.


*Counsel for Plaintiff*
*Kewazinga Corp.*

/s/ Steven M. Balcof
John M. Desmarais
jdesmarais@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Ryan Dowell
rdowell@desmaraisllp.com
Lee Matalon
lmatalon@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:   (212) 351-3400
Fax:   (212) 351-3401

Ameet A. Modi
amodi@desmaraisllp.com
Yong Wang (*pro hac vice*)
lwang@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Tel:   (415) 573-1900
Fax:   (415) 573-1901

Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com
**DESMARAIS LLP**
1701 Pennsylvania Avenue NW, Suite 200
Washington, D.C. 20006
Tel:   (202) 451-4900
Fax:   (202) 451-4901

*Counsel for*
*Defendant Google LLC*