# DESMARAIS LLP

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Steven M. Balcof
New York
Direct: 212-808-2944
sbalcof@desmaraisllp.com

December 22, 2022

**Via Electronic Filing**

Honorable Lorna G. Schofield
United States District Court, S.D.N.Y.

Re:   *Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)
Request to Seal and for Permission Redact Filings Related to Google's
Motion for Summary Judgment of Noninfringement

Dear Honorable Judge Schofield:

Google LLC respectfully requests permission to redact versions of its Memorandum in Support of Its Motion for Summary Judgment of Noninfringement ("Memo") and its accompanying Rule 56.1 Statement, with unredacted versions to be filed under seal (collectively the "Summary Judgment Filings"), filed concurrently herewith. Google makes this request pursuant to the Local Rules of the Southern District of New York, The Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files of the Southern District of New York, and Your Honor's Individual Rule I(D)(3). The Summary Judgment Filings, and underlying documents, include highly confidential business information and information designated by Google as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order (Dkt. 42) in this case. In support of this request, Google also submits the Declaration of Stafford Marquardt, a Product Manager for Google Street View. This Court has granted previous requests to seal similar information in this case.

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Consistent with the Court's decision to seal portions of other filings, such as those related to Google's 2020 motion for summary judgment and the pre-motion letters for the current summary judgment filings, filing the below-referenced documents under seal or in redacted form is necessary to prevent the unauthorized dissemination of the parties' confidential business information. *See* Dkt. Nos. 70, 137, 138, 176, 181, 224.

In accordance with the Court's Individual Rule I(D)(3), material that Google seeks to seal is highlighted in yellow.

**The Court Should Permit Google's Narrowly-Tailored Redaction Requests**

The Second Circuit applies a three-step analysis to determine whether to place a document under seal. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 114 (2d Cir. 2006). First,

Honorable Judge Schofield
December 22, 2022
Page 2

the court determines whether the document at issue is a "judicial document" to which a presumption of access attaches. *Lugosch*, 435 F.3d at 119. Second, the court determines the weight of the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, the court balances the weight of the presumption against countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120.

Google does not dispute that the Summary Judgment Filings are judicial documents entitled to a rebuttable presumption of access. Google thus focuses on the second and third steps, *i.e.*, balancing the weight of the presumption against Google's countervailing interests in preventing competitive harm from public disclosure of its highly confidential business information and other privacy information.

Google has strong countervailing interests in preventing competitive and other harms from public disclosure of its highly confidential business information and other private matters. *See, e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *7 (S.D.N.Y. Jan. 22, 2008) ("competitive injury to the defendants is . . . a sufficient basis to grant defendants' motion to seal" (omission in original)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154-55 (S.D.N.Y. 2015) ("countervailing factors include . . . business information that might harm a litigant's competitive standing"). "[C]ategories of information requiring caution" under the Southern District of New York's ECF Privacy Policy include "proprietary or trade secret information" as well as other privacy matters such as "personal identifying number[s]."

Indeed, the Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information); *Lodging Sols. v. Miller*, 19-cv-10806-AJN, Dkt. 60 at 4 (S.D.N.Y. Jan. 16, 2019) (applying *Lugosch* and finding that the risk of competitive disadvantage and damage to privacy interests was of a higher value than the value to the public such that sealing was necessary).

1.  **Google's Redaction Requests of References to Highly Confidential Information**

Google's redaction requests pertain to Google's confidential technical information describing its internal systems and technical details of Google Street View, which should remain non-public because it is part of Google's core highly confidential business information. The Summary Judgment Filings discuss such technical information in greater detail than the pre-

Honorable Judge Schofield
December 22, 2022
Page 3

motion letters for the current summary judgment (*E.g.*, Dkt. 212, 219) and other previous filings. References to such highly-confidential business information, and associated documents, in the Summary Judgment Filings should be redacted.

