**brown**rudnick

March 30, 2023

**VIA ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Kewazinga Corp. v. Google LLC*, Case No. 1:20-cv-1106-LGS (S.D.N.Y.)

Dear Honorable Judge Schofield:

Plaintiff Kewazinga Corp ("Kewazinga") responds to Google LLC's ("Google") procedurally irregular[1] motion for leave to file, and its filing of, a reply brief in support of its motion to exclude certain portions of Michele Riley's opinions on damages. D.E. 311.

Google's purported good cause for its request to file a reply brief is two alleged **misrepresentations** by Kewazinga in its brief. *Id.* Kewazinga has made no misrepresentation in its brief.

*First*, Google wrongly accuses Kewazinga of "mispresent[ing] the *Microsoft* decision." D.E. 311 at 1. Kewazinga provided a more fulsome explanation of the *Microsoft* court's rationale than provided by Google. The *Microsoft* court found that "Ms. Riley apportioned down Bing.com's advertising revenue to the revenue earned by Streetside features, but not down to the accused portions of Streetside." *Kewazinga v. Microsoft Corp.*, 2021 WL 4066597, at *20 (S.D.N.Y. Sept. 1, 2021). Having analyzed this issue, the court found "Because Ms. Riley failed to identify a properly apportioned royalty base that accounted for both patented and unpatented features of Streetside, her testimony is unreliable and should be excluded." *Id. at *21*. Kewazinga distinguished the *Microsoft* court's rationale for excluding testimony from the facts of the present case. D.E. 302 at 11-12. This is no misrepresentation of *Microsoft* or the facts. This rationale was an important basis for the *Microsoft* court's ruling on a discretionary evidentiary issue. For its part, Google argued that this Court should look at a later, single paragraph of the *Microsoft* court's ruling in a vacuum (discussed below), ignoring the totality of the circumstances for that court's ruling. Indeed, Google omitted from its brief this distinguishing basis for the *Microsoft* court's ruling (*i.e.*, its finding of a failure to account for patented and unpatented features). *See* D.E.284 at 8-9. Google's accusation that *Kewazinga* misrepresented the decision to the Court is flatly wrong and is no basis for a reply.

---

[1] The Court ordered "No reply shall be filed in connection with Defendant's anticipated *Daubert* motion."  D.E. 246. The Court is also, of course, aware of its *Individual Rules and Procedures* for motions.  §III.A.1. The Court also denied Google's request for argument on the motion. D.E. 309. Google's filing a letter and a reply brief does not appear to honor those rules and rulings.


Honorable Lorna G. Schofield
March 30, 2023
Page 2

Nor does Kewazinga misrepresent the *Microsoft* decision by distinguishing the present case from the *Microsoft* court's secondary criticism (referred to in Google's brief as "Exclusion Reason 2"). The *Microsoft* court additionally found that "the Court cannot conclude that the methodology [Ms. Riley] used is reliable" because "Ms. Riley has not explained why it is proper to assume that [Bing.com Maps users and Bing.com/Maps local search users] behaved in the same manner." *Microsoft*, 2021 WL 4066597, at *21. Contrary to Google's suggestion, Kewazinga did not argue that the *Microsoft* case is distinguishable because Microsoft's Bing search does not show maps to users. *Compare id. with* D.E. 311 at 1. In its brief, Kewazinga explains that while the *Microsoft* court did not discuss any evidence and instead found "Ms. Riley has not explained" her basis for equating Maps users to local search users, *in the present case,* Ms. Riley explains her evidentiary basis—namely, evidence connecting Map users to local search advertising and, specifically, the amount of local searchers presented with a Map impression as part of local search results—and further explains how she accounted for any discrepancies in behavior between Maps users and local searchers. D.E. 302 at 12-13. Again, Kewazinga makes no misrepresentation. In its proposed reply brief, Google suggests that because Microsoft's Bing Maps currently display a map on a search results page, that should alter the Court's interpretation of the *Microsoft* court's opinion. D.E. 311-1 at 3. Google's argument ignores the *Microsoft* court's language that "Ms. Riley has not explained" her basis and makes the illogical suggestion that this Court should now interpret the *Microsoft* court's statement as an implicit ruling that concerns the sufficiency of Ms. Riley's evidentiary explanation *in the instant case*. *See id.* The Court should not make the assumption that the *Microsoft* court reviewed similar evidence as here and found it insufficient to render testimony reliable, especially since the *Microsoft* court found *no* evidentiary basis was explained by Ms. Riley, and even more so because the *Microsoft* court had already determined, on a separate ground, that Ms. Riley's testimony was unreliable and thus excluded it. As Kewazinga said in its brief "The Court should decide this motion on the record in this case." D.E. 302 at 13.

