```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEWAZINGA CORP.,                                            :
                                      Plaintiff,            :   20 Civ. 1106 (LGS)
                                                            :
              -against-                                     :   ORDER
                                                            :
GOOGLE LLC,                                                 :
                                      Defendant.            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on December 23, 2022, Defendant moved for summary judgment. On February 3, 2023, Plaintiff cross-moved for summary judgment. On February 9, 2023, Defendant moved to exclude portions of the testimony of Michele Riley, Plaintiff's damages expert. In connection with these motions, the parties moved to file under seal portions of the relevant record.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *accord Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "impairing law enforcement[,] judicial efficiency" and "the privacy interests of those resisting

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

disclosure." *Id.* at 120.  In weighing the presumption against competing considerations, a court can seal documents only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, a strong presumption of public access applies to the documents filed in connection with the parties' motions for summary judgment.  "[I]t is well-settled that documents submitted to a court for its consideration in a summary judgment motion are -- as a matter of law -- judicial documents to which a strong presumption of access attaches." *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *see also id.* at 53 ("Materials submitted in connection with a motion for summary judgment are subject to a strong presumption of public access."); *Olson*, 29 F.4th at 90 ("[A] strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion.").  Such documents "should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 121.

WHEREAS, documents submitted in connection with a *Daubert* motion are relevant to the performance of the judicial function.  Federal Rule of Evidence 702 places a "gatekeeping obligation" on trial judges, *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147 (1999); *accord In re Pfizer Inc. Sec. Litig.*, 819 F.3d 642, 658 (2d Cir. 2016), who must "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).  *See Dependable Sales & Servs., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (finding *Daubert* submissions to be judicial documents); *see also Brown*, 929 F.3d at 49 ("[A] court performs the judicial function not only when it rules on motions currently before it, but also when properly exercising its inherent supervisory powers.").  However, the weight of the presumption is relatively weak.  While *Daubert* motions, as a practical matter, may be important to the resolution of many cases,

they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III[.]" *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, one consideration that can override the presumption of public access to documents is the interest in preserving confidential business information, proprietary information and trade secrets.  *See id.* at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts[.]"); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (approving the filing under seal of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]").

WHEREAS, the parties' proposed redactions to the summary judgment record are "narrowly tailored," *Lugosch*, 435 F.3d at 120, to allow filing under seal.  The information they seek to file under seal consists of confidential and proprietary information and rebuts the strong presumption of public access.  The parties' proposed redactions to the record relevant to the *Daubert* motion are also sufficiently tailored and rebut the comparatively weak presumption of public access to the information.  It is hereby

**ORDERED** that the parties' motions to file under seal are **GRANTED.**

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 247, 266, 279, 286, 294 and 298.

Dated:  September 27, 2023
New York, New York

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**