```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEWAZINGA CORPORATION,                                      :
                                  Plaintiff,                :   20 Civ. 1106 (LGS)
                                                            :
             -against-                                      :   OPINION AND ORDER
                                                            :
GOOGLE LLC,                                                 :
                                  Defendant.                :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

In this case, Plaintiff Kewazinga Corporation ("Kewazinga") asserts infringement of three patents: U.S. Patent No. 9,055,234 ("Navigable Telepresence Method and System") (the "'234 Patent"), U.S. Patent No. 6,522,325 ("Navigable Telepresence Method and System Utilizing an Array of Cameras") (the "'325 Patent") and U.S. Patent No. 6,535,226 ("Navigable Telepresence Method and System Utilizing an Array of Cameras") (the "'226 Patent") (collectively, the "Kewazinga Patents").  Kewazinga alleges that Defendant Google LLC ("Google") infringes these patents through Google Street View ("Street View"), a service that allows users to explore virtually different locations.  Following discovery, the parties cross-move for summary judgment. For the reasons below, Defendant's motion for summary judgment is granted in part and denied in part.  Plaintiff's motion is granted in part and denied in part.

**I.    BACKGROUND**

Familiarity with the underlying facts and procedural history is assumed.  *See Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106, 2021 WL 466877 (S.D.N.Y. Feb. 9, 2021); *Kewazinga Corp. v. Google LLC*, No. 20 Civ. 1106, 2021 WL 3287415 (S.D.N.Y. July 30, 2021) (claim construction opinion) (hereafter "*Kewazinga II*").  The following facts are drawn from the parties' evidentiary submissions in connection with the motion and are undisputed, unless otherwise indicated.  *See Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020).

The Kewazinga Patents claim telepresence methods and systems that allow multiple users to navigate displays of an environment simultaneously and independently.  The '325 Patent, issued on February 18, 2003, claims a telepresence system that provides multiple users displays of an environment simultaneously and independently. The '226 Patent, issued on March 18, 2003, claims a telepresence method and system that gives users "the ability to navigate through an array of cameras capturing an environment."  The '234 Patent, issued on June 9, 2015, claims methods and systems that "permit one or more users to navigate through imagery of an environment."  The Kewazinga Patents expired on April 1, 2019.

Street View is a product offered by Defendant that captures photos from locations around the world, processes them into panoramas and allows users to view the images on the internet.  A vehicle-mounted camera system called a rosette contains a tightly packed cluster of cameras that captures overlapping images used to create the panoramas.  The parties dispute whether the vehicle on which the rosette is mounted is in motion while the photos are taken.  They further dispute whether the photos are taken by the rosette at predetermined locations, and Plaintiff offers evidence that the photos are taken at predetermined distance intervals, which it argues qualifies as taking photos at predetermined locations.  After capturing the images, Google processes the photos, including stitching together the images to create a panorama viewable to users.  Users then can select a location on a map to view images taken from that location.  Users also can move from location to location.  When users do so, Street View generates a transition animation between panoramas using a process called an alpha blend.

On February 7, 2020, Kewazinga filed this suit.  On July 30, 2021, *Kewazinga II* construed two disputed claim terms.  *See Kewazinga II*, 2021 WL 3287415, at *1.  It construed "array of cameras" to mean "a camera configuration wherein the configuration can be created

2

over time by positioning cameras in relation to each other," and construed "mosaicing" to mean "creating imagery assembled from a plurality of images, or portions thereof, including an alignment process and a composition process." *Id.* On October 28, 2021, Kewazinga made its final election of the claims it asserts under the Kewazinga Patents, namely claims 3, 6, 16, 18, 19 and 21 of the '234 Patent; claims 1, 5, 10, 14, 15 and 29 of the '325 Patent; and claims 55 and 119 of the '226 Patent.

## II. STANDARD

The Federal Circuit has exclusive appellate jurisdiction of cases relating to patents. *See* 28 U.S.C. § 1295(a)(1). When reviewing district court decisions regarding summary judgment, the Federal Circuit applies its own law on patent-specific issues and otherwise looks to the law of the regional circuit, here the Second Circuit. *See SIMO Holdings Inc. v. Hong Kong uCloudlink Network Tech. Ltd.*, 983 F.3d 1367, 1380 (Fed. Cir. 2021).

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Roberts v. Genting N.Y. LLC*, 68 F.4th 81, 88 (2d Cir. 2023). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Frost*, 980 F.3d at 242.[1] "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *accord Saleem v. Corp. Transp. Grp., Ltd.*, 854 F.3d 131, 148 (2d Cir. 2017). In evaluating a motion for summary judgment, a court must "construe the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

favor." *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354 (2d Cir. 2021).

