UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORPORATION,
                            Plaintiff,           20 Civ. 1106 (LGS)

        -against-                           <u>ORDER</u>

GOOGLE LLC,
                            Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

    WHEREAS, by Opinion and Order docketed on September 28, 2023 (the "Opinion"), Defendant's motion to exclude certain portions of the opinions of Ms. Michele Riley was granted in part and denied in part.

    WHEREAS, on October 12, 2023, Plaintiff timely moved for reconsideration of the Opinion or, in the alternative, for permission for Riley to supplement her Expert Report.

    WHEREAS, "[a] party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021).[1] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*  A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*,

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

684 F.3d 36, 52 (2d Cir. 2012); *accord Dill v. JPMorgan Chase Bank, N.A.*, No. 19 Civ. 10947, 2021 WL 3406192, at *11 (S.D.N.Y. Aug. 4, 2021). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020); *see also Suarez v. United States*, No. 17 Civ. 133, 2022 WL 1078436, at *2 (S.D.N.Y Apr. 11, 2022). The decision to grant or deny a motion for reconsideration rests within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009); *accord Suarez*, 2022 WL 1078436, at *2.

WHEREAS, the motion for reconsideration is denied because Plaintiff does not identify any change of controlling law, the availability of new evidence or the need to correct a clear error or prevent injustice.

WHEREAS, the motion for reconsideration is also denied on the merits. Plaintiff argues principally that Riley has a reliable basis for using the Maps to Street View Adjustment (the "Adjustment"). In support, Plaintiff repeats its argument that Riley's ecosystem theory provides a reliable basis for the Adjustment. Riley's ecosystem theory already was addressed and rejected expressly in the Opinion. Riley offers no new basis to conclude that her methodology accurately reflects any ecosystem value provided to users. As the Opinion states, the deductions Plaintiff points to do not address the main error of Riley's methodology.

WHEREAS, Plaintiff again argues that, even if Riley's basis for the Adjustment is deemed insufficient, objections to her testimony should be left to the jury to decide. This argument also was addressed and rejected expressly in the Opinion. As the Opinion states, the exclusion of Riley's testimony is based on a determination of the testimony's reliability, as *Daubert*'s gatekeeping requirement directs, and not on the improper weighing of evidence. *See Summit 6, LLC v. Samsung Elecs Co., Ltd.*, 802 F.3d 1283, 1298 (Fed. Cir. 2015) ("*Daubert*'s gatekeeping requirement . . . ensure[s] the reliability and relevancy of expert testimony" and "the

court must judge admissibility based on the particular facts of the case.").

WHEREAS, Plaintiff's request in the alternative for Riley to supplement her expert report also is denied. Plaintiff has not demonstrated good cause as to why Riley should be permitted a second chance to satisfy *Daubert*'s standard of reliability at this late stage in the litigation when all discovery has concluded and the case has been scheduled for trial. *See, e.g., Bermudez v. City of New York*, 2018 WL 6727537, at *7 (E.D.N.Y. Dec. 21, 2018) (denying supplementation of expert report after report was deemed unreliable because no demonstration of good cause); *In re Bear Stearns Companies, Inc. Sec., Derivative, & ERISA Litig.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017) ("Rule 26(e) is not a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report."). It is hereby

**ORDERED** that Plaintiff's motion for reconsideration or, in the alternative, permission to supplement Riley's expert report, is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. 326. Sealing orders will issue separately.

Dated: November 29, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE