**DESMARAIS** LLP

www.desmaraisllp.com

NEW YORK
SAN FRANCISCO
WASHINGTON, DC

Tuhin Ganguly
Washington, DC
Direct: 202-451-4912
tganguly@desmaraisllp.com

January 18, 2024

Plaintiff shall file a reply to Defendant's letter by **January 25, 2024.**

**Via Electronic Filing**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York, 10007

Dated: January 22, 2024
New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

    Re: *Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)
       Google's Response to Kewazinga's Notice of Supplemental Authority

Dear Honorable Judge Schofield:

  Kewazinga advanced a damages theory that was rejected in the *Microsoft* case and was rejected in this case. Dkt. 322. Then, Kewazinga moved for reconsideration or in the alternative to submit a supplemental damages report, which the Court denied. Dkt. 428. And now, still unhappy with the result, Kewazinga seeks yet another bite at the apple under the guise of a Notice of Supplemental Authority in light of the Federal Circuit's decision in *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332 (Fed. Cir. 2023). Dkt. 429. *VLSI* does not justify the Court or the parties expending additional resources on an issue that has already been exhaustively litigated.

  First, the court in *VLSI* was determining whether to remand the case for a new trial on damages or whether the plaintiff should be denied any opportunity to present a damages case on remand—not whether VLSI's damages expert should be permitted to supplement his report. *See VLSI Tech.*, 87 F.4th at 1345–49. Here, Kewazinga has the opportunity to present a damages case based on alternative theories that the Court has not rejected; Kewazinga simply is unsatisfied with that option.

  Second, the Federal Circuit's decision to remand was based on the specific circumstances of that case; it does not stand for the blanket proposition that a damages expert should always be allowed to amend their report due to an error. Specifically, *VLSI* deals with a damages expert unknowingly relying on a flawed input that was the result of *another* expert's error. *Id.* at 1247–48. VLSI's damages expert did not err in his methodology, but the first step of his calculation was based on a flawed technical experiment conducted by VLSI's technical expert. *See id.* In *VLSI*, there was no indication the damages expert knew of the error nor is there any indication he knew of any alternative methodologies. *See id.* at 1345–49. The Federal Circuit concluded on appeal that the damages award had to be vacated because of the technical error. In light of "the *nature* of the error," the Federal Circuit determined the proper remedy was to remand for a new damages trial. *Id.* at 1349 (emphasis added).

Honorable Judge Schofield
January 18, 2024
Page 2

Here, unlike in *VLSI*, Ms. Riley's error was her own. Ms. Riley chose to use a methodology despite knowing that it was unreliable since September 1, 2021, when another court in this District excluded her opinion on the same grounds. *Daubert* Order at 41, *Kewazinga Corp. v. Microsoft Corp.*, No. 1:18-cv-4500, 2021 WL 4066597 (S.D.N.Y. dismissed Nov. 27, 2023), ECF No. 332. And even though Ms. Riley acknowledged an alternative methodology presented in Google's damages expert's rebuttal report, she rejected it and persisted with her own unreliable methodology. Dkt. 303-2 at ¶ 60. Unlike in *VLSI*, this was not an unintentional error caused by another expert's mistake.

For at least the foregoing reasons, *VLSI* does not apply to this case. Thus, Google respectfully requests that the Court deny Kewazinga's request for leave to file yet another Motion for Leave to amend Ms. Riley's damages report. As the Court noted in its November 29, 2023 Order, "Rule 26(e) is not a vehicle to permit a party to serve a deficient opening report and then remedy the deficiency through the expedient of a 'supplemental' report." Dkt. 428 at 3 (citing *In re Bear Stearns Co., Inc. Sec., Derivative, & ERISA Litig.*, 263 F. Supp. 3d 446, 451 (S.D.N.Y. 2017)).

Honorable Judge Schofield
January 18, 2024
Page 3

Dated: January 18, 2024

Respectfully submitted,
/s/ Tuhin Ganguly
John M. Desmarais
jdesmarais@desmaraisllp.com
Karim Z. Oussayef
koussayef@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Lee Matalon
lmatalon@desmaraisllp.com
Deborah J. Mariottini
dmariottini@desmaraisllp.com

**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:     (212) 351-3400
Fax:    (212) 351-3401


Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com

**DESMARAIS LLP**
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel:     (202) 451-4900
Fax:    (202) 451-4901


*Counsel for
Defendant Google LLC*