UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORPORATION,
                              Plaintiff,         20 Civ. 1106 (LGS)

      -against-                            ORDER

GOOGLE LLC,
                              Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, an Opinion and Order dated September 28, 2023, granted in part and denied in part Defendant's motion to exclude certain portions of the expert report of Ms. Michele Riley.

       WHEREAS, on October 12, 2023, Plaintiff timely moved for reconsideration of the Opinion or, in the alternative, for permission for Riley to supplement her expert report.

       WHEREAS, an Opinion and Order dated November 29, 2023, denied Plaintiff's motion for reconsideration and denied Plaintiff's request in the alternative for Riley to supplement her expert report. The Opinion concluded that Plaintiff had not demonstrated good cause as to why Riley should be permitted to supplement her expert report at this late stage in the litigation when all discovery had concluded and the case had been scheduled for trial.

       WHEREAS, on January 17, 2024, Plaintiff submitted a Notice of Supplemental Authority of a decision from the U.S. Court of Appeals for the Federal Circuit, *VLSI Tech. LLC v. Intel Corp.*, 87 F.4th 1332 (Fed. Cir. 2023) ("*VLSI*"), arguing that the decision justified revisiting the denial of leave to supplement Riley's expert report. On January 18, 2024, Defendant filed a letter in response, arguing that the Federal Circuit's decision in *VLSI* did not require supplementation. On January 25, 2024, at the invitation of the Court, Plaintiff filed a reply to Defendant's letter. Defendant then filed a sur-reply on January 29, 2024.

WHEREAS, an Order dated January 30, 2024, directed Plaintiff to file a letter explaining the bases for the proposed changes to Riley's expert report and directed Defendant to respond. The Order stated that a decision on Plaintiff's motion to supplement Riley's expert report would be held pending consideration of the requested materials.

WHEREAS, an Order dated March 18, 2024, adjourned the trial date from May 14, 2024, to July 8, 2024, due to a conflict on the Court's calendar.  On April 16, 2024, the parties filed a letter requesting to adjourn the trial date to December 2, 2024, due to witness scheduling conflicts.  In the letter, the parties also requested that they be ordered to conduct mediation within 30 days of resolution of Plaintiff's motion to supplement Riley's expert report and Defendant's motion in limine related to the admissibility of Defendant's advertising revenue.

WHEREAS, leave to supplement Riley's expert report is appropriate here.  "The decision to admit expert testimony is left to the broad discretion of the trial judge . . . ." *Electra v. 59 Murray Enters., Inc.*, 987 F.3d 233, 254 (2d Cir. 2021); *accord In re Bernard L. Madoff Inv. Sec. LLC*, No. 22-3006, 2024 WL 46662, at *1 (2d Cir. Jan. 4, 2024) (summary order).  Pursuant to Federal Rule of Civil Procedure 26(e)(1), parties must supplement discovery in certain enumerated circumstances or "as ordered by the court." Fed. R. Civ. P. 26(e)(1).  The Second Circuit has expressed a "strong preference for resolving disputes on the merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005); *accord Suresh v. Crain Commc'ns, Inc.*, No. 23 Civ. 04976, 2024 WL 843528, at *4 (S.D.N.Y. Feb. 13, 2024).  That preference is best served by resolving the reliability of Riley's proposed supplement on a *Daubert* motion, rather than in the procedural posture presented here.

WHEREAS, Defendant is correct that the Federal Circuit's decision in *VSLI* does not mandate supplementation here.  However, *VSLI* does provide guidance to district courts that an unreliable step in a party's patent damages case may be remediated where "no sound basis"

2

exists to deny the party the opportunity to do so.  87 F.4th at 1349.  Defendant's fairness and timeliness arguments fail to justify denying Plaintiff the opportunity to supplement its damages case, in light of the further adjournment of the trial date and the reopening of discovery related to the supplement to Riley's expert report.  It is hereby

**ORDERED** that Plaintiff's motion to supplement Riley's expert report is **GRANTED**.  Plaintiff shall file the supplemental expert report on the docket by **April 22, 2024**.  Expert discovery is reopened for the sole purpose of conducting discovery and deposing Riley related to the supplement to her expert report.  Such discovery shall complete by **June 21, 2024**.  If Defendant seeks to file a *Daubert* motion to exclude the supplement to Riley's report at the close of expert discovery, Defendant shall file such motion by **July 8, 2024**.  Plaintiff shall file its response by **July 22, 2024**.  No reply shall be filed in connection with this motion.  It is further

**ORDERED** that the trial date in this action is **ADJOURNED** from July 8, 2024, to a date to be determined.  It is further

**ORDERED** that the parties shall file a letter by **May 2, 2024**, if they seek an order directing mediation at this time.  It is further

**ORDERED** that the sealing motions related to the reconsideration motion and request to supplement at Dkt. Nos. 325, 334 and 435 are **GRANTED**.  Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *see also Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").  As explained in prior orders granting similar requests to seal in this case, filing the requested documents under seal or in redacted form is

necessary to prevent the unauthorized dissemination of the parties' confidential business information and legal strategies.

      The Clerk of Court is respectfully directed to close the motion at Dkt. Nos. 325, 334 and 435.

Dated:  April 18, 2024
        New York, New York

                                      LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE