UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                    :
   KEWAZINGA CORPORATION,                           :
                                       Plaintiff,   :          20 Civ. 1106 (LGS)
                                                    :
              -against-                             :              ORDER
                                                    :
   GOOGLE LLC,                                      :
                                      Defendant.    :
                                                    :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, the parties move to seal various documents filed in connection with the

parties' motions in limine ("MILs"), Plaintiff's *Daubert* motion and the Amended Damages

Report of Plaintiff's expert, Michele Riley.

WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v.*

*Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of*

*Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is

"a judicial document subject to the [presumed] right of public access," meaning that the

document is "relevant to the performance of the judicial function and useful in the judicial

process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to

determine the weight of the presumption by assessing "the role of the material at issue in the

exercise of Article III judicial power and the resultant value of such information to those

monitoring the federal courts." *Id.* The third step is to balance against the presumption any

"competing considerations" such as "the danger of impairing law enforcement or judicial

efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and
citations are omitted, and all alterations are adopted.

presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents. They are: (1) Plaintiff's memorandum of law in support of its MIL No. 7; (2) Plaintiff's memorandum of law and exhibits in support of its *Daubert* motion to exclude the opinions of Paul K. Meyer; (3) an exhibit to Plaintiff's opposition to Defendant's MIL No. 1; (4) Plaintiff's opposition to Defendant's MIL No. 2 and related exhibits; (5) Plaintiff's exhibit to its opposition to Defendant's MIL No. 4; (6) Defendant's opposition to Plaintiff's MIL No. 10 and *Daubert* motion and related exhibits; and (7) the Amended Opening Expert Report of Michele Riley attached to Plaintiff's letter dated April 22, 2024. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. Documents submitted in connection with the MILs and *Daubert* motion are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Similarly, "expert reports are judicial documents as they directly bear on the Court's duty to determine whether the reports should be excluded

pursuant to [a] *Daubert* motion." *Red Hawk, LLC v. Colorforms Brand LLC*, 638 F. Supp. 3d 375, 385 (S.D.N.Y. 2022).

WHEREAS, "[m]aterials submitted in connection with, and relevant to . . . motions in limine, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown*, 929 F.3d at 53. While *Daubert* motions and motions in limine, as a practical matter, may be important to the resolution of many cases, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120. "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

WHEREAS, Plaintiff's motions to seal take no position on sealing the documents at issue but state that Defendant designated the material as confidential. Defendant filed letters in support of Plaintiff's sealing motions and its own sealing motion. Defendant's letters state that the proposed redactions concern confidential business and legal information. Requests to seal similar information in this case have been granted.

3

WHEREAS, as described in prior sealing orders in this case, where the parties seek to redact specific information about the parties' confidential business and legal strategies, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings.  However, to the extent the parties request to seal entire documents, the parties' justifications are insufficient.  For example, Plaintiff moves to seal the entirety of the Amended Opening Expert Report of Michele Riley, and Defendant filed a letter in support.  However, substantial portions of the report do not contain confidential information, including but not necessarily limited to the introduction section and the two exhibits containing Ms. Riley's background.  As further examples, the parties have not shown why the entirety of Exhibit F to the Declaration of Steven M. Balcof in opposition to Plaintiff's MILs, consisting of excerpts from a deposition transcript, or the entirety of Exhibit C to the Declaration of Harold S. Laidlaw in opposition to Defendant's MIL No. 2, consisting of a 12-page email thread, should be filed under seal.  It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 357, 371, 395, 399, 405, 411 and 455 are **GRANTED** in part and **DENIED** in part.  The motions are denied to the extent they request sealing the entirety of documents.  Nonpublic business and legal information may be redacted, but background descriptions or other similar nonconfidential surrounding information shall not be redacted.  It is further

**ORDERED** that all documents currently filed under seal shall remain under seal at this time.  All denials in this Order are denials without prejudice to renewal.  By **August 7, 2024**, the parties shall either (1) file renewed motions to redact with specific proposed redactions highlighted or (2) file on the public docket unredacted versions of the remaining documents at issue in accordance with the rulings described above.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 357, 371, 395, 399, 405, 411 and 455.

Dated: July 17, 2024
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**