```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEWAZINGA CORPORATION,                                      :
                                      Plaintiff,            :      20 Civ. 1106 (LGS)
                                                            :
                 -against-                                  :      ORDER
                                                            :
GOOGLE LLC,                                                 :
                                      Defendant.            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 31, 2023, Defendant Google LLC filed five motions in limine ("MILs"). The motions are resolved as follows. All references to Rules are to the Federal Rules of Evidence.

**Defendant's MIL No. 1** (Dkt. No. 341). Defendant's motion to preclude Plaintiff from offering any evidence, argument, discussion or opinions regarding Defendant's acquisitions is **DENIED**, subject to Plaintiff's agreement not to introduce evidence regarding the prices of Defendant's acquisitions and not to use the terms "monopoly," "monopolist" or other similar derogatory terms in characterizing Defendant's business. The fact and nature of the acquisitions is relevant to Plaintiff's damages case under Rule 401. This probative value outweighs the risk of unfair prejudice when the most prejudicial information related to Defendants' acquisitions is excluded. *See* Fed. R. Evid. 403.

**Defendant's MIL No. 2** (Dkt. No. 342). Defendant's motion to preclude Plaintiff from offering any evidence, argument, discussion or opinions on pretrial proceedings or issues including but not limited to the discovery process, discovery disputes, claim construction or dispositive motion practice is **GRANTED**. These matters have little if any probative value, which is outweighed by the risk of confusing the jury. *See* Fed. R. Evid. 403. Plaintiff may

explain that its damages methodology is based on the financial information available without any explicit or implied criticism.  The jury will be instructed to apply the Court's claim constructions.  The summary judgment opinion did not change the prior claim constructions and did not determine what a reasonable jury should or must decide, only what it could decide.

**Defendant's MIL No. 3** (Dkt. No. 343).  Defendant's motion to (a) preclude Plaintiff from offering evidence, argument, discussion or opinions regarding Defendant's size, wealth or overall revenue is **GRANTED** under Rule 403 as having little if any probative value, which is outweighed by the risk of unfair prejudice as to liability (David vs. Goliath) and damages (deep pockets), and (b) preclude Ms. Riley from affirmatively relying on or offering testimony about Defendant's search advertising revenue or from using such revenue as a "reasonableness check" is **DENIED** without prejudice to renewal following the decision on Defendant's renewed *Daubert* motion directed to Ms. Riley's supplemental expert opinion.

**Defendant's MIL No. 4** (Dkt. No. 344).  Defendant's motion to exclude any testimony, argument or reference to *inter partes* review denials of institution is **GRANTED**.  "[D]istrict courts should . . . exercise caution when admitting evidence of a denial of institution because it may be confusing to the jury and prejudicial . . . .  [D]enials of institution provide limited probative value that is likely to be outweighed by the prejudice to the opposing party, and limiting instructions to the jury do not necessarily cure the prejudice."  *Chamberlain Group, Inc. v. Techtronic Indus. Co.*, 935 F.3d 1341, 1351-52 (Fed. Cir. 2019).  The fact that the Patent Trial and Appeal Board denied *inter partes* review petitions of the patents-in-suit provides limited, if any, probative value because the Board did not and could not address the system prior art that Defendant relies on for invalidity, but introducing the Board's decisions has a high risk of confusing, distracting or misleading the jury under Rule 403, even setting aside the legal

standard applied by the Board. Defendant does not move to preclude party statements made before the Board, and Plaintiff may reference those statements.

**Defendant's MIL No. 5** (Dkt. No. 345). Defendant's motion to preclude Plaintiff from offering any evidence, argument, discussion or opinions suggesting that Defendant (a) willfully infringed the asserted patents is **DENIED** as procedurally improper and in substance as an untimely motion for summary judgment, or (b) copied or stole technology from Plaintiff is **DENIED**, except that Plaintiff shall not offer evidence or argument *explicitly stating* that Defendant "copied" or "stole" Plaintiff's technology as Plaintiff did not oppose this limitation.

The Clerk of Court is respectfully directed to enter on the docket as summary disposition of these motions the following: It is **ORDERED** that:

(i) Defendant's MIL No. 1 (Dkt. No. 341) to preclude Plaintiff from offering any evidence, argument, discussion or opinions regarding Defendant's acquisitions is **DENIED**, subject to Plaintiff's agreement not to introduce evidence regarding the prices of Defendant's acquisitions and not to use the terms "monopoly," "monopolist" or other similar derogatory terms in characterizing Defendant's business;

(ii) Defendant's MIL No. 2 (Dkt. No. 342) to preclude Plaintiff from offering any evidence, argument, discussion or opinions on pretrial proceedings or issues including but not limited to the discovery process, discovery disputes, claim construction or dispositive motion practice is **GRANTED**;

(iii) Defendant's MIL No. 3 (Dkt. No. 343) to (a) preclude Plaintiff from offering evidence, argument, discussion or opinions regarding Defendant's size, wealth or overall revenue is **GRANTED** and (b) preclude Ms. Riley from affirmatively relying on or offering testimony about Defendant's search advertising revenue or from using

such revenue as a "reasonableness check" is **DENIED** without prejudice to renewal following the decision on Defendant's renewed *Daubert* motion directed to Ms. Riley's supplemental expert opinion;

(iv)  Defendant's MIL No. 4 (Dkt. No. 344) to exclude any testimony, argument or reference to *inter partes* review denials of institution is **GRANTED**; and

(v)  Defendant's MIL No. 5 (Dkt. No. 345) to preclude Plaintiff from offering any evidence, argument, discussion or opinions suggesting that Defendant (a) willfully infringed the asserted patents is **DENIED** or (b) copied or stole technology from Plaintiff is **DENIED**, except that Plaintiff shall not offer evidence or argument *explicitly stating* that Defendant "copied" or "stole" Plaintiff's technology.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 341, 342, 343, 344 and 345.

Dated: September 9, 2024
       New York, New York

                                          _____
                                               LORNA G. SCHOFIELD
                                          UNITED STATES DISTRICT JUDGE

4