UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
KEWAZINGA CORPORATION,                                      :
                                         Plaintiff,         :         20 Civ. 1106 (LGS)
                                                            :
                  -against-                                 :         ORDER
                                                            :
GOOGLE LLC,                                                 :
                                         Defendant.         :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 31, 2023, Plaintiff Kewazinga Corporation filed ten motions in limine ("MILs"). The motions are resolved as follows. All references to Rules are to the Federal Rules of Evidence.

**Plaintiff's First MIL** (Dkt. No. 383). Plaintiff's motion to preclude Defendant from offering evidence, testimony and opinions relating to Defendant's alleged "system" prior art that is not identified in its Invalidity Contentions, Final Election of Asserted Prior Art and Dr. Lastra's opening expert report is **DENIED**. Courts have precluded untimely disclosed theories based on prior art systems. *See Teashot LLC v. Green Mountain Coffee Roasters, Inc.*, 595 F. App'x 983, 987 (Fed. Cir. 2015); *Ferring B.V. v. Serenity Pharms., LLC*, No. 17 Civ. 9922, 2020 WL 1164700, at *2 (S.D.N.Y. Mar. 11, 2020). However, Defendant is entitled to demonstrate the functionality of the systems it properly disclosed in its invalidity contentions and present evidence in support of its system art theories. The materials that Plaintiff seeks to preclude are not new prior art. Plaintiff had adequate notice of these materials during discovery.

**Plaintiff's Second MIL** (Dkt. No. 348). Plaintiff's motion to preclude Defendant from offering testimony or other evidence relating to the *Star Trek: The Next Generation Interactive Technical Manual* ("Star Trek Manual") is **DENIED**. As stated above regarding Plaintiff's first

MIL, Defendant is entitled to demonstrate the functionality of the systems it disclosed in its invalidity contentions. Defendant identified evidence from discovery to show the functionality of the Quick Time VR ("QTVR") system using the Star Trek Manual product. The Star Trek Manual is relevant to Defendant's invalidity theory. Whether to credit that evidence is a question reserved for the jury. *See Eolas Techs. Inc. v. Microsoft Corp.*, 399 F.3d 1325, 1335 (Fed. Cir. 2005) ("[A]nticipation is a question of fact. Accordingly, this particular determination lay within the province of the jury.").

**Plaintiff's Third MIL** (Dkt. No. 377). Plaintiff's motion to preclude Defendant from offering evidence, argument, discussion or opinion for the purpose of establishing the state of mind or personal knowledge of Dayton Taylor (or other developers) with respect to the functionality of the Taylor System is **DENIED** as moot based on Defendant's representation that it "does not intend to present anything outside of the four corners of Dr. Lastra's invalidity report, reply report, and deposition . . . ." Defendant may seek to establish Mr. Taylor's (or other developers') knowledge or state of mind about the Taylor System only as evidenced by sources Dr. Lastra has expressly identified, including his first-hand observations of Mr. Taylor's demonstration of the Taylor System.

**Plaintiff's Fourth MIL** (Dkt. No. 351). Plaintiff's motion to preclude testimony or other evidence:

(1) relating to the "Chan" reference is **GRANTED** in part and **DENIED** in part. Defendant may refer to Chan to demonstrate QTVR's functionality as a panorama creation and viewing tool. However, Defendant may not refer to Chan as support or evidence that QTVR can generate "tweened imagery" or use interpolation. Chan references QTVR only in the context of

2

its function as a panoramic tool and thus is neither relevant to, nor probative of, Defendant's theory that QTVR uses interpolation; and

(2) relating to the "Chen and Williams" reference is **DENIED**. Defendant has identified evidence that the Chen and Williams reference's discussion of "view interpolation" demonstrates the functionality and operation of the QTVR system and therefore is relevant to Defendant's invalidity theory. Chen and Williams is also sufficiently incorporated by reference in the Chen 1995 article. "To incorporate material by reference, the host document must identify with detailed particularity what specific material it incorporates and clearly indicate where that material is found in the various documents." *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1282 (Fed. Cir. 2000). The Chen 1995 article specifically identifies Chen and Williams' discussion of their "view interpolation" method on pages 279-88 of a volume of articles. Thus, the Chen 1995 article sufficiently incorporates by reference Chen and Williams. *See Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) (holding that material sufficiently incorporated by reference where host document specifically named what material it incorporated and "identif[ed] page ranges" of the material).

**Plaintiff's Fifth MIL** (Dkt. No. 380). Plaintiff's motion to preclude Defendant from offering testimony or other evidence relating to the video marked as Zarakov Ex. 37 (the "Video") is **GRANTED**. Defendant asserts that the Video is evidence that QTVR System discloses "tweening," which the parties agree means "generating synthetic imagery *from acquired imagery*, in order to show movement and transition *between the acquired imagery*." (Emphasis added). Defendant has failed to submit evidence sufficient to support a finding of relevance under Rule 104(a)-(b) that the Video uses two "acquired" images.

