UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORP.,
               Plaintiff,

-against-                                   20 Civ. 1106 (LGS)
                                            REDACTED
GOOGLE LLC,                                  ORDER
               Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, Plaintiff Kewazinga Corporation moves to exclude at trial certain opinions and testimony of Defendant Google LLC's damages expert, Paul K. Meyer, pursuant to Federal Rules of Evidence 702 and 403.

       WHEREAS, Plaintiff seeks to exclude Meyer from relying on the ▆▆▆▆ Agreement in connection with his opinion as to the reasonable royalty for the patents-in-suit on the grounds that Meyer's testimony improperly relies on the ▆▆▆▆ Agreement and *ipse dixit* reasoning, and is unfairly prejudicial. Plaintiff's motion is **DENIED**. All references to Rules are to the Federal Rules of Evidence.

## Legal Standard

       Federal Rule of Evidence 702 governs the admissibility of expert testimony and provides:

       A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

       Fed. R. Evid. 702. District courts play a "gatekeeping function" under Rule 702 and are "charged with the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *In re Mirena IUS Levonorgestrel-Related Prods. Liab. Litig.*

*(No. II)*, 982 F.3d 113, 122-23 (2d Cir. 2020).[1] A Rule 702 inquiry focuses on three issues: (1) whether a witness is "qualified as an expert," (2) whether the witness's "opinion is based upon reliable data and methodology" and (3) whether "the expert's testimony (as to a particular matter) will assist the trier of fact." *Nimely v. City of New York*, 414 F.3d 381, 397 (2d Cir. 2005); *accord In re Namenda Indirect Purchaser Antitrust Litig.*, 338 F.R.D. 527, 543 (S.D.N.Y. 2021). "[A] slight modification of an otherwise reliable method will not render an expert's opinion per se inadmissible." *United States v. Jones*, 965 F.3d 149, 160 (2d Cir. 2020). The party proffering the expert bears the burden of establishing Rule 702's admissibility requirements by a preponderance of the evidence. *Id.* at 161.

██████  **Agreement Analysis**

Plaintiff's motion to exclude Meyer from relying on the ██████ Agreement pursuant to Rule 702 is denied. "Assessing the comparability of licenses requires a consideration of whether the license at issue involves comparable technology, is economically comparable, and arises under comparable circumstances as the hypothetical negotiation." *Bio-Rad Labs., Inc. v. 10X Genomics Inc.*, 967 F.3d 1353, 1372–73 (Fed. Cir. 2020). "[T]he fact that a license is not perfectly analogous generally goes to the weight of the evidence, not its admissibility." *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014). Meyer relied on the analysis of the ██████ Patents by another of Google's experts, Dr. Lastra, to determine that the ██████ Patents and the patents-in-suit are technologically comparable. Meyer then conducted his own economic analysis of the similarities and differences between the ██████ Agreement and a hypothetical licensing agreement between the parties, which he supplemented with his thirty

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

years of experience in real-world and hypothetical negotiations.  That analysis is sufficient to establish "baseline comparability" between the ▇▇▇ Agreement and the hypothetical agreement between the parties.  *See Bio-Rad Labs., Inc.*, 967 F.3d at 1374 (affirming district court's finding of "baseline comparability" where expert compared licensing agreements concerning patents of similar products); *EcoFactor, Inc. v. Google LLC*, 104 F.4th 243, 255 (Fed. Cir. 2024) (affirming district court's finding of economic comparability where expert accounted for similarities and differences between the compared licensing agreements).  Any further question as to the degree of comparability is a "factual issue best addressed through cross examination" and "left for the jury to decide."  *See Bio-Rad Labs., Inc.*, 967 F.3d at 1374.  That Meyer's opinion relies on his experience is not a reason to exclude it.  *See Plastic Omnium Advanced Innovation & Rsch. v. Donghee Am., Inc.*, 387 F. Supp. 3d 404, 414 (D. Del. 2018)*, aff'd*, 943 F.3d 929 (Fed. Cir. 2019) ("[E]xperts may supplement quantitative evidence with the expert's own experience and judgment.").

**Unfair Prejudice**

Meyer's testimony is not unfairly prejudicial, as its probative value is not substantially outweighed by the danger of unfair prejudice.  *See* Fed. R. Evid. 403.  Plaintiff's argument that that Meyer's testimony may unduly influence the jury because he is an expert is unpersuasive.

It is hereby **ORDERED** that Plaintiff's motion to exclude Meyer from relying on the ▇▇▇ Agreement in connection with his opinion as to the reasonable royalty for the patents-in-suit is **DENIED**.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 372.

Dated: September 18, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE