UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
:
KEWAZINGA CORPORATION,                                        :
                              Plaintiff,         :         20 Civ. 1106 (LGS)
:
          -against-                                         :         <u>ORDER</u>
:
GOOGLE LLC,                                                   :
                             Defendant.         :
-------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, each morning during the trial, the jury will be seated promptly at the scheduled time regardless of whether all housekeeping matters have been addressed. The parties are responsible for raising any matter to be discussed outside the hearing of the jury sufficiently in advance to obtain a ruling.

      WHEREAS, the parties filed a Proposed Joint Pre-Trial Order, Dkt. 535, which includes references to the "end of the trial day," which the Court interprets to mean "at the conclusion of the presentation of evidence on the trial day" and not after proceedings have been adjourned for the day.

      WHEREAS, the Proposed Joint Pre-Trial Order contains various applications and objections thereto. Some of these are resolved as follows:

      **ORDERED**

1. Plaintiff objects to certain of Defendant's defenses. *Id*. at 8 ¶ 20. By **October 18, 2024, at 12:00 P.M.**, Defendant shall respond to Plaintiff's objections.

2. Plaintiff's request that the trial testimony not be bifurcated into a liability phase and a damages phase, as the Court had suggested, is GRANTED. *See id*. at 9 ¶ 22. Plaintiff shall present its case in chief as it sees fit and shall present any rebuttal case after Defendant's case

in chief; the Court generally defers to a party's preference as to how to present its case.

3. Defendant's request for leave to present its opening statement either after Kewazinga's opening statement or after the plaintiff rests on liability (or presumably after Kewazinga's case in chief) is DENIED for substantially the reasons stated by Plaintiff. *See id*. at 10 ¶¶ 24-25.

4. The parties' joint request that the Court show the referenced FJC video prior to the preliminary charge is GRANTED. *See id*. at 12 ¶ 26. By **October 18, 2024, at 12:00 P.M.**, the parties shall email the Court the patent(s) to be provided to the jury during the presentation of the video (and bring 16 copies the first day of trial), or shall jointly propose another way to respond to the references in the video.

5. By **October 17, 2024,** the parties shall provide the Court with a digital copy of the written discovery to be introduced at trial at the link previously provided. *See id*. at 17 ¶ 28 *et seq*. The parties shall limit the production to such discovery they actually intend to introduce, and not merely those that they "may" introduce or offer into evidence.

6. The parties' Stipulation Concerning Google Source Code, *id*. at 25 ¶ 71 *et seq*., is SO ORDERED.

7. The parties' Stipulation Concerning Limitation on Challenging Kewazinga's Damages Evidence, *id*. at 26 ¶ 78, is SO ORDERED.

8. The parties' Stipulation Concerning Narrowing of Asserted Claims and Prior Art, *id*. at 27 ¶ 79 *et seq*., is SO ORDERED.

9. The parties' Stipulation Concerning Admissibility of the Google Maps Board Update, *id*. at 28 ¶ 86 *et seq*., is SO ORDERED.

10. The parties' Stipulation Concerning Authenticity, Foundation and Admissibility of Certain

Evidence, *id*. at 28-29 ¶ 87 *et seq*., is SO ORDERED.

11. Defendant's request that the Court revise the Parties' Joint Stipulated Motion in Limine No. 1 (Dkt. 386) to permit the use of a particular settlement agreement at trial is DENIED under Federal Rule of Evidence 403, because the probative value is outweighed by the risk unfair prejudice, jury confusion and wasting time. *See id*. at 30 ¶ 90 *et seq*. The probative value is slight and the risk of prejudice and confusion are great because settlement is necessarily a compromise that reflects many circumstances and risks to both sides that are unique to a case. The jury would be confused and their time would be wasted by the presentation of evidence attempting to identify and weigh those risks and circumstances in order to equate or distinguish the settlement and its parties from the issues in this case, which is being actively litigated. Plaintiff's request that the Court exclude any evidence of outcomes or rulings in the same case is GRANTED. *See id*. at ¶ 104. The parties shall not offer evidence, argument, discussion or opinions regarding procedural matters in this or other cases, as previously addressed in part in the Court's ruling on Defendant's MIL No. 2. *See* Dkt. 518 at 4.

12. The parties shall bring to the Court's attention any outstanding objection to trial or demonstrative exhibits to be used during opening statements at least **two business days prior to the opening statements**. *See* Dkt. 535 at 40 ¶ 107. The parties may adjust the preceding dates as appropriate.

13. Defendant's request that demonstrative exhibits created "live" during opening statements need not be provided to the other side in advance of their use, is DENIED to allow any objections to be raised with the Court in advance. *See id.* at 40 ¶ 109.

14. The parties shall bring to the Court's attention any outstanding objection regarding witnesses

to be presented by prior deposition testimony in the manner set forth in the Court's Individual Trial Rules and Procedures I.B.3. including the reference to "**two trial days**." *See id.* at 42 ¶ 114.

15. The parties shall bring to the Court's attention any outstanding objection to direct examination trial exhibits **immediately following the conclusion of the evidence on the trial day preceding the day of their intended use**. *See id.* at 44 ¶ 120.

16. The parties shall bring to the Court's attention any outstanding objection to direct examination demonstratives **immediately following the conclusion of the evidence on the trial day preceding the day of their intended use**. *See id.* at 44 ¶ 121.

17. Defendant's request that demonstrative aids created "live" during direct examination need not be provided to the other side in advance of their use is DENIED. *See id.* at 45 ¶ 125.

Dated: October 16, 2024
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE