UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORP.,
                              Plaintiff,              20 Civ. 1106 (LGS)

          -against-                              ORDER

GOOGLE LLC,
                              Defendant.
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties move to seal various documents filed in connection with Defendant's *Daubert* motion of Plaintiff's expert, Michele Riley.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents. They are: (1) Defendant's reply memorandum of law and exhibits in support of its motion to exclude portions of the opinions of Michele Riley and (2) Plaintiff's letter motion requesting permission from the Court to file a brief sur-reply to an argument in Defendant's reply in support of their motion to exclude portions of the opinions of Michele Riley. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. These documents are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

WHEREAS, "[m]aterials submitted in connection with, and relevant to . . . motions in limine, and other non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown*, 929 F.3d at 53. While *Daubert* motions, as a practical matter, may be important to the resolution of many cases, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

WHEREAS, as described in prior sealing orders in this case, where the parties seek to redact specific information about the parties' confidential business and legal strategies, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs the presumption of access accorded to these filings.  The parties' motions to seal propose limited redactions to specific information within the documents.  It is hereby

**ORDERED** that the sealing motions at Dkt. Nos. 524 and 527 are **GRANTED**.[2]

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 524 and 527.

Dated: October 21, 2024
     New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

---

[2] While this Order grants the parties' motions to redact specific information in their filings about the parties' confidential business and legal strategies because of the parties' legitimate privacy interests in their proprietary business information, that does not mean that the same information, if admissible, will not be disclosed at trial, where there is a heightened public interest in disclosure.