**brown**rudnick

IAN G. DIBERNARDO
idibernardo@brownrudnick.com

October 31, 2024

**VIA ELECTRONIC FILING**

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Kewazinga Corp. v. Google LLC*, Case No. 1:20-cv-1106-LGS (S.D.N.Y.)
      <u>Letter Pursuant to the Court's October 28, 2024 Order</u>

Dear Honorable Judge Schofield:

Kewazinga respectfully submits this letter pursuant to Your Honor's Order (ECF No. 563), dated October 28, 2024, by which the Court permitted Kewazinga to respond to Google's October 25, 2024 letter concerning Kewazinga's objections to Google's proposed trial exhibits.

I. **EXHIBITS**

A. **Kewazinga Did Not Waive Any Objections to Google's Exhibits**

At the outset, Kewazinga did not "waive" any of its objections to Google's proposed trial exhibits by following this Court's Rules. In accordance with this Court's Individual Trial Rules and Procedures, on October 10, 2024, Kewazinga provided its specific objections to Google's proposed 652 trial exhibits, which identified the basis of each of Kewazinga's objections. On October 11, 2024, the parties filed their Joint Proposed Pre-Trial Order and simultaneously submitted their exhibit lists, with Google's list again including 652 documents. Because Google had proposed to introduce 652 exhibits, in accordance with this Court's Individual Trial Rules and Procedures, Kewazinga "filed a letter grouping objections into no more than five categories with ***representative samples*** of each category, and explained the nature of each objection." Tr. R. I.B.2. Kewazinga filed its letter in accordance with the Court's Rules on the evening of October 15, 2024. It was also on the evening of October 15, 2024, and after Kewazinga had finalized its letter that Google finally reduced its Exhibit List.

Seemingly, Google argues that Kewazinga was required to identify each and every exhibit that its objects to and the specific basis of that objection in Kewazinga's October 15, 2024 letter and, by failing to do so, Kewazinga has somehow waived the specific objections that Google has been in possession of since October 10th. However, Google's interpretation of this Court's Rules, which are plainly meant to streamline the process and ease the burden on the Court and the parties is nonsensical. Indeed, the Court specifically stated that the purpose of the Rule is so "that I would be able to rule on the category and you could extrapolate from that and address multiple exhibits on your exhibit list without our having to go through all of them." PTC Tr. at 28:23-6. Google's continued misinterpretation of this Rule is seemingly the basis of why

Case 1:20-cv-01106-LGS    Document 604    Filed 10/31/24    Page 2 of 6



Honorable Lorna G. Schofield
October 31, 2024
Page 2

its original letter, which the Court found "puzzl[ing]" and not as "useful" as Kewazinga's, grouped disparate documents into five broad categories such as "hearsay" or "irrelevance," with no genuine connection between the documents within each category. PTC Tr. at 28:23-6. Seemingly, Google's goal was to dump more than 600 exhibits on Kewazinga and subsequently require Kewazinga to brief why hundreds of documents (that Google had no intention of actually introducing in the first-place) should be inadmissible in this dispute. While Google bemoans "gamesmanship," that is precisely what Google has done in this instance – create entirely unnecessary burdens for its opponent as it prepares to trial – while completely misunderstanding the purpose of this Court's Rules.[1] At this point, Google still has 331 exhibits on its Exhibit List.

Of course, the Court is aware of its own rules. In this scenario, they don't say that Kewazinga should be addressing each and every exhibit and objection at the pre-trial conference. Instead, the Court's Rules asking for a limit of five categories seemed designed to avoid this exact scenario. Kewazinga, unlike Google, followed the Court's Rules in an effort to streamline the process at the pre-trial conference. Consequently, there is **_no_** basis for Google's argument that Kewazinga somehow waived objections to Google's exhibits by filing a letter in accordance with the Court's Rules.

