UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                         :
KEWAZINGA CORPORATION,                     :
                             Plaintiff,     :          20 Civ. 1106 (LGS)
                                                                        :
            -against-                               :          <u>ORDER</u>
                                                                         :
GOOGLE LLC,                                         :
                                 Defendant.   :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, on October 15, 2024, Plaintiff Kewazinga Corporation filed a letter objecting to certain exhibits related to the K-System that Defendant intends to introduce at trial. Plaintiff objected to the use of the K-System to rebut infringement and support Defendant's arguments regarding invalidity.

      WHEREAS, on October 24, 28 and 30, 2024, the parties filed further submissions regarding Plaintiff's objections.

      WHEREAS, under Federal Circuit law, "when a commercial product meets all the claim limitations, then a comparison [of the accused product] to that [commercial] product may support a finding of infringement." *Adams Respiratory Therapeutics, Inc. v. Perrigo Co.*, 616 F.3d 1283, 1289 (Fed. Cir. 2010); *accord TEK Glob., S.R.L. v. Sealant Sys. Int'l, Inc.*, 920 F.3d 777, 788 (Fed. Cir. 2019). In other situations, the Federal Circuit has reversed a district court's decision permitting a comparison to a commercial product because the product at issue did not fully embody the claims, and the correct infringement analysis is a comparison of the claims to the accused product. *Zenith Labs. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994) ("As we have repeatedly said, it is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent."). In cases where the Federal Circuit has affirmed a district court's allowing a

comparison between the accused product and a commercial product, the Federal Circuit also focused on whether the party moving to preclude the comparison invited it and whether a proper jury instruction was given to minimize confusion. *TEK Glob., S.R.L.*, 920 F.3d at 788 (holding comparison made in closing statements was not improper because testimony showed the commercial product to be a full embodiment of the claims, the non-movant made its own comparison between the products and the jury was instructed properly regarding the comparison and relevant standards).

WHEREAS, Plaintiff presents its corporate representative's deposition testimony that Plaintiff had "the one prototype [the K-System] and it did not use tweening."  All claims at issue except one, Claim 18 of the '234 patent, include tweening as a claim limitation.  However, Defendant presents evidence from which a jury could find the K-System fully embodied the claims at issue, including tweening.  Defendant supports its argument with deposition testimony of Plaintiff's corporate representative who states that the system was "covered by Kewazinga's patents"  Defendant also relies on its own expert's reply report, which incorporates discovery material describing the K-System as using tweening.  This evidence creates an issue of factual as to whether the K-System embodied the claims at issue.  It is hereby

**ORDERED** that Defendant may present evidence related to the K-System.  It is further

**ORDERED** that the parties may propose a limiting instruction the night before any evidence related to the K-System is to be presented.

Dated: October 31, 2024
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE