```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
KEWAZINGA CORPORATION,                                        :
                                    Plaintiff,                :     20 Civ. 1106 (LGS)
                                                              :
              -against-                                       :     ORDER
                                                              :
GOOGLE LLC,                                                   :
                                    Defendant.                :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on October 25, 2024, Plaintiff Kewazinga Corporation filed a letter explaining its objections to certain exhibits Defendant Google LLC intends to introduce at trial. (Dkt. 572). Defendant filed a letter in opposition to the objections. (Dkt. 603).

WHEREAS, on October 25, 2024, Defendant filed a letter explaining its objections to certain exhibits Plaintiff intends to introduce at trial. (Dkt. 570). Plaintiff filed a letter in opposition to the objections. (Dkt. 604). It is hereby

**ORDERED** that the current witness list and exhibit list required to be filed three business days before trial pursuant to Individual Rule II.A.2.e. shall be filed instead by 12:00 P.M. **November 5, 2024,** and shall reflect all evidentiary rulings. Exhibits that are withdrawn may be omitted from the list. The lists shall include a column showing the basis for admission, e.g., MIL ruling, other specified ruling, no objection, etc. It is further

**ORDERED** that documents pre-admitted at the beginning of trial will be considered part of the trial record only if displayed to the jury, in whole or in part, and addressed in testimony. It is further

**ORDERED** that any document not ruled on prior to trial, including any raised below, may be offered with the appropriate foundation at trial, or raised for a ruling at the end of the trial day immediately preceding the day it is offered. It is further

**ORDERED** that the parties shall provide reasonable notice of any intent to lay a business record foundation via certification pursuant to Federal Rules of Evidence 803(6) and 902(11).

**<u>Plaintiff's Objections</u>**

It is further **ORDERED** that Plaintiff's objections are resolved in part as follows:

To the extent that any party (1) now objects to exhibits previously marked as ** [no objection] on the exhibit list submitted just prior to the final pretrial conference, (2) now objects to the authenticity of exhibits previously marked * [no objection to authenticity] or (3) now objects to exhibits previously ruled admissible, those objections are **OVERRULED**.

1. Non-Asserted Patents, Applications and File Histories of Non-Asserted Kewazinga, Google and Third-Party (Non-Prior Art)

    a. The objection is **SUSTAINED** based on Rule 403.  The probative value of the actual documents is slight, given that the Defendant and third-party patents are not advanced as prior art, and the Kewazinga patents are not at issue; for the same reasons, these documents may be confused with patents that are at issue or may be confused as prior art.

    b. However, Defendant may reference third-party patents that are the subject of Defendant's license agreements to the extent they are relevant to Defendant's comparable licenses damages theory and were previously disclosed.

2. Third-Party Documents

    a. The objection is **OVERRULED** as to documents related to the Apple QTVR and Taylor Systems consistent with the Court's prior rulings.  The objection is **OVERRULED** as to other documents under FRE 703 if relied on by a defense expert because Plaintiff has not made a showing of prejudice.

3. Hearsay Documents

    a. The objection is **OVERRULED** as to documents offered under FRE 703 if relied on by a defense expert because Plaintiff has not made a showing of prejudice.

4. Documents Not Previously Produced

    a. The objection is **OVERRULED** as to the documents disclosed with hyperlinks in defense expert reports and otherwise **SUSTAINED.**

5. Documents from the 2013 Delaware Action

    a. The objection is **SUSTAINED** under FRE 403 as these documents from a prior court proceeding between the parties have limited probative value, even as to Defendant's state of mind, because Plaintiff's decision not to oppose dismissal occurred in a different case, under different circumstances at a different time. Admission of the documents would be unduly prejudicial as the jury could easily misinterpret the meaning of Plaintiff's decision, and be confused by the existence of a similar but different prior action with a vastly different path.

6. Documents that Lack Relevance and/or Are Unfairly Prejudicial

    a. The objection is **SUSTAINED** as to Mr. Worley's job application as it is irrelevant and prejudicial, and **OVERRULED** as to the Matrix document under FRE 703 if relied on by a defense expert because Plaintiff has not made a showing of prejudice.

7. DX-143

    a. The objection is **OVERRULED** as Defendant agrees to revise the exhibit to remove the excluded portion.

