UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
                                                           :

KEWAZINGA CORPORATION,             :
                                Plaintiff,        :          20 Civ. 1106 (LGS)
                                                        :
            -against-                          :          <u>ORDER</u>
                                                        :
GOOGLE LLC,                                :
                                           Defendant.       :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on October 28, 2024, over four years after this case was filed and approximately two weeks before trial, Plaintiff Kewazinga Corporation filed a letter seeking to present a damages theory describing Ms. Riley's "Damages Floor" as an "undercount" because it is based on an undercount of users who accessed Street View after performing a search. (Dkt. 589). Defendant Google LLC filed a letter in opposition. (Dkt. 600).

       WHEREAS, under Federal Circuit law, a plaintiff must prove the existence of damages. *See, e.g., TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291 (Fed. Cir. 2020) ("there can be an award of no damages where 'none were proven.'"); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 509–10 (Fed. Cir. 1990) (same). A reasonable royalty analysis "necessarily involves an element of approximation and uncertainty," *Whitserve, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012), but a damages award may not be based on "speculative and unreliable evidence." *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 868 (Fed. Cir. 2010); *accord Exmark Mfg. Co. Inc. v. Briggs & Stratton Power Prod. Grp., LLC*, 879 F.3d 1332, 1350 (Fed. Cir. 2018).

       WHEREAS, Plaintiff argues that it should be able to present evidence that the damages opinion presented by Ms. Riley understates the amount of a reasonable royalty because her opinion relies on only a portion of the user traffic from search results to Street View. Plaintiff purports to base this theory

on a document that Ms. Riley had rejected as a basis for her opinion and on deposition testimony by Defendant's software engineer. Plaintiff offers no explanation and has never previously disclosed how the jury could calculate a more accurate royalty rate based on this theory and evidence than Ms. Riley herself was able to calculate. It is hereby

**ORDERED** that Plaintiff may not present its "or more" damages theory because it is untimely and speculative as explained in Google's opposition. PX-325 and PX-326 are excluded under Federal Rules of Evidence 401 and 402 as irrelevant to the matters to be tried.

Dated: November 1, 2024
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE