**DESMARAIS** LLP
www.desmaraisllp.com

NEW YORK

SAN FRANCISCO

WASHINGTON, DC

Anthony Pericolo
Washington, DC
Direct: 202-451-4907
apericolo@desmaraisllp.com

November 6, 2024

<u>Via Electronic Filing</u>

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York, 10007

      Re: *Kewazinga Corp. v. Google LLC*, No. 1:20-cv-1106-LGS (S.D.N.Y.)
           Letter in Support of Kewazinga's Request to Seal Portions of the
           Parties' Amended Proposed Trial Exhibit Lists

Dear Judge Schofield:

      Google LLC ("Google") respectfully supports Kewazinga Corp.'s ("Kewazinga's") request (Dkt. 616) for permission to redact the yellow highlighted portions of the Kewazinga's Amended Proposed Trial Exhibit List (Dkt. 617) and Google's Amended Proposed Exhibit List (Dkt. 619) (together, "Parties' Amended Proposed Trial Exhibit Lists"), with unredacted versions to be filed under seal. Google provides this support pursuant to the Local Rules of the Southern District of New York, The Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Case Files of the Southern District of New York, and Your Honor's Individual Rule I(D)(3). The Parties' Amended Proposed Trial Exhibit Lists include highly confidential business information, such as Google's non-public product metrics, technical details regarding Street View, financial information, license agreements, and business strategies—information designated by Google as Confidential or Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order in this case. (Dkt. 42).

      This Court has granted previous requests to seal similar information in this case, including the filings related to Google's Motions to Exclude Certain Portions of the Opinions of Ms. Michele Riley ("*Daubert* Motions") (see Dkt. 321, granting requests to seal Dkt. 279 and 298; Dkt. 521, granting motions to seal Dkt. Nos. 468, 480, 493, 497, 500, 503, 506, 509 and 512; Dkt. 560, granting requests to seal Dkt. Nos. 524, 527), Kewazinga's Motion for Reconsideration of the Court's Opinion and Order Regarding the Testimony of Ms. Michele Riley ("Motion for Reconsideration"), Kewazinga's Request to Supplement Ms. Riley's Damages Report ("Request to Supplement") (Dkt. 454, granting requests to seal Dkt. Nos. 435, 334, and 325), motion *in limine* filings (Dkt. 478, at 4, granting in part motions to seal Dkt. 357, 371, 395, 399, 405, 411 and 455; Dkt. 521, granting motions to seal Dkt. Nos. 468, 480, 493, 497, 500, 503, 506, 509 and 512), the

Honorable Judge Schofield
November 6, 2024
Page 2

Parties' summary judgment motions and exhibits (Dkt. 321, granting requests to seal Dkt. Nos. 247, 266, 279, 286, 294 and 298), and the Parties' equitable estoppel briefing and exhibits (Dkt. 70, at 1, granting Google's request to seal Dkt. 57). Kewazinga's request is consistent with its earlier requests to seal the Parties' Proposed Trial Exhibit Lists (Dkt. Nos. 534, 571), which Google joined (Dkt. Nos. 543, 596).

Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," this right is not absolute, and courts "must balance competing considerations against" the presumption of access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (internal quotation marks omitted); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978) ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case."). Consistent with the Court's decision to seal portions of the filings related to the *Daubert* Motions, Motion for Reconsideration, Request to Supplement, motions *in limine*, summary judgment, and equitable estoppel, filing the Parties' Amended Proposed Trial Exhibit Lists under seal or in redacted form is necessary to prevent the unauthorized dissemination of the Google's confidential business information. (*See* Sherwood Decl., Dkt. 58, at ¶ 5; Marquardt Decl., Dkt. 179, at ¶¶ 5–7; Lee Decl., Dkt. 280, at ¶ 5; Kowalski Decl., Dkt. 390, at ¶¶ 5, 7).

**The Court Should Permit Kewazinga's Narrowly-Tailored Redaction Requests Pertaining to the Parties' Exhibit Lists**

The Second Circuit applies a three-step analysis to determine whether to place a document under seal. *See Lugosch*, 435 F.3d at 114. First, the court determines whether the document at issue is a "judicial document" to which a presumption of access attaches. *Id.* at 119. Second, the court determines the weight of the presumption by considering "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* Third, the court balances the weight of the presumption against countervailing factors such as "the privacy interests of those resisting disclosure." *Id.* at 120.

Google does not dispute that the Parties' Amended Proposed Trial Exhibit Lists are judicial documents entitled to a rebuttable presumption of access. Google thus focuses on the second and third steps, *i.e.*, balancing the weight of the presumption against Google's countervailing interests in preventing competitive harm from public disclosure of its highly confidential business information and other privacy information.

Google has strong countervailing interests in preventing competitive and other harms from public disclosure of its highly confidential business information and other private matters. *See,*

Honorable Judge Schofield
November 6, 2024
Page 3

*e.g.*, *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *7 (S.D.N.Y. Jan. 22, 2008) ("[C]ompetitive injury to the defendants is . . . a sufficient basis to grant defendants' motion to seal" (omission in original)); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 154–55 (S.D.N.Y. 2015) ("[C]ountervailing factors include . . . business information that might harm a litigant's competitive standing"). "[C]ategories of information requiring caution" in the Southern District of New York include "proprietary or trade secret information" as well as other privacy matters such as "personal identifying number[s]." *Notice Regarding Privacy and Public Access to Electronic Civil and Criminal Cases*, S.D.N.Y., https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf (last accessed Oct. 16, 2023); *accord* Electronic Case Filing R. 21.4 (Nov. 1, 2022).

Indeed, the Second Circuit has held that disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered*, *Inc. v. Fin. Indus. Regul. Auth.*, *Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access"); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information); Order Granting Motion to Seal at 4, *Lodging Sols. v. Miller*, 19-cv-10806-AJN, (S.D.N.Y. Jan. 16, 2019), ECF No. 60 (applying *Lugosch* and finding that the risk of competitive disadvantage and damage to privacy interests was of a higher value than the value to the public such that sealing was necessary); *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (overriding presumption of access for "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors].)"

**Kewazinga's Redaction Requests are References to Highly Confidential Information**

Kewazinga's redaction requests pertain to Google's product metrics, technical details regarding Street View, financial information, and business strategies included in confidential documents which should remain non-public because it is part of Google's core highly confidential business information. (*See* Sherwood Decl., Dkt. 58, at ¶ 5; Marquardt Decl., Dkt. 179, at ¶¶ 5–7; Lee Decl., Dkt. 280, at ¶ 5; Kowalski Decl., Dkt. 390, at ¶¶ 5, 7). The Parties' Amended Proposed Trial Exhibit Lists reference highly confidential Google documents discussing product metrics, technical details regarding Street View, financial information, license agreements, and business strategies. For example, the proposed redactions include document titles containing internal project code names, technical details regarding Street View, and the names of third-parties to whom Google owes a duty of confidentiality. Google takes many steps to keep this information and the

**DESMARAIS** LLP

Honorable Judge Schofield
November 6, 2024
Page 4

underlying documents confidential, including limiting access within Google and implementing internal controls at Google. (*See* Sherwood Decl., Dkt. 58, at ¶ 5; Marquardt Decl., Dkt. 179, at ¶¶ 5–7; Lee Decl., Dkt. 280, at ¶ 5; Kowalski Decl., Dkt. 390, at ¶¶ 5, 7). References to such highly confidential business information in the Parties' Amended Proposed Trial Exhibit Lists should be redacted.

This Court recognizes that internal documents and unpublished drafts that contain non-public product metrics, financials, and business strategies constitute "confidential commercial information" under Federal Rule 26(c)(1)(g), particularly where the disclosing company is engaged in a highly competitive industry and deliberately has shielded such information from its competitors. *New York v. Actavis, PLC*, No. 14-cv-7473, 2014 WL 5353774, at *3 (S.D.N.Y. Oct. 21, 2014) (citing *Fox News Network v. U.S. Dep't of Treas.*, 739 F. Supp. 2d 515, 571 (S.D.N.Y. 2010) (withholding draft containing proposed financial and risk reporting strategy); *Brittain v. Stroh Brewery Co.,* 136 F.R.D. 408, 415–416 (M.D.N.C. 1991) ("Such commercial information, which encompasses strategies, techniques, goals and plans, can be the lifeblood of a business [and] may also be particularly deserving of protection if the disclosing corporation is vulnerable to competitors.").

The Court has previously granted Google's requests to redact the type of narrowly-tailored, specific references to Google's core highly confidential business information and documents. (Dkt. 70, 137, 181, 224, 321, 454, 478, 521, 560). Here, the Parties' Amended Proposed Trial Exhibit Lists contain product metrics, technical details regarding Street View, financial information, license agreements, and business strategies— information that was previously redacted in the parties' filings related to equitable estoppel, *Daubert* Motions, Motion for Reconsideration, Request to Supplement, motions *in limine*, summary judgment, and equitable estoppel (see Dkt. 321, granting requests to seal Dkt. 279 and 298; Dkt. 454, granting requests to seal Dkt. 435, 334, and 325; Dkt. 478, at 4, granting in part motions to seal Dkt. 357, 371, 395, 399, 405, 411 and 455; Dkt. 70, at 1, granting Google's request to seal Dkt. No. 57; Dkt. 521 granting motions to seal Dkt. Nos. 468, 480, 493, 497, 500, 503, 506, 509 and 512; Dkt. 560, granting requests to seal Dkt. Nos. 524, 527). The public disclosure of Google's non-public product metrics, technical details regarding Street View, financial information, license agreements, and business strategies would cause significant competitive harm to Google and place Google at a competitive disadvantage, including by allowing competitors and prospective counterparties to access the confidential details of Google's non-public product metrics, technical details regarding Street View, financial information, license agreements, and business strategies, which they could use to gain an unfair advantage in future negotiations against Google or could leverage in negotiations against others. (*See* Sherwood Decl., Dkt. 58, at ¶ 5; Marquardt Decl., Dkt. 179, at ¶¶ 5–7; Lee Decl., Dkt. 280, at ¶ 5; Kowalski Decl., Dkt. 390, at ¶¶ 5, 7); *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir.

1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . .").

The Parties' Amended Proposed Trial Exhibit Lists contain the same, or overlapping, highly confidential information described in the declarations of record. (*See* Sherwood Decl., Dkt. 58; Marquardt Decl., Dkt. 179; Lee Decl., Dkt. 280; Kowalski Decl., Dkt. 390). The Court has previously redacted such information (*see* Dkt. Nos. 70, 321, 454, 478, 521, 560), and Google respectfully requests that the Court again seal and redact portions of the Parties' Amended Proposed Trial Exhibit Lists identified in Kewazinga's request (Dkt. 616).

Dated: November 6, 2024

Respectfully submitted,
/s/ *Anthony A. Pericolo*
Anthony A. Pericolo

Tuhin Ganguly (*pro hac vice*)
tganguly@desmaraisllp.com
Rebecca Lindhorst (*pro hac vice*)
rlindhorst@desmaraisllp.com
Anthony Pericolo
apericolo@desmaraisllp.com
**DESMARAIS LLP**
1899 Pennsylvania Avenue NW, Suite 400
Washington, D.C. 20006
Tel:  (202) 451-4900
Fax:  (202) 451-4901

Kevin Gu (*pro hac vice*)
KGu@desmaraisllp.com
**DESMARAIS LLP**
101 California St., Suite 3000
San Francisco, California 94111
Tel: (415) 573-1900
Fax: (415) 573-1901

Andrew V. Trask
atrask@wc.com
Amy M. Saharia
asaharia@wc.com
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 434-5000
Fax: (202) 434-5029

John M. Desmarais
jdesmarais@desmaraisllp.com
Karim Z. Oussayef
koussayef@desmaraisllp.com
Steven M. Balcof
sbalcof@desmaraisllp.com
Leslie M.F. Spencer
lspencer@desmaraisllp.com
Lee Matalon
lmatalon@desmaraisllp.com
Deborah J. Mariottini
dmariottini@desmaraisllp.com
Caitrianne Feddeler
cfeddeler@desmaraisllp.com
Allan E. Carlsen
acarlsen@desmaraisllp.com
Kevin Goon
KGoon@desmaraisllp.com
**DESMARAIS LLP**
230 Park Avenue
New York, New York 10169
Tel:  (212) 351-3400
Fax:  (212) 351-3401

*Counsel for*
*Defendant Google LLC*

**DESMARAIS**LLP

Honorable Judge Schofield
November 6, 2024
Page 6

**APPENDIX**

Pursuant to Your Honor's Individual Rule I(D)(3), the parties identify below all parties and attorneys of record who should have access to the sealed documents:

| | |
|---|---|
| Ian G. DiBernardo<br>Jason M. Sobel<br>Harold S. Laidlaw<br>Merri Moken<br>Anthony J. Boccamazzo<br>**BROWN RUDNICK LLP**<br>7 Times Square<br>New York, New York 10036<br>Tel:  (212) 209-4800<br>Fax:  (212) 209-4801<br>IDibernardo@brownrudnick.com<br>JSobel@brownrudnick.com<br>HLaidlaw@brownrudnick.com<br>mmoken@brownrudnick.com<br>aboccamazzo@brownrudnick.com<br><br>Rebecca M. Lecaroz (*pro hac vice*)<br>**BROWN RUDNICK LLP**<br>One Financial Center<br>Boston, MA 02111<br>Tel: (617) 856-8200<br>Fax: (617) 856-8201<br><br>Timothy K. Gilman<br>**SCHULTE ROTH & ZABEL LLP**<br>919 Third Avenue<br>New York, New York 10022<br>Tel: (212) 756-2000<br>Tim.gilman@srz.com<br>Saunak.desai@srz.com<br>Gregory.springsted@srz.com | John M. Desmarais<br>jdesmarais@desmaraisllp.com<br>Karim Z. Oussayef<br>koussayef@desmaraisllp.com<br>Steven M. Balcof<br>sbalcof@desmaraisllp.com<br>Leslie M.F. Spencer<br>lspencer@desmaraisllp.com<br>Lee Matalon<br>lmatalon@desmaraisllp.com<br>Deborah J. Mariottini<br>dmariottini@desmaraisllp.com<br>Caitrianne Feddeler<br>cfeddeler@desmaraisllp.com<br>Allan E. Carlsen<br>acarlsen@desmaraisllp.com<br>Kevin Goon<br>KGoon@desmaraisllp.com<br>**DESMARAIS LLP**<br>230 Park Avenue<br>New York, New York 10169<br>Tel:  (212) 351-3400<br>Fax:  (212) 351-3401<br><br>Tuhin Ganguly (*pro hac vice*)<br>tganguly@desmaraisllp.com<br>Rebecca Lindhorst (*pro hac vice*)<br>rlindhorst@desmaraisllp.com<br>Anthony A. Pericolo<br>apericolo@desmaraisllp.com<br>**DESMARAIS LLP**<br>1899 Pennsylvania Avenue NW, Suite 400<br>Washington, D.C. 20006<br>Tel:  (202) 451-4900<br>Fax:  (202) 451-4901 |

**DESMARAIS**LLP

Honorable Judge Schofield
November 6, 2024
Page 7

                                                                                       Kevin Gu (*pro hac vice*)
                                                                                       KGu@desmaraisllp.com
                                                                                       **DESMARAIS LLP**
                                                                                       101 California St., Suite 3000
                                                                                       San Francisco, California 94111
                                                                                       Tel:  (415) 573-1900
                                                                                       Fax:  (415) 573-1901

                                                                                       Andrew Trask
                                                                                      atrask@wc.com
                                                                                       Amy M. Saharia
                                                                                      asaharia@wc.com
                                                                                       **WILLIAMS & CONNOLLY LLP**
                                                                                      680 Maine Avenue, S.W.
                                                                                       Washington, DC 20024
                                                                                       Tel:  (202) 434-5023
                                                                                       Fax:  (202) 434-5029

| *Counsel for Plaintiff* | *Counsel for* |
| --- | --- |
| *Kewazinga Corp.* | *Defendant Google LLC* |