UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
KEWAZINGA CORP.,
                                  Plaintiff,      :      20 Civ. 1106 (LGS)

          -against-                      :           ORDER

GOOGLE LLC,
                                  Defendant.
------------------------------------------------------------X
LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the parties move to seal various documents filed in connection with the parties' pre-trial filings. Specifically, the parties move to redact portions of the exhibit lists and revised exhibit lists, the joint proposed pretrial order, an exhibit to Google's brief on prosecution history estoppel and letters from Kewazinga regarding damages and its objections to certain of Google's proposed exhibits.

      WHEREAS, a three-part inquiry determines whether to seal a document. *See Olson v. Major League Baseball*, 29 F.4th 59, 87-88 (2d Cir. 2022); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). The first question is whether the document is "a judicial document subject to the [presumed] right of public access," meaning that the document is "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119.[1] The second step, if the presumption attaches, is to determine the weight of the presumption by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* The third step is to balance against the presumption any

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

"competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120. In weighing the presumption against competing considerations, a court must consider the "qualified First Amendment right of access" and can seal documents based on this right only "if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.*

WHEREAS, the party moving to place documents under seal "bears the burden of showing that higher values overcome the presumption of public access." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 469 (S.D.N.Y. 2017) (citing *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)). Examples of "higher values" include protecting the attorney-client privilege, *Lugosch*, 435 F.3d at 124-25, and the confidentiality of sensitive commercial information, *see Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp.*, No. 15 Civ. 211, 2021 WL 1541385, at *3 (S.D.N.Y. Apr. 20, 2021).

WHEREAS, all of the documents at issue here are judicial documents. They are: proposed trial exhibit lists and revised exhibit lists, the joint proposed pretrial order, an exhibit to Google's brief on presenting evidence related to prosecution history estoppel and letters from Kewazinga regarding damages and its objections to certain of Google's proposed exhibits. These documents are "relevant to the performance of the judicial function and useful in the judicial process." *See Lugosch*, 435 F.3d at 119. Documents submitted in connection with objections to certain evidence and theories the parties sought to present at trial are judicial documents because they "call upon the court to exercise its Article III powers." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

WHEREAS, "[m]aterials submitted in connection with, and relevant to . . . non-dispositive motions are subject to a lesser -- but still substantial -- presumption of public access." *Brown*, 929 F.3d at 53.  While evidentiary objections, as a practical matter, may be important to the resolution of many cases, they are not dispositive and do not "determin[e] litigants' substantive rights -- conduct at the heart of Article III . . . ." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995).

WHEREAS, one consideration that may override the presumption of public access is preserving the secrecy of "specific business information and strategies, which, if revealed, may provide valuable insights [to competitors]." *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015).  The presumption of public access is rebuttable only with "specific, on the record findings . . . that closure is essential to preserve higher values . . . ." *Lugosch*, 435 F.3d at 120.  "Vague and unspecified business concerns, like confidential and related business interactions that could be used by corporate competitors in a detrimental manner, are broad, general, and conclusory allegations insufficient to justify sealing." *Syntel*, 2021 WL 1541385, at *2.

WHEREAS, the parties seek limited redactions to each document at issue.  Both parties' letters state that the proposed redactions concern confidential business and legal information, and a review of the proposed redactions confirms that representation.  Previous requests to seal similar information in this case have been granted.

WHEREAS, as described in prior sealing orders in this case, where the parties seek to redact specific information about the parties' confidential business and legal strategies, the proposed redactions are narrowly tailored to protect against competitive harm, which outweighs

the presumption of access accorded to these filings.  The parties' motions to seal proposed limited redactions to specific information within the documents.  It is hereby

    **ORDERED** that the sealing motions at Dkt. Nos. 534, 545, 548, 571, 588, 616 and 633 are **GRANTED**.

Dated: February 20, 2025
       New York, New York

                                        **LORNA G. SCHOFIELD**
                                       **UNITED STATES DISTRICT JUDGE**