This Court recognizes that internal documents and unpublished drafts that contain non-public strategies and financial information constitute "confidential commercial information" under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors. *New York v. Actavis, PLC*, No. 14 CIV. 7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Fox News Network v. U.S. Dep't of Treas.*, 739 F. Supp. 2d 515, 571 (S.D.N.Y. 2010) (withholding draft containing proposed financial and risk reporting strategy); *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 415–416 (M.D.N.C. 1991) ("Such commercial information, which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business [and] may also be particularly deserving of protection if the disclosing corporation is vulnerable to competitors.").) Particularly in this case, where a direct competitor is being sued by the same plaintiff on a competing product (*see Kewazinga Corp. v. Microsoft Corp.*, Case No. 1:18-cv-04500-GHW (S.D.N.Y.)), the countervailing interests of preventing competitive harm is heightened. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

As Mr. Marquardt attests, the Summary Judgment Filings contain information from Google's documents and deposition testimony detailing technical aspects of the development and operation of Street View, and which were designated "Highly Confidential - Attorneys' Eyes Only" under the Protective Order. The Court has previously granted Google's request to redact the type of narrowly-tailored, specific references to Google's core highly confidential business information and documents. (Dkt. Nos. 70, 137, 181, 224). The record contains previously-submitted declarations from James Sherwood, a Senior Counsel at Google at that time, and Stafford Marquardt, a Product Manager for Google Street View, attesting to the highly confidential and competitively-sensitive proprietary nature of the information. (07/15/20 Sherwood Decl.; 2/25/2022 Marquardt Decl.). These declarations detail the many steps Google takes to keep the same type of technical information and documents confidential, including limiting access within Google, and implementing internal controls at Google. (*Id*.). Moreover, both declarations explained that public disclosure of technical details regarding the operation of Street View would cause significant competitive harm to Google and place Google at competitive disadvantages, including by allowing competitors and prospective counterparties to access the confidential details of Google's technology and systems, which they could use to gain an unfair advantage in future negotiations against Google or could leverage in negotiations against others. (*Id*.).

The Summary Judgment Filings contain the same type of highly confidential information described in those declarations. The Court has previously redacted that information, and Google respectfully requests that the Court again seal and redact the portions of The Summary Judgment Filings identified in its request.

**DESMARAIS**LLP

Honorable Judge Schofield
December 22, 2022
Page 4

Dated: December 22, 2022

Respectfully submitted,
/s/ *Steven M. Balcof*
John M. Desmarais
jdesmarais@desmaraisllp.com
Karim Z. Oussayef
koussayef@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Ryan Dowell
rdowell@desmaraisllp.com
Lee Matalon
lmatalon@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:    (212) 351-3400
Fax:    (212) 351-3401

Ameet A. Modi
amodi@desmaraisllp.com
Yong Wang (*pro hac vice*)
lwang@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Tel:    (415) 573-1900
Fax:    (415) 573-1901

Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com
**DESMARAIS LLP**
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel:    (202) 451-4900
Fax:    (202) 451-4901

*Attorneys for*
*Defendant Google LLC*

Honorable Judge Schofield
December 22, 2022
Page 5

# APPENDIX

Pursuant to Your Honor's Individual Rule I(D)(3), the parties identify below all parties and attorneys of record who should have access to the sealed documents:

Ian G. DiBernardo
Kenneth L. Stein
Timothy J. Rousseau
Jason M. Sobel
Haroon Mian
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel:  (212) 209-4800
Fax:  (212) 209-4801
idibernardo@brownrudnick.com
kstein@brownrudnick.com
trousseau@brownrudnick.com
JSobel@brownrudnick.com
HMian@brownrudnick.com

Timothy K. Gilman
Saunak K. Desai
Gregory R. Springsted
**STROOCK & STROOCK & LAVAN LLP**
180 Maiden Lane
New York, New York 10038
Tel:  (212) 806-5400
Fax:  (212) 806-6006
tgilman@stroock.com
sdesai@stroock.com
gspringsted@stroock.com

*Counsel for Plaintiff*
*Kewazinga Corp.*

John M. Desmarais
jdesmarais@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Ryan Dowell
rdowell@desmaraisllp.com
Lee Matalon
lmatalon@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:  (212) 351-3400
Fax:  (212) 351-3401

Ameet A. Modi
amodi@desmaraisllp.com
Yong Wang (*pro hac vice*)
lwang@desmaraisllp.com
**DESMARAIS LLP**
101 California Street
San Francisco, California 94111
Tel:  (415) 573-1900
Fax:  (415) 573-1901

Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com
**DESMARAIS LLP**
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel:    (202) 451-4900
Fax:    (202) 451-4901

*Counsel for*
*Defendant Google LLC*