*Second*, Google accuses Kewazinga of *mispresenting* the stipulation resolving a prior discovery dispute. Like its omission from the *Microsoft* ruling discussed above, Google omits from its brief any mention of this stipulation (let alone the stipulation, itself). Google then has the gall to accuse Kewazinga of *mispresenting* the stipulation when Kewazinga block quoted the stipulation, *verbatim*, in its brief, and included the underlying correspondence as exhibits. D.E. 302 at 8-9 (citing D.E. 304 at Ex. 2, 3).

Google's request for leave is merely a request for more argument. Google argues in its proposed reply brief that Kewazinga did not properly apply the stipulation. The stipulation is clear and it prevents challenging Ms. Riley testimony for (i) "fail[ure] to rely on," or (ii) "consider, apportion revenue based on, or otherwise include in its damages methodology" more granular information concerning revenues and profits not produced by Google. D.E. 302 at 8 (stipulation *paraphrased here for convenience*). Kewazinga argued that this stipulation applied only to such challenges, and did *not* assert it applied to Google's challenge to Ms. Riley's use of the ecosystem theory, generally. *Compare* D.E. 302 at 3-7 (rebutting Google's argument that there is no basis for using ecosystem theory without reference to stipulation) *with id.* at 7-8, 9, 13 (arguing stipulation precludes Google's arguments that Ms. Riley did not "apportion" based on revenue and profit information not produced); *id.* at 14-15 (arguing stipulation precludes argument that Ms. Riley did not rely on more granular profit information not produced).


Honorable Lorna G. Schofield
March 30, 2023
Page 3

In its proposed reply brief, Google tries to reframe its argument that Ms. Riley failed to apportion out certain alleged non-map contributions to revenue as a challenge to using an ecosystem theory. D.E. 311-1 at 4-5. That is transparently baseless. Google did not even mention the word "ecosystem" when it raised this argument. D.E. 284 at 9-11. That notwithstanding, as explained by Kewazinga in its brief, the stipulation precludes challenging Ms. Riley for failure to apportion based on revenue information that was not produced, and Google did not produce any data identifying the amount of advertising revenue that is allegedly derived from the putative non-map contributions. D.E. 302 at 13. Accordingly, Google's challenge is not a challenge to an ecosystem theory, but merely a challenge to apportion out putative revenues that Google now alleges exist, but did not disclose in discovery.

Likewise, Google also tries to reframe its argument criticizing Ms. Riley's use of the segment-wide profit margin from Google's 10-K as proxy for profit margin for Google search as "not related to unproduced financial data." D.E. 311-1 at 5. It strains credulity for Google to maintain such a position when the precise argument in Google's brief is that Ms. Riley did not adjust the segment profit margin of the 10-K based on the profit margin of other Google products in that segment (which such profit margin information was not produced). D.E. 284 at 14-15. To avoid confronting this inconsistency, Google argues something new—that *instead of relying on the segment wide profit margin, Ms. Riley should have relied on the Geo P&L*. D.E. 311-1 at 5. Ms. Riley, however, explained why it was not reliable to use the Geo P&L profit margin data. D.E. 303 ¶19. Also, as Kewazinga explained in its brief, questions over which facts are most relevant or reliable are for the jury. D.E. 302 at 3.

For the foregoing reasons, Google's supposed good cause for seeking leave to file its reply brief is no cause at all, and Google's reply arguments would be futile. For these reasons, Google's motion for leave should be denied and its reply brief should be stricken.

Respectfully submitted,

*/s/ Jason M. Sobel*
Ian G. DiBernardo
Jason M. Sobel
Haroon N. Mian
Harold S. Laidlaw
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
idibernardo@brownrudnick.com
jsobel@brownrudnick.com
hmian@brownrudnick.com
hlaidlaw@brownrudnick.com


Honorable Lorna G. Schofield
March 30, 2023
Page 4

    Timothy K. Gilman
    Saunak K. Desai
    Gregory R. Springsted
    **STROOCK & STROOCK & LAVAN LLP**
    180 Maiden Lane
    New York, New York 10038
    Tel:  (212) 806-5400
    Fax:  (212) 806-6006
    tgilman@stroock.com
    sdesai@stroock.com
    gspringsted@stroock.com

    *Counsel for Plaintiff*
    *Kewazinga Corp.*