"Infringement is a question of fact. . . . To prove literal infringement, the patentee must show that the accused device contains each and every limitation of the asserted claims." *SIMO Holdings Inc.*, 983 F.3d at 1380. "[T]o satisfy the summary judgment standard, a patentee's expert must set forth the factual foundation for his infringement opinion in sufficient detail for the court to be certain that features of the accused product would support a finding of infringement." *Id.* at 1381. "Under the doctrine of equivalents, a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is equivalence between the elements of the accused product or process and the claimed elements of the patented invention." *Kyocera Senco Indus. Tools Inc. v. Int'l Trade Comm'n*, 22 F.4th 1369, 1375 n.2 (Fed. Cir. 2022).

### III.  DISCUSSION

The parties cross-move for summary judgment. Defendant moves for summary judgment on all asserted claims under the Kewazinga Patents. Plaintiff moves for partial summary judgment on infringement of Claim 6 of the '234 Patent. Plaintiff also moves for partial summary judgment on various defenses and arguments that Defendant may assert at trial. For the reasons below, Defendant's motion for summary judgment is granted in part and denied in part, and Plaintiff's motion for summary judgment is granted in part and denied in part.

#### A.  "Array of Cameras"

Defendant moves for summary judgment on all claims asserted in the '226 and '325 Patents because those claims incorporate the concept of an "array of cameras," while Street View does not. As construed, an array of cameras is "a camera configuration wherein the configuration can be created over time by positioning cameras in relation to each other." *Kewazinga II*, 2021

4

WL 3287415, at *1. Defendant's motion is denied because Plaintiff proffers sufficient evidence for a reasonable jury to conclude that Street View uses an array of cameras.

Plaintiff's expert opines, with sufficient factual basis, that Street View rosettes capture images at regular intervals while traveling and that these intervals (and the consistent camera angle of each camera on the rosette between each sequential capture) qualify as positioning the cameras in relation to each other. Because Defendant's motion for summary judgment is denied with respect to literal infringement, this decision does not address whether Plaintiff could prove infringement under the doctrine of equivalents.

Defendant's arguments that no reasonable jury could find literal infringement are unpersuasive. Defendant argues first that Street View does not incorporate an "array of cameras," because the cameras used are mounted on a "continuously moving vehicle." *Kewazinga II* states that the fact that an array of cameras requires the positioning of cameras in relation to each other "helps dispel the notion that the '325 and '226 Patents claim the use of 'moving cameras,' rather than moving arrays of cameras." *Kewazinga II*, 2021 WL 3287415, at *4. *Kewazinga II* further states that the specifications of the '325 Patent distinguish it from "a method or system in which 'moving cameras' would be used -- specifically, 'a moving vehicle carrying the cameras.'" *Id.* Defendant argues that this language mandates summary judgment because Street View uses cameras mounted on top of a moving vehicle.

This argument fails, because the references to cameras on a moving vehicle explain what it means to *position* cameras in relation to each other. *Kewazinga II* states, "The act of 'positioning' cameras suggests that a camera cannot be continuously moving and, instead, must be placed with respect to the other cameras with which it comprises an array." *Id.* This construction distinguishes the systems claimed by the Kewazinga Patents from one in which

5

cameras move in relation to each other at the time the user views the images captured by the cameras. Even though Street View's cameras are mounted on a moving vehicle, a jury could find they are positioned in relation to each other, the relevant inquiry. Defendant's argument that any system using moving cameras is outside the scope of the Kewazinga Patents also fails because the construction that an array can be created "over time" explicitly contemplates "the concept of movable arrays." *Id. Kewazinga II* rejected Defendant's proposed construction requiring that the cameras be "fixed" because "it suggest[ed], contrary to the explicit teachings of the [Kewazinga Patents], that an 'array of cameras' cannot be moved." *Id.* at *3.

Defendant next argues that Street View does not infringe because it uses a single camera rosette to capture images, while *Kewazinga II* requires the use of more than one camera. The camera rosette consists of a tightly packed cluster of multiple cameras. Images taken at one location from the cameras in the rosette are stitched together into panoramas. The rosette is then moved progressively throughout an environment to capture different images. A fact-finder could reasonably find that this system -- a set of multiple cameras, moved over time -- constitutes an array of cameras. *Kewazinga II* does not preclude this view, because it refers to an array of cameras as "a camera configuration wherein the configuration can be created over time by positioning cameras in relation to each other." *Id.* at *1.

Defendant also argues that Street View does not place or position cameras with respect to each other, because the cameras are in continuous motion while capturing images and because their positions are not predetermined prior to capture. Instead, images are processed and their position relative to each other is determined after the fact. With respect to motion, Plaintiff provides evidence that the distance each individual camera travels while taking a still image is *de minimis*, so as to allow the factfinder to conclude that the cameras are "placed" or "positioned" in

6

certain locations.  With respect to the lack of predetermined capture locations, Plaintiff provides sufficient evidence of algorithmically-preset capture intervals, determined by the velocity at which the vehicle carrying the rosette is moving.  The factfinder could reasonably determine that Defendant's creation of these pre-set intervals, effectuated through the automatic process of periodic capture, is sufficient to make the cameras "positioned" as required to form an array.

Last, Defendant moves for summary judgment with respect to Claim 29 of the '325 Patent for an additional reason.  Claim 29 claims a method of providing views of a remote environment to a user by mixing images captured from two different arrays of cameras and displaying the images from the first array, then the mixed image and then images from the second array, in that sequence.  Defendant argues there is no evidence that any one user was provided images captured by two or more Street View rosettes during the life of the Kewazinga Patents.  However, Plaintiff offers evidence that Defendant transitioned from R7 to Herschel rosettes during the lifetime of the '325 Patent, and that users of Street View today can navigate between panoramas captured years apart.  Defendant offers no evidence that users during the period of alleged infringement were not similarly shown images captured at different times and by different rosettes.  Drawing all reasonable inferences in favor of Plaintiff as the non-moving party, a reasonable jury could conclude that a user during the life of the '325 patent was provided imagery captured from two different rosettes, precluding summary judgment.

    **B.**    **"Mosaicing"**

Defendant moves for summary judgment on Claims 1 and 5 of the '325 Patent and all claims asserted under the '234 Patent because these claims incorporate the concept of mosaicing, and Defendant asserts that Street View does not.  As construed, mosaicing is "creating imagery assembled from a plurality of images, or portions thereof, including an alignment process and a

7

composition process." *Kewazinga II*, 2021 WL 3287415, at *1. Plaintiff offers two theories for how Street View performs "mosaicing": first, in the transition animation between panoramas and, second, in the creation of the panoramas themselves. The undisputed facts show that transition animations are not "mosaicing" while Plaintiff offers sufficient evidence for a reasonable jury to conclude that the creation of the panoramas is "mosaicing." Summary judgment is therefore granted on Claims 1 and 5 of the '325 Patent, which require the transition animations to qualify as "mosaicing," and denied as to the claims under the '234 Patent.

Plaintiff does not offer sufficient evidence that Street View's transition animations create imagery using an alignment process. Plaintiff notes that Street View panoramas are aligned to a common coordinate system and direction and that when transitioning between two views, Street View maintains a user's perspective. Plaintiff argues that the selection of the portions of the initial panorama and the destination panorama that maintain the same viewing angle incorporates the coordinate system and direction, and that this constitutes an alignment process. This argument fails because "mosaicing" already incorporates the idea that imagery may be created from "portions" of other images. *See id.* What Plaintiff identifies as an alignment process is only the process used to select the relevant "portions" of images, rather than the alignment process used to "creat[e] imagery" from them. *See id.* U.S. Patent No. 5,649,032 (the "Burt Patent"), which the '325 and '234 Patents incorporate by reference, confirms the understanding that the selection of the portions of the images to be aligned does not constitute an alignment process. The Burt Patent refers to "the image alignment process automatically align[ing] one input image to another input image." This assumes that the input images are already selected, prior to the alignment process. Plaintiff also notes that the Burt Patent refers to aligning images using "an arbitrary reference coordinate system," and argues that the creation of the transition animations

8

uses an alignment process because the selected images are aligned to geographic coordinates and directions, to preserve a user's viewpoint. However, Plaintiff's argument is irrelevant, because the Burt Patent refers to a coordinate system within the images being aligned, rather than a coordinate system to place the images in relation to each other.

Plaintiff identifies no alignment process used in the transition animations, meaning that they do not employ "mosaicing." Because Plaintiff relies only on the transition imagery to satisfy the mosaic limitation on Claims 1 and 5 of the '325 Patent, summary judgment is granted to Defendant on those claims.

Summary judgment is denied to the claims asserted under the '234 Patent. Defendant argues that its creation of individual panoramas does not constitute "mosaicing" for purposes of the claims asserted under the '234 Patent because the individual panoramas are not created in response to user inputs. But Defendant does not offer support for the idea that the receipt of user inputs must pre-date the generation of mosaic imagery. Claim 1 of the '234 Patent, which is incorporated into other claims that Plaintiff asserts, lists components of the system without the "and then" language added by Defendant in its briefing. Instead, Claim 1 of the '234 Patent lists various components of the system without any temporal language, counseling against creating this implied requirement.

Defendant further argues that its creation of individual panoramas is not "mosaicing" because a Street View panorama is not mosaic imagery of multiple locations. This argument also fails. Claim 1 and Claim 13 (which is also incorporated into claims asserted under the '234 Patent) do not incorporate a requirement that mosaic imagery must comprise multiple locations. If anything, they support the opposite reading: Claim 1 describes "[a] system for providing . . . [a] view of multiple locations" in an environment, in part by storing "electronic imagery of

9

progressively different perspectives of the environment" and Claim 13 describes "mosaic imagery of progressively different locations," suggesting such imagery corresponds to each location. Defendant's motion is therefore denied as to Plaintiff's claims under the '234 Patent.

### C.     Plaintiff's Motion for Summary Judgment

#### 1.     Claim 6 of the '234 Patent

Plaintiff seeks summary judgment that Street View infringes Claim 6 of the '234 Patent. Claim 6 incorporates the system of the preceding Claim 1 and adds the further element that:

> one or more processing elements are further configured to cause imagery of two or more different perspectives along the first view to be tweened to smooth navigation of the first user along the first view; and in response to first user inputs, provide the tweened imagery to the first user interface device.

Summary judgment is denied because Defendant offers expert testimony as to non-infringement of various elements of Claim 6. Even assuming the elements of Claim 1 were undisputed (rather than "largely undisputed" as Plaintiff characterizes them), defense expert Dr. Lastra opined, among other things, that Street View does not qualify as a processing element, that the transition imagery is not smooth, and that the imagery is not provided to the user interface device. This is sufficient to create a genuine dispute as to infringement, which precludes summary judgment.

#### 2.     Invalidity

Plaintiff moves for summary judgment on Google's invalidity defense based on the lack of written descriptions of an "array of cameras" in the '226 and '325 Patents. A patent must contain "a written description of the invention . . . in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains . . . to make and use the same." 35 U.S.C. § 112(a). Defendant alleges that the '226 and '325 Patents are invalid because they do not sufficiently disclose that an array of cameras can consist of a single camera moved and reused

over time. Summary judgment is denied because genuine disputes of material fact exist as to the invalidity defense.

Plaintiff's motion for summary judgment of no invalidity on this basis is denied because Defendant offers expert testimony in support of its argument that a reasonable jury could credit. Defendant's expert, Dr. Lastra, opines that a person skilled in the art ("POSITA") would not understand that the Kewazinga Patents describe a system which uses a moving camera. A jury could credit his testimony regarding silence in the Kewazinga Patents as to the movement and re-use of a single camera and conclude the Kewazinga Patents fail to adequately disclose the meaning of an array of cameras, as construed in this litigation.

Plaintiff's remaining argument regarding the decision of the Patent Trial and Appeal Board as to the validity of the '234 Patent fails. It fails because that proceeding concerned a different patent than the ones which Defendant argues lack a written description and, in any event, explicitly declined to address any argument based on lack of a written description. *See Noelle v. Lederman*, 355 F.3d 1343, 1349 (Fed. Cir. 2004) ("[E]ach case involving the issue of written description must be decided on its own facts. Thus, the precedential value of cases in this area is extremely limited.").

### 3. Anticipation

Plaintiff moves for summary judgment on the lack of anticipation of the '325 and '234 Patents by the Taylor System, a cinematographic process. Summary judgment is denied because genuine disputes of material fact exist as to anticipation.

A patent can be invalid if it is anticipated by a prior art, which must "disclose[] all of the limitations of the claim arranged or combined in the same way as in the claim." *Incept LLC v. Palette Life Sciences, Inc.*, 77 F.4th 1366, 1371 (Fed. Cir. 2023). "Anticipation is a question of

fact." *Id.* Defendant alleges that the '325 and '234 Patents were anticipated by the Taylor System, a cinematographic system for producing virtual camera motion. The Taylor System, as defined by Defendant, consists of U.S. Patent No. 5,659,323, an article in the September 1996 issue of American Cinematographer that describes the system and its application in film, and the knowledge of the developers of the system.

Plaintiff's motion for summary judgment of no invalidity based on anticipation is denied because Defendant offers expert testimony as to how the Taylor System implements "mosaicing" and "tweening," two limitations that Plaintiff claims the Taylor System does not disclose. Dr. Lastra opined that these processes are encompassed by the description of "morphing" images in the Taylor System and, in any event, would be obvious to a POSITA. Plaintiff argues that Defendant and Dr. Lastra rely on other, external tools that are not part of the Taylor System, but Dr. Lastra opined that the Taylor System incorporates third-party morphing tools as part of the system it describes and that a POSITA would be aware of this. A jury could reasonably credit this testimony and find that the Taylor System anticipates the '325 and '234 Patents, meaning summary judgment is denied.

####    4.    Failure to Mark

Plaintiff moves for summary judgment on its obligation to mark products under 35 U.S.C. § 287 ("Section 287"). Summary judgment is granted because Plaintiff provided sufficient notice under Section 287 as to the '226 and '325 Patents, and because there is not a genuine dispute of material fact regarding whether Plaintiff made or sold products covered by the '234 Patent after the '234 Patent's issuance.

Under Section 287, if the patent holder provides an accused infringer with actual notice of infringement, the patent holder can recover damages for acts of infringement following that

notice, even if the products at issue were never marked. Section 287 states that "[f]iling of an action for infringement shall constitute such notice." 35 U.S.C. § 287(a). Defendant does not dispute that Plaintiff filed an action against Defendant in Delaware in 2013 alleging infringement of the '226 and '325 Patents. While Defendant argues that the action cannot constitute notice under Section 287 because it was later dismissed for failure to make proper service, the statutory language says nothing of service or the ultimate resolution of the action. *Cf. CFL Techs. LLC v. Gen. Elec. Co.*, 2021 WL 1105335, *8-10 (D. Del. 2021) (ruling that the filing of an infringement suit, which was later dismissed with prejudice, was sufficient actual notice for purposes of § 287(a) in a later action); *New Medium v. Barco*, No. 5 Civ. 5620, 2007 WL 2403208, at *5 (N.D. Ill. Aug. 15, 2007) ("Plaintiffs are correct . . . that the plain language of § 287(a) states that a purported infringer receives actual notice on the date that an action is filed rather than the date on which the purported infringer receives service of process."). While there could be a question of whether proper service is needed for notice under Section 287 if the accused infringer never learns of the infringement action, that question is not presented here; the parties do not dispute that Defendant knew about the 2013 action at the time. Accordingly, notice was sufficient under Section 287. Plaintiff's motion for summary judgment is granted as to marking for the '226 and '325 Patents.

As to the '234 Patent, Section 287 does not limit damages if the patent holder did not make or sell a patented article, regardless of whether any notice was provided. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). Plaintiff asserts that it did not make or sell any product covered by the '234 Patent after the '234 Patent was issued, and Defendant does not allege the contrary. Accordingly, Plaintiff had no obligation to mark or provide notice regarding the '234 Patent. Summary judgment thus is also granted as to

marking for the '234 Patent.

### 5. Plaintiff's Remaining Requests for Summary Judgment

At a conference held on September 21, 2022, regarding the parties' motions, Plaintiff was apprised that summary judgment is not granted on discrete issues or theories that are not dispositive of a claim or defense. Plaintiff putatively moves for summary judgment on the following issues: that Defendant not be permitted to assert prior art not identified in its Final Election of Asserted Art and that the Kewazinga Patents did not disclaim the use of cameras on a moving vehicle.

Neither of these arguments would fully resolve a claim or defense. First, Defendant's alleged failure to comply with the numerical limit on the number of prior art references it was permitted by the Case Management Plan and Scheduling Order would leave eighteen valid assertions of prior art. In accordance with the Case Management Plan, Defendant is limited to grounds for invalidity contained in its Final Election of Asserted Prior Art. However, Plaintiff provides no basis to grant summary judgment on any one prior art reference.

Second, any disclaimer of moving cameras or lack thereof goes to the scope of the Kewazinga Patents, addressed previously in *Kewazinga II* and again in the preceding discussion of Defendant's motion. This is functionally an argument against Defendant's motion for summary judgment. Accordingly, summary judgment is denied on these grounds.

## IV. CONCLUSION

For the reasons above, Defendant's motion for summary judgment is granted in part and denied in part. Summary judgment is granted as to Claims 1 and 5 of the '325 Patent and denied

as to all other claims. Plaintiff's motion for summary judgment is granted on the defense of failure to mark, and denied as to all other claims and defenses.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 249 and 267.

Dated: September 28, 2023
      New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**