3

**Plaintiff's Sixth MIL** (Dkt. No. 354).  Plaintiff's motion:

(1) to exclude the Taylor Article and the '323 Patent as publication or patent prior art is **DENIED** as moot based on Defendant's representation that it does not "intend[] to rely on the Taylor Article and the '323 patent . . . as individual prior art references."

(2) to exclude the Taylor Article and the '323 Patent as evidence of the function of the prior art Taylor System is **DENIED** because the Taylor Article describes "some of the functional capabilities . . . of the newest design of [Mr. Taylor's] film camera system," and the '323 patent "illustrat[es] . . . the Taylor System's camera arrays."  Contrary to Plaintiff's argument, the Taylor Article and '323 Patent describe some functionalities that were actually included in the 1996 Taylor System.  *See* Dkt. 356-1 (describing "some of the functional capabilities" of Mr. Taylor's camera system); Dkt. 356-2 (illustrating system's camera arrays).  Defendant may offer such evidence; however, Defendant may not introduce "aspirational statements" from the Taylor Article or '323 Patent that describe functionalities not included in the 1996 Taylor System.

(3) to preclude Dr. Lastra from opining, testifying or otherwise suggesting at trial that the Taylor System prior art incorporated third-party morphing tools that satisfied certain claim limitations of the patents-in-suit is **DENIED** as that is a question for the jury; however, his reliance on the Taylor Article and the '323 Patent to establish that proposition are limited as stated above.

**Plaintiff's Seventh MIL** (Dkt. No. 358).  Plaintiff's motion to preclude Defendant from offering evidence or argument concerning Defendant's pre-litigation beliefs, including any purported reliance on advice of counsel, regarding non-infringement or invalidity of the patents-in-suit is **DENIED** (a) as moot regarding any advice of counsel defense and the three law firm proposals referenced in the motion based on Defendant's representation that Defendant is not

4

relying on such defense or such proposals and (b) on the merits to the extent that such evidence was produced or elicited in discovery. Evidence of Defendant's pre-litigation beliefs is highly probative on the issue of Defendant's willfulness and outweighs the risk of undue prejudice when coupled with a limiting instruction. At least two business days before any relevant testimony, the parties shall provide the Court with a mutually agreeable limiting instruction to the jury stating in substance that any such evidence is not offered for the truth but rather to establish Defendant's state of mind on the issue of willfulness. This ruling is without prejudice to any objection based on Rule 403 to documentary evidence pertaining to Defendant's pre-litigation beliefs.

**Plaintiff's Eighth MIL** (Dkt. No. 362). Plaintiff's motion to exclude the Digital Air Webpage and the Mott Street Imagery and any testimony or other evidence relating to the Digital Air Webpage or the Mott Street Imagery is **GRANTED** in part and **DENIED** in part. Defendant has failed to show that "the content of the Digital Air Webpage that surrounds the Mott Street [I]magery" supports a finding under Rule 104(a)-(b) that that the "stabilized" or "interpolated" Mott Street Imagery was created either before the priority date of the patents-in-suit or with the 1996 version of the Taylor System. However, Defendant is entitled to demonstrate the functionality of the systems it disclosed in its invalidity contentions and thus may introduce evidence from the Digital Air Webpage related to the functionality of the 1996 Taylor System other than the Mott Street Imagery.

**Plaintiff's Ninth MIL** (Dkt. No. 365). Plaintiff's motion to exclude testimony or other evidence relating to the film *The Matrix* is **DENIED**. As stated regarding Plaintiff's first, second and eighth MILs, Defendant is entitled to demonstrate the functionality of the systems it

disclosed in its invalidity contentions. Defendant has identified evidence and testimony that *The Matrix* used the Taylor System and therefore is relevant to Defendant's invalidity theory.

**Plaintiff's Tenth MIL** (Dkt. No. 368). Plaintiff's motion to preclude Defendant from calling:

(1) Plaintiff's outside counsel, Ian DiBernardo of Brown Rudnick LLP, as a trial witness is **GRANTED** under Rule 403 because his testimony is unnecessary and allowing it would likely confuse the jury and risk unfair prejudice to Plaintiff. His testimony about the August 19, 2023, meeting between the parties is unnecessary because, in addition to Mr. DiBernardo, two employees of Plaintiff were present, neither of whom is an attorney or acting as trial counsel. Similarly, Mr. DiBernardo's testimony regarding the meaning of his statements is unnecessary to show "the scope of all three patents-in-suit" or Plaintiff's advertising damages because Defendant can obtain such evidence from other sources. To the extent that Defendant seeks to use Mr. DiBernardo's statement in his September 11, 2013, email to Jim Sherwood of Google, (including the parenthetical in the same sentence) to show Defendant's state of mind, Defendant can do so without calling Mr. DiBernardo. As implied by Defendant's argument, these early events are relevant primarily on the issue of Defendant's (not Plaintiff's) state of mind, a subject on which Mr. DiBernardo has no unique insight. The probative value of Mr. DiBernardo's testimony, as described in Defendant's opposition to the motion, is outweighed by the risk of confusing the jury or unfair prejudice. His putative role of witness and advocate at the very least could confuse the jury and exposes him to disqualification as trial counsel after having spent years representing Plaintiff on this matter, both in this litigation and previously. *See* N.Y. R. Pro. Conduct 3.7(a) ("A lawyer shall not act as an advocate before a tribunal in a matter in which "the lawyer is likely to be a witness on a significant issue of fact" subject to certain exceptions); *see*

also *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003) (stating that "the need to depose [a] lawyer" is a consideration in determining whether eliciting testimony "would entail an inappropriate burden or hardship"); *Finkel v. Zizza & Assocs. Corp.*, No. 12 Civ. 4108, 2021 WL 1375655, at *2 (E.D.N.Y. Apr. 12, 2021) (applying same considerations for soliciting opposing counsel deposition testimony to determine whether plaintiff could call opposing counsel as a trial witness).

(2) Plaintiff's former counsel, Stroock & Stroock & Lavan LLP, is **DENIED** as moot based on Defendant's statement that it does not intend to call a witness from Stroock & Stroock & Lavan LLP.

The Clerk of Court is respectfully directed to enter on the docket as summary disposition of these motions the following: It is **ORDERED** that:

(i) Plaintiff's MIL No. 1 (Dkt. No. 383) to preclude Defendant from offering evidence, testimony and opinions relating to Defendant's alleged "system" prior art that is not identified in its Invalidity Contentions, Final Election of Asserted Prior Art and Dr. Lastra's opening expert report is **DENIED**;

(ii) Plaintiff's MIL No. 2 (Dkt. No. 348) to preclude Defendant from offering testimony or other evidence relating to the Star Trek Manual is **DENIED**;

(iii) Plaintiff's MIL No. 3 (Dkt. No. 377) to preclude Defendant from offering evidence, argument, discussion or opinion for the purpose of establishing the state of mind or personal knowledge of Dayton Taylor (or other developers) with respect to the functionality of the Taylor System is **DENIED** as moot without prejudice to renewal;

(iv) Plaintiff's MIL No. 4 (Dkt. No. 351) to preclude testimony or other evidence relating to the "Chan" paper is **GRANTED** in part and **DENIED** in part. Defendant may not

reference the Chan paper as support or evidence that QTVR can generate "tweened imagery" or use interpolation. Plaintiff's motion to preclude evidence or testimony relating to the "Chen and Williams" paper is **DENIED**;

(v) Plaintiff's MIL No. 5 (Dkt. No. 380) to preclude Defendant from offering testimony or other evidence relating to the Zarakov Video is **GRANTED**;

(vi) Plaintiff's MIL No. 6 (Dkt. No. 354) to exclude the Taylor Article and the '323 Patent as (a) publication or patent prior art is **DENIED** as moot and as (b) evidence of the function of the prior art Taylor System is **DENIED** on the merits. Plaintiff's motion to preclude Dr. Lastra from opining, testifying or otherwise suggesting at trial that the Taylor System prior art incorporated third-party morphing tools that satisfied certain claim limitations of the patents-in-suit is **DENIED**; however, his reliance on the Taylor Article and the '323 Patent to establish that proposition is limited to describing functionalities that were actually included in the 1996 Taylor System.

(vii) Plaintiff's MIL No. 7 (Dkt. No. 358) to preclude Defendant from offering evidence or argument concerning Defendant's pre-litigation beliefs, including any purported reliance on advice of counsel, regarding non-infringement or invalidity of the patents-in-suit is **DENIED** (a) as moot regarding any advice of counsel defense and the three law firm proposals referenced in the motion based on Defendant's representation that Defendant is not relying on such defense or such proposals and (b) on the merits to the extent that such evidence was produced or elicited in discovery;

(viii) Plaintiff's MIL No. 8 (Dkt. No. 362) to exclude the Digital Air Webpage and any testimony or other evidence relating to the Digital Air Webpage or the Mott Street

8

Imagery is **GRANTED** in part and **DENIED** in part. Defendant may not introduce testimony or other evidence relating to the Mott Street Imagery;

(ix)  Plaintiff's MIL No. 9 (Dkt. No. 365) to exclude testimony or other evidence relating to the film *The Matrix* is **DENIED**; and

(x)  Plaintiff's MIL No. 10 (Dkt. No. 368) to preclude Defendant from calling (a) Plaintiff's outside counsel, Ian DiBernardo of Brown Rudnick LLP, as a trial witness is **GRANTED** and (b) Plaintiff's former counsel, Stroock & Stroock & Lavan LLP, is **DENIED** as moot.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 348, 351, 354, 358, 362, 365, 368, 377, 380 and 383.

Dated: September 11, 2024
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**