### B.  The Court Should Overrule Google's Objections to Kewazinga's Documents

#### 1.  Google's Bucket No. 1 – Business Records

With respect to Google's objections to Kewazinga's exhibits, Google previously objected to certain Kewazinga documents as inadmissible hearsay, which were included as Bucket 1 in Google's original letter. However, at the Pre-Trial Conference, Google represented their position that they "think that [the Business Records Exception] would apply to everything under bucket 1," and that they would meet and confer on that issue with Kewazinga. 10/22/2024 Tr. at 31-32. The parties held a meet and confer on October 24, 2024, during which Google did not discuss any remaining documents from Bucket 1 that it contended were not subject to the Business Records Exception. Nonetheless, Google maintains its hearsay objections to PX-12 and PX-14, which were previously included in Google's Bucket 1. PX-12 is a present sense impression, relevant to Google's knowledge and notice of the patents, rebutting any argument that Kewazinga communications were merely unwelcomed outreach. *Arista Records LLC v. Lime Grp. LLC*, 784 F. Supp. 2d 398, 420-21 (S.D.N.Y. 2011) ("Out-of-court statements are also not considered hearsay if used to prove notice or knowledge."). PX-14 is a Google to Kewazinga email, in which Google makes certain admissions regarding Kewazinga's technology. These documents are plainly admissible and Google's objections should be overruled.

Further, Google's attempt to categorize its own documents into the same category as Kewazinga's documents is nothing more than an attempt to confuse the issues so that Google can introduce rank hearsay. For example, included in Google's purported "business records" are

---

[1] After receiving Google's narrowed lists, Kewazinga has also continued to narrow and reduce its objections to Google's exhibits.



Honorable Lorna G. Schofield
October 31, 2024
Page 3

self-serving Google promotional videos.  *See, e.g.*, DX-694.  Likewise, Google's purported "business records" include videos created for a survey expert's opinion supporting Google's contention as to the availability non-infringing alternatives defense, which Google has since withdrawn and for which it will not call its expert at trial.  *See, e.g.*, DX-418, 420.  Further, Google's purported "business records" also include comments from unidentified and unattributed internet users on a third-party "GeoGuessr" video game.  DX-606.  These documents are not "technical business records" as Google misleadingly suggests to the Court, but self-serving rank hearsay that may have been cherry picked from who-knows-how-many online comments about Google's products.  As a result, the Court should sustain Kewazinga's objections and preclude the introduction of   DX-0028, DX-0033, DX-0159, DX-0161, DX-0403, DX-0405, DX-0407, DX-0412, DX-0413, DX-0414, DX-0418, DX-0420, DX-0421, DX-0423, DX-0499, DX-0552, DX-0606, and DX-0694.

## 2. Google Bucket No. 2 – Summary Evidence

Further, in Bucket 2, Google continues to object to certain summary evidence that the Court has already determined is admissible.  With respect to summaries of data, the Court found that, with respect to PX-200:

> So this seems is to me to be a summary, a legitimate summary of data which is on the spreadsheet so I would overrule the objection and I would allow that. So as to PX- 200 and documents like it that summarize data that an expert relied upon and where that data is also in the record, I would overrule the objection. So you can take that and apply it to 200 as well as any similar documents.
>
> PTC Tr. at 40:13-19.

Nonetheless, despite the Court's guidance, Google continues to object to PX-201, PX-202, which are analogous to PX-200, a summary of the survey answers within the survey data at PX-194.  Consequently, the Court should overrule Google's objections to PX-201, PX-202.  Likewise, Google continues objects to PX-193 through PX-197, which is the underlying data relating to PX-200.  Kewazinga will agree to withdraw PX-195 through PX-197.  However, PX-193 and PX-194 are the actual survey data supporting PX-200, which has been admitted by the Court.  As a result, the underlying data included in PX-193 and PX-194 should also be admitted.

Google also continues to object to PX-214 through PX-216 and PX-288 (mislabeled as PX-228) through PX-293. These are summaries of Google data prepared by Kewazinga's expert Ms. Riley that in addition to the Court's comment (cited by Google) that they are acceptable demonstratives, they are also admissible under Rule 1006. At this time, Kewazinga agrees to withdraw PX-289, PX-291, and PX-293 and the first page of PX-216.  However, the remaining exhibits, PX-214, PX-215, PX-216(page2), PX-288, PX-290 and PX-292 are admissible as summary calculations performed by and relied upon by Ms. Riley, As such they are similar to the Court's previous ruling on PX-200 that was also a summary of data prepared by an expert. Likewise, PX-282 is a likewise admissible summary of data produced by Google that was


Honorable Lorna G. Schofield
October 31, 2024
Page 4

created by Google's expert, Paul K. Meyer, and verified and adopted by Kewazinga's damages expert, Michele Riley.

Further, PX-204 comprises the screenshots of the survey (PX-200) that has already been admitted by the Court, which includes certain videos relevant to the survey. At the pre-trial conference, the Court noted "[t]hat makes sense to put those videos into evidence" and did not otherwise sustain Google's objections. PTC Tr. at 41:7-8. Consequently, PX-204 should also be admitted into evidence.

In sum, the Court did not find that all of these documents in Bucket 2 could only be used as demonstratives. Indeed, the Court explicitly admitted PX-200 into evidence, which Google has acknowledged. Consequently, while the Court did permit Kewazinga to use these documents as demonstratives, it did not preclude Kewazinga from offering them as fully-admitted evidence.

### 3. Google Bucket No. 5

Google also objects to the introduction of PX-316-PX-318. Kewazinga has agreed to withdraw these exhibits and Google's Bucket No. 5 is now moot.

## C. Kewazinga's Exhibits PX-325 and PX-326

### 1. Kewazinga Did Not Waive the Introduction of PX-325 and PX-326

There is also no merit to Google's argument that Kewazinga engaged in "gamesmanship" by adding two exhibits – PX-325 and PX-326 – to Kewazinga's Exhibit List weeks before trial. In the Joint Pre-Trial Order, Kewazinga *and* Google agreed that "[a] party may use an exhibit that is listed on the other party's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections." PTO at ¶ 135. PX-325, which bears the Bates number KEWAZINGA-G-00377035, appeared as DX-580 on Google's Exhibit List submitted with the Joint Pre-Trial Order. Likewise, PX-326, which bears the Bates range GOOG-KZGA-00079563 through GOOG-KZGA-00077958, appeared as DX-499 on Google's Exhibit List submitted with the Joint Pre-Trial Order. Consequently, Kewazinga was free to use these documents as *agreed to by Google* in the Joint Pre-Trial Order. Consequently, there is no merit whatsoever to Google's argument that Kewazinga somehow waived the introduction of PX-325 and PX-326.

Further, the Court's Individual Rules and Trial Practices acknowledges that the parties may add exhibits during the course of trial, and the Rules simply require the parties to identify any new exhibits added to the trial list by 8:30 A.M. each day. Tr. R. II(A)(2)(e). This Court's Rules are consistent with the practicalities of trial where parties cannot anticipate every single document that may be needed at trial months in advance. Consequently, Kewazinga is not precluded from adding exhibits at this time.

As a result, there is no basis for Google's argument that Kewazinga waived the introduction of PX-325 and PX-326. Further, with respect to Google's relevance objections to PX-325, Kewazinga has explained, in detail, the relevance of PX-325 in its Damages Letter,


dated October 28, 2024 (ECF No. 589), which relates to the jury's ability to calculate damages in excess of the opinion offered by Ms. Riley.

### D. The Court Should Sustain Kewazinga's Objections to Google's Remaining Exhibits

#### 1. Kewazinga Bucket No. 1 – Non-Elected Prior Art

In its letter, Google asks the Court to overrule Kewazinga's objection to Google's proposed introduction of evidence concerning non-elected prior art. Kewazinga's objections concerning Google's use of these documents are the subject of Kewazinga's October 25, 2024 letter to the Court (ECF No. 580), which briefs this specific issue. As set forth in Kewazinga's letter, Google has *not* elected to rely on these additional prior art references. Once those about 30 additional prior art publications and videos are presented to the jury (whether admitted or used as demonstratives), their alleged status as "state-of-the-art" will be lost and the jury confused. Moreover, Google's providing a conclusory sentence in an expert report does not provide a basis for admission. Despite its expert's discussion of the alleged state-of-the-art documents elsewhere in his report, there is no identification of what specific teaching in that art fills a specific identified gap in Google's elected prior art. Instead, as set forth in Kewazinga's letter it makes a mockery of the prior art election procedure, deprives Kewazinga of the benefit of its stipulated bargain, and disregards the Rule 26 expert disclosure rules. The Court should avoid such unfair prejudice to Kewazinga by sustaining Kewazinga's objections to the documents identified in Bucket No. 1 (246-253, 255, 256, 258-260, 262-266, 269, 270, 271, 273, 299, 303, 319, 328, 503, 504, 518, 749, 750) to avoid prejudice to Kewazinga and otherwise confusing the jury.

#### 2. Kewazinga Bucket No. 2 – Exhibits Demonstrating the Functionality of the Taylor and Apple QTVR Systems

Google asks the Court to overrule Kewazinga's objections to DX-248 and DX-281 on the grounds that Google believes they should have been placed in Kewazinga's category 2 in its letter categorizing certain objections prior to the pretrial conference (Dkt. 540). Google contends that they should have been so categorized because it contends the exhibits describe functionality of QVTR. But Kewazinga did not place these in Category 2 in that letter because they are not of the same category insofar as they present different issues. The Court may look at these exhibits, webpages from mit.edu domain and see they do not describe or demonstrate any functionality of QTVR. These hearsay third-party websites have limited, if any, relevance, and no witness has provided any foundation for them.

### II.    Written Discovery

In addition, the Court should overrule Google's objection to Kewazinga's use of Google's admission in response to Kewazinga's Request for Admission No. 72. Pursuant to FRCP 36(b), "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." In Request for Admission No. 72, Kewazinga requested that Google "[a]dmit that since May 29, 2007, Street View has used street-

Case 1:20-cv-01106-LGS   Document 604   Filed 10/31/24   Page 6 of 6



Honorable Lorna G. Schofield
October 31, 2024
Page 6

level imagery of progressively different perspective along streets." Google responded as follows: "Admitted." Google's admission binding upon it and Google has not filed a motion to withdraw or amend its previous admission. Google's attempt to evade its previous admission by belatedly asserting objections would eviscerate the purpose of Rule 36 and the binding effect of those admissions. Indeed, the one case cited by Google, *Versatile Housewares v. SAS Grp.*, involved a party seeking a protective order to not answer certain requests for admissions, not to avoid the introduction at trial of admissions it had already made. No. 09CIV10182KMKPED, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010). Moreover, the admission is plainly seeking an admission about facts, not law and hence does not call for a legal conclusion. Consequently, Google has admitted Request for Admission No. 72 and, pursuant to FRCP 36, Google cannot long after discovered is completed, on the eve of trial, withdraw its previous admissions. Allowing Google to do so would vitiate FRCP 36 in this instance.

Respectfully submitted,

 /s/ *Ian G. DiBernardo*
Ian G. DiBernardo
Jason M. Sobel
Harold S. Laidlaw
Merri Moken
Anthony J. Boccamazzo
**BROWN RUDNICK LLP**
7 Times Square
New York, New York 10036
Tel: (212) 209-4800
Fax: (212) 209-4801
idibernardo@brownrudnick.com
jsobel@brownrudnick.com
hlaidlaw@brownrudnick.com
mmoken@brownrudnick.com
aboccamazzo@brownrudnick.com

*Counsel for Plaintiff
Kewazinga Corp.*

cc: All Counsel (by ECF Filing)