8. Defendant's License Agreements with Third Parties

    a. The objection is **OVERRULED** for substantially the reasons stated by Defendant in its response (Dkt. 603).  It is further

**Defendant's Objections**

It is further **ORDERED** that Defendant's objections are resolved in part as follows:

1. Hearsay Documents

   a. PX-12 and PX-14 are **ADMITTED,** provided that Plaintiff can lay a business record foundation pursuant to FRE 803(6)(D), including a factual explanation of how making the record -- the email from Weber to Smalheiser -- was a regular practice Plaintiff's business, *see* Fed. R. Ev. 803(6)(C), and provided that the embedded emails from Plaintiff to Defendant are not offered for the truth but only to show Defendant's knowledge and notice of Plaintiff's patents, with an appropriate limiting instruction to that effect.  The the parties shall submit the instruction to the court in advance and request that the instruction be given when PX-12 is first published to the jury.  If a sufficient foundation is laid as to PX-14, Defendant's embedded acknowledgement of receipt is admitted as a party admission.

   b. Defendant's request to overrule Plaintiff's hearsay objections to technical business records about accused products is similarly **GRANTED**, provided that Defendant can lay a business record foundation pursuant to FRE 803(6)(D), but the document must be a record of an "act, event [or] condition" as well as meet the other requirements of FRE 803(6).  DX-606 is **EXCLUDED** because it does not appear to be a record of an "act, event [or] condition."

2. Litigation-related Documents

    a. PX-193, 194, 201, 202: Consistent with the Court's prior ruling on PX-200, the objection is **OVERRULED**. Documents summarizing data upon which an expert relied, where the underlying data is also in the record, are admitted.

    b. PX 214, 215, 216 (p.2), 282, 288, 290, 292:  To the extent these documents reflect data that Ms. Riley used to calculate her admissible opinion, they admitted, but otherwise are excluded or should be redacted to comport with the Court's prior rulings regarding Defendant's financial information. *See, e.g.*, PX 292. The parties are directed to meet and confer to agree on applying these principles.

    c. Expert reports and materials -- i.e. the prose explanation of an opinion -- are excluded as hearsay.  However, expert work product contained in an expert report, e.g. PX-201, 202, 204, may be used as demonstrative aids.  But any such material and the other exhibits listed in "Bucket 2" that may be excludable on other grounds, e.g. PX-216 or the financial data in PX-228, could be used as a demonstrative aid if the document relates directly to Ms. Riley's admissible damages opinion, but otherwise would likely be excluded or would need to be redacted under the Court's prior ruling regarding Defendant's financial information.

3. Third-party Videos, Documents and Articles

    a. The objection is **OVERRULED** as moot as Plaintiff states that it withdraws these exhibits.

4. PX-325 & PX-326

    a. The ruling on these exhibits is reserved pending decision on Plaintiff's "or more" damages theory.

5. Exhibits Demonstrating Knowledge of a Person of Ordinary Skill in the Art ("POSITA").

   a. Defendant may introduce DX-253, 259, 262 and 518 to demonstrate the general state of the art at the relevant time. *See Ariosa Diagnostics v. Verinata Health, Inc.*, 805 F.3d 1359, 1365 (Fed. Cir. 2015) (holding it would be error to limit the materials considered in support of a POSITA's general knowledge to previously identified prior art); *Genzyme Therapeutic Prod. Ltd. P'ship v. Biomarin Pharm. Inc.*, 825 F.3d 1360, 1369 (Fed. Cir. 2016) (same). Consistent with the Court's prior ruling at the final pretrial conference, Defendant may introduce these documents as evidence. Defendant may not introduce additional documents on this basis, including as or within demonstrative aids, unless Plaintiff opens the door to such evidence, for example by suggesting that these four documents represent the entirety of the support for a POSITA's knowledge.

6. Exhibits Demonstrating the Functionality of the Taylor and Apple QTVR Systems

   a. The objection to DX-428 and DX-281 is **OVERRULED** to the extent they are offered to show the functionality of QTVR consistent with the Court's prior rulings.

7. Objection to Request for Admission No. 72

   a. The objection is **OVERRULED** consistent with FRCP 36.

Dated: November 1, 2024
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE